UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| NATALIA ORTIZ, on behalf of herself and a class of similarly situated persons,<br><br>      Plaintiff<br><br>   v.<br><br>SABA UNIVERSITY SCHOOL OF MEDICINE; AND R3 EDUCATION, INC.,<br><br>      Defendants. | Civil Action No.: 1:23-cv-12002-WGY |

**DEFENDANTS' MOTION TO DISMISS**

Pursuant to Fed. R. Civ. P. 12(b)(6), defendants Saba University School of Medicine ("Saba") and R3 Education, Inc. ("R3") move for entry of an order dismissing Plaintiff's complaint in its entirety for failure to state a claim upon which relief can be granted.

Saba is a medical school which is on the island of Saba in the Caribbean. It is fully accredited and qualified to participate in federal student financial aid programs. R3 is the corporation that owns Saba.

Plaintiff was a student at Saba. She was dismissed in accordance with Saba's policies for making satisfactory academic progress. Specifically, she was dismissed after failing three times to pass a comprehensive basic sciences examination. Students must pass this "Comp Exam" in order successfully complete the basic science curriculum which makes up the first five semesters of their degree program. They also must pass the Comp Exam in order to sit for the USMLE Step 1 exam, one of several qualifying exams that students must pass in order to graduate and become licensed physicians in the United States.

Plaintiff claims she enrolled at Saba because of advertising statements that were unfair and deceptive in two respects: First, she complains that Saba advertised the fact that its students have a 98-100% first-time pass rate on the USMLE Step 1. Although those figures are accurate,

and calculated in accordance with federal requirements, Plaintiff says they are misleading by omission, because Saba does not reveal that fact that a significant percentage of its students leave the program before reaching the point at which they would take the Step 1 exam.  Second, Plaintiff alleges that the defendants failed to disclose that in order to sit for the Step 1 exam, students first must pass the Comp Exam, which Saba uses to "cull" the weaker students.

Plaintiff's Complaint asserts three theories of liability:  unfair and deceptive business practices in violation of Mass. G.L. c. 93A, § 9 (Count I); untrue and deceptive advertisements in violation of Mass. G.L. c. 266, § 91 (Count II); and unjust enrichment (Count III).  Plaintiff purports to assert these claims for herself and a putative class of former Saba students who did not sit for or pass the USMLE Step 1 exam.  Plaintiff seeks damages in relation to the tuition and fees she paid to Saba and seeks injunctive relief.

The Complaint fails to state a claim upon which relief can be granted.  The claims all fail because the statement about first-time pass rates on the USMLE Step 1 exam was true; Plaintiff had access to and in fact reviewed Saba materials which make clear that not all students reach the point of taking the Step 1 exam; and those materials further make clear that passing the Comp Exam is one of the things a student must do before qualifying to take the Step 1 exam.

The false advertising claim under Chapter 266 fails for the additional reason that it provides no private right of action for money damages and Plaintiff lacks standing to seek injunctive relief.

The unjust enrichment claim fails for the additional reason that Plaintiff has available to her adequate remedies at law.

All of the claims fail for the additional reason that they are untimely.

Saba and R3 respectfully request that the Court enter an order dismissing the complaint with prejudice and award such other and further relief as the Court deems just and appropriate. In support of their Motion, Saba and R3 submit the accompanying Memorandum.

        **SABA UNIVERSITY SCHOOL OF MEDICINE; AND R3 EDUCATION, INC.,**

*/s/Daryl J. Lapp*
Daryl J. Lapp (BBO No. 554980)
daryl.lapp@lockelord.com
Elizabeth H. Kelly (BBO No. 672277)
liz.kelly@lockelord.com
LOCKE LORD LLP
111 Huntington Avenue
Boston, MA  02199
617.230.0100

Dale A. Evans, Jr., (*pro hac vice pending*)
dale.evans@lockelord.com
LOCKE LORD, LLP
777 South Flagler Drive – East Tower Suite 215
West Palm Beach, FL  33401
561.820.0248

Michael J. McMorrow (*pro hac vice pending*)
michael.mcmorrow@lockelord.com
LOCKE LORD, LLP
111 S. Wacker Drive
Chicago, IL 60606
312.443.0246

November 3, 2023

**LOCAL RULE 7.1 CERTIFICATION**

  I certify that on Thursday, November 2, 2023, counsel for the defendants conferred with counsel for the Plaintiff by telephone in a good-faith effort to narrow or resolve the issues raised in this Motion.

            */s/ Daryl J. Lapp*
            Daryl J. Lapp

**Certificate of Service**

  I certify that on November 3, 2023 this document was filed through the Electronic Case Filing System of the United States District Court for the District of Massachusetts and will be served electronically by the Court to the Registered Participants identified in the Notice of Electronic Filing.

            */s/Daryl J. Lapp*
            Daryl J. Lapp