# Exhibit 4

COMMONWEALTH OF MASSACHUSETTS

SUPREME JUDICIAL COURT

SUFFOLK, ss.                                                                                          OE-144

In Re: COVID-19 (Coronavirus) Pandemic

<u>SIXTH UPDATED ORDER</u>
<u>REGARDING COURT OPERATIONS UNDER THE EXIGENT</u>
<u>CIRCUMSTANCES CREATED BY THE COVID-19 (CORONAVIRUS) PANDEMIC</u>

To safeguard the health and safety of the public and court personnel during the COVID-19 (coronavirus) pandemic while continuing to increase the business being conducted by the courts, the Supreme Judicial Court (SJC), pursuant to its superintendence and rule-making authority, issues the following ORDER:

1.  <u>Prior order</u>.  Effective May 1, 2021, this Order shall repeal and replace the Fifth Updated Order Regarding Court Operations Under The Exigent Circumstances Created By The COVID-19 (Coronavirus) Pandemic, which was issued on February 24, 2021 and took effect on March 1, 2021.

2.  <u>Conduct of court business and access to courthouses</u>.  Courthouses will continue to be physically open to the public as generally outlined in this Order, and operated with diligent regard for the health and safety of court users and personnel, in accordance with protocols established by the Trial Court or the relevant appellate court, as applicable.  To limit the number of persons entering courthouses, courts may continue to conduct most court business virtually (i.e., by telephone, videoconference, email, or comparable means, or through the electronic filing system), in both civil and criminal cases.  When scheduling a videoconference in a case with one or more self-represented litigants (SRLs), courts will recognize the possibility that SRLs may have limited access to or limited experience with the necessary technology, and will either assist the SRL in being able to conduct a videoconference or offer an alternative to videoconferencing for the virtual hearing.

3.  <u>Certain proceedings conducted in person</u>.  Trial Court departments shall continue to conduct in-person proceedings in matters that either can be handled more effectively or efficiently in person, or cannot be handled virtually because a virtual proceeding is not practicable or would be inconsistent with the protection of constitutional rights.  Each Trial Court department shall post notices to the "Court System Response to COVID-19" webpage (https://www.mass.gov/guides/court-system-response-to-covid-19) (COVID-19 webpage) (see paragraph 14) that provide clear department-wide guidance to the public and members of the bar identifying the categories of matters that it will address in person.  Courts will conduct all other matters virtually.

1

The Chief Justice of a Trial Court department, after consultation with the Chief Justice of the Trial Court, for reasons of public health and safety may order that a court division or location conduct all business virtually and/or may transfer some or all in-person matters to specified courts within the department.  If any such action is taken, the applicable Trial Court department shall post notices to the COVID-19 webpage (see paragraph 14) that provide clear guidance to the public and members of the bar.

4.  <u>Who can enter courthouses</u>.  Entry into a courthouse is limited to personnel who work in the courthouse and persons who are present for one or more of the following purposes: attending in-person court proceedings (see paragraph 5); conducting in-person business with a clerk's, register's, or recorder's office (see paragraph 6); reporting for jury service (see paragraphs 8 and 13); meeting with a probation officer or probation staff person; observing court proceedings; or conducting business at other offices that are open to the public and housed in the courthouse.

All court users and personnel shall be subject to appropriate screening before they are allowed to enter a courthouse for purposes of preventing the spread of COVID-19, as more fully addressed in the Third Order Regarding Access to State Courthouses & Court Facilities, which was issued on July 29, 2020, and became effective on August 3, 2020, and any amendments to or successors of that Order that may be issued.

For purposes of preventing the spread of COVID-19, courthouse staff may monitor the number of people entering and leaving a courthouse to ensure that the number within the courthouse does not exceed the occupancy limits established to protect public health and permit physical distancing.  To limit the number of people in a courthouse at any given time, all departments and offices within a courthouse shall coordinate with each other and schedule proceedings in a staggered fashion throughout the day.  If the number of court users entering a courthouse needs to be limited to avoid exceeding occupancy limits, the following court users shall be given priority to enter, in the following order of priority:  (i) persons seeking to address emergencies; (ii) persons participating in a scheduled in-person proceeding, including, without limitation, a trial, jury service or empanelment, grand jury sitting, hearing, or conference; (iii) persons with scheduled or otherwise required meetings between probationers and probation officers or staff for purposes of supervision, including but not limited to GPS, DNA or case supervision matters; (iv) persons having a scheduled appointment within the courthouse; and, then, (v) all others.

