# Exhibit 5

COMMONWEALTH OF MASSACHUSETTS

SUPREME JUDICIAL COURT

SUFFOLK, ss. OE-144

In Re: COVID-19 (Coronavirus) Pandemic

SEVENTH UPDATED ORDER
REGARDING COURT OPERATIONS UNDER THE EXIGENT
CIRCUMSTANCES CREATED BY THE COVID-19 (CORONAVIRUS) PANDEMIC

In view of the guidance for vaccinated and unvaccinated persons recently issued by the Centers for Disease Control and Prevention (CDC) and the Department of Public Health (DPH), the Governor's lifting of the State of Emergency and most of the restrictions imposed in the Commonwealth in response to COVID-19, the widespread availability of COVID-19 vaccinations, and the overall situation in the Commonwealth with respect to COVID-19, as well as in consideration of the health and safety of court users and personnel, the Supreme Judicial Court (SJC), pursuant to its superintendence and rule-making authority, issues the following ORDER:

1. Prior order. Effective July 12, 2021, this Order shall repeal and replace the Sixth Updated Order Regarding Court Operations Under The Exigent Circumstances Created By The COVID-19 (Coronavirus) Pandemic, which was issued on April 15, 2021, and became effective May 1, 2021 (Sixth Updated Order).

2. Conduct of court business and access to courthouses. Courthouses shall be open to the public for in-person business, subject to the Fourth Order Regarding Access to State Courthouses & Court Facilities issued by the SJC on July 1, 2021, which becomes effective July 12, 2021, and any updates thereto (Access Order), and any health and safety protocols established by the Trial Court or the relevant appellate court that are consistent with the Access Order.

3. Virtual proceedings. Courts may continue to conduct certain proceedings virtually (i.e., by telephone, videoconference, email, or comparable means, or through the electronic filing system) in both civil and criminal cases where it is consistent with constitutional rights and statutory requirements. Each Trial Court department shall post notices to the "Court System Response to COVID-19" webpage (https://www.mass.gov/guides/court-system-response-to-covid-19) (COVID-19 webpage) (see paragraph 12) as promptly as possible that provide clear department-wide guidance to the public and members of the bar identifying the categories of matters that it will address virtually.

When scheduling a videoconference proceeding in a case with one or more self-represented litigants (SRLs), courts will recognize the possibility that SRLs may have limited access to or limited experience with the necessary technology, and will either assist the SRL in

*Rescinded November 1, 2023 (effective January 1, 2024)*

1

being able to conduct the videoconference or offer an alternative to videoconferencing for the virtual proceeding.

Except as determined by the judge or clerk-magistrate conducting the proceeding, no party (or attorney for a party) may be physically present in the courtroom for a scheduled virtual proceeding.

Where an in-person proceeding is scheduled, a party may request that the proceeding be conducted virtually, and the judge or clerk-magistrate scheduled to preside at the proceeding will rule on the request.

Alternatively, a judge or clerk-magistrate, upon request, may authorize a participant (an attorney, party, or witness) to appear virtually while other participants appear in person, so long as it is consistent with the protection of statutory and constitutional rights. A participant who requests to appear virtually for an otherwise in-person proceeding shall have no grounds to object to other participants appearing in person.

4. <u>Clerks', Registers' and Recorder's Offices</u>. All court clerks', registers', and recorder's offices shall be open to the public for in-person business. For the convenience of court users, clerks', registers', and recorder's offices may provide a drop-box in a secure and accessible location at the courthouse for the benefit of those persons who wish to hand-deliver pleadings or other documents for filing without entering the office of a court clerk, register, or recorder. Each Trial Court department shall provide department-wide guidance on the COVID-19 webpage (see paragraph 12) as to how, in addition to by mail and, when available, electronic filing, pleadings and other documents can be filed without coming to the office of a court clerk, register, or recorder.

5. <u>Cell phones and other personal electronic devices in courthouses</u>. Cell phones and other PEDs shall not be banned from any state courthouse. Cell phones and other PEDs must be used in compliance with the rules set forth in Trial Court Administrative Order 21-1 (Order Concerning Trial Court Policy on Possession & Use of Cell Phones & Personal Electronic Devices), which was issued and became effective on June 15, 2021, and is posted on the COVID-19 webpage (see paragraph 12) and at the entrance to each courthouse.

