# Exhibit 6

COMMONWEALTH OF MASSACHUSETTS

SUPREME JUDICIAL COURT

SUFFOLK, ss.                                                                                              OE-144

In Re: COVID-19 (Coronavirus) Pandemic

<u>FIRST AMENDMENT TO SEVENTH UPDATED ORDER
REGARDING COURT OPERATIONS UNDER THE EXIGENT
CIRCUMSTANCES CREATED BY THE COVID-19 PANDEMIC</u>

In view of the situation in the Commonwealth with respect to COVID-19 and in consideration of the health and safety of court users and personnel, the Supreme Judicial Court (SJC), pursuant to its superintendence and rule-making authority, amends the Seventh Updated Order Regarding Court Operations Under the Exigent Circumstances Created by the COVID-19 (Coronavirus) Pandemic, which was issued on July 1, 2021, and became effective July 12, 2021 (Seventh Updated Order), as follows:

1. Until January 31, 2022 or further order of the Court, paragraph 6 of the Seventh Updated Order is hereby suspended and replaced with the following:

6. <u>Jury Trials</u>.  No jury trials, in either criminal or civil cases, shall be conducted in Massachusetts state courts from January 3, 2022 until January 31, 2022.

2. Paragraph 8 of the Seventh Updated Order is hereby deleted and replaced with the following:

8. <u>Continuances and Speedy Trial Computations</u>.  Pursuant to Prior SJC Orders,[1] jury trials were generally continued as a necessary measure to reduce the risk of the spread of COVID-19 and due to the backlog and other issues arising from the pandemic.

---

[1] "Prior SJC Orders" means the March 13, 2020 Order Regarding Empanelment Of Juries, the March 17, 2020 Order Limiting In-Person Appearances In State Courthouses To Emergency Matters That Cannot Be Resolved Through A Videoconference Or Telephonic Hearing, and the prior Orders Regarding Court Operations Under The Exigent Circumstances Created By The COVID-19 (Coronavirus) Pandemic issued on April 1, 2020 (effective April 6, 2020), April 27, 2020 (updated order effective May 4, 2020), May 26, 2020 (second updated order effective June 1, 2020), June 24, 2020 (third updated order effective July 1, 2020), September 17, 2020 (fourth updated order effective September 17, 2020),  February 24, 2021 (fifth updated order effective March 1, 2021), April 15, 2021 (Sixth Updated Order), and July 1, 2021 (Seventh Updated Order).

1

The further general continuance of jury trials effectuated by this amendment to the Seventh Updated Order, once again as a necessary measure to reduce the risk of the spread of COVID-19, will likely result in a further backlog.  Therefore, for jury trials scheduled to commence on or after January 31, 2022, the general continuance effectuated by this amendment shall apply until the earliest of either the commencement of the trial or February 28, 2022.  The general continuances occasioned by this amendment and Prior SJC Orders serve the ends of justice and outweigh the best interests of the public and criminal defendants in a speedy trial.  Therefore, the time periods of such general continuances shall be excluded from speedy trial computations under Mass. R. Crim. P. 36.[2]

3.  Paragraph 11 of the Seventh Updated Order is hereby deleted and replaced with the following:

11.  <u>Grand jury</u>.  No new grand jury shall be empaneled from January 3, 2022 until January 31, 2022, except as provided in this paragraph.  Grand juries that are currently sitting and are due to expire before the empanelment of a new grand jury shall be extended until the date of that new empanelment.  Any judicial district that does not currently have a sitting grand jury may seek authorization to empanel a new grand jury prior to January 31, 2022 from the Superior Court Regional Administrative Justice (RAJ), who, after consultation with the Chief Justice of the Superior Court, shall set such conditions as may be necessary to minimize risk to members of the grand jury, court personnel, and witnesses. The RAJ or the Chief Justice of the Superior Court may consult with the Jury Commissioner regarding such conditions.

As permitted by Rule 5 of the Massachusetts Rules of Criminal Procedure, which provides that "the court shall select not more than twenty-three grand jurors to serve," a grand jury of fewer than 23 grand jurors may be empaneled.  Regardless of the number empaneled, a grand jury may sit only where there is a quorum of at least thirteen grand jurors, and may return an indictment only if at least twelve of the sitting grand jurors vote to indict.

---

[2] "Ordinarily, it is a trial judge who orders a continuance, who determines whether the delay will be excluded from the speedy trial computation, and who makes the required findings under rule 36 (b) (2) (F).  But here, immediate and uniform action across the entire court system was needed to prevent the spread of the coronavirus and to avoid the inefficiencies and inconsistencies that would have resulted if trial judges had to make a separate decision and findings in each case as to whether a trial should be continued due to the COVID-19 pandemic.  It was therefore necessary and appropriate for this court to order that all trials be continued, to determine that the resulting delay should be excluded from the speedy trial computation, and to make the required findings applicable to all cases." *Commonwealth v. Lougee*, 485 Mass. 70, 72 (2020).

      4.  Except to the extent amended above, the Seventh Updated Order remains in full force and effect.

      This Order is effective on January 3, 2022, and shall remain in effect until further order of the court.

By the Court,

_____
Francis V. Kenneally, Clerk

Entered:   December 31, 2021
Effective:  January 3, 2022

*Repealed and replaced January 24, 2022*

3