1                UNITED STATES DISTRICT COURT

2                 DISTRICT OF MASSACHUSETTS (Boston)

3                         No. 1:23-cv-12002-WGY

4

5    NATALIA ORTIZ, on behalf of herself and a class
     of similarly-situated persons,
6                Plaintiff

7    vs.

8

9    SABA UNIVERSITY SCHOOL OF MEDICINE, et al,
                 Defendants

10

11
                         * * * * * * * *
12

13                    For Hearing Before:
                    Judge William G. Young
14

15                    Motion to Dismiss

16
                    United States District Court
17                  District of Massachusetts (Boston)
                    One Courthouse Way
18                  Boston, Massachusetts 02210
                    Wednesday, January 17, 2024
19

20                       * * * * * * * *

21

22          REPORTER: RICHARD H. ROMANOW, RPR
                    Official Court Reporter
23               United States District Court
         One Courthouse Way, Room 5510, Boston, MA 02210
24                    rhrbulldog@aol.com

25

```
 1                    A P P E A R A N C E S

 2

 3   MARGARET SILLER, ESQ.
        Maynard Nexsen, P.C.
 4      1131 4th Avenue S, Suite 320
        Nashville, TN 37210
 5      (629) 258-2253
        Email: Msiller@maynardnexsen.com
 6   and
        PATRICK T. EGAN, ESQ.
 7      Berman Tabacco
        One Liberty Square
 8      Boston, MA 02109
        (617) 542-8300
 9      Email:  Pegan@bermantabacco.com
        For plaintiff
10

11   ELIZABETH H. KELLY, ESQ.
     DARYL J. LAPP, ESQ.
12      Locke Lord, LLP
        111 Huntington Avenue
13      Boston, MA 02199
        (617) 239-0774
14      Email: Liz.kelly@lockelord.com
        For defendants
15

16

17

18

19

20

21

22

23

24

25
```

```
 1           P R O C E E D I N G S

 2           (Begins, 2:45 p.m.)

 3           THE COURT:  Now hearing Civil Matter 23-12002,

 4     Ortiz versus Saba University.

 5           THE COURT:  And would counsel identify themselves.

 6           MS. SILLER:  Good afternoon, your Honor, Margaret

 7     Siller from Maynard Nexsen on behalf of Plaintiff Ortiz

 8     and the putative class.

 9           MS. KELLY:  Good afternoon, your Honor --

10           THE COURT:  Oh, I've skipped over counsel.

11           MR. EGAN:  Patrick Egan, Berman Tabacco, on behalf

12     of --

13           MS. KELLY:  Good afternoon, your Honor, Elizabeth

14     Kelly on behalf of Saba University School of Medicine

15     and R3 Education.

16           MR. LAPP:  And Daryl Lapp also on behalf of the

17     defendants.

18           THE COURT:  Now if I knocked out unjust

19     enrichment, because that really is, um, you've got what

20     in essence is a contract claim and a 93A claim and the

21     like, so unjust enrichment is alternative to that.  So

22     if I knock that out, but let the rest go forward --

23     don't assume I'm going to, but if I did that you'd be

24     okay with that?

25           MS. SILLER:  We would submit that there -- you
```

1    know we would appreciate a greater factual record for

2    the unjust enrichment, but we understand the case law as

3    it stands in Massachusetts.

4          THE COURT:  Yes.

5          Now again, just to give you my little speech on

6    motions to dismiss, that's the problem I find here other

7    than the legal issue that I've just disposed of.  Unjust

8    enrichment is out, without prejudice, we'll see where

9    the other claims go.

10         But don't the other claims survive?

11         MS. KELLY:  Your Honor, I understand where you're

12   going about the motion to dismiss stage, but there are

13   cases in Massachusetts that have disposed of 93A claims

14   on false advertising on a motion to dismiss on legal

15   grounds.

16         THE COURT:  There are?

17         MS. KELLY:  I would point to **Bernstein** and

18   **Tomasella**, these are cases where, applying the

19   reasonable consumer standard, they're beyond the bounds

20   of what a reasonable consumer could consider to be

21   deceptive.

22         THE COURT:  Again, it's a motion to dismiss, the

23   concept of a "reasonable consumer" seems

24   quintessentially a concept that a jury will decide.

25         MS. KELLY:  Yes, typically it is, but there are

1    cases, as recognized, that go beyond the bounds of

2    reasonableness.  For example, when you have a pure

3    omission.  In this case the alleged omission is that

4    Saba did not disclose that there's a high attrition rate

5    at the school in connection with its advertising

6    materials.  Saba said nothing about its attrition rate,

7    that is a pure omission.

8         For example, any time Saba says "Our graduates" --

9    any time they tout their graduates' successes, does Saba

10   have to disclose how many people didn't graduate?  This

11   is a pure omission, it's not a half truth, because Saba

12   gave qualifying information.  "First-time test-takers,"

13   not all people who enrolled in the school --

14        THE COURT:  But I just wonder whether I should

15   decide that?  I grant you there are those cases, but it

16   seems to me a jury should decide that on these facts.

17   The motion to dismiss is denied.

18        When do you want to go to trial?

19        MS. KELLY:  Your Honor, this is a class action,

20   um, and we believe there are issues to address.

21        THE COURT:  Indeed there are.  So when?

22        MS. SILLER:  We would propose sometime in the

23   spring of 2025.

24        THE COURT:  February, 2025, it's on the running

25   trial list for that month.  Two weeks from today's date

1    to file a joint proposed case management schedule.

2         That's the order of the Court.

3         (Ends, 2:50 p.m.)

```
1                  C E R T I F I C A T E

2

3

4          I, RICHARD H. ROMANOW, OFFICIAL COURT REPORTER,

5     do hereby certify that the foregoing record is a true

6     and accurate transcription of my stenographic notes

7     before Judge William G. Young, on Wednesday, January 17,

8     2024, to the best of my skill and ability.

9

10

11

12    /s/ Richard H. Romanow 02-15-24
      _____
13    RICHARD H. ROMANOW    Date

14

15

16

17

18

19

20

21

22

23

24

25
```