UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| NATALIA ORTIZ, on behalf of herself and a class of similarly situated persons,<br><br>*Plaintiff*,<br><br>v.<br><br>SABA UNIVERSITY SCHOOL OF MEDICINE; and R3 EDUCATION, INC.,<br><br>*Defendants* | Case No. 1:23-cv-12002-WGY |

### [PROPOSED] CONFIDENTIALITY STIPULATION AND PROTECTIVE ORDER

WHEREAS, Plaintiff Natalia Ortiz ("Plaintiff") and Defendants Saba University School of Medicine and R3 Education, Inc., ("Defendants") (together, the "Parties) have agreed to the following terms of confidentiality, and the Court having found that good cause exists for the issuance of an appropriately tailored confidentiality order pursuant to Rule 26(c) of the Federal Rules of Civil Procedure, it is hereby

**ORDERED** that for any party subject to this Order—including without limitation the parties to this action, their representatives, agents, experts and consultants, all third parties providing discovery in this action, and all other interested parties with actual or constructive notice of this order—the following restrictions and procedures shall apply to the information and documents exchanged by the parties in connection with the pre-trial phase of this action:

1. **Scope**. All materials produced or adduced in the course of discovery, including initial disclosures, responses to discovery requests, deposition testimony and exhibits, and information derived directly therefrom (hereinafter collectively "Discovery Materials"), shall be subject to this Order concerning Confidential Information as defined

below.  This Order is subject to the Local Rules of the District of Massachusetts and the Federal Rules of Civil Procedure on matters of procedure and calculation of time periods.

    2.    **Producing/Receiving Party**.  As used herein, "Producing Party" shall refer to any party, including third parties to this action as well as non-parties, who discloses and/or produces any Discovery Materials in this action. "Receiving Party" shall refer to any party that receives Discovery Materials from a Producing Party in this action.

    3.    **Confidential Information**.  Based on a good-faith belief that such materials are entitled to protection under Rule 26(c) of the Federal Rules of Civil Procedure or other applicable law, the Producing Party may designate documents containing the following information categories as  "CONFIDENTIAL-SUBJECT TO PROTECTIVE ORDER": (a) information prohibited from disclosure by statute; (b) information that reveals trade secrets; (c) research, technical, or financial information that the party has maintained as confidential; (d) any information of a personal or intimate nature regarding any individual; (e) income tax returns (including attached schedules and forms), W-2 forms, and 1099 forms; or (f) any information that constitutes confidential information under Federal Rule of Civil Procedure 26(c).  Without limiting the foregoing, Confidential Information shall include all "education records" as that term is defined under the Family Educational Rights and Privacy Act of 1974, 20 U.S.C. § 1232g ("FERPA"). Information or documents that are available to the public may not be designated as Confidential Information.  The parties anticipate that documents will be reviewed for applicability of these categories.  Blanket designations of "CONFIDENTIAL-SUBJECT TO PROTECTIVE ORDER" will not be applied to all documents simply because they are produced in relation to the current litigation.  Only those parts of material, documents, items, or oral or written communications that qualify should be

designated Confidential Information, except as to such "education records" identified above, as to which each such record will be designated Confidential Information in its entirety.

4. **<u>Designation</u>**.

(A) A party may designate a document as Confidential Information for protection under this Order by placing or affixing the words "CONFIDENTIAL-SUBJECT TO PROTECTIVE ORDER" on the document and on all copies in a manner that will not interfere with the legibility of the document, including any metadata produced for such document.  As used in this Order, "copies" includes electronic images, duplicates, extracts, summaries or descriptions that contain the Confidential Information.  The marking "CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER" to a document does not mean that the document has any status or protection by statute or otherwise except to the extent and for the purposes of this Order.  Any copies that are made of any documents marked "CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER" shall also be so marked, except that indices, electronic databases or lists of documents that do not contain substantial portions or images of the text of marked documents and do not otherwise disclose the substance of the Confidential Information are not required to be marked.

(B) The designation of a document as Confidential Information is a certification by an attorney or a party appearing pro se that the document contains Confidential Information as defined in this order.

