# UNITED STATES DISTRICT COURT
# DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| NATALIA ORTIZ, on behalf of herself and a class of similarly situated persons,<br><br>*Plaintiff*,<br><br>v.<br><br>SABA UNIVERSITY SCHOOL OF MEDICINE; and R3 EDUCATION, INC.,<br><br>*Defendants* | Case No. 1:23-cv-12002-WGY |

## STIPULATED PROTOCOL FOR PRODUCING DOCUMENTS AND ELECTRONICALLY STORED INFORMATION

**I.   SCOPE**

   **A.   PURPOSE**

This Stipulated Protocol for Producing Documents and Electronically Stored Information (the "Order") shall govern the production of documents and electronically stored information ("ESI") by the parties and their counsel of record (collectively, the "Parties") in the above-captioned litigation (the "Matter"), and any and all cases consolidated or coordinated with it.

   **B.   GENERAL**

Nothing in this Order is intended to be an exhaustive list of or limitation on the discovery obligations or rights of a Party requested to produce documents or ESI ("Producing Party") or a Party requesting documents or ESI ("Requesting Party"). Except as specifically set forth herein, this Order does not: (a) alter or affect the applicability of the Federal Rules of Civil Procedure ("Federal Rules") or any Local Rules of the District Courts ("Local Rules"), as applicable; (b) address, limit, determine, or affect the relevance, discoverability, or admissibility as evidence of

1

any document or ESI, regardless of whether the document or ESI is to be preserved, is preserved, or is produced; or (c) alter or affect the objections to discovery available under the Federal Rules. The purpose of this Order is to facilitate the exchange of ESI and hard copy documents in an efficient manner and in accordance with the Federal Rules. By stipulating to this Order and agreeing to produce documents in a particular form or forms, no Party waives any objections to producing any particular document or category of documents on any grounds whatsoever.

The procedures and protocols outlined in this Order govern the production of documents and ESI by all Parties. The Parties will take reasonable steps to comply with this Order. The Parties agree to promptly alert all other Parties concerning any technical problems associated with complying with this Order and, to the extent that a Party believes that compliance with this Order imposes an undue burden disproportionate to the needs of the case, the Party claiming such a burden shall inform all other Parties in writing of the asserted burden, describing it (and any potential solutions) with specificity. Within seven (7) calendar days of a Party providing a written assertion of burden, the Parties shall meet and confer in good faith in an effort to resolve the issue. All productions made pursuant to this Order are subject to any confidentiality, preservation, protective, and/or privilege orders entered in the Matter.

### C. APPLICABILITY

The production specifications in this Order apply to documents that are produced in the first instance in the Matter. The terms and specifications of this Order shall only apply to productions made after the date of entry of this Order. Productions served in the Matter that were delivered before the date of entry of this Order are exempt from the terms of the Order, unless the Producing Party and Requesting Party otherwise agree in writing. To the extent additional obligations or rights not addressed in this Order arise under the Federal Rules, Local Rules, or other applicable state and federal statutes, those applicable Rules and statutes shall be controlling.

### D. DOCUMENTS PRODUCED IN OTHER MATTERS

To the extent any Party is required or agrees to produce documents in the Matter that originally were collected or produced in other cases or government investigations, such documents shall be identified and produced to the extent possible in accordance with the production format described herein. Such documents may bear the original Bates numbers assigned to them in those other proceedings and shall also bear any additional Bates-stamp required in this Matter. To the extent any such documents are withheld from a production, the withholding Party shall identify the corresponding basis, including any impacted custodians, document categories, or other reason why the document is being withheld, to enable the Parties to confer about the potential later production of such documents.

### E. THIRD PARTY SUBPOENAS AND THE PROCESSING OF NON-PARTY DOCUMENTS

A Requesting Party issuing a non-party subpoena ("Issuing Party") shall include a copy of this Order with the subpoena and request that the non-party produce documents in accordance with the specifications of this Order. The Issuing Party is responsible for producing to all other Parties any productions obtained in the same form in which the document(s) was/were produced by the non-party. Such non-party productions should be served by the Issuing Party to all other Parties within 14 calendar days of the non-party's production to the Issuing Party.

If any such non-party productions are not Bates numbered by the non-party producer, prior to any Party reproducing the non-party documents, the Issuing Party will designate the documents with a unique Bates number prefix based on the name of the non-party producer. For the avoidance of doubt, nothing in this Order is intended to or should be interpreted as narrowing, expanding, or otherwise affecting the rights of the Parties or non-parties to object to a subpoena.

### F.     COOPERATION

The Parties are aware of the importance the Court places on cooperation and commit to continue to consult and cooperate as discovery proceeds, and recognize and agree that an attorney's zealous representation of a client is not compromised by conducting discovery in a cooperative manner.

