# EXHIBIT 16

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| NATALIA ORTIZ, on behalf of herself and a class of similarly situated persons,<br><br>        Plaintiff,<br><br>   v.<br><br>SABA UNIVERSITY SCHOOL OF MEDICINE; AND R3 EDUCATION, INC.,<br><br>        Defendants. | Civil Action No.: 1:23-cv-12002-WGY |

**DEFENDANTS' RESPONSES TO NATALIA ORTIZ'S
FIRST SET OF INTERROGATORIES**

Pursuant to Federal Rule of Civil Procedure 33, Defendants Saba University School of Medicine ("Saba") and R3 Education, Inc. ("R3") (collectively, "Defendants") object and respond to Plaintiff Natalia Ortiz's First Set of Interrogatories.

**Objections to Instructions and Definitions**

1.     The Defendants object to Plaintiff's "Instructions" and "Definitions" to the extent that they impose burdens and requirements on the Defendants that exceed or are different from the requirements of the Federal Rules of Civil Procedure, the Local Rules, or any other applicable rule.

2.     The Defendants object to Plaintiff's Instruction No. 2 on the grounds that it requires the Defendants to guess as to what facts the interrogatories are requesting and to answer interrogatories that are ambiguous. The Defendants will answer the interrogatories as they are expressly stated.

3.     The Defendants object to Plaintiff's Instruction No. 8 on the grounds that it attempts to add additional interrogatories above the number allowed by the Local Rules and it imposes an

undue burden on the Defendants above and beyond those required by the Federal Rules of Civil Procedure, the Local Rules.

4.      The Defendants object to Plaintiff's Instruction No. 8 on the grounds that it imposes undue burdens beyond those required by Rule 26(b)(5) of the Federal Rules of Civil Procedure.

5.      The Defendants object to Plaintiff's Instruction No. 12 to the extent the time period referenced seeks information on claims barred by the applicable statutes of limitations.

6.      The Defendants object to the Definition in Paragraph 2 on the grounds that it is broader than the definition provided in Local Rule 26.5(c) and it is ambiguous, overbroad and confusing to the extent it defines "communicate, communication, and correspondence" to include "unsent" information that was "transmitted or exchanged."

7.      The Defendants object to the Definition in Paragraph 6 as unduly burdensome in seeking discovery that is not proportional to the needs of the case to the extent it purports to require the Defendants to produce all metadata associated with every document. If the Defendants produce documents, they will produce those documents in conformance with their obligations and any agreements by the parties.

8.      The Defendants object to the Definition in Paragraph 7 to the extent it defines "Defendants" to include all affiliated entities, subsidiaries, divisions, branches, predecessors and successors in interest and all other persons or entities purporting to act on the Defendants' behalf, as overbroad, unduly burdensome, and seeks information that is not relevant to the parties' claims or defenses or proportional to the needs of the case.

9.      The Defendants object to the Definitions in Paragraph 9 and 10 on the grounds that "identify" is defined broader than the definition provided in Local Rule 26.5(c) and imposes undue burdens on the Defendants that are not proportional to the needs of the case.

10. The Defendants object to the Definition in Paragraph 14 to the extent "Putative Class Members" includes individuals whose claims are barred by the applicable statute of limitations.

11. The Defendants object to the Definition in Paragraph 15 on the grounds that it defines "R3" to include all affiliated entities, subsidiaries, divisions, branches, predecessors and successors in interest, and all other persons or entities purporting to act on R3's behalf, as overbroad, unduly burdensome, and seeks information that is not relevant to the parties' claims or defenses or proportional to the needs of the case.

12. The Defendants object to the Definition in Paragraph 17 on the grounds that it defines "Saba" to include all affiliated entities, subsidiaries, divisions, branches, predecessors and successors in interest, and all other persons or entities purporting to act on Saba's behalf, as overbroad, unduly burdensome, and seeks information that is not relevant to the parties' claims or defenses or proportional to the needs of the case.

13. The Defendants object to the Definition in Paragraph 20 on the grounds that Plaintiff's definitions disregard the commonly accepted definitions of the terms identified therein and instead ask Defendants to adopt unusual, confusing, and contradictory definitions of such terms, e.g., "the singular shall include the plural" and "the present tense shall include the past tense and vice versa." In responding to Plaintiff's requests, Defendants shall use the commonly accepted definitions of the terms identified therein.

### Interrogatory Responses and Objections

1. Identify whether the United States Department of Education, Federal Trade Commission, or any other federal, state, or foreign governmental agency, commission, or regulator has previously, or is currently, investigating Saba or R3, and describe in detail the subject matter and status of the investigation.

