UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| NATALIA ORTIZ, on behalf of herself and a class of similarly situated persons,<br><br>    Plaintiff,<br><br> v.<br><br>SABA UNIVERSITY SCHOOL OF MEDICINE; AND R3 EDUCATION, INC.,<br><br>    Defendants. | Civil Action No.: 1:23-cv-12002-WGY |

**MEMORANDUM OF LAW IN SUPPORT OF**
**MOTION TO SEAL CONFIDENTIAL MATERIALS**

**I. INTRODUCTION**

  Pursuant to Local Rule 7.2, Defendants Saba University School of Medicine and R3 Education, Inc. (collectively "Defendants"), respectfully move this Court for an order sealing Exhibits 6–7, 9, 11, 20, 22, 24, 25, and 40–41 to the Declaration of Margaret M. Siller (ECF No. 53) that accompanies Plaintiff Natalia Ortiz's Motion for Class Certification and Memorandum of Law in support thereof ("Confidential Exhibits"). Defendants also move this Court for an order allowing it to file under seal unredacted versions of their memorandum in opposition to the Motion and specified documents that will be attached to their opposition, because certain of those documents, as well as the opposition itself, will disclose the identifying information of current or former Saba students ("Opposition Materials").

  On June 7, 2024, Plaintiff Natalia Ortiz ("Plaintiff") filed a Motion for Class Certification (ECF No. 50) with the accompanying Declaration of Margaret M. Siller (ECF No. 53), which included the Confidential Exhibits subject to the Protective Order (ECF No. 43) in this case. Plaintiff moved to seal the Confidential Exhibits on June 10, 2024 (ECF No. 60), which this Court denied

1

on June 11, 2024 (ECF No. 63) because Plaintiff offered no basis for sealing the documents beyond the bare assertion that they were designated confidential by Defendants. Plaintiff thereafter agreed to withhold from filing the Confidential Exhibits until this Court rules this Motion to Seal. Defendants' opposition to the Motion for Class Certification is due on Friday, July 19, 2024.

## II.  STANDARD OF REVIEW

"A party seeking to file a document under seal must demonstrate that 'good cause' exists to do so." *Bradford & Bigelow, Inc. v. Richardson*, 109 F. Supp. 3d 445, 447 (D. Mass. 2015). "To seal filings related to nondiscovery pretrial motions ... 'the party seeking to overcome the presumption of public access must demonstrate significant countervailing interests, like the existence of trade secrets in the documents or confidential business information.'" *Roy v. FedEx Ground Package Sys.*, No. 3:17-cv-30116-KAR, 2024 U.S. Dist. LEXIS 57657, at *6-7 (D. Mass. Mar. 29, 2024) (quoting *Bradford & Bigelow, Inc.*, 109 F. Supp. 3d at 448). Courts have agreed to seal business records that might provide an advantage to competitors. *See id.* at *10 (quoting *Tourangeau v. Nappi Distribs.*, No. 2:20-cv-00012-JAW, 2022 U.S. Dist. LEXIS 44690, at *18 (D. Me. Mar. 14, 2022)). Additionally, "[b]y enacting the Family Educational Rights and Privacy Act of 1974 (FERPA), . . . Congress sought to prevent educational institutions from unilaterally disclosing 'sensitive information about students, . . . subject to certain enumerated exceptions. Under FERPA, a university receiving federal funds generally may not disclose a student's education records.'" *Doe v. Mass. Inst. of Tech.*, 46 F.4th 61, 74 (1st Cir. 2022) (quoting FERPA, 20 U.S.C. § 1232g(a)(4)(A), (b)(1)).

## III.  ARGUMENT

Good cause exists to file the Confidential Exhibits and Opposition Materials under seal for two reasons. First, Saba is a university receiving federal funds and thus must comply with FERPA

nondisclosure provisions regarding students' education records. Some of the Confidential Exhibits contain student education records, and neither Saba nor R3 are at liberty to make those documents public. Additionally, some of the Confidential Exhibits contain Defendants' confidential and proprietary business strategy, financial, and sensitive business information. *See Doe*, 46 F.4th at 74; *see also Roy*, 2024 U.S. Dist. LEXIS 57657, at *10 ("In civil cases, interests which courts have found sufficient to justify impoundment include trade secrets [and] confidential business information, information covered by a recognized privilege ... and information required by statute to be sealed."). Publicizing Defendants' strategic and business correspondence or data would provide an advantage to competitors. *See Roy*, 2024 U.S. Dist. LEXIS 57657, at *10.

- **Exhibits 6-7, 9, 11, 20** contain a comprehensive and detailed summation of Saba's digital marketing strategy, including an identification of the various online media utilized by Saba, information regarding Saba's target audience and geographic markets, and strategy regarding the sequencing and timing of its digital advertisements. This sensitive business information is confidential and would provide an advantage to competitors if disclosed.

