# **<u>EXHIBIT 2</u>**

EXHIBIT

3

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MASSACHUSETTS**

| | |
|---|---|
| NATALIA ORTIZ, et al., | ) |
| | ) |
|     Plaintiff, | ) |
| | ) |
| v. | )   Case No. 1:23-cv-12002-WGY |
| | ) |
| SABA UNIVERSITY SCHOOL OF | ) |
| MEDICINE AND R3 EDUCATION, INC., | ) |
| | ) |
|     Defendants. | ) |

**PLAINTIFF'S SUPPLEMENTAL RESPONSES AND OBJECTIONS**
**TO DEFENDANT SABA'S FIRST SET OF INTERROGATORIES**

Pursuant to Fed. R. Civ. P. 26 and 33 of the Federal Rules of Civil Procedure and the Local Rules of the District of Massachusetts, Plaintiff Natalia Ortiz responds to Defendant Saba University School of Medicine's ("Saba") First Set of Interrogatories to Plaintiff dated February 29, 2024 as follows:

**PRELIMINARY STATEMENT**

Ms. Ortiz's Objections and Responses to the Interrogatories are made for the sole purpose of the above-captioned action (the "Action"), based upon facts and information known by Ms. Ortiz at the time of responding to these Interrogatories and on the current status of the proceedings. Ms. Ortiz reserves the right to supplement, modify, or amend these responses and objections in the future in any manner consistent with the Federal Rules of Civil Procedure and the Local Rules of the District of Massachusetts.

By providing these responses, Ms. Ortiz does not waive: (1) any objections as to the admissibility of, competency of, relevancy of, materiality of, or privilege attaching to any information provided; or (2) the right to object to other discovery requests or undertakings involving or relating to the subject matter of the Interrogatories herein. An objection or answer in

response to these Interrogatories in no way constitutes or should be construed as an admission with respect to the relevance or admissibility of any document.

**GENERAL OBJECTIONS**

Ms. Ortiz asserts the following General Objections to the Interrogatories. Any specific responses to the Interrogatories are subject to and without waiver of these General Objections.

1.      Ms. Ortiz objects to the Interrogatories, including the Definitions and Instructions, to the extent that they purport to impose any obligation, duty, or burden on Ms. Ortiz beyond those required by the Federal Rules of Civil Procedure or the Local Rules of the District of Massachusetts.

2.      Ms. Ortiz objects to the Interrogatories, including the Definitions and Instructions, to the extent they seek information protected by any applicable privilege, including, without limitation, the attorney-client privilege, the work product doctrine, the common interest privilege, and or any other applicable privilege, immunity, or restriction on discovery. Privileged information will not be provided, and any inadvertent disclosure of privileged information is not intended and should not be construed to constitute a general or specific waiver with respect to such privileged information and/or its subject matter. Ms. Ortiz reserves the right to object at any time before or at trial to the use or introduction into evidence of any privileged information that has been inadvertently revealed or produced, and to seek its immediate return. Nothing in these objections and responses is intended to be, or in any way constitutes, a waiver of any applicable privilege or immunity.

3.      All documents produced by Ms. Ortiz, and information contained therein, shall be used by Saba solely for the purpose of this litigation only. Saba shall not share or use, directly or

indirectly, any documents produced by Ms. Ortiz or information contained therein for any other purpose or in any other proceeding.

4.      Ms. Ortiz objects to the Interrogatories, including the Definitions and Instructions, to the extent they seek information that can be obtained from some other source that is more convenient, less burdensome, and/or less expensive, including, without limitation, public information sources and/or Defendants' documents that are already within Defendants' possession or are readily accessible to Defendants, or are in the public domain.

5.      Ms. Ortiz objects to the Interrogatories, including the Definitions and Instructions, to the extent they seek information regarding matters beyond the scope of Fed. R. Civ. P. 26(b).

6.      Ms. Ortiz objects to the Interrogatories, including the Definitions and Instructions, to the extent they request information that is not relevant under Fed. R. Civ. P. 26(b).

