# EXHIBIT 2

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| NATALIA ORTIZ, on behalf of herself and a class of similarly situated persons,<br><br>        Plaintiff,<br><br>   v.<br><br>SABA UNIVERSITY SCHOOL OF MEDICINE; AND R3 EDUCATION, INC.,<br><br>        Defendants. | Civil Action No.: 1:23-cv-12002-WGY |

**DEFENDANTS' RESPONSES TO PLAINTIFF NATALIA ORTIZ'S
FIRST REQUESTS FOR PRODUCTION OF DOCUMENTS**

Pursuant to Federal Rule of Civil Procedure 34, the Defendants Saba University School of Medicine ("Saba") and R3 Education, Inc. ("R3") (collectively, "Defendants") object and respond to Plaintiff's First Set of Requests for the Production of Documents and Things.

**Objections to Instructions and Definitions**

1.    The Defendants object to Plaintiff's "Instructions" and "Definitions" to the extent that they impose burdens and requirements on the Defendants that exceed or are different from the requirements of the Federal Rules of Civil Procedure, the Local Rules, or any other applicable rule.

2.    The Defendants object to Instruction No. 3 on the grounds that it imposes burdens and requirements on the Defendants that exceed the requirements of Rule 34 of the Federal Rules of Civil Procedure and the Local Rules and it seeks information, not documents, electronically stored information, or tangible things.

3.    The Defendants object to Instruction No. 5 on the grounds that it imposes undue burdens beyond those required by Rule 26(b)(5) of the Federal Rules of Civil Procedure.

136638662v.6

4.	The Defendants object to Instruction No. 7 on the grounds that it imposes burdens and requirements on the Defendants that exceed the requirements of Rule 34 of the Federal Rules of Civil Procedure and the Local Rules and it seeks information, not documents, electronically stored information, or tangible things.

5.	The Defendants object to Instruction No. 8 on the grounds that it imposes burdens and requirements on the Defendants that exceed the requirements of Rule 34 of the Federal Rules of Civil Procedure and the Local Rules which allow Defendant to produce documents as they are kept in the usual course of business.

6.	The Defendants object to the Definition in Paragraph 4 on the grounds that it is broader than the definition provided in Local Rule 26.5(c) and it is ambiguous, overbroad and confusing to the extent it defines "communicate, communication, and correspondence" to include "unsent" information that was "transmitted or exchanged."

7.	The Defendants object to the Definition in Paragraph 8 as unduly burdensome in seeking discovery that is not proportional to the needs of the case to the extent it purports to require the Defendants to produce all metadata associated with every document.  If the Defendants produce documents, it will produce those documents in conformance with its obligations and any agreements by the parties.

8.	The Defendants object to the Definition in Paragraph 9 to the extent it defines "Defendants" to include all affiliated entities, subsidiaries, divisions, branches, predecessors and successors in interest and all other persons or entities purporting to act on the Defendants' behalf, as overbroad, unduly burdensome, and seeks information that is not relevant to the parties' claims or defenses or proportional to the needs of the case.

9. The Defendants object to the Definition in Paragraph 10 to the extent the time period referenced seeks information on claims barred by the applicable statutes of limitations.

10. The Defendants object to the Definitions in Paragraph 11 and 12 on the grounds that "identify" is defined broader than the definition provided in Local Rule 26.5(c) and imposes undue burdens on the Defendants that are not proportional to the needs of the case.

11. The Defendants object to the Definition in Paragraph 16 to the extent "Putative Class Members" includes individuals whose claims are barred by the applicable statutes of limitations.

12. The Defendants object to the Definition in Paragraph 17 on the grounds that it defines "R3" to include all affiliated entities, subsidiaries, divisions, branches, predecessors and successors in interest, and all other persons or entities purporting to act on R3's behalf, as overbroad, unduly burdensome, and seeks information that is not relevant to the parties' claims or defenses or proportional to the needs of the case.

13. The Defendants object to the Definition in Paragraph 19 on the grounds that it defines "Saba" to include all affiliated entities, subsidiaries, divisions, branches, predecessors and successors in interest, and all other persons or entities purporting to act on Saba's behalf, as overbroad, unduly burdensome, and seeks information that is not relevant to the parties' claims or defenses or proportional to the needs of the case.

