# EXHIBIT 4



Margaret M. Siller
DIRECT 629.258.2253
EMAIL   MSiller@maynardnexsen.com

April 29, 2024

**VIA EMAIL**

Dale A. Evans Jr.
Locke Lord
777 South Flagler Drive Suite 215, East Tower
West Palm Beach, FL 33401
Dale.evans@lockelord.com

Michael McMorrow
Locke Lord
111 South Wacker Drive Suite 4100
Chicago, IL 60606
michael.mcmorrow@lockelord.com

      Re:    *Ortiz, et al. v. Saba University School of Medicine, et al.*, No. 23-cv-12002 (D. Mass.)

Counsel:

    We write on behalf of Plaintiff Natalia Ortiz in the above-captioned matter to memorialize the parties' meet-and-confer held via video conference on Wednesday, April 24, 2024, regarding Defendants' deficient discovery responses and document productions.

    **Interrogatory No. 1**

    Despite Defendants' assertions, any investigations by a governmental entity, commission, or regulator are relevant to this litigation to the extent they relate to Defendants' misrepresentation of USMLE Step 1 passage rates to any person or entity. Without waiving any rights to seek production of all investigations within the relevant time period, Plaintiff is willing to limit Interrogatory No. 1 to investigations or inquiries concerning (1) USMLE passage rates; (2) Defendants' marketing or advertising; and (3) HCMI-related submissions or responses. Defendants indicated that they will consider this request. Please advise how Defendants plan to proceed.

    **Interrogatory Nos. 3, 4; Request for Production No. 16**

    As noted during the call, there are a number of inconsistencies and ambiguities with respect to the data produced in response to Interrogatory Nos. 3 and 4 and Request for Production No. 16.

April 29, 2024
Page 2

*First*, Defendants failed to provide any definitions for the terms used in the charts produced with Interrogatory Nos. 3 and 4. Defendants have agreed to provide definitions for "Total Enrolled," "WD," "DM", "Count of Student," "Sum of Step 1 Taken," "Sum of Step 1 Pass 1st Attempt, and "Sum of Step 1 Pass."

*Second*, Plaintiff identified several discrepancies between the charts produced with Interrogatory Nos. 3 and 4 and documents produced at RS00011799 and RS00011839. For example, the chart provided in response to Interrogatory No. 3 evidences that 571 students withdrew or were dismissed prior to taking Step 1 from 2017 through January 2024 while RS00011839 evidences that 485 students were dismissed or withdrew from the institution between September 2017 and January 2024. In another example, the chart provided in response to Interrogatory No. 4 lists the total number of students as 1,319 students, with 1,092 enrolled from 2017 through January 2024, whereas R3S00011799 contains 887 students as enrolled from 2017 through 2023. Defendants indicated that they would investigate the data and provide the necessary clarifications to resolve these and other inconsistencies.

*Third*, Plaintiff requests that Defendants indicate whether the data provided in response to Interrogatory Nos. 3 and 4 and the spreadsheet produced in response to Request for Production No. 16 were kept in the normal course of business or were created for purposes of this litigation. To the extent that these charts and spreadsheets were created for this litigation, Plaintiff requests the production of the underlying data and information as kept by Defendants in the ordinary course of business.

*Fourth*, Plaintiff requests that all charts also be produced in native format, as the images of the Excel files generate an unreasonable burden on the review process.

**Interrogatory Nos. 5, 12; Request for Production No. 19**

With respect to Interrogatory No. 5, Defendants agree to confer internally and discuss whether they will produce documents showing the fees Defendants received from lenders or from the Department of Education in the form of Title IV funding.

Regarding Interrogatory No. 12 and Request for Production No. 19, Defendants will clarify whether the documents produced exclude payments from student loans or grants. If they exclude such information, Plaintiffs request that Defendants produce information on the amount of student loans and grants putative class members took out in order to attend Saba, as it is relevant to the damages suffered by putative class members.

**Interrogatory No. 6; Request for Production Nos. 2, 11**

Plaintiff requested Defendants' confirmation that all documents have been produced in response to Interrogatory No. 6 and Request for Production No. 11. Defendants stated they believe the production in response to these two requests is complete but will confirm.

