# EXHIBIT 5



777 South Flagler Drive, Suite 215 East Tower
West Palm Beach, FL 33401
Telephone: 561-833-7700
Fax: 561-655-8719
www.lockelord.com

Dale A. Evans Jr.
Direct Telephone: 561-820-0248
Direct Fax: 561-828-7994
dale.evans@lockelord.com

May 10, 2024

By Email

Margaret Siller
Maynard Nexsen
1131 4th Avenue S
Suite 320
Nashville, TN 37210
msiller@maynardnexsen.com

Counsel:

We write on behalf of defendants Saba University School of Medicine and R3 Education, Inc. in response to Plaintiff's meet-and-confer letter dated April 29, 2024, which followed the parties' videoconference on April 24, 2024. Defendants reproduce each of Plaintiff's arguments below, along with Defendants' response.

**Interrogatory No. 1**

> **Plaintiff's Argument:** Despite Defendants' assertions, any investigations by a governmental entity, commission, or regulator are relevant to this litigation to the extent they relate to Defendants' misrepresentation of USMLE Step 1 passage rates to any person or entity. Without waiving any rights to seek production of all investigations within the relevant time period, Plaintiff is willing to limit Interrogatory No. 1 to investigations or inquiries concerning (1) USMLE passage rates; (2) Defendants' marketing or advertising; and (3) HCMI-related submissions or responses. Defendants indicated that they will consider this request. Please advise how Defendants plan to proceed.
>
> **Defendants' Response:** Defendants agree to Plaintiffs' limitation and will supplement its answer to Interrogatory No. 1 within 7 days.

**Interrogatory Nos. 3, 4; Request for Production No. 16**

> **Plaintiff's Argument:** As noted during the call, there are a number of inconsistencies and ambiguities with respect to the data produced in response to Interrogatory Nos. 3 and 4 and Request for Production No. 16.

Atlanta | Austin | Boston | Brussels | Chicago | Cincinnati | Dallas | Hartford | Houston | London | Los Angeles
Miami | New Orleans | New York | Newark | Providence | San Francisco | Stamford | Washington DC | West Palm Beach

Margaret Siller
May 10, 2024
Page 2

*First*, Defendants failed to provide any definitions for the terms used in the charts produced with Interrogatory Nos. 3 and 4. Defendants have agreed to provide definitions for "Total Enrolled," "WD," "DM", "Count of Student," "Sum of Step 1 Taken," "Sum of Step 1 Pass 1st Attempt, and "Sum of Step 1 Pass."

*Second*, Plaintiff identified several discrepancies between the charts produced with Interrogatory Nos. 3 and 4 and documents produced at RS00011799 and RS00011839. For example, the chart provided in response to Interrogatory No. 3 evidences that 571 students withdrew or were dismissed prior to taking Step 1 from 2017 through January 2024 while RS00011839 evidences that 485 students were dismissed or withdrew from the institution between September 2017 and January 2024. In another example, the chart provided in response to Interrogatory No. 4 lists the total number of students as 1,319 students, with 1,092 enrolled from 2017 through January 2024, whereas R3S00011799 contains 887 students as enrolled from 2017 through 2023. Defendants indicated that they would investigate the data and provide the necessary clarifications to resolve these and other inconsistencies.

*Third*, Plaintiff requests that Defendants indicate whether the data provided in response to Interrogatory Nos. 3 and 4 and the spreadsheet produced in response to Request for Production No. 16 were kept in the normal course of business or were created for purposes of this litigation. To the extent that these charts and spreadsheets were created for this litigation, Plaintiff requests the production of the underlying data and information as kept by Defendants in the ordinary course of business.

*Fourth*, Plaintiff requests that all charts also be produced in native format, as the images of the Excel files generate an unreasonable burden on the review process.

