# EXHIBIT D

**From:** Kelly, Elizabeth H.
**Sent:** Thursday, June 13, 2024 4:52 PM
**To:** John Robison Alford, Jr.
**Cc:** Margaret M. Siller; Alex Elson; Patrick Egan; Lapp, Daryl; Evans, Dale; McMorrow, Michael
**Subject:** FW: Ortiz v. R3 and Saba - Proposed Search Terms, Dates, and Custodians

John,

In advance of our call tomorrow, I wanted to respond to some of your points and share some information with you. We do have additional documents to produce which are forthcoming, and we expect to produce more next week. It will likely be a similar amount of documents as our last production. The forthcoming productions will include the date range back to 1/1/16. The documents we have produced and which are forthcoming include the following custodians:

- Sarah Russell,
- Gerald Wargo,
- Christopher Cebula,
- Joseph Chu,
- Maurice Clifton,
- Gregory Czuba,
- Donald Donahue,
- Patrick Donnellan,
- Susan Horvath,
- Terry Moya,
- Bill Purnell,
- Steven Rodger,
- Joey Vigeant,
- admissions@saba.com
- James Bruzik
- Duco Duchatteau
- Michael Laskowski
- Roger Young
- Vaughn Huckfeldt, Jr.
- Laura Boatswain
- Shruti Singh
- Rachel L. Robson
- Akim Bell

Because we have had to go back several times adding custodians and expanding the time period, we don't have an exact number of search results, however, if our math is correct, we estimate that the search results for the documents we have produced and will be producing so far, are as follows:

1) attrition* AND (Saba* OR SUSOM*): 3,665 documents for review including family.
2) "completion rate" AND (Saba* OR SUSOM*): 451 documents for review including family.
3) (USMLE* w/5 pass* w/5 "Step 1") AND (Saba* or SUSOM*): 11,599 documents for review including family.

Some of these hits were duplicates such that the total document review for search terms to date is 14,782. As we explained previously, a very large number of these documents are nonresponsive and/or are irrelevant false hits and/or irrelevant attachments.

We have not yet reviewed documents from the 6 custodians listed below.  These are GUS custodians whose potentially relevant emails would be limited from 1/1/2020, roughly the time of the acquisition.  To include the following custodians for these original search terms will add roughly 6,191 more documents to the review.

>   Stephanie Jazo
>   Abi Webster
>   Katrina Bongalos
>   Denisse Diaz
>   Moe Kamal
>   Lipsheon Jhand

The search results are as follows:
1) attrition* AND (Saba* OR SUSOM*): 1,351 w/family
2) "completion rate" AND (Saba* OR SUSOM*): 1,398 w/family
3) (USMLE* w/5 pass* w/5 "Step 1") AND (Saba* or SUSOM*): 4,887 w/family

We have done an additional collection and run your requested search terms, and as we tried to explain, these terms are overly broad and unduly burdensome, especially accounting for your request for terms to be run over 30 custodians spanning 7 years. These are the preliminary results after deduplication and removing documents that we have already reviewed. <u>These numbers will grow</u> (we are correcting a processing issue with 3 GUS custodians).

4. "graduation rate*" = 4,918 w/family
5. Complet* = 90,691 w/family
6. (USMLE* w/10 pass* w/10 "Step 1") and (Saba* or SUSOM*) = 14,082 w/family
7. USMLE* w/10 pass* w/10 "Step 1" = 18,273 w/family

This would add roughly 97,389 documents to the review or more. The review, redaction, and production of the 25,000 documents produced/in the process of being produced has taken nearly 1,000 attorney and litigation support hours and cost tens of thousands of dollars. We anticipate the Court would be receptive that a fourfold increase in this document production would be prohibitively burdensome.

To the extent Plaintiff contends it is entitled to even *more* discovery (a highly questionable premise at this point), it must produce much more limited terms that are likely to yield meaningful results, and more reasonable amount of documents.  Perhaps after you review our forthcoming productions, you could focus your request on certain custodians you are interested in rather than running these sweeping searches that do not yield meaningful results.

Our responses to your additional concerns are in red, below:

**Interrogatory Nos. 3, 4; Request for Production No. 16**: We are still awaiting the backup material relied upon to answer written discovery requests or referenced to prepare responses to initial disclosures.  <span style="color:red">We have nothing further to produce. If there is something you are looking for, let us know.</span>

**Requests for Production Nos. 3 and 9**: Please advise whether Defendants will produce documents submitted to the NVAO and the Licensing Commission, as well as documents concerning the *St. James* litigation. If not, please confirm we are at an impasse.  <span style="color:red">We do not agree that documents submitted to the NVAO are relevant for the reasons we have explained. If documents submitted to the NVAO expressly reference Saba's USMLE Step 1 passage rate or attrition rate, we will produce that part of the submission. We stand on our objection to the St. James litigation. It is completely irrelevant, and even if there are documents referencing the St. James litigation, it is likely to be privileged or protected by the work product doctrine in any event.</span>

**Request for Production No. 18**: We agreed to limit the request to market research related to the USMLE Step 1. Please advise if a complete production has been made as to this request. If not, then please let us know when to expect a

supplemental production.  Market research that discusses the USMLE Step 1 exam passage rates, if any, will be produced as part of the search term review.

**Request for Production No. 1**: Please confirm that Defendants have a litigation hold in effect.  As has already been confirmed in the parties' ESI Stipulation, the Defendants have been advise of their responsibility to preserve and not to alter or destroy potentially responsive documents or ESI in their possession, custody, or control.

