# EXHIBIT 42

## COMMONWEALTH OF MASSACHUSETTS

WORCESTER, ss.
SUPERIOR COURT
CIVIL ACTION
NO. 2085CV01052

### MARINA BALASANYAN[1] & another[2]

vs.

### R3 EDUCATION INC. d/b/a MEDICAL UNIVERSITY OF THE AMERICAS

### MEMORANDUM OF DECISION AND ORDER ON DEFENDANT'S MOTION FOR JUDGMENT ON THE PLEADINGS

This case arises out of the tragic death of two young women, Gayan Balasanyan (Ms. Balasanyan) and Nada Khalil (Ms. Khalil), who attended medical school on the Island of Nevis in the Federation of St. Christopher and Nevis in the West Indies (Nevis). Their estates (plaintiffs) brought an action against the defendant, R3 Education Inc. (R3) d/b/a Medical University of the Americas (MUA), the operator of the medical school, asserting claims under the Massachusetts Wrongful Death Act, G. L. c. 229, § 2 (Counts I and II), a survival claim for pain and suffering (Count III), and a claim for breach of warranty of habitability (Count IV). R3 now seeks to dismiss the action under Mass. R. Civ. P. 12(c), arguing that the complaint is time-barred under Nevis's one-year statute of limitations or, alternatively, on the grounds of *forum non conveniens* pursuant to G. L. c. 223A, § 5. After hearing, and for the reasons set forth herein, the motion is **DENIED**.

---

[1] Personal representative of the Estate of Gayane B. Balasanyan
[2] Ahmed Khalil, personal representative of the Estate of Nada M. Khalil

1

## BACKGROUND

For purposes of deciding R3's motion, the court accepts as true the following factual assertions contained in the plaintiffs' complaint. See *Flomenbaum v. Commonwealth*, 451 Mass. 740, 742 (2008).

In October of 2018, Ms. Khalil, a resident of New Jersey, and Ms. Balasanyan, a resident of California, were attending MUA. MUA is fully owned by R3, a private, non-profit corporation with a principal place of business in Devens, Massachusetts. The women lived in a MUA dormitory that was part of student housing at the MUA campus and was controlled by R3.

On October 3, 2018, the two women were studying together in Ms. Khalil's room at the MUA dormitory. At 8:30 p.m., an explosion occurred in the room, causing the windows and doors to blow out and setting the building on fire. As a result of the explosion, both women suffered serious burns and were transported to hospitals in the United States where they succumbed to their injuries. The explosion and fire were caused by an improperly installed and maintained gas cooking stove that was connected to an external propane tank.

Nearly two years after the accident, the plaintiffs filed this action against R3. In the complaint, the plaintiffs allege that R3, its servants, agents and/or representatives, acting at its direction, "built, furnished, installed, repaired and maintained the building, its appliances and utilities, including the subject stove and gas piping that caused the explosion and fire and the injuries and deaths of the decedents." According to plaintiffs, leading up to the incident, R3, its servants, agents and/or representatives, acting at its direction, "failed to hire, retain, and utilize sufficient and adequately trained, experienced and workmanlike contractors, subcontractors, managers, employees, agents, and/or inspectors for the MUA Dorm where the students were housed." The plaintiffs allege that R3 was negligent, as well as grossly negligent, reckless, and

2

willful or wanton. They also assert that R3 "owed, and breached, express and implied warranties of habitability arising out of the design, construction, furnishings, rental, and management of [MUA] dormitory to and for the decedents."

## DISCUSSION

A motion for judgment on the pleadings, under rule 12(c), is a challenge to the legal sufficiency of a complaint. See *Jarosz* v. *Palmer,* 436 Mass. 526, 529 (2002), quoting J.W. Smith & H.B. Zobel, Rules Practice § 12.16 (1974) (rule 12[c] motion is "actually a motion to dismiss . . . [that] argues that the complaint fails to state a claim upon which relief can be granted"). "For purposes of the court's consideration of the [rule 12(c)] motion, all of the well pleaded factual allegations in the adversary's pleadings are assumed to be true and all contravening assertions in the movant's pleadings are taken to be false." *Minaya* v. *Massachusetts Credit Union Share Ins. Corp.*, 392 Mass. 904, 905 (1984). "Judgment on the pleadings may be entered if a plaintiff fails to present sufficient facts in the complaint to support the legal claims made." *Flomenbaum*, 451 Mass. at 742.

### A. Choice of Law and Statute of Limitations

R3 seeks to dismiss the action, arguing that Nevis's one-year statute of limitations for wrongful death tort claims bars the plaintiffs' claims as untimely. The plaintiffs argue that the Massachusetts three-year statute of limitations for tort claims, G. L. c. 260, § 2A, applies, rendering this action timely filed. This court agrees with the plaintiffs.