5.  <u>Physical presence in a courtroom</u>.  Court personnel, attorneys, parties, potential or empaneled trial or grand jurors, witnesses, and other necessary persons as determined by the presiding judge can be physically present in a courtroom for in-person proceedings.  The presiding judge shall also determine the method by which members of the public, including the "news media" as defined in Supreme Judicial Court Rule 1:19(2), may access the proceeding, which may include allowing them to sit in the courtroom, provided there is sufficient space for them to maintain appropriate physical distance.  Where a virtual hearing is scheduled, no one other than court personnel may be physically present in the courtroom during the virtual hearing without the approval of the judge or clerk-magistrate conducting the hearing.  In the absence of exceptional circumstances, as determined by the judge or clerk-magistrate conducting the

hearing, no party (or attorney for a party) may be physically present in the courtroom for a scheduled virtual hearing.  Where an in-person hearing is scheduled, a party may request that the hearing be conducted virtually, and the judge or clerk-magistrate scheduled to preside at the hearing will rule on the request.  Alternatively, a judge or clerk-magistrate, upon request, may authorize a participant (an attorney, party, or witness) to appear virtually while other participants appear in person, so long as it is consistent with the protection of constitutional rights.  A participant who requests to appear virtually for an otherwise in-person proceeding shall have no grounds to object to other participants appearing in person.

6.  Clerks', Registers', and Recorder's Offices.  All court clerks', registers', and recorder's offices will be physically open to the public to conduct court business.  To continue to limit the number of persons entering courthouses, clerks', registers', and recorder's offices will still endeavor to conduct business virtually to the extent possible.  Clerks', registers', and recorder's offices may provide a drop-box in a secure and accessible location at the courthouse for the benefit of those persons who wish to hand-deliver pleadings or other documents for filing.  Each Trial Court department shall provide department-wide guidance on the COVID-19 webpage (see paragraph 14) as to how, in addition to by mail and, when available, electronic filing, pleadings and other documents can be filed without coming to the office of a court clerk, register, or recorder.  Each clerk, register, or recorder is authorized to require the physical presence of such staff as may be necessary to address court business, provided that any increase in staff presence will be conducted in accordance with health and safety protocols established by the Trial Court or the relevant appellate court.

7.  Cell phones and other personal electronic devices in courthouses.  Because of the increased reliance during the pandemic on cell phones and other personal electronic devices (PEDs)[1] to communicate with courts and facilitate court proceedings, cell phones and other PEDs shall not be banned from any state courthouse.  Cell phones and other PEDs must be used in compliance with the rules set forth in Trial Court Emergency Administrative Order 20-10 (Order Concerning Trial Court Policy on Possession & Use of Cameras & Personal Electronic Devices), which was issued on June 24, 2020, became effective on July 13, 2020, and is posted on the COVID-19 webpage (see paragraph 14) and at the entrance to each courthouse.

8.  Jury Trials.  Phase 3 of the resumption of jury trials in Massachusetts state courts will commence on May 1, 2021.  Phase 3 of the resumption of jury trials described in the July 31, 2020 report of the Jury Management Advisory Committee (JMAC) (JMAC July 2020 Report)[2] is modified as described herein.  During Phase 3, the Trial Court departments will conduct trials to juries of six (plus alternates) and twelve (plus alternates).  Jury trials during Phase 3 should be conducted in general accordance with, and in courthouses and satellite court locations that

---

[1] A "personal electronic device" or "PED" is any device capable of communicating, transmitting, receiving, or recording messages, images, sounds, data, or other information by any means, including but not limited to a computer, tablet, cell phone, camera, or Bluetooth device.

[2] Report and Recommendations to the Justices of the Supreme Judicial Court on the Resumption of Jury Trials in the Context of the COVID-19 Pandemic.

support, the health and safety practices recommended by the JMAC in its reports.[3]  The scheduling and location of trials for Phase 3 will continue to require coordination among Trial Court departments and collaboration with counsel/SRLs in each case.  Ultimately, the specific cases that will be tried to juries during Phase 3 and the locations thereof are subject to the approval of the Chief Justice of the applicable Trial Court department, in consultation with the Chief Justice of the Trial Court.  During Phase 3, priority should be given to jury trials in criminal cases and sexually dangerous person cases under G.L. c. 123A where, as applicable, the defendant, the person who filed the petition pursuant to G.L. c. 123A, § 9, or the person named in the petition filed pursuant to G.L. c. 123A, § 12 is in custody.