6. <u>Jury Trials</u>. Phase 3 of the resumption of jury trials in Massachusetts state courts will end on July 9, 2021. Thereafter there will be no further COVID-19-related limitations or restrictions on where[1] and how jury trials are conducted, except as provided in this Order, including in paragraph 2 above, or in a further order of the SJC. As more jury trials resume, priority should continue to be given to trials in criminal and youthful offender cases and sexually dangerous person cases under G.L. c. 123A where, as applicable, the defendant, the juvenile, the person who filed the petition pursuant to G.L. c. 123A, § 9, or the person named in the petition filed pursuant to G.L. c. 123A, § 12 is in custody.

---

[1] For a list of court locations and dates they will have access to jury pools, visit https://www.mass.gov/info-details/covid-19-jury-information.

Notwithstanding any rule to the contrary, until further order of the SJC:

(a) criminal cases in the Superior Court and youthful offender cases in Juvenile Court that typically would be tried to juries of twelve may be tried to juries of six with the consent of the defendant(s) or juvenile(s), in which case each defendant or juvenile will be limited to four peremptory challenges and the Commonwealth to as many challenges as equal the whole number to which all the defendants or juveniles in the case are entitled, regardless of whether additional jurors are empaneled;

(b) civil cases in the Superior Court and Housing Court that typically would be tried to juries of twelve, except sexually dangerous person cases under G.L. c. 123A, shall be tried to juries of six, with or without the consent of the parties, and each party will be limited to four peremptory challenges, regardless of whether additional jurors are empaneled;

(c) sexually dangerous person cases under G.L. c. 123A that typically would be tried to juries of twelve may be tried to juries of six with the consent of all parties, in which case each party will be limited to four peremptory challenges, regardless of whether additional jurors are empaneled;[2]

(d) in civil cases in the District Court and Boston Municipal Court, each party will be limited to two peremptory challenges, regardless of whether additional jurors are empaneled; and

(e) in criminal cases in the District Court and Boston Municipal Court and delinquency cases in the Juvenile Court, each defendant or juvenile will be limited to two peremptory challenges and the Commonwealth to as many challenges as equal the whole number to which all the defendants or juveniles in the case are entitled.

7. <u>Remote Empanelment and Jury Trials</u>.  The Trial Court departments, if they choose to do so, may conduct (1) petit jury empanelments remotely in criminal and civil cases, with consent of all parties, providing an option for jurors to choose to appear in person, and (2) jury trials in civil cases entirely remotely, with the written consent of all parties and a waiver by all parties of any objection to the composition of the jury pool.  Such remote proceedings should be conducted in accordance with the practices and protocols set forth in the March 11, 2021 report of the Jury Management Advisory Committee (pp. 7-9), with juror questionnaires handled pursuant to a process that protects confidentiality.

8. <u>Continuances and Speedy Trial Computations</u>.  Pursuant to Prior SJC Orders,[3] no jury trials, except those conducted or scheduled to be conducted during Phases 1, 2, and 3 of the

---

[2] See G.L. c. 123A, § 9 (petitioner or Commonwealth may demand jury trial) and § 14 (person named in petition or petitioning party may demand jury trial).

[3] "Prior SJC Orders" means the March 13, 2020 Order Regarding Empanelment Of Juries, the March 17, 2020 Order Limiting In-Person Appearances In State Courthouses To Emergency Matters That Cannot Be Resolved Through A Videoconference Or Telephonic Hearing, and the

3

Rescinded November 1, 2023 (effective January 1, 2024)

resumption of jury trials, have been permitted in Massachusetts state courts since March 14, 2020, as a necessary measure to reduce the risk of the spread of COVID-19.  Due to the backlog and other issues arising from the pandemic, it is expected that the number of jury trials available will not meet the need for such trials even after Phase 3 ends on July 9, 2021.  Therefore, regarding the cases scheduled for a jury trial to commence before October 1, 2021, the further general continuance effectuated by this and Prior SJC Orders shall apply until the commencement of the trial.  As for all other cases, the further general continuance effectuated by this and Prior SJC Orders shall apply until October 1, 2021.  The general continuances occasioned by this and Prior SJC Orders serve the ends of justice and outweigh the best interests of the public and criminal defendants in a speedy trial.  Therefore, the time periods of such general continuances[4] shall continue to be excluded from speedy trial computations under Mass. R. Crim. P. 36.[5]

      9.  <u>Bench trials</u>.  Bench trials may be conducted in person or, in the discretion of the trial judge, with the consent of the parties, virtually.