5. **<u>Depositions</u>**.  Deposition testimony is protected by this Order if designated as "CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER" on the record at the time the testimony is taken, or within thirty days after delivery of the transcript. Within thirty days after delivery of the transcript, a designating party may serve a Notice of Designation to all parties of record identifying the specific portions of the transcript that are designated Confidential

Information, and thereafter those portions identified in the Notice of Designation shall be protected under the terms of this Order.

6. **Protection of Confidential Material**.

(A) General Protections.  Confidential Information shall not be used or disclosed by the parties, counsel for the parties or any other persons identified in subparagraph (B) for any purpose whatsoever other than in this litigation, including any appeal thereof.

(B) Limited Third-Party Disclosures.  The parties and counsel for the parties shall not disclose or permit the disclosure of any Confidential Information to any third person or entity except as set forth in subparagraphs (1)-(9).  Subject to these requirements, the following categories of persons may be allowed to review Confidential Information:

(1) Counsel.  Counsel for the parties and employees of counsel who have responsibility for the action;

(2) Parties.  Individual parties and employees of a party. With the exception of subparagraphs 7, 8 and 11 below, Plaintiff and Plaintiff's counsel shall not share Confidential Information with putative class members or class members, absent a Court order;

(3) The Court and its personnel;

(4) Court Reporters and Recorders.  Court reporters and recorders engaged for depositions;

(5) Contractors.  Those persons specifically engaged for the limited purpose of making copies of documents or organizing or processing documents, including outside vendors hired to process electronically stored documents, provided that counsel for the party retaining the copy or imaging service instructs the service not to disclose any

4

Confidential Information to third parties and to immediately return all originals and copies of any Confidential material;

(6) Consultants and Experts.  Consultants, investigators, or experts engaged by the parties or counsel for the parties to assist in the preparation and trial of this action but only after such persons have completed the certification contained in Attachment A, Acknowledgment of Understanding and Agreement to Be Bound;

(7) Witnesses at depositions.  Witnesses shall not retain a copy of documents containing Confidential Information, except witnesses may receive a copy of all exhibits marked at their depositions in connection with review of the transcripts. Pages of transcribed deposition testimony or exhibits to depositions that are designated as Confidential Information pursuant to the process set out in this Order must be separately bound by the court reporter and may not be disclosed to anyone except as permitted under this Order;

(8) Author or recipient.  The author or recipient of the document (not including a person who received the document in the course of litigation);

(9) Special masters, mediators, or other third parties who are appointed by the Court or retained by the parties for settlement purposes or resolution of discovery or other disputes and their necessary personnel and, in the case of persons retained by the parties, who have signed Attachment A;

(10) relevant employees of any insurer to a party to the extent that such disclosure is reasonably necessary for the defense of that party in this Action or for settlement purposes and who have signed Attachment A; and

(11) **Others by Consent.** Other persons only by written consent of the Producing Party or upon order of the Court and who have signed Attachment A, on such conditions as may be agreed or ordered.

(C) Receiving Party Control of Documents. Counsel for the parties shall make reasonable efforts to prevent unauthorized or inadvertent disclosure of Confidential Information.

7.  **Inadvertent Failure to Designate**. An inadvertent failure to designate a document as Confidential Information does not waive the right to so designate the document. If a party designates a document as Confidential Information after it was initially produced, the Receiving Party, on notification of the designation, must make a reasonable effort to assure that the document is treated in accordance with the provisions of this Order. No party shall be found to have violated this Order for failing to maintain the confidentiality of material during a time when that material has not been designated Confidential Information, even where the failure to so designate was inadvertent and where the material is subsequently designated Confidential Information.

8.  **Filing of Confidential Information**. This Order does not, by itself, authorize the filing of any document under seal. The parties shall cooperate to avoid or minimize the need to file pleadings under seal, while also cooperating to avoid the public disclosure of Confidential Information. Any motions to file Confidential Information under seal shall be filed in accordance with the rules of the Court. Filing under seal shall be without prejudice to any party's right to argue to the Court that such document is not Confidential Information and need not be preserved under seal.