### G.     LIMITATIONS AND NON-WAIVER

The Parties and their counsel intend by this Order to make the mutual disclosures discussed herein. The Parties and their counsel do not intend by this Order to waive their rights to any protection or privilege, including the attorney-client privilege and the work-product doctrine. All Parties preserve their attorney-client privileges, work product protection, and other rights and privileges. The Parties and their attorneys are not waiving, and specifically reserve, the right to object to any discovery request on any grounds. Further, nothing in this Order shall be construed to affect the admissibility of documents and ESI. All objections to the discoverability or admissibility of any documents and ESI are preserved and may be asserted at any time.

### H.     RESERVATION OF RIGHTS

For the avoidance of doubt, the inclusion of any platform, program, application, or software as examples does not create any independent obligation or commitment to preserve or collect ESI from such platform, program, application, or software, nor does it place any limitations on ESI preservation or collection. The Parties reserve all rights to request, and to object to any request, collection or production of ESI from any or all sources.

## I.   MODIFICATION BY AGREEMENT

Any practice or procedure set forth herein may be modified by a Stipulated Order of the parties or by the Court for good cause shown. Before seeking Court intervention, the Parties shall meet and confer in good faith regarding any modification.

## II.   IDENTIFICATION OF RESPONSIVE DOCUMENTS

### A.   PRESERVATION OBLIGATIONS

1. Consistent with the factors set forth in Fed. R. Civ. Rule 26, the Parties have taken and shall continue to take reasonable steps to ensure the preservation of documents, ESI, and tangible things relevant to claims or defenses in this Matter.

2. The Parties have been advised by their respective counsel of their current and continuing obligations to preserve and not alter or destroy any potentially responsive documents or ESI in their possession, custody, and/or control.

3. The Parties' preservation obligations extend to relevant information subject to limitations and temporal scope to be mutually agreed upon by the Parties.

5. By preserving documents or ESI for the purpose of this litigation, the Parties are not conceding that such material is responsive or discoverable, nor are they waiving any claim of privilege with respect to same materials.

6. Nothing in this agreement shall affect any other obligations of the Parties to preserve documents or information for other purposes, such as pursuant to court order, administrative order, statute, or in response to other anticipated litigation.

### B.   PLANNING FOR DISCOVERY

Consistent with the Parties' obligations under Rule 26(f) of the Federal Rules of Civil Procedure, the Parties will meet and confer in good faith regarding planning for discovery,

5

including custodians, data sources, date ranges, categories of documents, sources of discoverable information or ESI that contain information relevant to this Matter.

### III. SEARCH METHODOLOGY

The Parties agree that in responding to an initial Fed. R. Civ. P. 34 request, or earlier if appropriate, they will meet and confer about methods to search ESI in order to identify ESI that is subject to production in discovery and filter out ESI that is not subject to discovery or is protected from discovery through privilege or other protection.

### IV. PRODUCTION FORMATS

The parties agree to produce documents in PDF, TIFF, DOC, XLSL file formats, native format (including paper, where applicable), or a combination thereof. If particular documents warrant a different format, the parties will cooperate to arrange for the mutually acceptable production of such documents. The parties agree not to degrade the searchability of documents as part of the document production process.

V. Nothing is to be filed in court pursuant to this protocol, and it is not to be cited as a ground for sealing. /s/ WY

Dated: February 28, 2024                    Respectfully submitted,


/s/ Patrick T. Egan
BERMAN TABACCO
Patrick T. Egan (BBO #637477)
Christina L. Gregg (BBO#709220)
One Liberty Square
Boston, MA 02109
(617) 542-8300
pegan@bermantabacco.com
cgregg@bermantabacco.com

MAYNARD NEXSEN PC
Margaret M. Siller (admitted *pro hac vice*)
1131 4th Avenue South, Suite 320
Nashville, TN 37210
(629) 258-2253
msiller@maynardnexsen.com

6

NATIONAL STUDENT LEGAL DEFENSE NETWORK
Alexander S. Elson (admitted *pro hac vice*)
1701 Rhode Island Ave. NW
Washington, DC 20036
(202) 734-7495
alex@defendstudents.org

*Counsel for Plaintiff Natalia Ortiz*


/s/ Dale A. Evans, Jr.
Dale A. Evans, Jr.
dale.evans@lockelord.com
LOCKE LORD, LLP
777 South Flagler Drive – East Tower Suite 215
West Palm Beach, FL 33401
561.820.0248

Daryl J. Lapp (BBO No. 554980)
daryl.lapp@lockelord.com
Elizabeth H. Kelly (BBO No. 672277)
liz.kelly@lockelord.com
LOCKE LORD LLP
111 Huntington Avenue
Boston, MA 02199
617.230.0100

Michael J. McMorrow
michael.mcmorrow@lockelord.com
LOCKE LORD, LLP
111 S. Wacker Drive
Chicago, IL 60606
312.443.0246

*Counsel for Defendants*


\*   \*   \*   \*   \*


SO ORDERED *as modified*

Dated: *March 4, 2024*

*William G. Young*
HON. WILLIAM G. YOUNG
UNITED STATES DISTRICT JUDGE

7