3

136638029v.8

**Response:** The Defendants object to this interrogatory on the grounds that the term "investigating" is undefined, vague, and ambiguous.  The Defendants further object to this Interrogatory on the grounds that it seeks information that is neither relevant to any party's claim or defense nor proportional to the needs of the case.  Whether or not the Defendants are or ever were under investigation for any undefined reason, including reasons not at issue in this lawsuit, is not relevant to the claims or defenses in this case.

2. Identify all persons or entities with an ownership interest in each Defendant and set forth their ownership interest.

    **Response:** The Defendants object to this Interrogatory on the grounds that it seeks information that is neither relevant to any party's claim or defense nor proportional to the needs of the case.  Subject to and without waiving their objections, the Defendants state as follows:

    Saba University School of Medicine is wholly owned by Saba University Management Company, which is wholly owned by R3 Education, Inc.  R3 Education, Inc.'s ultimate parent corporation is Global University Systems Holding B.V.

3. Provide the total number of students who enrolled at Saba and were dismissed or withdrew prior to sitting for the USMLE Step 1, by year as well as by semester.

    **Response:** The Defendants object to this Interrogatory on the grounds that it seeks information that is overly broad and neither relevant to any party's claim or defense nor proportional to the needs of the case.  Students are dismissed and withdraw for reasons unrelated to the Step 1 exam pretest requirements.  The Defendants further object on the grounds that the term "enrolled" in the context of this Interrogatory is vague and ambiguous and renders the Interrogatory unclear as to the information sought. Subject to and without waiving their objections, the Defendants state as follows:

4

| Year Enrolled | Total Enrolled | Prior to Step 1 | | Dismissed | | | | |
|---|---|---|---|---|---|---|---|---|
| | | WD | DM | Semester 1 | Semester 2 | Semester 3 | Semester 4 | Semester 5 |
| 2016 | 2,778 | 21 | 23 | 14 | 3 | 2 | 3 | 1 |
| 2017 | 2,568 | 48 | 43 | 9 | 22 | 9 | 3 | 0 |
| 2018 | 2,214 | 62 | 38 | 23 | 7 | 5 | 3 | 0 |
| 2019 | 2,007 | 34 | 21 | 9 | 8 | 3 | 0 | 1 |
| 2020 | 1,916 | 25 | 22 | 7 | 9 | 3 | 1 | 2 |
| 2021 | 1,792 | 46 | 68 | 29 | 21 | 9 | 5 | 4 |
| 2022 | 1,401 | 45 | 46 | 20 | 14 | 1 | 1 | 10 |
| 2023 | 1,207 | 34 | 32 | 15 | 6 | 7 | 0 | 4 |
| Jan-24 | 279 | 7 | 0 | 0 | 0 | 0 | 0 | 0 |

4.     Provide the total number of students enrolled at Saba, by year as well as by semester, classifying the students by their start date in January, May, or September, who (i) sat for and passed the USMLE Step 1 examination and (ii) sat for and failed the USMLE Step 1 examination.

    **Response:**     The Defendants object to this Interrogatory on the grounds that it seeks information that is overly broad and neither relevant to any party's claim or defense nor proportional to the needs of the case. Students are dismissed and withdraw for reasons unrelated to the Step 1 exam pretest requirements. The Defendants further object on the grounds that the term "enrolled" in the context of this Interrogatory is vague and ambiguous and renders the Interrogatory unclear as to the information sought. Subject to and without waiving their objections, the Defendants state as follows:

136638029v.8

| Year | Count of Student | Sum of Step 1 Taken | Sum of Step 1 Pass 1st Attempt | Sum of Step 1 Pass |
|---|---|---|---|---|
| 2016-01-04 | 72 | 52 | 51 | 51 |
| 2016-05-02 | 53 | 30 | 29 | 30 |
| 2016-08-29 | 102 | 72 | 69 | 70 |
| 2017-01-02 | 79 | 52 | 51 | 52 |
| 2017-05-08 | 52 | 34 | 34 | 34 |
| 2017-09-04 | 74 | 45 | 45 | 45 |
| 2018-01-08 | 52 | 24 | 23 | 23 |
| 2018-05-07 | 42 | 18 | 18 | 18 |
| 2018-09-03 | 84 | 41 | 41 | 41 |
| 2019-01-07 | 41 | 16 | 16 | 16 |
| 2019-05-06 | 45 | 21 | 20 | 21 |
| 2019-09-02 | 73 | 38 | 38 | 38 |
| 2020-01-06 | 42 | 18 | 18 | 18 |
| 2020-05-04 | 39 | 20 | 20 | 20 |
| 2020-08-31 | 73 | 30 | 30 | 30 |
| 2021-01-04 | 50 | 12 | 11 | 12 |
| 2021-05-03 | 39 | 12 | 11 | 12 |
| 2021-08-30 | 68 | 19 | 19 | 19 |
| 2022-01-03 | 25 | 4 | 4 | 4 |
| 2022-05-02 | 40 | 2 | 2 | 2 |
| 2022-08-29 | 53 | - | - | - |
| 2023-01-02 | 24 | - | - | - |
| 2023-05-01 | 19 | - | - | - |
| 2023-09-04 | 61 | - | - | - |
| 2024-01-08 | 17 | - | - | - |

5. Describe Defendants receipt of funds, payments, or commissions from: (a) lenders' fees; or (b) other fees derived from student loans or any other type of financial aid or assistance provided to students enrolled at Saba and the amounts received. If no such funds are received, state as such.