- **Exhibit 22** contains internal correspondence between Saba officers discussing student enrollment numbers and information that qualifies as sensitive business strategy and proprietary information.

- **Exhibit 24** is internal correspondence between Saba officers regarding attrition rates at Saba as well as other universities not at issue in this lawsuit.

- **Exhibit 25** contains draft responses to frequently asked questions by students, which qualify as business strategies and sensitive information.

- **Exhibits 40 and 41** comprise tables with student enrollment and exit data (by dismissal, withdrawal or otherwise). These exhibits include highly confidential student information, such as their school identification number, gender, citizenship, and academics; the reasons for students' exit from Saba; and tuition payments. This information was compiled expressly and solely for the purpose of this litigation, and contains strategic, financial, and sensitive non-public information that Saba maintains as confidential. Thus, the records qualify as sensitive business information and separately qualify as student education records which FERPA forbids Defendants from making public.

Without the ability to file the Confidential Exhibits under seal, the confidential information will be made publicly available and will seriously injure the countervailing interests of Saba and its students.

Defendants' opposition to Plaintiff's Motion for Class Certification, which Defendants intend to file on July 19, 2024, will include references to individual current or former Saba students identified by Plaintiff in discovery in this matter. The documents containing these references – the Opposition Materials – are: (a) the Memorandum; (b) Plaintiff's deposition transcript; (c) deposition exhibits no. 3 (Plaintiff's Supplemental Responses and Objections to Defendant Saba's First Set of Interrogatories) and 20 (text messages with another Saba student) from that deposition; and (d) Declaration of Terry Moya that accompanies the Memorandum. The only matter that will be redacted from publicly-filed versions of the Opposition Materials are the names and phone numbers of current or former Saba students, the privacy of which Saba is required under FERPA to maintain. Because Defendants have an obligation under FERPA to protect the privacy of those students, Defendants also request leave to file unredacted versions of the Opposition Materials containing identifying information about students under seal.

Undersigned counsel met and conferred with counsel for Plaintiff regarding this Motion by online meeting on July 15, 2024 and by email correspondence thereafter. Plaintiff's counsel indicated that they oppose the filing of Exhibits 6, 7, 9, 11, 20, 22, 24, or 25 to the Siller Declaration under seal, and that they take no position on the filing of Exhibits 40 or 41. Plaintiff's counsel indicated separately that Plaintiff does not oppose Defendants filing the names and personally identifiable information of other students in the Opposition Materials under seal. Defendants note that Plaintiff has already argued in favor of sealing these same documents. *See* Dkt. 49. Plaintiff's expected opposition to this Motion is a reversal of the position taken in her earlier Motion to Seal.

4

## IV.  CONCLUSION

For the foregoing reasons, Defendants respectfully request an order to seal the Confidential Exhibits and the Opposition Materials until further order of the court.

July 19, 2024                                   SABA UNIVERSITY SCHOOL OF MEDICINE,
                                                R3 EDUCATION, INC.


                                                /s/Elizabeth H. Kelly
                                                Daryl J. Lapp (BBO #554980)
                                                daryl.lapp@lockelord.com
                                                Elizabeth H. Kelly (BBO #672277)
                                                liz.kelly@lockelord.com
                                                LOCKE LORD LLP
                                                111 Huntington Avenue
                                                Boston, MA 02199
                                                T: (617) 239-0100
                                                T: (617) 227-4420

                                                Michael J. McMorrow (*pro hac vice*)
                                                michael.mcmorrow@lockelord.com
                                                LOCKE LORD LLP
                                                111 South Wacker Drive, Suite 4100
                                                Chicago, IL 60606
                                                T: 312-443-0700
                                                F: 312-443-0336

                                                Dale Evans (*pro hac vice*)
                                                dale.evans@lockelord.com
                                                LOCKE LORD LLP
                                                777 South Flagler Drive
                                                Suite 215 East Tower
                                                West Palm Beach, FL 33401
                                                T: 561-833-7700
                                                F: 561-655-8719

## CERTIFICATE OF SERVICE

I certify that on July 19, 2024, this document was filed through the Electronic Case Filing System of the United States District Court for the District of Massachusetts and will be served electronically by the Court to the Registered Participants identified in the Notice of Electronic Filing.

/s/ Elizabeth H. Kelly
Elizabeth H. Kelly

## CERTIFICATION PURSUANT TO LOCAL RULE 7.1(a)(2)

I hereby certify that, on July 15, 2024, counsel for Defendants conferred with counsel for Ms. Ortiz, and by email thereafter, in a good-faith effort to narrow or resolve the issues raised in this Motion.

/s/ Elizabeth H. Kelly
Elizabeth H. Kelly

137758672v.6