7.      Ms. Ortiz objects to the Interrogatories, including the Definitions and Instructions, to the extent they imply the existence of facts or circumstances that do not, or did not, exist and to the extent they state or assume legal conclusions. In providing these Responses and Objections to the Interrogatories, Ms. Ortiz does not admit the factual or legal premise of any of the Interrogatories.

8.      Ms. Ortiz objects to any and all discovery requests that seek the production of documents and information that are private, proprietary, and/or confidential in nature to Ms. Ortiz. Ms. Ortiz reserves the right to produce documents subject to the Confidentiality Stipulation and Protective Order (Dkt. 46) in this case, and to mark any documents produced as "confidential" so that such documents will be subject to and not used in any manner other than as provided by the protective order.

9.      Ms. Ortiz objects to any and all discovery requests that seek production of documents and information for a time period outside the relevant time period. Unless otherwise indicated, the relevant time period for these Responses is January 1, 2016 to the present.

10.      In providing these responses and producing documents, Ms. Ortiz does not intend to waive any objections as to relevance, materiality, or admissibility of evidence.

## OBJECTIONS TO DEFINITIONS

1.      Ms. Ortiz objects to Defendants' definitions, including definitions 1, 2, 3, and 4, to the extent that they purport to impose any obligation, duty, or burden on Plaintiffs beyond those required by the Federal Rules of Civil Procedure or the Local Rules of the District of Massachusetts.

2.      Ms. Ortiz objects to Defendants' definition of the terms "You," "Your", and "Plaintiff" (Definition No. 1) as vague and ambiguous, overbroad, and to the extent it seeks information not relevant to the claims or defenses of any party to this case. Ms. Ortiz further objects to Defendants' definition of the terms "You", "Your" and "Plaintiff" to the extent it seeks information beyond the possession, custody, or control of Ms. Ortiz. Ms. Ortiz also objects to the inclusion of "attorneys" in the definition to the extent any Interrogatory would invade the attorney-client privilege, attorney work-product privilege, and/or any other applicable privilege or protection.

3.      Ms. Ortiz objects to this definition "putative class member" as it seeks information beyond the scope of discovery and to the extent it requires Ms. Ortiz to make a legal determination about any individual's membership in a putative class.

4.      Ms. Ortiz objects to Defendants' definition of "Saba" and "R3" (Definitions No. 3 and 4, respectively) as overbroad, vague, ambiguous and insofar as it requires Ms. Ortiz to be aware of information outside of her personal knowledge.

## SPECIFIC RESPONSES AND OBJECTIONS

1.      Identify each family member or other person who paid for any part of your Saba education and the amount paid.

**RESPONSE: Ms. Ortiz incorporates herein by specific reference each of the aforementioned General Objections. Ms. Ortiz objects to this Request to the extent it seeks information that is not relevant to the claims and/or defenses asserted by any party in this Action, and is neither proportional to the needs of the case nor reasonably calculated to lead to the discovery of admissible evidence. Subject to and without waiving the foregoing objections, Ms. Ortiz's current balance on her federal loans she acquired to attend Saba is $147,827.94. Additionally, her mother, Selene Powell, paid approximately $57,970 to Saba on Ms. Ortiz's behalf.**

**SUPPLEMENTAL RESPONSE:**

- **Selena Powell, ███████ ████████████████████████; last known employment: owner of a delivery business, name and address of business unknown**

2.      Identify each known putative class member in this case.

**RESPONSE: Ms. Ortiz incorporates herein by specific reference each of the aforementioned General Objections. Ms. Ortiz objects to this Interrogatory to the extent it seeks information that is not relevant to the claims and/or defenses asserted by any party in this Action, and is neither proportional to the needs of the case nor reasonably calculated to lead to the**

discovery of admissible evidence. Ms. Ortiz further objects to this Interrogatory as it is premature given that fact discovery is ongoing. Ms. Ortiz further objects to this Interrogatory to the extent it seeks information that will be subject to expert reports or testimony. Ms. Ortiz further objects on the basis that the Interrogatory is vague and ambiguous and seeks information that is in the possession, custody, and control of Saba and R3 Education, Inc. ("R3"). Ms. Ortiz reserves the right to amend this response as discovery progresses. Subject to and without waiving the foregoing objections, Ms. Ortiz identifies ████████████████████████████████████████████████, and herself, and further states that the identities of other class members are known by Saba and R3.