14. The Defendants object to the Definition in Paragraph 22 on the grounds that Plaintiff's definitions disregard the commonly accepted definitions of the terms identified therein and instead ask Defendants to adopt unusual, confusing, and contradictory definitions of such terms, e.g., "the singular shall include the plural" and "the present tense shall include the past

tense and vice versa." In responding to Plaintiff's requests, Defendants shall use the commonly accepted definitions of the terms identified therein.

## Objections and Responses to Document Requests

1. Document retention and destruction policies that were in place.

    **Response:** The Defendants have no retention and destruction policies that were in place in their possession, custody, or control.

2. All documents or agreements that students at Saba were required to sign, to acknowledge, or to enter into in order to enroll at Saba.

    **Response:** The Defendants object to this Request on the grounds that it is overly broad and unduly burdensome and seeks documents that are neither relevant to any party's claim or defense nor proportional to the needs of the case. As written, this Request seeks every agreement signed, acknowledged, or entered into by every student, related to any matter, including those unrelated to issues in this litigation. Defendants further object to this Request to the extent it seeks documents protected by FERPA. Subject to and without waiving their objections, the Defendants will produce documents sufficient to identify the agreements that students at Saba were required to sign, to acknowledge, or to enter into in order to enroll at Saba related to enrollment, academics, testing, student conduct, financial costs, and financial aid.

3. All documents and communications constituting or relating to applications for approval of Saba's education programs by any accrediting body or government entity, survey visit reports, and/or inspection reports issued by a federal, state, foreign or private accrediting agency, commission, or regulator.

    **Response:** The Defendants object to this Request on the grounds that it is overly broad and seeks documents that are neither relevant to any party's claim or defense nor proportional to the needs of the case, as this case does not concern Saba's approval by any accrediting body or government entity. The Defendants further object to this Request to the

4

extent it seeks documents protected from discovery by the attorney-client privilege or work-product doctrine, and/or protected by FERPA.  The Defendants will withhold documents responsive to this Request.

4. All contracts and/or agreements between Defendants, on the one hand, and any individual entity, or employee, on the other, engaged by one or more Defendant to assist with advertising and marketing Saba to prospective students and/or to recruit students to enroll at Saba.

    **Response:** The Defendants object to this Request on the grounds that it is overly broad and seeks documents that are neither relevant to any party's claim or defense nor proportional to the needs of the case, as this case does not concern Saba's marketing agreements. The Defendants will withhold documents responsive to this Request.

5. All documents and communications discussing or describing Saba's accreditation, licensing, attrition rates, marketing, advertising, or USMLE passage rates.

    **Response:** The Defendants object to this Request on the grounds that it is overly broad, unduly burdensome, and seeks documents that are neither relevant to any party's claim or defense nor proportional to the needs of the case, as this case does not concern Saba's licensing or accreditation, or marketing unrelated to the USMLE Step 1 passage rate.  The Defendants further object to the undefined term "attrition rates" as vague and ambiguous.  The Defendants further object to this Request to the extent it seeks documents protected from discovery by the attorney-client privilege or work-product doctrine, and/or protected by FERPA. The Defendants will withhold responsive documents related to such irrelevant matters.  Subject to and without waiving their objections, the Defendants will conduct a reasonable search for and produce nonprivileged documents discussing or describing Saba's "attrition rates," Saba's USMLE Step 1 passage rate, and marketing and advertising related to Saba's USMLE Step 1 passage rate.

5

6.       Defendants' annual budget(s), including, without limitation, documents sufficient to show Saba's annual marketing and promotional budget.

      **Response:**    The Defendants object to this Request on the grounds that it is overly broad and seeks documents that are neither relevant to any party's claim or defense nor proportional to the needs of the case, as this case does not concern Saba's budget. The Defendants will withhold documents responsive to this Request.

7.       All documents and communications constituting, discussing, or describing Defendants' marketing and advertising for Saba including, but not limited to, any drafts, scripts, videos, forms, studies, surveys, or cost analysis, including materials related to or referencing Saba's USMLE passage rates.