Regarding Request for Production No. 2, Plaintiff asserted that, without waiving her rights, she would limit the request to the template enrollment forms signed by students in the putative



April 29, 2024
Page 3

class and the specific enrollment forms that Ms. Ortiz signed. Defendants believe they produced this information but will confirm.

### Interrogatory Nos. 7, 9; Request for Production Nos. 4, 18

*First*, with respect to Interrogatory Nos. 7, 9 and Request for Production 4, Defendants stood on their objections regarding the fees or commission paid to external entities to recruit students and any communication with such entities. Plaintiff asserted that if Defendants had conversations with external entities regarding marketing and advertising, those are relevant, as are the monies paid. Please confirm whether the parties are at an impasse with respect to these requests.

*Second*, regarding Interrogatory No. 9 specifically, Plaintiff stated that Defendants' initial disclosures should be supplemented to include the individuals identified. Furthermore, Plaintiff requests additional information regarding the individuals in accordance with Mass. L.R. 26.5(c)(3). Please supplement Defendants initial disclosures promptly and provide the requested information regarding the individuals identified in Interrogatory No. 9.

*Third*, with respect to the market research requested in Request for Production No. 18, Defendants expressed that the request was overly broad as drafted. Without waiving her rights to pursue this request further, Plaintiff proposed limiting the request to market research related to the USMLE. Please advise whether Defendants are amenable to this limitation.

### Interrogatory No. 10; Request for Production No. 10

Defendants agreed to produce presentation materials and schedules for open house and webinars from 2016 to the present in a supplemental production. Defendants agree to confer internally regarding Plaintiff's request for attendance logs.

### Interrogatory No. 11

Defendants stated that all documents responsive to this Interrogatory were already provided in Defendants' productions. However, Defendants' current response and accompanying production is insufficient as it fails to identify the information available to students applying to Saba regarding attrition rates and Step1 USMLE passage rates. Defendants stated they would consider a supplemental response to this Interrogatory.

### Request for Production No. 1

Defendants confirmed that neither Saba nor R3 had a document retention policy in place at any time relevant to this case. Plaintiff requests that Defendants confirm that there is a litigation hold in place and produce documents relating to any such hold.

### Request for Production No. 3

Defendants have reporting obligations to both their accrediting agency (The Accreditation Organisation of the Netherlands and Flanders—"NVOA") and the licensing commission (the Commission for Independent Education, Florida Department of Education—"Licensing Commission"). Specifically, Saba is assessed every six years by the NVOA, and its 2018 report



April 29, 2024
Page 4

highlighted both graduation rates ("overall graduation rate of 80%") and Step 1 results ("2013-2015 nearly 100% of the students passed USMLE Step 1 at first attempt"). Furthermore, the Licensing Commission requires that Defendants "submit a copy of all proposed or actual advertising publications" on a yearly basis to renew their license in Florida. These communications with NVAO and the Licensing Commission are relevant to Plaintiff's allegation that Defendants have misrepresented Saba's USMLE Step 1 passage rate. Defendants agreed to consider revising their response to this Request.

### Request for Production No. 9

Defendants are improperly withholding documents responsive to this request. Documents discussing or referencing *FTC v. St. James School of Medicine,* No. 1:22-cv-1919 (N.D. Ill.) are relevant to this matter. In *St. James*, filed nearly 1.5 years prior to this case, the FTC made substantially similar allegations regarding misleading USMLE Step 1 passage rates at a different for-profit Caribbean medical school. *See St. James* Compl. ¶ 3 ("Since at least April 1, 2018, Defendants have convinced consumers to enroll in SJSM with phony assurances regarding success on a standardized test and students' job prospects. Namely, Defendants lure consumers with false guarantees of student success at passing a critical medical school standardized test, the USMLE Step 1 Exam."). Among other things, any communications discussing or referencing *St. James* could be relevant to whether the USMLE representations here were "willful or knowing" under Chapter 93A § 9(3). Plaintiff further proposed reaching an agreement on search terms to alleviate Defendants' objection regarding burden related to this request. Finally, to the extent Defendants claim any documents are privileged, they must so indicate on a privilege log. Please advise whether Defendants intend to stand on their objection.