**Defendants' Response:** Defendants agree to provide definitions for the terms in the charts produced with Interrogatory Nos. 3 and 4 within 7 days. We have requested clarification from our clients regarding the purported discrepancies between the charts produced with Interrogatory Nos. 3 and 4 and documents produced at RS00011799 and RS00011839 and will provide further information within 7 days to the extent available. Defendants created the spreadsheets in Interrogatory Nos. 3 and 4 and the spreadsheet produced in response to Request for Production No. 16 for purposes of this litigation. To the extent Plaintiff seeks additional documents related to the spreadsheets, Plaintiff may serve a request for production specifying what it seeks. Defendants are evaluating whether it is possible to produce a native version of the two spreadsheets we previously produced without disclosing information protected by FERPA.

**Interrogatory Nos. 5, 12; Request for Production No. 19**

**Plaintiff's Argument:** With respect to Interrogatory No. 5, Defendants agree to confer internally and discuss whether they will produce documents showing the fees Defendants received from lenders or from the Department of Education in the form of Title IV funding.

Margaret Siller
May 10, 2024
Page 3

Regarding Interrogatory No. 12 and Request for Production No. 19, Defendants will clarify whether the documents produced exclude payments from student loans or grants. If they exclude such information, Plaintiffs request that Defendants produce information on the amount of student loans and grants putative class members took out in order to attend Saba, as it is relevant to the damages suffered by putative class members.

**Defendants' Response:** Subject to their objections to Interrogatory No. 5, Defendants agree to amend their answer to Interrogatory No. 5 within 7 days. Regarding Interrogatory No. 12 and Request for Production No. 19, Defendants confirm the documents produced do *not* exclude payments from student loans or grants and reflect the total amount of tuition paid from any source by each student listed therein.

**Interrogatory No. 6; Request for Production Nos. 2, 11**

**Plaintiff's Argument:** Plaintiff requested Defendants' confirmation that all documents have been produced in response to Interrogatory No. 6 and Request for Production No. 11. Defendants stated they believe the production in response to these two requests is complete but will confirm.

Regarding Request for Production No. 2, Plaintiff asserted that, without waiving her rights, she would limit the request to the template enrollment forms signed by students in the putative class and the specific enrollment forms that Ms. Ortiz signed. Defendants believe they produced this information but will confirm.

**Defendants' Response:** Regarding Interrogatory No. 6 and Request for Production No. 11, and subject to its objections, Defendants' prior productions contained documents responsive to these requests. Defendants are confirming whether there are any additional responsive documents within its possession, custody, or control, and will either produce those documents or confirm no further documents exist within 7 days. Regarding Request No. 2, Defendants confirm they have produced the enrollment forms that Plaintiff signed and any template forms defendant could locate with a reasonable search that are within its possession, custody, or control.

**Interrogatory Nos. 7, 9; Request for Production Nos. 4, 18**

**Plaintiff's Argument:** *First*, with respect to Interrogatory Nos. 7, 9 and Request for Production 4, Defendants stood on their objections regarding the fees or commission paid to external entities to recruit students and any communication with such entities. Plaintiff asserted that if Defendants had conversations with external entities regarding marketing and advertising, those are relevant, as are the monies paid. Please confirm whether the parties are at an impasse with respect to these requests.

*Second*, regarding Interrogatory No. 9 specifically, Plaintiff stated that Defendants' initial disclosures should be supplemented to include the individuals identified. Furthermore, Plaintiff requests additional information regarding the individuals in accordance with

Margaret Siller
May 10, 2024
Page 4

Mass. L.R. 26.5(c)(3). Please supplement Defendants initial disclosures promptly and provide the requested information regarding the individuals identified in Interrogatory No. 9.

*Third*, with respect to the market research requested in Request for Production No. 18, Defendants expressed that the request was overly broad as drafted. Without waiving her rights to pursue this request further, Plaintiff proposed limiting the request to market research related to the USMLE. Please advise whether Defendants are amenable to this limitation.

**Defendants' Argument:** With respect to Interrogatory Nos. 7, 9 and Request for Production No. 4, Defendants maintain their position that contracts, agreements, and payments to employees or entities regarding marketing services are irrelevant. Further, and despite what Plaintiff suggests, these discovery requests do not actually request communications with external entities regarding marketing and advertising. In any event, Defendants are conducting a reasonable search and review of emails for marketing documents as set forth in Defendants responses to Request 5, 7 and 8, and will produce such responsive documents in due course.