If you would like more time to digest this information, we available to reschedule our call to next week.
Thank you,
Liz


**Elizabeth H. Kelly**
Senior Counsel
**Locke Lord LLP**
111 Huntington Avenue
Boston, MA 02199
T: 617-239-0774
F: 866-955-9265
M: 617-470-5174
liz.kelly@lockelord.com
View My **BIO** I Connect on **LinkedIn** I Visit **lockelord.com**


**From:** John Robison Alford, Jr. <jalfordjr@MaynardNexsen.com>
**Sent:** Thursday, June 6, 2024 4:34 PM
**To:** Kelly, Elizabeth H. <Liz.Kelly@lockelord.com>; Margaret M. Siller <msiller@MaynardNexsen.com>; Evans, Dale <Dale.Evans@lockelord.com>; Patrick Egan <pegan@bermantabacco.com>; Alex Elson <alex@defendstudents.org>
**Cc:** Lapp, Daryl <Daryl.Lapp@lockelord.com>; McMorrow, Michael <Michael.McMorrow@lockelord.com>
**Subject:** RE: Ortiz v. R3 and Saba - Proposed Search Terms, Dates, and Custodians

** External Email -- Sender: jalfordjr@maynardnexsen.com **


Liz –

We wanted to follow up here regarding Defendants' discovery obligations. As understood, additional supplemental productions are forthcoming. For instance, you noted that Defendants would search emails back to January 1, 2016, and Dale has noted that additional searches would be run in response to written discovery. Can you please let us know how many more productions you anticipate, what the approximate volume is, and when you plan to make the productions?

Of course, pending the result of our ongoing conversations regarding discovery, additional productions may be necessary. On May 29, 2024, we sent an email to Dale regarding further discovery concerns; he has yet to respond. Rather than splinter the discovery communications between you and Dale, we will address all of our outstanding discovery concerns here.

3

Please sends us times when you are available next week for a video conference to discuss these discovery matters.

**Date Range**: You have agreed to produce emails back to January 1, 2016. Please let us know when we can expect a supplemental production of documents that captures previously unproduced items.

**Search Terms**:
- Generally: Thus far Defendants have unilaterally determined what search terms to run. While we appreciate the rolling productions received thus far, we cannot agree that Defendants' discovery obligations are complete until we understand exactly what has been searched. Please provide a complete list of a) the search terms used thus far, b) the custodians, c) the date ranges, and d) hit results for each search. This data will help us determine what, if any, additional searches need to be run.

- Step 1, Attrition, Graduation Rates, and Completion: We have asked Defendants to run searches that would capture communications regarding Step 1 ("Step 1"), attrition (attrition*), graduation rates (graduat*), and completion rates (complet*) that do not reference any institution. In response, you stated: "This is extremely unlikely.  If R3 individuals are discussing advertising, the advertisements themselves are most likely part of the discussion, if not attached to the emails, and contain Saba or SUSOM." You further state that searches regarding attrition that do not include an institution are "not likely to yield meaningful results." We simply disagree with your position. It is very likely that R3 discussed Step 1, attrition, and completion rates outside the context of any institution, and these conversations would be directly relevant to our claims. The records provided thus far by Defendants clearly show that R3, not Saba, gave final approval for numerous marketing campaigns and that R3 directed the publication of data regarding Step 1, attrition, and completion rates. *See, e.g.*, R3S00012988 (R3 senior manager editing marketing language regarding Saba's Step 1 passage rates with no Saba employee involvement). Moreover, the documents show that R3 identifies as a universal brand, rather than three separate and distinct institutions. *See, e.g., R3S00012840* (R3 senior manager stating: "R3 has more than enough clinical positions at quality, credentialed hospitals (no wait time for clinical rotations ). . . . R3 should be promoting similar issues but that they are offered on three campuses . . . . R3 focuses on quality and uniqueness of experience."). Regardless, the likelihood of R3 discussing such matters outside the context of an institution is irrelevant to this discussion given Defendants can simply search to confirm whether such discussions took place. After Defendants run the search and you can confirm that the results are <u>zero</u>, then we can close this request. If Defendants are unwilling to run these searches, then please state so in writing so that we can confirm we are at an impasse.
    - We appreciate your stated concerns regarding the proposed term "graduat*" and agree to narrow that term to "graduation rate*" for the purposes of this search. While you are right that this case is "not about how [Defendants] reported information to the NVAO," the fact remains that Defendants were obligated to report this data. What Defendants reported to various agencies and entities will allow us to obtain evidence regarding the actual attrition, completion rates, and/or graduation rates at issue in this litigation.
    - You have suggested that our proposed terms regarding USMLE Step 1, Title IV, and various percentages are overly broad. You have offered to run the search [(USMLE* w/10 pass* w/10 "Step 1") and (Saba* or SUSOM*)]. We are agreeable to that search sans the limiter of (Saba* or SUSOM*)—for the reasons addressed above—to capture documents regarding the USMLE Step 1 passage with the understanding that additional requests may be necessary upon review of supplemental productions. You did not offer a similar alternative search for Title IV and the percentages. In light of your proposal, we suggest the following search term: [("Title IV" OR 75% OR 98% OR 99% OR 100%) w/10 "Step 1"].  Please let us know if you agree to these terms.

**Interrogatory Nos. 3, 4; Request for Production No. 16**: We are still awaiting the backup material relied upon to answer written discovery requests or referenced to prepare responses to initial disclosures.

**Requests for Production Nos. 3 and 9**: Please advise whether Defendants will produce documents submitted to the NVAO and the Licensing Commission, as well as documents concerning the *St. James* litigation. If not, please confirm we are at an impasse.

**Request for Production No. 18**: We agreed to limit the request to market research related to the USMLE Step 1. Please advise if a complete production has been made as to this request. If not, then please let us know when to expect a supplemental production.

**Request for Production No. 1**: Please confirm that Defendants have a litigation hold in effect.


**John Robison Alford, Jr.**
Associate | Education
P: 205.254.1847
jalfordjr@MaynardNexsen.com | vCard

1901 Sixth Ave N, Suite 1700
Birmingham, AL 35203



**From:** Kelly, Elizabeth H. <Liz.Kelly@lockelord.com>
**Sent:** Thursday, May 23, 2024 11:28 AM
**To:** John Robison Alford, Jr. <jalfordjr@MaynardNexsen.com>; Margaret M. Siller <msiller@MaynardNexsen.com>; Evans, Dale <Dale.Evans@lockelord.com>; Patrick Egan <pegan@bermantabacco.com>; Alex Elson <alex@defendstudents.org>
**Cc:** Lapp, Daryl <Daryl.Lapp@lockelord.com>; McMorrow, Michael <Michael.McMorrow@lockelord.com>
**Subject:** RE: Ortiz v. R3 and Saba - Proposed Search Terms, Dates, and Custodians

Hello John,
I copied our communications below, and included Defendants' comments red.