Massachusetts applies a functional approach in determining the statute of limitations when a choice of law question arises. *Nierman* v. *Hyatt Corp.*, 441 Mass. 693, 695 (2004). Generally, Massachusetts "will apply its own statute of limitations permitting the claim unless: (a) maintenance of the claim would serve no substantial interest of the forum; and (b) the claim

3

would be barred under the statute of limitations of a state having a more significant relationship to the parties and the occurrence." *Id.* at 696 (quoting Restatement (Second) of Conflict of Laws § 142 (Supp. 1989)). "Stated in affirmative terms, a forum should apply its own statute of limitations permitting the claim if it would advance a substantial forum interest and would not seriously impinge upon the interests of other states." *Id.* (internal quotations and citation omitted). The focus of this choice of law analysis is on the timeliness of the action, rather than the underlying claim. *Id.* at 697. Therefore, this court must consider: (1) whether Massachusetts has a substantial interest in permitting the wrongful death claims to go forward; and (2) whether Nevis has a more significant relationship to the parties and the wrongful death claim. *Id.* at 696.

With regard to the first part of the inquiry, applying Massachusetts' statute of limitations to this case would further its "significant interest" in seeing a resident defendant like R3 "be held accountable for its conduct, which took place in Massachusetts, and which allegedly caused the plaintiff's injury." *Cosme v. Whitin Machine Works, Inc.*, 417 Mass. 643, 649 (1994). Although the explosion and the actual injury to the decedents occurred in Nevis, much of R3's alleged negligence with regard to its decisions regarding hiring, selection, and retention of contractors, managers, employees, and other personnel involved in the management of MUA's dormitories occurred in Massachusetts, at the facility in Devens. The plaintiffs allege a variety of interactions between the MUA students and the office in Devens with regard to matters involving applications, admissions, tuition, and housing. The plaintiffs also allege that decisions and directives concerning MUA's dormitories were made by R3 in Massachusetts. Taking these allegations as true for the purposes of this motion, Massachusetts "has a dominant interest in seeing its policy enforced." *Id.*

4

With respect to the second prong of the analysis, although Nevis "has an interest in having its stricter statute of limitations applied to this case, that interest is not so obviously dominant that it warrants setting aside Massachusetts' statute of limitations." See *Holbrook* v. *Boston Scientific Corp.*, 487 F. Supp. 3d 100, 106 (D. Mass. 2020). This interest is especially less compelling where no Nevis's defendant faces liability. *Id.* At this early stage of the proceedings, R3 has not established that Nevis's interest in the timeliness of this action warrants applying its statute of limitations. See *id.*

Considering Massachusetts' substantial interest in the timeliness of this case, and the competing interests of Nevis, the court finds that Massachusetts three-year statute of limitations is appropriate for the plaintiffs' wrongful death claims.

## B. Forum Non Conveniens

Alternatively, R3 moves to dismiss the complaint under G. L. c. 223A, § 5, which allows the court to dismiss an action upon a finding that substantial justice requires the action to be heard in another forum. The statute embodies the common law doctrine of *forum non conveniens*, which is a discretionary device that allows the court to dismiss an action under certain circumstances where venue and jurisdiction are proper. A plaintiff's choice of forum seldom should be disturbed; consequently, "dismissal on the ground of forum non conveniens will rarely be granted[.]" *Kearsarge Metallurgical Corp.* v. *Peerless Ins. Co.*, 383 Mass. 162, 169 (1981).

"A decision whether to dismiss an action under the doctrine of forum non conveniens involves the discretion of the motion judge, cannot be made by applying a universal formula, and depends greatly on the specific facts of the proceeding before the Court." *W. R. Grace & Co.* v. *Hartford Accident & Indemnity Co.*, 407 Mass. 572, 578 (1990)(citation omitted). A defendant

may overcome the presumption that arises in favor of a plaintiff's choice of forum by demonstrating: (1) the plaintiff has an adequate alternative forum in which to pursue its claim; and (2) the balance of private and public interest factors weigh strongly in favor of dismissal. See *Gianocostas* v. *Interface Group-Massachusetts, Inc.*, 450 Mass. 715, 725 (2008). The private factors include "the ease of access to proof, the availability of compulsory process, and the cost of attendance of witnesses." *W.R. Grace & Co.*, 407 Mass. at 578. "Factors of public interest include administrative burdens caused by litigation that has its origins elsewhere and the desirability of the trial of a case in a forum that is at home with the governing law." *Id.*

This court finds that, on the basis of the allegations in the complaint, standing alone, it is premature to determine whether dismissal of the action is appropriate on the *forum non conveniens* grounds. First, the record does not contain sufficient information as to whether Nevis is an adequate alternative forum for the plaintiffs' survival and warranty of habitability claims; it is unclear whether Nevins recognizes a cause of action for the warranty of habitability or what the statute of limitations on such a claim would be. Similarly, it is not clear what limitations period applies to the survival claims under Nevis' law. Finally, it is unknown whether the decision of this court on the applicable statute of limitations period would be followed by a Nevis court if the case is transferred there. Without a fully developed record, the court is also unable to perform the balancing of the public and private interest factors. As such, the decision on the *forum non convenience* issue must be reserved for the later stage of the proceedings. See *Resolute Mgmt. Inc.* v. *Transatlantic Reinsurance Co.*, 87 Mass. App. Ct. 296, 302-303 (2015) (holding that discovery and development of factual record are required to conduct functional assessment envisioned by Restatement (Second) of Conflict of Laws).

In light of the above discussion, the court denies R3's motion for judgment on the pleadings.

## ORDER

For the foregoing reasons, R3's motion for judgment on the pleadings is hereby **DENIED**.

*[signature]*
David M. Hodge
Justice of the Superior Court

DATED: March 29, 2022

Entered and Copies Mailed 3/30/22