Notwithstanding any rule to the contrary, during Phase 3:

(a) criminal cases in the Superior Court and youthful offender cases in Juvenile Court that typically would be tried to juries of twelve may be tried to juries of six with the consent of the defendant(s) or juvenile(s), in which case each defendant or juvenile will be limited to four peremptory challenges and the Commonwealth to as many challenges as equal the whole number to which all the defendants or juveniles in the case are entitled, regardless of whether additional jurors are empaneled;

(b) civil cases in the Superior Court and Housing Court that typically would be tried to juries of twelve, except sexually dangerous person cases under G.L. c. 123A, shall be tried to juries of six, with or without the consent of the parties, and each party will be limited to four peremptory challenges, regardless of whether additional jurors are empaneled;

(c) sexually dangerous person cases under G.L. c. 123A that typically would be tried to juries of twelve may be tried to juries of six with the consent of all parties, in which case each party will be limited to four peremptory challenges, regardless of whether additional jurors are empaneled;[4]

(d) in civil cases in the District Court and Boston Municipal Court, each party will be limited to two peremptory challenges, regardless of whether additional jurors are empaneled; and

(e) in criminal cases in the District Court and Boston Municipal Court and delinquency cases in the Juvenile Court, each defendant or juvenile will be limited to two peremptory challenges and the Commonwealth to as many challenges as equal the whole number to which all the defendants or juveniles in the case are entitled.

---

[3] See JMAC July 2020 Report, pp. 13-15, 26-36; and Preliminary Report and Recommendations to the Justices of the Supreme Judicial Court on Phase 1 of the Resumption of Jury Trials in the Context of the COVID-19 Pandemic, submitted February 8, 2021, pp. 12-13.

[4] See G.L. c. 123A, § 9 (petitioner or Commonwealth may demand jury trial) and § 14 (person named in petition or petitioning party may demand jury trial).

The modified Phase 3 described in this Order will last until the SJC issues further direction regarding the resumption of jury trials.  All plans and expectations regarding the resumption of jury trials, including the cases to be tried or duration of any given phase, may be adjusted at any time in the ongoing effort to balance the safety of everyone who enters a courthouse with the fundamental constitutional right to a trial by jury.

The Jury Commissioner continues to be authorized, until further order of the SJC, to exercise discretion to excuse persons summoned for trial or grand jury duty upon request based on an identified vulnerability of the potential juror or a household member to COVID-19, or other circumstances related to COVID-19.

9.  Remote Empanelment and Jury Trials.  The Trial Court departments, if they choose to do so, may conduct (1) petit jury empanelments remotely, with consent of all parties, and (2) jury trials in civil cases entirely remotely, with the written consent of all parties and a waiver by all parties of any objection to the composition of the jury pool.  Such remote proceedings should be conducted in accordance with the practices and protocols set forth in the March 11, 2021 JMAC final report on Phase 1 (JMAC March 2021 Report) (pp. 7-9), with juror questionnaires handled pursuant to a process that protects confidentiality.

10.  Continuances and Speedy Trial Computations.  Pursuant to Prior SJC Orders,[5] no jury trials, except those conducted during Phases 1 and 2, have been permitted in Massachusetts state courts since March 14, 2020, as a necessary measure to reduce the risk of the spread of COVID-19.  For the same reason, the number of jury trials will continue to be greatly limited during Phase 3.  Accordingly, this court concludes that, except as to those cases scheduled for a jury trial during Phase 3, it continues to be necessary and appropriate to hereby order that no other jury trials be conducted in Massachusetts state courts at this time.  Regarding the cases scheduled for a jury trial during Phase 3, the further general continuance effectuated by this and Prior SJC Orders shall apply until the commencement of the trial.  As for all other cases, the further general continuance effectuated by this and Prior SJC Orders shall apply until further order of the court.  The general continuances occasioned by this and Prior SJC Orders serve the ends of justice and outweigh the best interests of the public and criminal defendants in a speedy trial.  Therefore, the time periods of such general continuances shall continue to be excluded from speedy trial computations under Mass. R. Crim. P. 36.[6]