      10.  <u>Application for conference</u>.  A party who has had a trial or other non-emergency hearing postponed as a result of this or Prior SJC Orders may apply for a conference with the court where the trial or other non-emergency hearing was to occur to address matters arising from the postponement.  In criminal cases, where appropriate, a defendant may ask the court for reconsideration of bail or conditions of release.  Nothing in this Order addresses the disposition of such requests for reconsideration.

---

prior Orders Regarding Court Operations Under The Exigent Circumstances Created By The COVID-19 (Coronavirus) Pandemic issued on April 1, 2020 (effective April 6, 2020), April 27, 2020 (updated order effective May 4, 2020), May 26, 2020 (second updated order effective June 1, 2020), June 24, 2020 (third updated order effective July 1, 2020), September 17, 2020 (fourth updated order effective September 17, 2020),  February 24, 2021 (fifth updated order effective March 1, 2021), and April 15, 2021 (Sixth Updated Order).

[4] When the term "continuance(s)" is used in this context in this and Prior SJC orders, it refers to the general unavailability of jury trials due to the pandemic and the backlog and other issues arising from the pandemic, and all of the time since March 14, 2020 is excluded from speedy trial computations whether or not a trial was ever scheduled and continued in a given case as a result of said SJC orders.

[5] "Ordinarily, it is a trial judge who orders a continuance, who determines whether the delay will be excluded from the speedy trial computation, and who makes the required findings under rule 36 (b) (2) (F).  But here, immediate and uniform action across the entire court system was needed to prevent the spread of the coronavirus and to avoid the inefficiencies and inconsistencies that would have resulted if trial judges had to make a separate decision and findings in each case as to whether a trial should be continued due to the COVID-19 pandemic.  It was therefore necessary and appropriate for this court to order that all trials be continued, to determine that the resulting delay should be excluded from the speedy trial computation, and to make the required findings applicable to all cases." *Commonwealth v. Lougee*, 485 Mass. 70, 72 (2020).

Rescinded November 1, 2023 (effective January 1, 2024)

11. <u>Grand jury</u>.  As permitted by Rule 5 of the Massachusetts Rules of Criminal Procedure, which provides that "the court shall select not more than twenty-three grand jurors to serve," a grand jury of fewer than 23 grand jurors may be empaneled.  Regardless of the number empaneled, a grand jury may sit only where there is a quorum of at least thirteen grand jurors, and may return an indictment only if at least twelve of the sitting grand jurors vote to indict.

12. <u>Publication of COVID-19 orders</u>.  All orders, standing orders, guidelines, and notices issued by any court department or appellate court in response to this Order or the pandemic, as well as all amendments, modifications, and supplements thereto, or the equivalent, shall be posted upon issuance on the judiciary's COVID-19 webpage.  Links to each document may be found on that webpage.

13. The SJC may issue further Orders as necessary to address the circumstances arising from this pandemic.

This Order is effective on July 12, 2021, and shall remain in effect until further order of the court.

```
                    KIMBERLY S. BUDD              )
                                                  ) Chief Justice
                                                  )
                    FRANK M. GAZIANO              )
                                                  ) Justices
                                                  )
                    DAVID A. LOWY                 )
                                                  )
                                                  )
                    ELSPETH B. CYPHER             )
                                                  )
                                                  )
                    SCOTT L. KAFKER               )
                                                  )
                                                  )
                    DALILA ARGAEZ WENDLANDT       )
                                                  )
                                                  )
                    SERGE GEORGES, JR.            )
```

Entered:   July 1, 2021
Effective: July 12, 2021

5