9.  **No Greater Protection of Specific Documents**. Except on privilege grounds

not addressed by this Order, no party may withhold information from discovery on the ground that it requires protection greater than that afforded by this Order unless the party moves for an order providing such special protection.

10.     **Challenges by a Party to Designation as Confidential Information**.  The designation of any material or documents as Confidential Information is subject to challenge by any party.  The following procedure shall apply to any such challenge.

(A) Meet and Confer.  A party challenging a designation of Confidential Information must begin the process by conferring directly with counsel for the designating party. In conferring, the challenging party must explain the basis for its belief that the confidentiality designation was not proper and must give the designating party an opportunity to review the designated material, to reconsider the designation, and, if no change in designation is offered, to explain the basis for the designation. The designating party must respond to the challenge within five (5) business days. Counsel shall confer in good faith in an effort to resolve the dispute.

(B) Judicial Intervention. A party that elects to challenge a confidentiality designation may file and serve a motion that identifies the challenged material and sets forth in detail the basis for the challenge.  Each such motion must be accompanied by a competent declaration that affirms that the movant has complied with the meet and confer requirements of this procedure.  The burden of persuasion in any such challenge proceeding shall be on the designating party.  Until the Court rules on the challenge, all parties shall continue to treat the materials as Confidential Information under the terms of this Order.

11.     **Action by the Court**.  Applications to the Court for an order relating to materials or documents designated Confidential Information shall be by motion.  Nothing in

this Order or any action or agreement of a party under this Order limits the Court's power to make orders concerning the disclosure of documents produced in discovery or at trial.

12. **Use of Confidential Documents or Information at Trial**.  Nothing in this Order shall be construed to affect the use of any document, material, or information at any trial or hearing. A party that intends to present or that anticipates that another party may present Confidential Information at a hearing or trial shall bring that issue to the Court's and parties' attention by motion or in a pretrial memorandum without disclosing the Confidential Information.  The Court may thereafter make such orders as are necessary to govern the use of such documents or information at trial.

13. **Confidential Information Subpoenaed or Ordered Produced in Other Litigation**.

(A) If a Receiving Party is served with a subpoena or an order issued in other litigation that would compel disclosure of any material or document designated in this action as Confidential Information, the Receiving Party must so notify the designating party, in writing, immediately and in no event more than three (3) business days after receiving the subpoena or order.  Such notification must include a copy of the subpoena or court order.

(B) The Receiving Party also must immediately inform in writing the party that caused the subpoena or order to issue in the other litigation that some or all of the material covered by the subpoena or order is the subject of this Order.  In addition, the Receiving Party must deliver a copy of this Order promptly to the party in the other action that caused the subpoena to issue.

(C) The purpose of imposing these duties is to alert the interested persons to the existence of this Order and to afford the designating party in this case an opportunity to try to protect its Confidential Information in the court from which the subpoena or order issued.  The

designating party shall bear the burden and the expense of seeking protection in that court of its Confidential Information, and nothing in these provisions should be construed as authorizing or encouraging a Receiving Party in this action to disobey a lawful directive from another court. The obligations set forth in this paragraph remain in effect while the party has in its possession, custody, or control Confidential Information by another party to this case.

14. **Obligations on Conclusion of Litigation.**

(A) Order Continues in Force.  Unless otherwise agreed or ordered, this Order shall remain in force after dismissal or entry of final judgment not subject to further appeal.

(B) Obligations at Conclusion of Litigation.  Within sixty-three days after dismissal or entry of final judgment not subject to further appeal, all Confidential Information and documents marked "CONFIDENTIAL-SUBJECT TO PROTECTIVE ORDER under this Order, including copies as defined in ¶3(a), shall be returned to the Producing Party or destroyed to the extent practicable in lieu of return, subject to certification by the Receiving Party, unless the document has been offered into evidence or filed without restriction as to disclosure. This provision does not apply to the Court or Court staff.

(C) Retention of Work Product and one set of Filed Documents. Notwithstanding the above requirements to return or destroy documents, counsel may retain (1) attorney work product, including an index that refers or relates to designated Confidential Information so long as that work product does not duplicate verbatim substantial portions of Confidential Information, and (2) one complete set of all documents filed with the Court including those filed under seal.  Any retained Confidential Information shall continue to be protected under this Order.  An attorney may use his or her work product in subsequent litigation, provided that its use does not disclose or use Confidential Information. For the avoidance of any doubt, no

9

witness or party may retain designated information that it received from any other party or non-party under this Order.