**Response:** The Defendants object to this Interrogatory on the grounds that it seeks information that is neither relevant to any party's claim or defense nor proportional to the needs of the case. The Defendants' receipt of funds from lenders is not relevant to the claims or defenses in this matter. Under Chapter 93A, Plaintiff is entitled to actual damages. G.L. c. 93A,

6

§ 2, 9. To recover, there must be a causal connection between the deception and the loss. *Hershenow v. Enter. Rent-A-Car Co. Of Bos., Inc.*, 445 Mass. 790, 801 (2006). The Defendants' receipt of funds from third parties is not a loss to the Plaintiff.

6. Provide the annual tuition and fees that either, or both, Defendant charged students enrolled at Saba during each year.

    **Response:** The Defendants object to this Interrogatory on the grounds that it is vague and ambiguous as to the information sought. The tuition and fees for each student may have varied by year and by whether the student was in the Basic Sciences Semesters or the Clinical Medicine Semesters, or Part-Time per Credit Hour. The tuition and fees were published every year in the Saba University School of Medicine Catalog and the Student Consumer Information Sheets. Pursuant to Fed. R. Civ. P. 33(d), Defendants will produce these documents for Plaintiff to examine, through which the answer to this interrogatory may be readily determined.

7. Describe any commissions or fees paid by Defendants to any person or entity to recruit students to Saba and if so, identify whom Defendants pay, the amount paid per student, and the total amount paid. If no such payments exist, state as such.

    **Response:** The Defendants object to this Interrogatory on the grounds that it seeks information that is neither relevant to any party's claim or defense nor proportional to the needs of the case. Funds paid for recruitment of students, if any, are not relevant to the parties' claims or defenses.

8. Identify all persons currently or previously employed by either Defendant who have had communications about Saba with a federal, state, foreign or private accrediting agency, commission, or regulator regarding accreditation, licensing, attrition rates, marketing, advertising, attendance, or the USMLE.

    **Response:** The Defendants object to this Interrogatory on the grounds that it is overly broad and it seeks information that is neither relevant to any party's claim or defense nor proportional to the needs of the case. Communications with the bodies listed in this Interrogatory related to accreditation, licensing, attrition rates, marketing, advertising, and

7

attendance are not relevant to claims or defenses in this case. The Defendants further object to the undefined term "attrition rates" as vague and ambiguous. Subject to and without waiving their objections, the Defendants will provide information related to reporting of U.S. on-time completion rates and USMLE Step 1 testing to the Department of Education and will withhold other reporting documents and information related to the other topics. Patrick Donnellan, identified in the Defendants' Initial Disclosures, has had communications with the Department of Education related to U.S. on-time completion rates and USMLE Step 1 testing. In addition, pursuant to Fed. R. Civ. P. 33(d), Defendants will produce the relevant portion of their reports to the Department of Education that concern the USMLE Step 1 passage rate and the U.S. on-time completion rates, if any, from 2016 to the present, through which the answer to this interrogatory may be readily determined.

9. Identify each person including any outside consultants who was involved in creating and/or implementing the marketing and advertising of Saba's USMLE passage rates.

   **Response:** The Defendants object to this Interrogatory on the grounds that it is overly broad and it seeks information that is neither relevant to any party's claim or defense nor proportional to the needs of the case. Information concerning advertising the USMLE Step 2 or 3 passage rates is irrelevant to the parties' claims and defenses. Moreover, to the extent outside consultants were not involved in the creation of marketing regarding Saba's USMLE Step 1 passage rates, and merely assisted SMU in the dissemination of the marketing, those entities would have no relevance or relationship to the claims in this lawsuit. Subject to and without waiving their objections, the following people were involved in creating and/or implementing the marketing and advertising referencing Saba's USMLE Step 1 passage rates:

   Sarah Russell, R3 Education, Inc. c/o Locke Lord LLP
   Steve Rodger, R3 Education, Inc. c/o Locke Lord LLP

   Don Donahue, 2218 N. Burling St., Chicago IL 60614
   Gerry Wargo, R3 Education, Inc., c/o Locke Lord LLP
   Christopher Cebula, contact information to be determined
   Stephanie Jazo, Global University Systems, c/o Locke Lord LLP
   Abi Webster, Global University Systems, c/o Locke Lord LLP
   Katrina Bongalos, Global University Systems, c/o Locke Lord LLP
   Denisse Diaz, United Kingdom
   Moe Kamal, Dubai
   Lipsheon Jhand, United Kingdom

10. Identify the dates, agendas, attendance logs, and marketing materials related to any time Defendants made public presentations to potential students, including any open houses and live webinars.