**SUPPLEMENTAL RESPONSE:**

- ███████████, attended Saba University School of Medicine; previous and current addresses unknown; employment information unknown

- ██████████ attended Saba University School of Medicine; previous and current addresses unknown; employment information unknown

- ██████████, attended Saba University School of Medicine; previous and current addresses unknown; employment information unknown

- ███████████, attended Saba University School of Medicine; previous and current addresses unknown; employment information unknown

- ██████████ attended Saba University School of Medicine; previous and current addresses unknown; employment information unknown

- Natalia Ortiz, ████████████████████████; previous employer is MedSys Health, employer moved offices and the new address is unknown

6

3.     Identify each friend and family member with whom you talked about applying to medical school as you describe in Paragraph 67 of your Complaint.

**RESPONSE: Ms. Ortiz incorporates herein by specific reference each of the aforementioned General Objections. Ms. Ortiz objects to this Interrogatory to the extent it seeks information that is not relevant to the claims and/or defenses asserted by any party in this Action, and is neither proportional to the needs of the case nor reasonably calculated to lead to the discovery of admissible evidence. Ms. Ortiz further objects on the basis that the Interrogatory is vague, overbroad, and ambiguous. Subject to and without waiving the foregoing objections, Ms. Ortiz identifies Gregory Avila, Chase Gaiefsky, Diego Gonzalez, Roberto Hernandez, Daniel Inman, Jonathan Jackson, Joseph Jackson, Afrin Naz, and Selene Powell as individuals who she talked to about applying for medical school.**

**SUPPLEMENTAL RESPONSE:**

- **████████, attended Saba University School of Medicine; previous and current addresses unknown; employment information unknown**

- **Chase Gaiefsky, previous and current addresses unknown; employment information unknown**

- **Diego Gonzalez, previous and current addresses unknown; employment information unknown**

- **Roberto Hernandez, previous and current addresses unknown; employed by Spirit Airlines, employer address unknown**

- **Daniel Inman, previous and current addresses unknown; employment information unknown**

- **Jonathan Jackson, previous and current addresses unknown; employment information unknown**

- **Joseph Jackson, ███████████████████████████; currently employed by Footlocker, employer address unknown**

- **████████, ██████████████████████ currently employed as a Resident at Tampa General Hospital and Veteran Clinic, employer address unknown**

4.    Identify each graduate school, including but not limited to medical schools, to which you applied, considered applying, or which you investigated, other than Saba.

**RESPONSE: Ms. Ortiz incorporates herein by specific reference each of the aforementioned General Objections. Ms. Ortiz objects to this Interrogatory to the extent it seeks information that is not relevant to the claims and/or defenses asserted by any party in this Action, and is neither proportional to the needs of the case nor reasonably calculated to lead to the discovery of admissible evidence. Ms. Ortiz further objects on the basis that the Interrogatory is vague, overbroad, unduly burdensome, and ambiguous, including the reference to "investigated." Subject to and without waiving the foregoing objections, Ms. Ortiz identifies Florida International University; Medical University of the Americas; University of Central Florida; University of Florida; and University of South Florida as graduate schools that she considered applying to other than Saba.**

5.    Identify all communications you had with each school identified in response to Interrogatory No. 4 regarding licensing exam requirements or prerequisites, including but not limited to the USMLE.

**RESPONSE: Ms. Ortiz incorporates herein by specific reference each of the aforementioned General Objections. Ms. Ortiz objects to this Interrogatory to the extent it seeks information that is not relevant to the claims and/or defenses asserted by any party in this Action, and is neither proportional to the needs of the case nor reasonably calculated to lead to the discovery of admissible evidence. Ms. Ortiz further objects on the basis that the Interrogatory is vague, overbroad, unduly burdensome, and ambiguous. Subject to and without waiving the foregoing objections, Ms. Ortiz did not communicate directly with any of the institutions identified in Interrogatory 4, but she did receive advertising emails from Medical University of the Americas.**

6.      Identify each person who responded to or participated in any way in the investigation you reference in footnote 1 of the Complaint and every action each such person took in that investigation.