      **Response:**    The Defendants object to this Request on the grounds that it is overly broad, unduly burdensome, and seeks documents that are neither relevant to any party's claim or defense nor proportional to the needs of the case, as this case does not concern Saba's marketing costs, nor does it concern advertising related to Saba's USMLE Step 2 or 3 passage rates. Defendants further object to this Request to the extent it seeks documents protected from discovery by the attorney-client privilege or work-product doctrine, and/or protected by FERPA. Defendants will withhold responsive documents related to such matters. Subject to and without waiving their objections, the Defendants will conduct a reasonable search for and produce nonprivileged responsive documents concerning Saba's advertising of its USMLE Step 1 passage rates.

8.       All documents and communications constituting, reflecting, or related to correspondence with current, past, or prospective Saba students related to or referencing Saba's USMLE passage rates, including, without limitation, all such communications sent to or from Defendants, as well as any communications sent from admissions@saba.com that reference the USMLE.

**Response:** The Defendants object to this Request on the grounds that it is overly broad, unduly burdensome, and seeks documents that are neither relevant to any party's claim or defense nor proportional to the needs of the case. As written, this Request seeks copies of every communication sent by any employee of either Defendant and to any current, past, or prospective Saba student, that references the USMLE, whether or not such person is a member of the purported class or whether such person attended Saba, was dismissed for reasons unrelated to pretesting requirements for the USMLE Step 1 exam, or left voluntarily. The Request is also overbroad to the extent it seeks documents refencing Saba's USMLE Step 2 or 3 passage rate. The Defendants further object to this Request to the extent it seeks documents protected from discovery by the attorney-client privilege or work-product doctrine, and/or protected by FERPA. The Defendants will withhold responsive documents related to such irrelevant matters. Subject to and without waiving their objections, the Defendants will conduct a reasonable search for and produce nonprivileged documents concerning Saba's advertising of its USMLE Step 1 passage rates, and sufficient to identify the content of emails sent from admissions@saba advertising Saba's USMLE Step 1 passage rates.

9. All documents discussing or referencing *FTC v. St. James School of Medicine,* No. 1:22-cv-1919 (N.D. Ill.)

    **Response:** The Defendants object to this Request on the grounds that it is overly broad, unduly burdensome, seeks documents that are neither relevant to any party's claim or defense nor proportional to the needs of the case, and seeks documents that are publicly available. Defendants were not parties to the referenced lawsuit, and any discussions related to the referenced case would not make any fact of consequence to the claims in this lawsuit more or less likely. The Defendants further object to this Request to the extent it seeks documents

7

protected from discovery by the attorney-client privilege or work-product doctrine, and/or protected by FERPA. The Defendants will withhold documents responsive to this Request.

10. All documents relating to or referencing open houses hosted by Saba.

**Response:** The Defendants object to this Request on the grounds that it is overly broad, unduly burdensome, and seeks documents that are neither relevant to any party's claim or defense nor proportional to the needs of the case. The Defendants further object to this Request to the extent it seeks documents protected from discovery by the attorney-client privilege or work-product doctrine, and/or protected by FERPA. As written, the Request seeks irrelevant documents unrelated to any advertising of the USMLE Step 1 passage rate. The Defendants will withhold such irrelevant documents responsive to this Request. Subject to and without waiving their objections, the Defendants will produce copies of any presentation or materials provided at the open houses referencing Saba's USMLE Step 1 passage rate.

11. All notes taken at, and minutes of, Defendants' Board of Directors, Board of Trustees, or any other management, administrative, and executive committees describing, memorializing, or otherwise related to Saba's USMLE passage rates or attrition rates.

**Response:** The Defendants object to this Request on the grounds that it is overly broad and seeks documents that are neither relevant to any party's claim or defense nor proportional to the needs of the case. The Defendants further object to the undefined term "attrition rates" as vague and ambiguous. The Defendants further object to this Request to the extent it seeks documents protected from discovery by the attorney-client privilege or work-product doctrine, and/or protected by FERPA. As written, the Request seeks irrelevant documents related to the USMLE Step 2 or 3 passage rate. The Defendants will withhold such irrelevant documents responsive to this Request. Subject to and without waiving their

8

objections, the Defendants will produce nonprivileged documents responsive to this Request, if any, that refer to Saba's USMLE Step 1 passage rate or Saba's attrition rate.