### Request for Production Nos. 12

*First*, while Defendants identified the ownership structure in response to Interrogatory No. 2, they failed to identify any changes to the ownership or organizational structure form 2016 to the present as requested in Request for Production No. 12. Please supplement Defendants' response to Request for Production No. 12.

*Second*, Plaintiff stated that Request for Production No. 12 encompasses internal organization charts. Defendants disagreed but are willing to take this request into consideration to avoid Plaintiff having to serve an additional document request.

### Request for Production Nos. 13, 14

Documents sufficient to identify the amount of money Defendants received from students during the class period bears directly on damages. Furthermore, such information—in the form of tax returns or otherwise—is discoverable. *See LaRoe v. Div. of Bureau of Special Educ. Appeals*, 2024 WL 1093052, at *3 (D. Mass. Mar. 13, 2024) ("At this time, the court will grant so much of Plaintiff's motion for a protective order as applies to her state and federal tax returns *subject to her obligation to produce documents that are an adequate alternative source of financial information.* This aspect of the court's ruling is without prejudice to SPS filing a motion to compel production of Plaintiff's tax returns from January 1, 2017, to the present if Plaintiff does not provide adequate



April 29, 2024
Page 5

financial information from other sources.") (emphasis added). Please advise whether Defendants intend to stand on their objections.

### Request for Production No. 21

Any documents relied upon in the preparation of Defendants' pleadings, initial disclosures, or interrogatory responses are both relevant and discoverable. *See, e.g.*, *Strauss v. Credit Lyonnais, S.A.*, 242 F.R.D. 199, 232 (E.D.N.Y. 2007) ("*[P]laintiffs should . . . produce the non-privileged documents upon which they relied in preparing their interrogatory responses.* If plaintiffs claim work product protection for any of the documents, they must provide a privilege log and sustain their burden of establishing that the documents were prepared by counsel or reveal their counsels' mental impressions, opinions, conclusions or legal theories.") (emphasis added); *cf. Axler v. Sci. Ecology Grp., Inc.,* 196 F.R.D. 210, 212 (D. Mass. 2000) ("Similarly, a party must produce otherwise discoverable documents that are in his attorneys' possession, custody or control."); *Cahaly v. Benistar Prop. Exch. Tr. Co.,* 85 Mass. App. Ct. 418, 425, 10 N.E.3d 659, 666 (2014) ("It has long been held that '[w]here relevant and non-privileged facts remain hidden in an attorney's file and where production of those facts is essential to the preparation of one's case, discovery may properly be had.'"). Please advise whether the parties are at an impasse regarding this request.

### Requests for Production Nos. 5, 7, 8

As noted in our meet-and-confer session, Plaintiff responded regarding Defendants' proposed date range, search terms, and custodians for Requests for Production on Nos. 5, 7 and 8 via email on April 25, 2024. Please confirm receipt and reply as soon as possible.

### Document Productions

To date, Defendants have made four production sets: R3S00000001 - R3S00004439 (218 documents produced on April 1, 2024); R3S00004440 - R3S00011798 (3,324 documents produced on April 3, 2024); R3S00011799 - R3S00011855 (2 documents produced on April 5, 2024); and R3S00011856 - R3S00012063 (111 documents produced on April 15, 2024). On April 12, 2024, we contacted Defendants regarding the lack of metadata found within the production sets. Dale Evans responded the same day, indicating that the production set contained all available metadata that is standard in the industry. After a telephone conference on the issue, Liz Kelly emailed Plaintiff's counsel on April 18, 2024 confirming that the incorrect fields were populated into Defendants' load file, and reproducing corrected load files and fourth production set. Ultimately, these new load files also contained errors, such as misaligned Bates numbers. After back and forth communications between counsel, Eric Boyd, Defendants' Director of Litigation Support, spoke with our information technology team to resolve the outstanding concerns. With the help of Mr. Boyd, we have resolved the issue with the misaligned Bates numbers and have processed the metadata available for the files within the production set on April 25, 2024. We reserve the right to ask for additional metadata as needed.

* * * * *



April 29, 2024
Page 6

  We look forward to hearing from you regarding these matters by Friday, May 3, 2024. and am hopeful that the parties can resolve these outstanding discovery issues. If you have any questions, please do not hesitate to contact me. We are available to meet and confer, as needed.

Sincerely,

Margaret M. Siller

CC: Counsel of Record