With respect to Interrogatory No. 9, we identified these individuals in response to Plaintiff's interrogatory seeking identification of individuals involved in marketing. Defendants have not, however, decided that these are individuals that Defendants may use to support their claims or defenses. Discovery is ongoing. Therefore, Plaintiff's demand that we add these individuals to Defendants' initial disclosures is premature. Defendants agree to supplement their answer to Interrogatory No. 9 to include the information set forth in Mass. L.R. 26.5(c)(3), to the extent known, within 7 days.

With respect to Request for Production No. 18, Plaintiff's proposed limitation remains impermissibly overbroad because "market research related to the USMLE" necessarily implicates USMLE Step Exams that are not at issue in this lawsuit, e.g., USMLE Steps 2 and 3. Subject to and without waiving its objections to Request No. 18, Defendants propose limiting this request to market research related to the USMLE *Step 1*. Please advise whether Plaintiff is amenable to this limitation.

**Interrogatory No. 10; Request for Production No. 10**

**Plaintiff's Argument:** Defendants agreed to produce presentation materials and schedules for open house and webinars from 2016 to the present in a supplemental production. Defendants agree to confer internally regarding Plaintiff's request for attendance logs.

**Defendants' Response:** Subject to and without waiving its objections, Defendants confirm it produced all documents related to open houses after a reasonable search. Defendants are confirming whether prospective student attendance logs for the open houses exist and will either supplement its discovery or confirm no such documents exist within 7 days.

Margaret Siller
May 10, 2024
Page 5

**Interrogatory No. 11**

**Plaintiff's Argument:** Defendants stated that all documents responsive to this Interrogatory were already provided in Defendants' productions. However, Defendants' current response and accompanying production is insufficient as it fails to identify the information available to students applying to Saba regarding attrition rates and Step 1 USMLE passage rates. Defendants stated they would consider a supplemental response to this Interrogatory.

**Defendants' Response:** Subject to and without waiving its objections, Defendants have produced all documents responsive to this request in its possession, custody, or control.

**Request for Production No. 1**

**Plaintiff's Argument:** Defendants confirmed that neither Saba nor R3 had a document retention policy in place at any time relevant to this case. Plaintiff requests that Defendants confirm that there is a litigation hold in place and produce documents relating to any such hold.

**Defendants' Response:** Defendants responded to Plaintiff's Request for Production No. 1. To the extent Plaintiff requests additional information or documents, it may propound further interrogatories and/or requests for production.

**Request for Production No. 3**

**Plaintiff's Argument:** Defendants have reporting obligations to both their accrediting agency (The Accreditation Organisation of the Netherlands and Flanders—"NVOA") and the licensing commission (the Commission for Independent Education, Florida Department of Education—"Licensing Commission"). Specifically, Saba is assessed every six years by the NVOA, and its 2018 report highlighted both graduation rates ("overall graduation rate of 80%") and Step 1 results ("20132015 nearly 100% of the students passed USMLE Step 1 at first attempt"). Furthermore, the Licensing Commission requires that Defendants "submit a copy of all proposed or actual advertising publications" on a yearly basis to renew their license in Florida. These communications with NVAO and the Licensing Commission are relevant to Plaintiff's allegation that Defendants have misrepresented Saba's USMLE Step 1 passage rate. Defendants agreed to consider revising their response to this Request.

**Defendant's Response:** Defendants stand on their objection.

**Request for Production No. 9**

**Plaintiff's Argument:** Defendants are improperly withholding documents responsive to this request. Documents discussing or referencing *FTC v. St. James School of Medicine,* No. 1:22-cv-1919 (N.D. Ill.) are relevant to this matter. In *St. James*, filed nearly 1.5 years

Margaret Siller
May 10, 2024
Page 6

prior to this case, the FTC made substantially similar allegations regarding misleading USMLE Step 1 passage rates at a different for-profit Caribbean medical school. *See St. James* Compl. ¶ 3 ("Since at least April 1, 2018, Defendants have convinced consumers to enroll in SJSM with phony assurances regarding success on a standardized test and students' job prospects. Namely, Defendants lure consumers with false guarantees of student success at passing a critical medical school standardized test, the USMLE Step 1 Exam."). Among other things, any communications discussing or referencing *St. James* could be relevant to whether the USMLE representations here were "willful or knowing" under Chapter 93A § 9(3). Plaintiff further proposed reaching an agreement on search terms to alleviate Defendants' objection regarding burden related to this request. Finally, to the extent Defendants claim any documents are privileged, they must so indicate on a privilege log. Please advise whether Defendants intend to stand on their objection.