Liz – Thank you for the email. We have responded to your comments below in blue. We understand from your email that Defendants are performing searches using the terms you originally suggested, despite the parties not having reached a resolution to the search terms. While we appreciate Defendants' efforts to expedite discovery, their discovery obligations will not be complete until searches are performed using agreed upon terms.  We have proposed and used reasonable terms that have already yielded over 10,000 documents for review which we are doing now.  We are finding that even with our targeted terms there are many completely irrelevant documents picked up in the searches. Your terms and your revised terms continue to be overly broad, not proportional to the needs of the case, and unduly burdensome, needlessly jacking up the cost of discovery. You now have insisted on 30 custodians spanning 8 years with overly broad terms.  We have attempted to reasonably accommodate your requests but your position on many of these terms are not reasonable.


First, as to date ranges, although Plaintiff did, in fact, plead a class period beginning in September 2017, she has provided no basis on which to think that any former students who matriculated prior to September 2019 have a timely claim.  She has pled claims that have three-year and four-year statutes of limitations, and has pled no facts which suggest that the discovery rule applies to any of her claims or those of any class members.  The earliest reasonable date

that any of the class members with timely claims would have begun investigating medical schools is September 2018 (a year prior to matriculation in 2019), and extending an additional eight months to the beginning of 2018 is a reasonable accommodation to encompass any outliers.  The fact that the Court has not addressed our statute of limitations defense does not mean that it was rejected, does not mean that the former students who matriculated in 2017 and 2018 have timely claims. The burden to our clients to extend the time period back two additional years is high.  It will significantly increase the already large number of documents we will have to review, as further explained below. We also do not agree that emails "up to the present" are relevant or proportional to the needs of the case. The class pled extends only to students who matriculated as of the date the Complaint was filed – August 30, 2023.  The class definition was to the "present" which is the date filed, not a rolling or indefinite "present."

- You correctly note that the class period begins in September 2017. As you know, the discovery rule tolls the statute of limitations for 93A claims, and application of the discovery rule here will be decided by the trier of fact. It is premature at this stage to determine how far back the discovery rule should extend, as we do not have the benefit of relevant discovery. Moreover, Defendants have already produced documents relating back to at least October 2014 (R3S00000561); September 2015 (R3S00012605); and Fall of 2015 (R3S00011484), evidencing that the burden to extend the time period back is not high.
- As to the meaning of "present," we disagree with your assertion that the class stops when the Complaint was filed. Defendants continue to advertise misleading data regarding their Step 1 passage rates, and students continue to leave Saba without having sat for the Step 1 exam. Therefore, the class grows.

We stand by our position. We disagree with your assertion that the discovery rule tolls any claims in this case, and note that you have pled no facts to invoke the discovery rule. Without waiving our objections we will agree to search produce emails backs to January 1, 2016.  We will not, however, agree that discovery, that is overly burdensome, is indefinite as to information relevant future potential class members who lack standing. Moreover, your complaint does not allege that future members are considered part of the putative class, it only pleads "to the present" which was August 30, 2024 and it used past tense "who did not" and not "or will not."   And, your class includes only those who are no longer enrolled at the time of the complaint, not those who in the future will not be enrolled.

Second, as to search terms, we insist on using the terms (Saba* or SUSOM*) in each search because many of the custodians are R3 custodians and their emails will not be limited to Saba, but relate to other medical schools that are irrelevant to this case.  Without including the Saba/SUSOM qualifier, the search results will yield many irrelevant documents and unduly burden the defendants.  As to your specific proposals, we provide the following comments:

- We understand your concerns that a number of unrelated emails may result from not qualifying the searches by including (Saba* or SUSOM*). That said, the fact that R3 custodians are discussing Step 1 rates is exactly why we do not want to include such a limiter. For instance, there may be emails where R3 discusses how to advertise Step 1 rates without referencing any institution at all. This is extremely unlikely.  If R3 individuals are discussing advertising, the advertisements themselves are most likely part of the discussion, if not attached to the emails, and contain Saba or SUSOM. R3 is a defendant in this litigation, and such communications are directly relevant to the claims at issue. If you are not willing to run the searches without (Saba* or SUSOM*), then we propose that two searches be run. The first would be the search terms with the limiter (Saba* or SUSOM*). The second would be the search terms with whatever limiters would be required to remove MUA and St. James, which we presume are ("Medical University of the Americas" or MUA* or "Saint James" OR SJSM*). R3 does not own St. James. These two searches will capture all instances of communications regarding the search terms regardless of whether Saba / SUSOM is referenced, without triggering hits on communications regarding only MUA and/or SJSM.

1. attrition* OR withdraw* OR dismiss* OR complet*  - This is extremely overbroad and unreasonable. Many people are dismissed/withdraw for reasons that have nothing to do with the USMLE.  This search will pick up emails related to every such irrelevant student.  Even worse, this search will pick up emails that have nothing to do with anything related to his case.  Emails with just the word dismiss or withdraw or complete – this will be unmanageable and unduly burden the defendants.  Moreover, it is not reasonably tailored to obtain the information sought in request 5, 7, or 8 re marketing the Step 1 passage rate and attrition rates.  We believe our proposal is entirely appropriate and reasonable:  Attrition* AND (Saba* or SUSOM*).