---

[5] "Prior SJC Orders" means the March 13, 2020 Order Regarding Empanelment Of Juries, the March 17, 2020 Order Limiting In-Person Appearances In State Courthouses To Emergency Matters That Cannot Be Resolved Through A Videoconference Or Telephonic Hearing, and the prior Orders Regarding Court Operations Under The Exigent Circumstances Created By The COVID-19 (Coronavirus) Pandemic issued on April 1, 2020 (effective April 6, 2020), April 27, 2020 (updated order effective May 4, 2020), May 26, 2020 (second updated order effective June 1, 2020), June 24, 2020 (third updated order effective July 1, 2020), September 17, 2020 (fourth updated order effective September 17, 2020), and February 24, 2021 (fifth updated order effective March 1, 2021).

[6] "Ordinarily, it is a trial judge who orders a continuance, who determines whether the delay will be excluded from the speedy trial computation, and who makes the required findings under rule 36 (b) (2) (F).  But here, immediate and uniform action across the entire court system was

11. Bench trials.  Judges in Trial Court departments shall continue to schedule and conduct criminal and civil bench trials.  Criminal bench trials shall be conducted in person, unless the parties and trial judge all agree to conduct the trial virtually.  Civil bench trials may be conducted in person or, in the discretion of the trial judge, with or without the consent of the parties, virtually.  In any event, priority should be given to scheduling bench trials in criminal cases where the defendant is in custody, with the highest priority given to those defendants who have been in custody the longest.

12. Application for conference.  A party who has had a trial or other non-emergency hearing postponed as a result of this Order or the Prior SJC Orders may apply for a conference with the court where the trial or other non-emergency hearing was to occur to address matters arising from the postponement.  In criminal cases, where appropriate, a defendant may ask the court for reconsideration of bail or conditions of release.  Nothing in this Order addresses the disposition of such requests for reconsideration.

13. Grand jury.  No new grand jury shall be empaneled without the approval of the Superior Court Regional Administrative Justice (RAJ) who, after consultation with the Chief Justice of the Superior Court, shall set such conditions as may be necessary to minimize risk to members of the grand jury, court personnel, and witnesses.  The RAJ or the Chief Justice of the Superior Court may consult with the Jury Commissioner regarding such conditions.  As permitted by Rule 5 of the Massachusetts Rules of Criminal Procedure, which provides that "the court shall select not more than twenty-three grand jurors to serve," a grand jury of fewer than 23 grand jurors may be empaneled.  Regardless of the number empaneled, a grand jury may sit only where there is a quorum of at least thirteen grand jurors, and may return an indictment only if at least twelve of the sitting grand jurors vote to indict.

14. Publication of COVID-19 orders.  All orders, standing orders, guidelines, and notices issued by any court department or appellate court in response to this Order or the pandemic, as well as all amendments, modifications, and supplements thereto, or the equivalent, shall be posted upon issuance on the judiciary's COVID-19 webpage.  Links to each document may be found on that webpage.

---

needed to prevent the spread of the coronavirus and to avoid the inefficiencies and inconsistencies that would have resulted if trial judges had to make a separate decision and findings in each case as to whether a trial should be continued due to the COVID-19 pandemic. It was therefore necessary and appropriate for this court to order that all trials be continued, to determine that the resulting delay should be excluded from the speedy trial computation, and to make the required findings applicable to all cases." *Commonwealth v. Lougee*, 485 Mass. 70, 72 (2020).  Furthermore, when the term "continuance(s)" is used in this context in this and Prior SJC orders, it refers to the general unavailability of jury trials due to the pandemic, and all of the time since March 14, 2020 is excluded from speedy trial computations whether or not a trial was ever scheduled and continued in a given case as a result of said SJC orders.

15. The SJC may issue further Orders as necessary to address the circumstances arising from this pandemic.

This Order is effective on May 1, 2021, and shall remain in effect until further order of the court.

KIMBERLY S. BUDD            )
                                          ) Chief Justice
                                          )
FRANK M. GAZIANO            )
                                          ) Justices
                                          )
DAVID A. LOWY               )
                                          )
                                          )
ELSPETH B. CYPHER            )
                                          )
                                          )
SCOTT L. KAFKER             )
                                          )
                                          )
DALILA ARGAEZ WENDLANDT )
                                          )
                                          )
SERGE GEORGES, JR.            )

Entered:  April 15, 2021
Effective:  May 1, 2021

7