15. **Orders Subject to Modification**.  This Order shall be subject to modification by the Court on its own initiative or on motion of a party or any other person with standing concerning the subject matter.

16. **No Prior Judicial Determination**.  This Order is entered based on the representations and agreements of the parties and for the purpose of facilitating discovery. Nothing herein shall be construed or presented as a judicial determination that any document or material designated Confidential Information by counsel or the parties is entitled to protection under Rule 26(c) of the Federal Rules of Civil Procedure or otherwise until such time as the Court may rule on a specific document or issue.

17. **Persons Bound**.  This Order shall take effect when entered and shall be binding upon all counsel of record and their law firms, the parties, and persons made subject to this Order by its terms.

SO STIPULATED AND AGREED.

Dated: February 28, 2024

*/s/ Patrick T. Egan*
BERMAN TABACCO
Patrick T. Egan (BBO #637477)
Christina L. Gregg (BBO#709220)
One Liberty Square
Boston, MA  02109
(617) 542-8300
pegan@bermantabacco.com
cgregg@bermantabacco.com

MAYNARD NEXSEN PC
Margaret M. Siller (admitted *pro hac vice*)
1131 4th Avenue South, Suite 320
Nashville, TN 37210
(629) 258-2253
msiller@maynardnexsen.com

NATIONAL STUDENT LEGAL DEFENSE NETWORK
Alexander S. Elson (admitted *pro hac vice*)
1701 Rhode Island Ave. NW
Washington, DC 20036
(202) 734-7495
alex@defendstudents.org

*Counsel for Plaintiff Natalia Ortiz*

*/s/ Dale A. Evans, Jr.*
Dale A. Evans, Jr.
dale.evans@lockelord.com
LOCKE LORD, LLP
777 South Flagler Drive – East Tower Suite 215
West Palm Beach, FL 33401
561.820.0248

Daryl J. Lapp (BBO No. 554980)
daryl.lapp@lockelord.com
Elizabeth H. Kelly (BBO No. 672277)
liz.kelly@lockelord.com
LOCKE LORD LLP
111 Huntington Avenue
Boston, MA 02199
617.230.0100

Michael J. McMorrow
michael.mcmorrow@lockelord.com
LOCKE LORD, LLP
111 S. Wacker Drive
Chicago, IL 60606
312.443.0246

*Counsel for Defendants*

*    *    *    *    *

11

SO ORDERED

Dated: _____
HON. WILLIAM G. YOUNG
UNITED STATES DISTRICT JUDGE

SO ORDERED

Dated: _____
HON. WILLIAM G. YOUNG
UNITED STATES DISTRICT JUDGE

## ATTACHMENT A

### UNITED STATES DISTRICT COURT
### DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| NATALIA ORTIZ, on behalf of herself and a class of similarly situated persons,<br><br>*Plaintiff*,<br><br>v.<br><br>SABA UNIVERSITY SCHOOL OF MEDICINE; and R3 EDUCATION, INC.,<br><br>*Defendants* | Case No. 1:23-cv-12002-WGY |

## ACKNOWLEDGEMENT AND AGREEMENT TO BE BOUND

The undersigned hereby acknowledges that they have read the Confidentiality Order dated _____ in the above-captioned action and attached hereto, understands the terms thereof, and agrees to be bound by its terms. The undersigned submits to the jurisdiction of the United States District Court for the District of Massachusetts in matters relating to the Confidentiality Order and understands that the terms of the Confidentiality Order obligate them to use materials designated as Confidential Information in accordance with the Order solely for the purposes of the above-captioned action, and not to disclose any such Confidential Information to any other person, firm, or concern.

The undersigned acknowledges that violation of the Confidentiality Order may result in penalties for contempt of court.

Name: _____

Job Title: _____

Employer: _____

Business Address: _____

_____

_____

Date: _____   _____
            Signature