  **Response:** The Defendants object to this Interrogatory on the grounds that it is overly broad, unduly burdensome, and it seeks information that is neither relevant to any party's claim or defense nor proportional to the needs of the case. Subject to and without waiving their objections, the Defendants state that pursuant to Fed. R. Civ. P. 33(d), Defendants will produce Saba's presentation materials and schedules for its open houses and live webinars from 2016 to the present, through which the answer to this interrogatory may be readily determined.

11. Identify any and all information available to students applying to Saba related to Saba's attrition rates and USMLE passage rates.

  **Response:** The Defendants object to this Interrogatory on the grounds that it is overly broad and seeks information that is neither relevant to any party's claim or defense nor proportional to the needs of the case, and it seeks information that is equally available to and attainable by the Plaintiff, and is not within Defendant's possession, custody or control. The Defendants further object to the undefined term "attrition rates" as vague and ambiguous. Subject to and without waiving their objections, the Defendants state that information provided by Saba to the U.S. Department of Education concerning the USMLE Step 1 passage rate and U.S. on-time completion rate is generally available to the public, including students applying to

9

Saba. In addition, information posted on the internet related to Saba's USMLE Step 1 passage rates is available to the public, including students applying to Saba.

12. Identify all funds received by either Defendant for attendance at Saba (including, without limitation, tuition and fee payments) paid by or on behalf of Putative Class Members from any source (including but not limited to federal student loans, federal, state or private grants, private loans, and out-of-pocket payments).

**Response:** The Defendants object to this Interrogatory on the grounds that it is overly broad and seeks information that is neither relevant to any party's claim or defense nor proportional to the needs of the case. "Putative Class Members" is overly broad because it includes students who voluntarily left Saba or were dismissed from Saba for reasons unrelated to the pretesting requirements imposed by Saba to sit for the USMLE Step 1 exam. Further, the Defendants receipt of funds from lenders is not relevant to the claims or defenses in this matter. Under Chapter 93A, Plaintiff is entitled to actual damages. G.L. c. 93A, § 2, 9. To recover, there must be a causal connection between the deception and the loss. *Hershenow v. Enter. Rent-A-Car Co. Of Bos., Inc.*, 445 Mass. 790, 801 (2006). The Defendants' receipt of funds from third parties is not a loss to the Plaintiff. Subject to and without waiving their objections, the Defendants state that they will produce a spreadsheet identifying by student number, students who matriculated from 2017 to the present and were dismissed or withdrew from Saba prior to taking the USMLE Step 1 exam, and for each student will provide the amount of tuition paid to Saba by the Plaintiff, and the amounts paid by grants/scholarships. Information related to loans will be withheld pursuant to Defendants' objections.

Case 1:23-cv-12002-WGY   Document 53-16   Filed 06/07/24   Page 12 of 13

As to Objections:  
SABA UNIVERSITY SCHOOL OF MEDICINE,

*/s/Elizabeth H. Kelly*  
Daryl J. Lapp (BBO No. 554980)  
daryl.lapp@lockelord.com  
Elizabeth H. Kelly (BBO No. 672277)  
liz.kelly@lockelord.com  
LOCKE LORD LLP  
111 Huntington Avenue  
Boston, MA  02199  
617.230.0100

Dale A. Evans, Jr., (*pro hac vice*)  
dale.evans@lockelord.com  
LOCKE LORD, LLP  
777 South Flagler Drive – East Tower Suite 215  
West Palm Beach, FL  33401  
561.820.0248

Michael J. McMorrow (*pro hac vice*)  
michael.mcmorrow@lockelord.com  
LOCKE LORD, LLP  
111 S. Wacker Drive  
Chicago, IL 60606  
312.443.0246

April 5, 2024

## Certificate of Service

  I certify that on April 5, 2024, this document was served on all counsel of record by email.

*/s/Elizabeth H. Kelly*  
Elizabeth H. Kelly

11

## VERIFICATION

I verify the foregoing responses on behalf of Saba University School of Medicine and R3 Education, Inc. These responses are made not necessarily upon my personal knowledge, but upon information assembled by individuals at Saba University School of Medicine and R3 Education, Inc. and their attorneys. The information herein is true to the best of my knowledge, information and belief.

Subscribed and sworn to under the pains and penalties of perjury.

_____
By: Terry J. Moya

April 5, 2024