**RESPONSE: Ms. Ortiz incorporates herein by specific reference each of the aforementioned General Objections. Ms. Ortiz objects to this Interrogatory as overbroad, unduly burdensome, and seeking information protected from disclosure by the attorney-client privilege, work-product doctrine, and/or any other privilege, doctrine, exemption, and/or immunity. Ms. Ortiz further objects to this request insofar as the phrase "responded to or participated in any way in the investigation" is vague and ambiguous. Subject to and without waiving these objections, Ms. Ortiz identifies herself and her counsel.**

7.      To the extent not already described in response to these interrogatories, describe any efforts you made to ascertain the academic performance requirements and the USMLE test requirements or prerequisites of any medical school including Saba, including when you made those efforts and the information you learned as a result.

**RESPONSE: Ms. Ortiz incorporates herein by specific reference each of the aforementioned General Objections. Ms. Ortiz objects to this Interrogatory to the extent it seeks information that is not relevant to the claims and/or defenses asserted by any party in this Action, and is neither proportional to the needs of the case nor reasonably calculated to lead to the discovery of admissible evidence. Ms. Ortiz further objects on the basis that the Interrogatory is vague, overbroad, and ambiguous. Ms. Ortiz further objects to this Interrogatory because it contains compound, conjunctive, or disjunctive questions. Subject to and without waiving the foregoing objections, Ms. Ortiz states that in spring 2019, she researched the application requirements of all of the medical schools she considered applying to, including Saba, to determine whether the schools required the Medical College Admission Test as part of their application for admission.**

8.      State whether you contend that Saba's USMLE test requirements or prerequisites are materially different from any other medical school to which you applied or considered applying and, if so:

          (a)      describe all such material differences; and

          (b)      identify when and how you ascertained those differences.

**RESPONSE: Ms. Ortiz incorporates herein by specific reference each of the aforementioned General Objections. Ms. Ortiz objects to this Interrogatory to the extent it seeks information that is not relevant to the claims and/or defenses asserted by any party in this aAction, and is neither proportional to the needs of the case nor reasonably calculated to lead to the discovery of admissible evidence. Ms. Ortiz further objects to this Interrogatory as overbroad and unduly burdensome. Ms. Ortiz further objects to this Interrogatory because it contains compound, conjunctive, or disjunctive questions. Ms. Ortiz further objects on the**

basis that the Interrogatory is vague and ambiguous and requires a legal conclusion. Ms. Ortiz further objects to the extent this is a premature contention interrogatory.

     9.    State whether you contend that Saba students should be certified by Saba to take the USMLE Step 1 exam without first passing the course Foundations of Clinical Medicine, and if so, state the reasons for such contention.

**RESPONSE: Ms. Ortiz incorporates herein by specific reference each of the aforementioned General Objections. Ms. Ortiz objects to this Interrogatory to the extent it seeks information that is not relevant to the claims and/or defenses asserted by any party in this Action, and is neither proportional to the needs of the case nor reasonably calculated to lead to the discovery of admissible evidence. Ms. Ortiz further objects to this Interrogatory as overbroad and unduly burdensome. Ms. Ortiz further objects to this Interrogatory because it contains compound, conjunctive, or disjunctive questions. Ms. Ortiz further objects on the basis that the Interrogatory is vague and ambiguous and requires a legal conclusion. Ms. Ortiz further objects to the extent this is a premature contention interrogatory.**

     10.    Identify each advertisement for Saba you saw, heard, reviewed, or received on or prior to the date you enrolled at Saba.