12. All documents sufficient to show the ownership and organizational structure of Defendants, including any changes made to the ownership and organizational structure from 2016 to present.

    **Response:** The Defendants object to this Request on the grounds that it is overly broad and seeks documents that are neither relevant to any party's claim or defense nor proportional to the needs of the case. The Defendants' corporate structure and ownership and the changes thereto are irrelevant to the claims or defenses in this case. The Defendants will withhold documents responsive to this Request.

13. Defendants' federal and state tax returns for the years 2017, 2018, 2019, 2020, 2021, 2022, and 2023.

    **Response:** The Defendants object to this Request on the grounds that it seeks only documents that are neither relevant to any party's claim or defense nor proportional to the needs of the case. The Defendants' tax returns are private and confidential and not relevant to the claims or defenses in this case, and to the extent information sought therein is relevant, it could be sought from another source. The Defendants will withhold documents responsive to this Request.

14. Defendants' financial statements including, but not limited to, profit and loss statement and balance sheets.

    **Response:** The Defendants object to this Request on the grounds that it is overly broad and seeks only documents that are neither relevant to any party's claim or defense nor proportional to the needs of the case. The Defendants' financial statements are not relevant to

the claims or defenses in this matter. The Defendants will withhold documents responsive to this Request.

15. All documents sufficient to identify the number of applications, enrollments, withdrawals, resignations, cancellations, transfers, readmissions, and dismissals to and from Saba.

    **Response:** The Defendants object to this Request on the grounds that it is overly broad and seeks documents that are neither relevant to any party's claim or defense nor proportional to the needs of the case. Documents related to the number of applications, enrollments, withdrawals, resignations, cancellations, transfers, readmissions, and dismissals to and from Saba, unrelated to students' failure to pass the USMLE Step 1 pretest requirements are not relevant to the claims or defenses in this matter. Documents related to the number of applications submitted to Saba, whether or not accepted, is also irrelevant to the claims or defenses in this matter. The Defendants further object to this Request to the extent it seeks documents protected by FERPA. Subject to and without waiving their objections, the Defendants will produce a redacted spreadsheet sufficient to show the number of students who enrolled and the subsequent withdrawals, resignations, cancellations, transfers, readmissions, and dismissals to and from Saba from 2017 to the present.

16. All documents sufficient to identify the number of students who enrolled at Saba in each semester and, of those students, the total number who did not sit for the USMLE.

    **Response:** The Defendants object to this Request on the grounds that it is overly broad and seeks documents that are neither relevant to any party's claim or defense nor proportional to the needs of the case. Documents related to the number of students who enrolled and did not sit for the USMLE is overbroad to the extent it includes the USMLE Step 2 or 3. The Request is also overbroad to the extent it seeks documents related to students who did not sit for

10

the USMLE Step 1 for reasons unrelated to the pretest requirements. The Defendants further object on the grounds that the term "enrolled" in the context of this Request is vague and ambiguous and renders the Request unclear as to the information sought. Subject to and without waiving their objections, the Defendants will produce a redacted spreadsheet and provide answers to interrogatories that will be sufficient to identify the information requested.

17. All documents concerning Ms. Ortiz, including her academic records, contracts, transcripts, financial aid records, account summaries, notes, call logs, emails, and mailings.

**Response:** The Defendants object to this Request on the grounds that by seeking "all documents concerning Ms. Ortiz" it is overly broad and seeks documents that are neither relevant to any party's claim or defense nor proportional to the needs of the case. The Defendants further object on the grounds that "notes" "call logs" and "mailings" are vague and ambiguous. The Defendants will construe those words to mean admissions notes, call logs, and mailings. The Defendants further object to this Request to the extent it seeks documents protected from discovery by the attorney-client privilege or work-product doctrine. Subject to and without waiving these objections, the Defendants will produce Plaintiff's academic records, contracts, transcripts, financial aid records, account summaries, admissions notes, call logs, and mailings, if any, and emails that she sent or received.