**Defendant's Response:** Defendants stand on their objection.

**Request for Production Nos. 12**

**Plaintiff's Argument:** *First*, while Defendants identified the ownership structure in response to Interrogatory No. 2, they failed to identify any changes to the ownership or organizational structure form 2016 to the present as requested in Request for Production No. 12. Please supplement Defendants' response to Request for Production No. 12.

*Second*, Plaintiff stated that Request for Production No. 12 encompasses internal organization charts. Defendants disagreed but are willing to take this request into consideration to avoid Plaintiff having to serve an additional document request.

**Defendants' Response:** Plaintiff has failed to articulate a reasonable basis for this intrusive and harassing request. Defendants therefore stand on their objection.

**Request for Production Nos. 13, 14**

**Plaintiff's Argument:** Documents sufficient to identify the amount of money Defendants received from students during the class period bears directly on damages. Furthermore, such information—in the form of tax returns or otherwise—is discoverable. *See LaRoe v. Div. of Bureau of Special Educ. Appeals*, 2024 WL 1093052, at *3 (D. Mass. Mar. 13, 2024) ("At this time, the court will grant so much of Plaintiff's motion for a protective order as applies to her state and federal tax returns *subject to her obligation to produce documents that are an adequate alternative source of financial information.* This aspect of the court's ruling is without prejudice to SPS filing a motion to compel production of Plaintiff's tax returns from January 1, 2017, to the present if Plaintiff does not provide adequate financial information from other sources.") (emphasis added). Please advise whether Defendants intend to stand on their objections.

**Defendants' Response:** Defendants have produced documents reflecting total tuition paid by Plaintiff and the putative class. Plaintiff has failed to articulate a reasonable basis for

Margaret Siller
May 10, 2024
Page 7

this intrusive and harassing request, in particular, how Defendants' tax returns and financial statements have any bearing whatsoever on the damages of Plaintiff and the putative class. Defendants therefore stand on their objections.

**Request for Production No. 21**

**Plaintiff's Argument:** Any documents relied upon in the preparation of Defendants' pleadings, initial disclosures, or interrogatory responses are both relevant and discoverable. *See, e.g.*, *Strauss v. Credit Lyonnais, S.A.*, 242 F.R.D. 199, 232 (E.D.N.Y. 2007) ("[*P*]*laintiffs should . . . produce the non-privileged documents upon which they relied in preparing their interrogatory responses.* If plaintiffs claim work product protection for any of the documents, they must provide a privilege log and sustain their burden of establishing that the documents were prepared by counsel or reveal their counsels' mental impressions, opinions, conclusions or legal theories.") (emphasis added); *cf. Axler v. Sci. Ecology Grp., Inc.,* 196 F.R.D. 210, 212 (D. Mass. 2000) ("Similarly, a party must produce otherwise discoverable documents that are in his attorneys' possession, custody or control."); *Cahaly v. Benistar Prop. Exch. Tr. Co.,* 85 Mass. App. Ct. 418, 425, 10 N.E.3d 659, 666 (2014) ("It has long been held that '[w]here relevant and non-privileged facts remain hidden in an attorney's file and where production of those facts is essential to the preparation of one's case, discovery may properly be had.'"). Please advise whether the parties are at an impasse regarding this request.

**Defendants' Response:** Defendants maintain their objection but clarify that they did not withhold from their production any documents responsive to this request in its possession, custody, or control, except to the extent protected by privilege or FERPA.

We are hopeful this resolves the remaining outstanding discovery issues. If you have any questions, please do not hesitate to contact us. We are available to further meet and confer, as necessary.

Best regards,

LOCKE LORD LLP

*Dale Evans Jr*

Dale A. Evans Jr.