- We reject the notion that there are "irrelevant" students. The allegations are that Defendants misrepresented their USMLE Step 1 figures to proposed and enrolled students. Every student that attended Defendants' institution during the class period was harmed because of these misrepresentations, therefore all students are relevant.  We disagree. That said, rather than searching for (withdraw*) or (dismiss*), we are willing to forego these search terms, reserving our rights, if Defendants 1) as previously requested, clarify the data seen in the documents produced as R3S00011799 and R3S00011839 and the charts seen in the Defendants' Responses, and explain the manner in which the data was compiled/collected, 2) confirm these documents are a complete and accurate list of students that attended Defendants' institution from September 2017 through January 2024 that did not sit for or pass the Step 1 exam, and 3) produce native copies of R3S00011799 and R3S00011839. We believe we have satisfied these requests, except that we have provided information up to August 2024 on one of the spreadsheets.  Also, we understand your position regarding the term (Complet*) and are willing to forego that term at this time. We reserve the right to revisit these terms at a later date in light of future discovery. Here are the proposed search terms:
    - Attrition* AND (Saba* or SUSOM*) We have already run this term.
    - Attrition* AND NOT (MUA* or SJSM*) Again, R3 does not own St. James. Doing this additional search, unrelated to Saba, is not logical or proportional to the needs of the case.  An R3 individual discussing attrition at Saba, is inevitably going to use the term Saba or SUSOM in the email or the attachments to the email, which will get picked up in the search.  You should reconsider, this is not likely to yield meaningful results.

2. (complet* OR graduat*) /5 rate – This is also overbroad.  The requests seek information on attrition rates. None of the requests see information about "graduation" or "graduation rates."  We included a search term for "completion rate," as this is a term used by the DOE.   The appropriate search term is what we proposed: "completion rate" AND (Saba* or SUSOM*)

- Graduation rates are related and relevant to attrition rates and should be searched. Further, as you mention, the DOE uses the term "completion rate." Another reason we included (graduat*) in the search is because Defendants' accrediting agency – NVAO – applies the graduation rates metric when evaluating Defendants' institution. For instance, the NVAO reported in January 2018 that Defendants' "programme has an overall graduation rate of 80%." Of course, NVAO is another entity governing Defendants' institution and is a gatekeeper to Defendants obtaining Title IV funding. Just as the DOE's terminology is used, the NVAO's should be used as well. We can issue another Request if you would like, but it seems unreasonable given you admit that the DOE's terminology is a fair search term despite not being explicitly used in the Requests. Here are the proposed search terms: The reason the DOE information is relevant to our case is because it supports our affirmative defense under Section 3, which itself is limited to "statutory authority of the commonwealth or of the United States." It also supports our claim that the alleged missing information was available as reported to the DOE.  Moreover, your case is not about how we reported information to the NVAO, its about the fact we did not advertise the information you claim we should have.
    - complet* AND (Saba* or SUSOM*) We have already run this term.
    - complet* AND NOT (MUA* or SJSM*) Again, R3 does not own St. James. Doing this additional search, unrelated to Saba, is not logical or proportional to the needs of the case for the same reason explained above. An R3 individual discussing attrition at Saba, is inevitably going to use the term Saba or SUSOM in the email or the attachments to the email, which will get picked up in the search. You should reconsider, this is not likely to yield meaningful results.
    - graduat* AND (Saba* or SUSOM*) This search is extremely overbroad.  Saba is a school, people graduate from school, there are graduates at schools:  the term graduate* is likely to be in millions of documents and emails, if not every single one. You should reconsider; this is not likely to yield meaningful results.
    - graduat* AND NOT (MUA* or SJSM*) Same.

3. USMLE OR "Step 1" – this is extremely overbroad and unrealistic.  Medical school is all about the USMLE.  This search will pick up advertisements, USMLE testing emails, notifications to students about the USMLE test, and so many other documents having absolutely nothing to do with this case.  Our query of USMLE and (Saba or SUSOM)  just on the custodians we identified yields  almost 70,000 documents, which is entirely unreasonable and unduly burdensome.  This

7

case is about the Step 1 passage rate, "Step 1" and "pass" must be included in the search.  We think our proposal is entirely reasonable:  (USMLE* w/5 pass* w/5 "Step 1") AND (Saba* or SUSOM*). Running this search just on the custodians we identified yields over 10,000 documents for review as it stands. Adding your additional custodians is sure to increase that number enormously.

- This is the only instance where you have provided a hit count to demonstrate the results yielded from our proposed terms. Given the large number of results, we agree that an edit to the search is warranted. We fully expect that Defendants do not always reference the USMLE when discussing Step 1 rates, and vice versa. Therefore, combining the terms will exclude relevant hits. Also, a natural conversation as to the USMLE or Step 1 may not also include the accompanying term within 5 words. For example, an advertisement seen on R3S00012014 reads, "In 2021, the first time **pass** rate among Saba students was 100% on the **USMLE Step 1**." This ad, which is directly related to the claims at issue, would not be captured by your proposed search terms. Additionally, there are instances when Defendants shorten the phrasing to simply: "100% USMLE Step 1." (R3S00003653). While the remainder of that specific document would be captured with an alternative search we have proposed, it stands to reason that "pass" might not be seen in every relevant document. In an effort to limit the results yielded, we propose the following search terms:
    - (USMLE* AND pass*) AND (Saba* or SUSOM*)
    - (USMLE* AND pass*) AND NOT (MUA* or SJSM*)
    - ("Step 1" AND pass*) AND (Saba* or SUSOM*)
    - ("Step 1" AND pass*) AND NOT (MUA* or SJSM*)
    - (USMLE* AND (Title IV OR 75% OR 98% OR 99% OR 100%)) AND (Saba* or SUSOM*)
    - (USMLE* AND (Title IV OR 75% OR 98% OR 99% OR 100%)) AND NOT (MUA* or SJSM*)
    - ("Step 1" AND (Title IV OR 75% OR 98% OR 99% OR 100%)) AND (Saba* or SUSOM*)
    - ("Step 1" AND (Title IV OR 75% OR 98% OR 99% OR 100%)) AND NOT (MUA* or SJSM*)

These terms are overbroad and not proportional to the needs of the case. R3 does not own St. James.  We have already run (USMLE* w/5 pass* w/5 "Step 1") and (Saba* or SUSOM*), which has yielded a significant number of hits.  We would consider expanding the search to (USMLE* w/10 pass* w/10 "Step 1") and (Saba* or SUSOM*) depending on how many additional hits is creates.

Third, on the custodians, we limited our search to those potentially relevant to requests 5, 7, and 8.  We will add your additional proposed custodians, so long as the search terms remain properly tailored and proportional as we suggested and the results do not create additional undue burden.  We believe we have fairly consider your terms, but do not find them reasonable.  We will proceed with the terms we originally suggested and look into adding the additional custodians.