**RESPONSE: Ms. Ortiz incorporates herein by specific reference each of the aforementioned General Objections. Ms. Ortiz objects to this Interrogatory as overbroad and unduly burdensome. Ms. Ortiz further objects on the basis that the Interrogatory is vague and ambiguous and seeks information that is in the possession, custody, and/or control of Saba and R3. Ms. Ortiz further objects to this Interrogatory as it is premature given that fact discovery is ongoing. Subject to and without waiving the foregoing objections, Ms. Ortiz states that the advertisements identified within the Complaint are an accurate representation**

of the advertisements she saw, heard, reviewed, and received on or prior to the date she enrolled at Saba, and that she will produce any additional such advertisements that are in her possession, custody and/or control.

**SUPPLEMENTAL RESPONSE:** Ms. Ortiz states that she saw, heard, reviewed, and received numerous advertisements for Saba prior to her enrollment, not all of which are in her possession, custody, and control. Defendants marketed themselves across the Internet and in person to Ms. Ortiz, including on Defendants' official websites, in emails, in search engine ads, on Facebook, on Twitter, on YouTube, in brochures, and at open houses. The vast majority of Defendants' advertisements are in Defendants' possession, custody, and control. Ms. Ortiz further states that she saw, reviewed, and received numerous emails from Defendants advertising Saba on or prior to the date she enrolled at Defendants' institution that are in her possession, custody, and control, including:

- **P-000206 - P-000209: an email the Medical University of the Americas—an institution also wholly owned by Defendant R3—sent to Ms. Ortiz to solicit potential students, expressly stating that "MUA students have an exceptional 99% first-time pass rate on USMLE Step I," sent on June 8, 2019;**

- **P-000210 - P-000213: an email the Medical University of the Americas—an institution also wholly owned by Defendant R3—sent to Ms. Ortiz to solicit potential students, expressly stating that "MUA students have an exceptional 99% first-time pass rate on USMLE Step I," sent on June 5, 2019;**

- **P-000222 - P-000224: an email Defendants sent to Ms. Ortiz to solicit potential students, expressly stating that "Saba University is the only international medical school with a 99% first-time USMLE pass rate," sent on July 26, 2019;**

- **P-000234 - P-000241: an email Defendants sent to Ms. Ortiz regarding open houses, expressly stating that the "average USMLE Step1 pass rate for the past five years for Saba Students is >99%," sent on May 29, 2019;**

- **P-000293 - P-000295: an email Defendants sent to Ms. Ortiz to solicit potential students, expressly stating that "Saba students consistently achieve a 99% first-time pass rate on the USMLE and earn outstanding residency placements," sent on July 15, 2019;**

- **P-000296 - P-000298: an email Defendants sent to Ms. Ortiz to solicit potential students, expressly stating "Saba students consistently achieve a 99% first-time pass rate on the USMLE," sent on January 2, 2019;**

- **P-000300 - P-000302: an email Defendants sent to Ms. Ortiz to solicit potential students discussing small class sizes, an outstanding program, and an innovative research module, sent on June 29, 2019;**

- **P-000315 - P-000318: an email Defendants sent to Ms. Ortiz to solicit potential students, expressly stating that "Saba's 100% first-time pass rate on the USMLE Step 1 outperforms most medical schools—and is the clear leader among international schools," sent on July 5, 2019;**

- **P-000319 - P-000322: an email Defendants sent to Ms. Ortiz to solicit potential students, expressly stating that "Saba's 100% first-time pass rate on the USMLE Step 1 outperforms most medical schools—and is the clear leader among international schools," sent on June 8, 2019;**

- **P-000359 - P-000359: an email Defendants sent to Ms. Ortiz to solicit potential students, expressly stating that "virtually every Saba student passes the USMLE on their first attempt -- an unprecedented achievement unmatched by any other international medical school," sent on November 2, 2018;**

- **P-000393 - P-000398: an email Defendants sent to Ms. Ortiz to solicit potential students, expressly stating that "[i]t's a mission we've lived up to, with a 100% USMLE Step 1 first-time pass rate and residency placements at some of the most prestigious and competitive teaching hospitals in North America," sent on June 16, 2019;**