18. All documents related to market research performed by, purchased by, or made on behalf of Defendants related to Saba that Defendants referenced, relied upon, or was otherwise available to Defendants.

**Response:** The Defendants object to this Request on the grounds that it is overly broad and seeks documents that are neither relevant to any party's claim or defense nor proportional to the needs of the case. Documents related to market research are not relevant to

11

the claims or defenses in this matter.  The Defendants will withhold documents responsive to this Request.

19. All documents sufficient to identify any payments received on behalf of any Putative Class Member for tuition, fees, and any other financial obligations, including via cash, wire, and check; via federal or private loan programs; and via any student aid programs such as Pell Grants, the GI Bill, and other Veterans Administration benefit payment programs.

    **Response:**    The Defendants object to this Request on the grounds that it is overly broad, unduly burdensome, and seeks documents that are neither relevant to any party's claim or defense nor proportional to the needs of the case.  The Defendants further object on the grounds that "all documents sufficient to identify" is imprecise, vague and ambiguous.  The Defendants further object to the extent this Request seeks information related to payments made to the Defendants by third-parties that are not recoverable as Plaintiff's damages.  The Defendants object to the extent this Request seeks irrelevant documents concerning payments related to Putative Class Members who left Saba for reasons unrelated to pretesting requirements for the USMLE Step 1 exam, or who left voluntarily.  The Defendants further object to this Request to the extent it seeks documents protected by FERPA.  The Defendants will withhold responsive documents related to such irrelevant matters.  Subject to and without waiving their objections, the Defendants will produce information sufficient to identify the tuition, fees, and any other financial obligations paid by members of any certified class after such class is certified.

20. All documents sufficient to demonstrate all payments, transfers, or other monetary distributions received by R3 from Saba.

    **Response:**    The Defendants object to this Request on the grounds that it is overly broad, unduly burdensome, and seeks documents that are neither relevant to any party's claim or defense nor proportional to the needs of the case.  Payments between the Defendants are highly

12

confidential, not relevant to the claims or defenses in this matter, and therefore Plaintiff's Request is harassing. The Defendants will withhold documents responsive to this Request.

21. All documents Defendants' referenced or relied upon in: (i) Defendants' Answer (including affirmative defenses); (ii) to answer Plaintiff's Interrogatories; or (iii) referenced in Defendants' Initial Disclosures.

**Response:** The Defendants object to this Request on the grounds that it is overly broad and seeks documents that are neither relevant to any party's claim or defense nor proportional to the needs of the case. The Defendants further object to this Request to the extent it seeks documents protected from discovery by the attorney-client privilege or work-product doctrine, and/or protected by FERPA. Subject to and without waiving their objections, the Defendants will produce the nonprivileged documents identified in the Defendants' Initial Disclosures or in the Defendants' Answers to Plaintiff's Interrogatories.

**SABA UNIVERSITY SCHOOL OF MEDICINE,**

*/s/Elizabeth H. Kelly*
Daryl J. Lapp (BBO No. 554980)
daryl.lapp@lockelord.com
Elizabeth H. Kelly (BBO No. 672277)
liz.kelly@lockelord.com
LOCKE LORD LLP
111 Huntington Avenue
Boston, MA  02199
617.230.0100

        Dale A. Evans, Jr., (*pro hac vice*)
        dale.evans@lockelord.com
        LOCKE LORD, LLP
        777 South Flagler Drive – East Tower Suite 215
        West Palm Beach, FL  33401
        561.820.0248

        Michael J. McMorrow (*pro hac vice*)
        michael.mcmorrow@lockelord.com
        LOCKE LORD, LLP
        111 S. Wacker Drive
        Chicago, IL 60606
        312.443.0246

April 5, 2024

## Certificate of Service

    I certify that on April 5, 2024, this document was served on all counsel of record by email.

        */s/Elizabeth H. Kelly*
        Elizabeth H. Kelly