- We appreciate you expanding the custodian list to include the custodians we proposed. Please note that we are unable to identify Cate Hogg and have not located any information about her at Saba or R3.

We appreciate the open line of communication as we work through these discovery challenges. Of course, as this litigation progresses and we have an opportunity to review Defendants' production sets, it may become apparent that additional searches are required. Accordingly, we reserve the right to request that Defendants run additional searches in response to Ms. Ortiz's Requests for Production and Interrogatories.


**Elizabeth H. Kelly**
Senior Counsel
**Locke Lord LLP**
111 Huntington Avenue
Boston, MA 02199
T: 617-239-0774
F: 866-955-9265
M: 617-470-5174

liz.kelly@lockelord.com
View My **BIO** | Connect on **LinkedIn** | Visit **lockelord.com**

**From:** John Robison Alford, Jr. <jalfordjr@MaynardNexsen.com>
**Sent:** Friday, May 10, 2024 5:43 PM
**To:** Kelly, Elizabeth H. <Liz.Kelly@lockelord.com>; Margaret M. Siller <msiller@MaynardNexsen.com>; Evans, Dale <Dale.Evans@lockelord.com>; Patrick Egan <pegan@bermantabacco.com>; Alex Elson <alex@defendstudents.org>
**Cc:** Lapp, Daryl <Daryl.Lapp@lockelord.com>; McMorrow, Michael <Michael.McMorrow@lockelord.com>
**Subject:** RE: Ortiz v. R3 and Saba - Proposed Search Terms, Dates, and Custodians

**\*\* External Email -- Sender:** jalfordjr@maynardnexsen.com **\*\***

Liz – Thank you for the email. We have responded to your comments below in blue. We understand from your email that Defendants are performing searches using the terms you originally suggested, despite the parties not having reached a resolution to the search terms. While we appreciate Defendants' efforts to expedite discovery, their discovery obligations will not be complete until searches are performed using agreed upon terms.

First, as to date ranges, although Plaintiff did, in fact, plead a class period beginning in September 2017, she has provided no basis on which to think that any former students who matriculated prior to September 2019 have a timely claim. She has pled claims that have three-year and four-year statutes of limitations, and has pled no facts which suggest that the discovery rule applies to any of her claims or those of any class members. The earliest reasonable date that any of the class members with timely claims would have begun investigating medical schools is September 2018 (a year prior to matriculation in 2019), and extending an additional eight months to the beginning of 2018 is a reasonable accommodation to encompass any outliers. The fact that the Court has not addressed our statute of limitations defense does not mean that it was rejected, does not mean that the former students who matriculated in 2017 and 2018 have timely claims. The burden to our clients to extend the time period back two additional years is high. It will significantly increase the already large number of documents we will have to review, as further explained below. We also do not agree that emails "up to the present" are relevant or proportional to the needs of the case. The class pled extends only to students who matriculated as of the date the Complaint was filed – August 30, 2023. The class definition was to the "present" which is the date filed, not a rolling or indefinite "present."

- You correctly note that the class period begins in September 2017. As you know, the discovery rule tolls the statute of limitations for 93A claims, and application of the discovery rule here will be decided by the trier of fact. It is premature at this stage to determine how far back the discovery rule should extend, as we do not have the benefit of relevant discovery. Moreover, Defendants have already produced documents relating back to at least October 2014 (R3S00000561); September 2015 (R3S00012605); and Fall of 2015 (R3S00011484), evidencing that the burden to extend the time period back is not high.
- As to the meaning of "present," we disagree with your assertion that the class stops when the Complaint was filed. Defendants continue to advertise misleading data regarding their Step 1 passage rates, and students continue to leave Saba without having sat for the Step 1 exam. Therefore, the class grows.

Second, as to search terms, we insist on using the terms (Saba* or SUSOM*) in each search because many of the custodians are R3 custodians and their emails will not be limited to Saba, but relate to other medical schools that are irrelevant to this case. Without including the Saba/SUSOM qualifier, the search results will yield many irrelevant documents and unduly burden the defendants. As to your specific proposals, we provide the following comments:

9

- We understand your concerns that a number of unrelated emails may result from not qualifying the searches by including (Saba* or SUSOM*). That said, the fact that R3 custodians are discussing Step 1 rates is exactly why we do not want to include such a limiter. For instance, there may be emails where R3 discusses how to advertise Step 1 rates without referencing any institution at all. R3 is a defendant in this litigation, and such communications are directly relevant to the claims at issue. If you are not willing to run the searches without (Saba* or SUSOM*), then we propose that two searches be run. The first would be the search terms with the limiter (Saba* or SUSOM*). The second would be the search terms with whatever limiters would be required to remove MUA and St. James, which we presume are ("Medical University of the Americas" or MUA* or "Saint James" OR SJSM*). These two searches will capture all instances of communications regarding the search terms regardless of whether Saba / SUSOM is referenced, without triggering hits on communications regarding only MUA and/or SJSM.

1. attrition* OR withdraw* OR dismiss* OR complet*  - This is extremely overbroad and unreasonable. Many people are dismissed/withdraw for reasons that have nothing to do with the USMLE.  This search will pick up emails related to every such irrelevant student.  Even worse, this search will pick up emails that have nothing to do with anything related to his case.  Emails with just the word dismiss or withdraw or complete – this will be unmanageable and unduly burden the defendants.  Moreover, it is not reasonably tailored to obtain the information sought in request 5, 7, or 8 re marketing the Step 1 passage rate and attrition rates.  We believe our proposal is entirely appropriate and reasonable:  Attrition* AND (Saba* or SUSOM*).