- **• P-000399 - P-000404: an email Defendants sent to Ms. Ortiz to solicit potential students, expressly stating that "[i]t's a mission we've lived up to, with a 100% USMLE Step 1 first-time pass rate and residency placements at some of the most prestigious and competitive teaching hospitals in North America," sent on May 31, 2019;**

- **• P-000405 - P-000410: an email Defendants sent to Ms. Ortiz to solicit potential students, expressly stating that "[i]t's a mission we've lived up to, with a 100% USMLE Step 1 first-time pass rate and residency placements at some of the most prestigious and competitive teaching hospitals in North America," sent on June 23, 2019;**

- **• P-000799 - P-000804: an email Defendants sent to Ms. Ortiz to solicit potential students, expressly stating that "[i]t's a mission we've lived up to, with a 100% USMLE Step 1 first-time pass rate and residency placements at some of the most prestigious and competitive teaching hospitals in North America," sent on July 2, 2019; and**

- **P-000830 - P-000840: screenshots of Defendants' social media pages advertising USMLE passage rates of 99–100%.**

**Ms. Ortiz reserves the right to supplement or amend this response on the basis of information obtained in discovery.**

11.     State the basis for your allegation in paragraph 85 of the Complaint that you relied on Saba's false and misleading representations when you enrolled and paid tuition and other expenses to Saba.

**RESPONSE: Ms. Ortiz incorporates herein by specific reference each of the aforementioned General Objections. Ms. Ortiz objects to this Interrogatory to the extent it seeks information that is not relevant to the claims and/or defenses asserted by any party in this Action, and is neither proportional to the needs of the case nor reasonably calculated to lead to the discovery of admissible evidence. Ms. Ortiz further objects on the basis that the Interrogatory requires a legal conclusion. Subject to and without waiving the foregoing objections, Ms. Ortiz refers Saba to the detailed allegations in the Complaint, which explain that she relied on Saba's advertising, such as Defendants' statement that "virtually every student passes the USMLE Step 1," when she enrolled and paid tuition and fees to Saba. As set forth in her Complaint, if Saba and R3 had disclosed the truth about the number of Saba students who matriculate but do *not* sit for the USMLE Step 1, Ms. Ortiz would not have enrolled at Saba, she would not have accumulated $147,827.94 of student loan debt to attend Saba, and her family would not have made payments of approximately $57,970 on her behalf to attend Saba.**

12.     Identify all documents that you contend form any part of any contract between you and Saba.

**RESPONSE: Ms. Ortiz incorporates herein by specific reference each of the aforementioned General Objections. Ms. Ortiz objects to this Interrogatory to the extent it seeks information that is not relevant to the claims and/or defenses asserted by any party in this Action, and is neither proportional to the needs of the case nor reasonably calculated to lead to the discovery of admissible evidence. Ms. Ortiz further objects on the basis that the Interrogatory requires a legal conclusion. Ms. Ortiz further objects to this Interrogatory as it is premature given that fact discovery is ongoing. Ms. Ortiz objects on the basis that the Interrogatory is vague, ambiguous, overbroad, and unduly burdensome and, to the extent such information exists, it is in the possession, custody, and/or control of Saba. Subject to and without waiving the foregoing objections, Ms. Ortiz states that she will produce any contractual documents between herself and Saba or R3 that are in her possession, custody and/or control.**

13.     Identify each category of damages you are seeking to recover in this case and for each such category:

   (a)     describe the nature of the claimed damages (for example, lost earnings);

   (b)     state the amount of money you believe is necessary to compensate you for the claimed damages;

   (c)     describe how you arrived at that amount; and

   (d)     identify all documents which support your damages claim.