- We reject the notion that there are "irrelevant" students. The allegations are that Defendants misrepresented their USMLE Step 1 figures to proposed and enrolled students. Every student that attended Defendants' institution during the class period was harmed because of these misrepresentations, therefore all students are relevant. That said, rather than searching for (withdraw*) or (dismiss*), we are willing to forego these search terms, reserving our rights, if Defendants 1) as previously requested, clarify the data seen in the documents produced as R3S00011799 and R3S00011839 and the charts seen in the Defendants' Responses, and explain the manner in which the data was compiled/collected, 2) confirm these documents are a complete and accurate list of students that attended Defendants' institution from September 2017 through January 2024 that did not sit for or pass the Step 1 exam, and 3) produce native copies of R3S00011799 and R3S00011839. Also, we understand your position regarding the term (Complet*) and are willing to forego that term at this time. We reserve the right to revisit these terms at a later date in light of future discovery. Here are the proposed search terms:
    - Attrition* AND (Saba* or SUSOM*)
    - Attrition* AND NOT (MUA* or SJSM*)

2. (complet* OR graduat*) /5 rate – This is also overbroad.  The requests seek information on attrition rates. None of the requests see information about "graduation" or "graduation rates."  We included a search term for "completion rate," as this is a term used by the DOE.   The appropriate search term is what we proposed: "completion rate" AND (Saba* or SUSOM*)

- Graduation rates are related and relevant to attrition rates and should be searched. Further, as you mention, the DOE uses the term "completion rate." Another reason we included (graduat*) in the search is because Defendants' accrediting agency – NVAO – applies the graduation rates metric when evaluating Defendants' institution. For instance, the NVAO reported in January 2018 that Defendants' "programme has an overall graduation rate of 80%." Of course, NVAO is another entity governing Defendants' institution and is a gatekeeper to Defendants obtaining Title IV funding. Just as the DOE's terminology is used, the NVAO's should be used as well. We can issue another Request if you would like, but it seems unreasonable given you admit that the DOE's terminology is a fair search term despite not being explicitly used in the Requests. Here are the proposed search terms:
    - complet* AND (Saba* or SUSOM*)
    - complet* AND NOT (MUA* or SJSM*)
    - graduat* AND (Saba* or SUSOM*)
    - graduat* AND NOT (MUA* or SJSM*)

3. USMLE OR "Step 1" – this is extremely overbroad and unrealistic.  Medical school is all about the USMLE.  This search will pick up advertisements, USMLE testing emails, notifications to students about the USMLE test, and so many other documents having absolutely nothing to do with this case.  Our query of USMLE and (Saba or SUSOM)  just on the custodians we identified yields  almost 70,000 documents, which is entirely unreasonable and unduly burdensome.  This case is about the Step 1 passage rate, "Step 1" and "pass" must be included in the search.  We think our proposal is entirely reasonable:  (USMLE* w/5 pass* w/5 "Step 1") AND (Saba* or SUSOM*). Running this search just on the custodians we identified yields over 10,000 documents for review as it stands. Adding your additional custodians is sure to increase that number enormously.

- This is the only instance where you have provided a hit count to demonstrate the results yielded from our proposed terms. Given the large number of results, we agree that an edit to the search is warranted. We fully expect that Defendants do not always reference the USMLE when discussing Step 1 rates, and vice versa. Therefore, combining the terms will exclude relevant hits. Also, a natural conversation as to the USMLE or Step 1 may not also include the accompanying term within 5 words. For example, an advertisement seen on R3S00012014 reads, "In 2021, the first time **pass** rate among Saba students was 100% on the **USMLE Step 1**." This ad, which is directly related to the claims at issue, would not be captured by your proposed search terms. Additionally, there are instances when Defendants shorten the phrasing to simply: "100% USMLE Step 1." (R3S00003653). While the remainder of that specific document would be captured with an alternative search we have proposed, it stands to reason that "pass" might not be seen in every relevant document. In an effort to limit the results yielded, we propose the following search terms:
    - (USMLE* AND pass*) AND (Saba* or SUSOM*)
    - (USMLE* AND pass*) AND NOT (MUA* or SJSM*)
    - ("Step 1" AND pass*) AND (Saba* or SUSOM*)
    - ("Step 1" AND pass*) AND NOT (MUA* or SJSM*)
    - (USMLE* AND (Title IV OR 75% OR 98% OR 99% OR 100%)) AND (Saba* or SUSOM*)
    - (USMLE* AND (Title IV OR 75% OR 98% OR 99% OR 100%)) AND NOT (MUA* or SJSM*)
    - ("Step 1" AND (Title IV OR 75% OR 98% OR 99% OR 100%)) AND (Saba* or SUSOM*)
    - ("Step 1" AND (Title IV OR 75% OR 98% OR 99% OR 100%)) AND NOT (MUA* or SJSM*)

Third, on the custodians, we limited our search to those potentially relevant to requests 5, 7, and 8.  We will add your additional proposed custodians, so long as the search terms remain properly tailored and proportional as we suggested and the results do not create additional undue burden.  We believe we have fairly consider your terms, but do not find them reasonable.  We will proceed with the terms we originally suggested and look into adding the additional custodians.

- We appreciate you expanding the custodian list to include the custodians we proposed.

We appreciate the open line of communication as we work through these discovery challenges. Of course, as this litigation progresses and we have an opportunity to review Defendants' production sets, it may become apparent that additional searches are required. Accordingly, we reserve the right to request that Defendants run additional searches in response to Ms. Ortiz's Requests for Production and Interrogatories.

**John Robison Alford, Jr.**
Associate | Education
P: 205.254.1847
jalfordjr@MaynardNexsen.com | vCard

1901 Sixth Ave N, Suite 1700
Birmingham, AL 35203



**From:** Kelly, Elizabeth H. <Liz.Kelly@lockelord.com>
**Sent:** Thursday, May 2, 2024 5:27 PM
**To:** Margaret M. Siller <msiller@MaynardNexsen.com>; Evans, Dale <Dale.Evans@lockelord.com>; Patrick Egan <pegan@bermantabacco.com>; Alex Elson <alex@defendstudents.org>; John Robison Alford, Jr. <jalfordjr@MaynardNexsen.com>
**Cc:** Lapp, Daryl <Daryl.Lapp@lockelord.com>; McMorrow, Michael <Michael.McMorrow@lockelord.com>
**Subject:** RE: Ortiz v. R3 and Saba - Proposed Search Terms, Dates, and Custodians

Maggie, our response to your email below is as follows:

First, as to date ranges, although Plaintiff did, in fact, plead a class period beginning in September 2017, she has provided no basis on which to think that any former students who matriculated prior to September 2019 have a timely claim. She has pled claims that have three-year and four-year statutes of limitations, and has pled no facts which suggest that the discovery rule applies to any of her claims or those of any class members. The earliest reasonable date that any of the class members with timely claims would have begun investigating medical schools is September 2018 (a year prior to matriculation in 2019), and extending an additional eight months to the beginning of 2018 is a reasonable accommodation to encompass any outliers. The fact that the Court has not addressed our statute of limitations defense does not mean that it was rejected, does not mean that the former students who matriculated in 2017 and 2018 have timely claims. The burden to our clients to extend the time period back two additional years is high. It will significantly increase the already large number of documents we will have to review, as further explained below. We also do not agree that emails "up to the present" are relevant or proportional to the needs of the case. The class pled extends only to students who matriculated as of the date the Complaint was filed – August 30, 2023. The class definition was to the "present" which is the date filed, not a rolling or indefinite "present."

Second, as to search terms, we insist on using the terms (Saba* or SUSOM*) in each search because many of the custodians are R3 custodians and their emails will not be limited to Saba, but relate to other medical schools that are irrelevant to this case. Without including the Saba/SUSOM qualifier, the search results will yield many irrelevant documents and unduly burden the defendants. As to your specific proposals, we provide the following comments:

1. attrition* OR withdraw* OR dismiss* OR complet*  - This is extremely overbroad and unreasonable. Many people are dismissed/withdraw for reasons that have nothing to do with the USMLE. This search will pick up emails related to every such irrelevant student. Even worse, this search will pick up emails that have nothing to do with anything related to his case. Emails with just the word dismiss or withdraw or complete – this will be unmanageable and unduly burden the defendants. Moreover, it is not reasonably tailored to obtain the information sought in request 5, 7, or 8 re marketing the Step 1 passage rate and attrition rates. We believe our proposal is entirely appropriate and reasonable:  Attrition* AND (Saba* or SUSOM*).

2. (complet* OR graduat*) /5 rate – This is also overbroad. The requests seek information on attrition rates. None of the requests see information about "graduation" or "graduation rates." We included a search term for "completion rate," as this is a term used by the DOE. The appropriate search term is what we proposed: "completion rate" AND (Saba* or SUSOM*)

3. USMLE OR "Step 1" – this is extremely overbroad and unrealistic. Medical school is all about the USMLE. This search will pick up advertisements, USMLE testing emails, notifications to students about the USMLE test, and so many other documents having absolutely nothing to do with this case. Our query of USMLE and (Saba or SUSOM)  just on the custodians we identified yields almost 70,000 documents, which is entirely unreasonable and unduly burdensome. This case is about the Step 1 passage rate, "Step 1" and "pass" must be included in the search. We think our proposal is entirely reasonable:  (USMLE* w/5 pass* w/5 "Step 1") AND (Saba* or SUSOM*). Running this search just on the custodians we identified yields over 10,000 documents for review as it stands. Adding your additional custodians is sure to increase that number enormously.

Third, on the custodians, we limited our search to those potentially relevant to requests 5, 7, and 8.  We will add your additional proposed custodians, so long as the search terms remain properly tailored and proportional as we suggested and the results do not create additional undue burden.  We believe we have fairly consider your terms, but do not find them reasonable.  We will proceed with the terms we originally suggested and look into adding the additional custodians.

Thank you,
Liz

**Elizabeth H. Kelly**
Senior Counsel
**Locke Lord LLP**
111 Huntington Avenue
Boston, MA 02199
T: 617-239-0774
F: 866-955-9265
M: 617-470-5174
liz.kelly@lockelord.com
View My **BIO** | Connect on **LinkedIn** | Visit **lockelord.com**

---

**From:** Margaret M. Siller <msiller@MaynardNexsen.com>
**Sent:** Thursday, April 25, 2024 4:12 PM
**To:** Evans, Dale <Dale.Evans@lockelord.com>; Patrick Egan <pegan@bermantabacco.com>; Alex Elson <alex@defendstudents.org>; John Robison Alford, Jr. <jalfordjr@MaynardNexsen.com>
**Cc:** Lapp, Daryl <Daryl.Lapp@lockelord.com>; Kelly, Elizabeth H. <Liz.Kelly@lockelord.com>; McMorrow, Michael <Michael.McMorrow@lockelord.com>
**Subject:** RE: Ortiz v. R3 and Saba - Proposed Search Terms, Dates, and Custodians

**\*\* External Email -- Sender:** msiller@maynardnexsen.com **\*\***

Counsel,

Per our video conference this afternoon, below are Plaintiff's proposed revisions to the search parameters proposed by Defendants.

*First*, as noted during our call, Defendants' proposed date range is unacceptable.  The proposed Class in this action is "[a]ll individuals who enrolled at Saba from September of 2017 to the present who: (i) are no longer enrolled at Saba and (ii) did not sit for the USMLE Step 1 exam."  As we noted during our call, the Court did not grant Defendants' statute of limitations argument on Defendants' motion to dismiss so there is no reasonable basis to exclude documents within the proposed Class Period. Therefore, in order to capture the communications and advertisements to prospective students who ultimately enrolled in September of 2017, the date range should extend back to at least January 1, 2016 and continue to present.

*Second*, the proposed search strings are unreasonably limited.  Given that these documents are from Saba custodians, we see no reason to include Saba* or SUSOM* as search terms. In addition, the search (USMLE* w/5 pass* w/5 "Step 1")

13

is far too narrow as it requires USMLE, Step 1, and pass* all to be included.  Therefore, we would propose the following search terms:
1. attrition* OR withdraw* OR dismiss* OR complet*
2. (complet* OR graduat*) /5 rate
3. USMLE OR "Step 1"

We request that Defendants run these search terms on the custodians identified in your email and proposed by Plaintiff below and generate relevant hit counts.  If the hits are excessive, we can discuss reasonable limitations at that stage.