**RESPONSE: Ms. Ortiz incorporates herein by specific reference each of the aforementioned General Objections. Ms. Ortiz objects to this Interrogatory to the extent it seeks information that will be subject to expert reports or testimony. Ms. Ortiz further objects to this Interrogatory as it is premature given that fact discovery is ongoing. Ms. Ortiz further**

objects to this Interrogatory because it contains compound, conjunctive, or disjunctive questions. Ms. Ortiz further objects on the basis that the Interrogatory is vague and ambiguous. Subject to and without waiving the foregoing objections, Ms. Ortiz refers Saba to the detailed allegations in her Complaint and to the responses in her Initial Disclosures, which explain that Ms. Ortiz seeks, *inter alia,* actual, statutory, and/or restitution damages, costs, fees and expenses and other relief the court deems proper, including equitable and injunctive relief. Ms. Ortiz also seeks treble damages based on Defendants' willful and knowing violations of Mass. Gen. Laws Ann. Ch. 93A. Ms. Ortiz plans on retaining an expert to opine on damages and will disclose expert testimony pursuant to Federal Rule of Civil Procedure 26(a)(2). Ms. Ortiz also seeks costs and attorneys' fees and expert fees. These fees and costs are being incurred on an ongoing basis, and accordingly Ms. Ortiz is unable to state the amount of this claim. She will make an application to the court for attorneys' fees, expert fees and reimbursement of litigation costs at the appropriate time. Ms. Ortiz also seeks prejudgment and post judgment interest, but is unable to calculate those amounts at this time, as pre-judgment interest is accruing on an ongoing basis, and post-judgment interest will not begin to accrue until after a judgment is obtained. Ms. Ortiz reserves the right to supplement or amend this response on the basis of information obtained in discovery.

SUPPLEMENTAL RESPONSE:

> (a)  <u>describe the nature of the claimed damages (for example, lost earnings);</u>

Ms. Ortiz seeks, amongst other damages, actual, statutory, and/or restitution damages, costs, fees and expenses and other relief the Court deems proper, including equitable and injunctive relief. Ms. Ortiz also seeks treble damages based on Defendants' willful and

knowing violations of Mass. Gen. Laws Ann. Ch. 93A. Ms. Ortiz further states that she is not seeking a category of damages for emotional distress.

        (b)    <u>state the amount of money you believe is necessary to compensate you for the claimed damages;</u>

Ms. Ortiz seeks to recover the total amount of tuition, fees, and costs paid to Saba for attendance, which is easily determined from Saba's business and personnel records. Ms. Ortiz further seeks treble damages, attorneys' fees, costs, plus all other damages authorized by law. The total amount of tuition, fees, and costs paid to Saba is in Defendants' records and will be ascertainable as discovery proceeds.

        (c)    <u>describe how you arrived at that amount; and</u>

Ms. Ortiz has not calculated class wide damages at this time and has objected to this Request to the extent it seeks information that will be subject to expert reports or testimony. Ms. Ortiz further objects to this Interrogatory as it is premature given that fact discovery is ongoing. The total amount of tuition, fees, and costs paid to Saba is in Defendants' records and will be ascertainable as discovery proceeds. Ms. Ortiz will seeks treble damages, attorneys' fees, costs, plus all other damages authorized by law.

        (d)    <u>identify all documents which support your damages claim.</u>

Ms. Ortiz states that discovery is ongoing and Defendants only recently produced numerous documents, but that at least the following documents support her damages claims: Saba University School of Medicine - Student Consumer Information (R3S00004218; R3S00003522; R3S00003545; R3S00003592; R3S00003641; R3S00003616; R3S00003629); Defendants' Answer to Interrogatory No. 12 (R3S00011839).

17

**Ms. Ortiz reserves the right to supplement or amend this response on the basis of information obtained in discovery.**

14.     Describe all efforts you have made to mitigate your claimed damages and identify all documents concerning any such mitigation efforts.

**RESPONSE: Ms. Ortiz incorporates herein by specific reference each of the aforementioned General Objections. Ms. Ortiz objects to this Interrogatory to the extent it seeks information that is not relevant to the claims and/or defenses asserted by any party in this Action, and is neither proportional to the needs of the case nor reasonably calculated to lead to the discovery of admissible evidence. Ms. Ortiz further objects to this Interrogatory as it is premature given that fact discovery is ongoing. Ms. Ortiz further objects on the basis that the Interrogatory is vague and ambiguous. Ms. Ortiz further objects to the extent the Interrogatory assumes a legal conclusion.**

15.     Describe your employment from August 2021 to the present, including without limitation all positions held, dates of employment, and compensation.