***Third***, Plaintiff inquired into how Defendants' proposed custodian list was generated.  Defendants' counsel indicated that it was in consultation with their client but provided no further detail.  Please provide further detail regarding how this list was generated including who was involved at Defendants.

Moreover, as we noted during the call, there were several individuals that appear in publicly available organizational charts or are identified in Defendants' initial disclosures that should be included.  For example, and reserving our rights to add additional custodians, in addition to those identified by Defendants, Plaintiff proposes adding the following custodians:
1. James Bruzik
2. Duco Duchatteau
3. Michael Laskowski
4. Roger Young
5. Vaughn Huckfeldt, Jr.
6. Laura Boatswain
7. Shruti Singh
8. Rachel L. Robson
9. Akim Bell
10. Admissions@saba.edu

In addition, since Defendants have not produced organizational charts, Plaintiff also requests that any predecessors or successors of the custodians identified by Defendants or by Plaintiff be included for the relevant time frame (January 1, 2016 to present).

We are available to meet and confer as needed.

Best,
Maggie

**Margaret M. Siller**
Shareholder | Litigation
P: 629.258.2253
msiller@MaynardNexsen.com | vCard

1131 4th Ave. South, Suite 320
Nashville, TN 37210



---

**From:** Evans, Dale <Dale.Evans@lockelord.com>
**Sent:** Wednesday, April 10, 2024 5:08 PM
**To:** Patrick Egan <pegan@bermantabacco.com>; Margaret M. Siller <msiller@MaynardNexsen.com>; Alex Elson <alex@defendstudents.org>; John Robison Alford, Jr. <jalfordjr@MaynardNexsen.com>
**Cc:** Lapp, Daryl <Daryl.Lapp@lockelord.com>; Kelly, Elizabeth H. <Liz.Kelly@lockelord.com>; McMorrow, Michael

<Michael.McMorrow@lockelord.com>
**Subject:** Ortiz v. R3 and Saba - Proposed Search Terms, Dates, and Custodians

Pat,

We write with respect to plaintiff's first requests for production of documents #5, 7, 8. Given the broad scope of the requests, the emails that are technically responsive to the requests, though not relevant to any party's claim or defense nor proportional to the needs of the case, are prohibitively voluminous. Thus, and pursuant to the parties' Stipulated Protocol for Producing Documents and Electronically Stored Information (Dkt. No. 47), Defendants propose the following search terms for those requests for emails between January 1, 2018 and July 25, 2023:

- Attrition* AND (Saba* or SUSOM*)
- "completion rate" AND (Saba or SUSOM*)
- (USMLE* w/5 pass* w/5 "Step 1") AND (Saba* or SUSOM*)

After conferring further with our clients, we have identified the following custodians who may possess responsive emails. We would apply the above-referenced search terms to their email accounts during the dates listed above:
- Sarah Russell
- Gerald Wargo
- Christopher Cebula
- Joseph Chu
- Maurice Clifton
- Gregory Czuba
- Donald Donahue
- Patrick Donnellan
- Cate Hogg
- Susan Horvath
- Terry Moya
- Bill Purnell
- Steven Rodger
- Joey Vigeant
- admissions@saba.com
- Stephanie Jazo
- Abi Webster
- Katrina Bongalos
- Denisse Diaz
- Moe Kamal
- Lipsheon Jhand

For the sake of clarity, Defendants reserve the right to withhold any emails containing the above-referenced search terms to the extent such emails are non-responsive, withheld as irrelevant based on our objections, or privileged.

Please let us know if you agree or wish to discuss in further detail.

**Dale A. Evans Jr.**
Partner
**Locke Lord LLP**
777 South Flagler Drive
East Tower Suite 215
West Palm Beach, FL 33401
T: 561-820-0248
eFax: 561-828-7994

dale.evans@lockelord.com

View My BIO | Connect on LinkedIn | Visit lockelord.com



Atlanta | Austin | Boston | Brussels | Chicago | Cincinnati | Dallas | Hartford | Houston | London | Los Angeles | Miami | New Orleans | New York | Newark | Providence | San Francisco | Stamford | Washington DC | West Palm Beach

For more information, including our privacy notices and policies, visit www.lockelord.com

CONFIDENTIALITY NOTICE:
This e-mail and any attached files from Locke Lord LLP may contain information that is privileged, confidential and/or exempt from disclosure under applicable law. If you are not the intended recipient, you are hereby notified that any dissemination, distribution or copying of this communication is strictly prohibited. If you received this e-mail by accident, please notify the sender immediately and destroy this e-mail and all copies of it. We may scan and or monitor emails sent to and from our servers to ensure regulatory compliance to protect our clients and business.

Confidentiality Notice - The information contained in this e-mail and any attachments to it is intended only for the named recipient and may be legally privileged and include confidential information. If you are not the intended recipient, be aware that any disclosure, distribution or copying of this e-mail or its attachments is prohibited. If you have received this e-mail in error, please notify the sender immediately of that fact by return e-mail and permanently delete the e-mail and any attachments to it. Thank you.

Confidentiality Notice - The information contained in this e-mail and any attachments to it is intended only for the named recipient and may be legally privileged and include confidential information. If you are not the intended recipient, be aware that any disclosure, distribution or copying of this e-mail or its attachments is prohibited. If you have received this e-mail in error, please notify the sender immediately of that fact by return e-mail and permanently delete the e-mail and any attachments to it. Thank you.

Confidentiality Notice - The information contained in this e-mail and any attachments to it is intended only for the named recipient and may be legally privileged and include confidential information. If you are not the intended recipient, be aware that any disclosure, distribution or copying of this e-mail or its attachments is prohibited. If you have received this e-mail in error, please notify the sender immediately of that fact by return e-mail and permanently delete the e-mail and any attachments to it. Thank you.

Confidentiality Notice - The information contained in this e-mail and any attachments to it is intended only for the named recipient and may be legally privileged and include confidential information. If you are not the intended recipient, be aware that any disclosure, distribution or copying of this e-mail or its attachments is prohibited. If you have received this e-mail in error, please notify the sender immediately of that fact by return e-mail and permanently delete the e-mail and any attachments to it. Thank you.