**RESPONSE: Ms. Ortiz incorporates herein by specific reference each of the aforementioned General Objections. Ms. Ortiz objects to this Interrogatory to the extent it seeks information that is not relevant to the claims and/or defenses asserted by any party in this Action, and is neither proportional to the needs of the case nor reasonably calculated to lead to the discovery of admissible evidence. Ms. Ortiz further objects on the basis that the Interrogatory is vague and ambiguous. Subject to and without waiving the foregoing objections, Ms. Ortiz states that from October 2021 through June 2022 she worked at MedSys Health as a customer services representative for telemedicine, where she earned**

approximately $20 per hour. Ms. Ortiz held no other positions of employment from August 2021 to present.

16.     Describe your efforts to study for or qualify to take the USMLE Step 1 Exam from the date of your enrollment at Saba to the present.

**RESPONSE: Ms. Ortiz incorporates herein by specific reference each of the aforementioned General Objections. Ms. Ortiz objects to this Interrogatory to the extent it seeks information that is not relevant to the claims and/or defenses asserted by any party in this Action, and is neither proportional to the needs of the case nor reasonably calculated to lead to the discovery of admissible evidence. Ms. Ortiz further objects on the basis that the Interrogatory is vague and ambiguous as to what constitutes "efforts to study for or qualify to take" the USMLE Step 1 Exam. Subject to and without waiving the foregoing objections, Ms. Ortiz states that she attended courses at Saba and twice re-took the fifth semester course in an effort to pass Saba's comp exam. Ms. Ortiz further states that during her enrollment at Saba, she purchased, studied, reviewed, and completed question sets from the textbook "First Aid for the USMLE Step 1" in an effort to study for and qualify for the USMLE Step 1 Exam. Ms. Ortiz further states that during her enrollment at Saba, she purchased, studied, reviewed, and completed question sets and practice tests via online subscriptions to Pathoma, USMLE-Rx, and UWorld to assist her studying for and qualifying to take the USMLE.**

DATE: May 24, 2024

/s/ Margaret M. Siller
Maynard Nexsen PC
Margaret M. Siller (admitted *pro hac vice*)
1131 4th Avenue South, Suite 320
Nashville, TN 37210
(629) 258-2253

msiller@maynardnexsen.com

BERMAN TABACCO
Patrick T. Egan (BBO #637477)
Christina L. Gregg (BBO#709220)
One Liberty Square
Boston, MA 02109
(617) 542-8300
pegan@bermantabacco.com
cgregg@bermantabacco.com

NATIONAL STUDENT LEGAL DEFENSE
NETWORK
Alexander S. Elson (admitted *pro hac vice*)
1701 Rhode Island Ave. NW
Washington, DC 20036
(202) 734-7495
alex@defendstudents.org

*Counsel for Plaintiff Natalia Ortiz and the Putative Class*

## **VERIFICATION**

I declare under penalty of perjury that I have read the foregoing interrogatory responses, which are true and correct to the best of my knowledge, information and belief, subject to the objections set forth herein.

Executed on May 24, 2024

As to responses,

Natalia Ortiz

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on May 24, 2024, the foregoing Plaintiff Natalia Ortiz's Supplemental Responses and Objections to Defendant Saba's First Set of Interrogatories was served via electronic mail on the following:

Daryl J. Lapp (BBO No. 554980)
daryl.lapp@lockelord.com
Elizabeth H. Kelly (BBO No. 672277)
liz.kelly@lockelord.com
LOCKE LORD LLP
111 Huntington Avenue
Boston, MA 02199

Dale A. Evans, Jr.
dale.evans@lockelord.com
LOCKE LORD LLP
777 South Flagler Drive – East Tower Suite 215
West Palm Beach, FL 33401

Michael J. McMorrow
michael.mcmorrow@lockelord.com
LOCKE LORD LLP
111 S. Wacker Drive
Chicago, IL 60606

*/s/ Margaret M. Siller*
OF COUNSEL

22