# EXHIBIT  43

COMMONWEALTH OF MASSACHUSETTS

MIDDLESEX, SS.                                SUPERIOR COURT DEPARTMENT

JOHN DOE,

          Plaintiff

     v.                                           Civil Action No. 2381-CV-00982

R3 EDUCATION, INC., d/b/a SABA                RECEIVED
UNIVERSITY SCHOOL OF MEDICINE,

          Defendant

06/05/23

## DEFENDANT'S ANSWER TO PLAINTIFF'S COMPLAINT

Defendant R3 Education, Inc. d/b/a Saba University School of Medicine ("Saba")

answers the correspondingly numbered paragraphs of the Complaint as follows:

### PARTIES

1.     R3 lacks information sufficient to form a belief as to the truth of the allegations in

this paragraph.

2.     Admitted.

### JURISDICTION

3.     Admitted.

4.     Admitted.

5.     Admitted.

### FACTS RELEVANT TO ALL CLAIMS

6.     Admitted.

7.     Admitted.

1

JB

8.    Admitted that some but not all of the school's business activities and administrative functions, including admissions and financial aid decisions, are conducted through its corporate offices in Devens, Massachusetts.  Otherwise denied.

9.    R3 lacks information sufficient to form a belief as to the truth of the allegations in this paragraph.

10.    R3 lacks information sufficient to form a belief as to the truth of the allegations in this paragraph.

11.    R3 lacks information sufficient to form a belief as to the truth of the allegations in this paragraph.

12.    R3 lacks information sufficient to form a belief as to the truth of the allegations in this paragraph.

13.    R3 lacks information sufficient to form a belief as to the truth of the allegations in this paragraph.

14.    Admitted.

15.    Admitted that the USMLE exams consist of three parts or "steps" and that in order to be eligible to take the Step 1 exam, a medical student ordinarily must pass courses in the basic sciences at their medical school, which typically take two academic years to complete, while also satisfying any eligibility requirements or prerequisites established by the school.  R3 lacks information sufficient to form a belief as to the truth of any remaining allegations in this paragraph.

16.    Admitted that the organizations which sponsor the USMLE Step 1 exam do not require students to take or pass any tests in order to take the Step 1 exam, but instead require

students to be certified by their medical schools as a prerequisite for taking the exam.  Otherwise denied.

     17.      Admitted.

     18.      Admitted.

     19.      Admitted that the NBME does this at the request of the applicant.  Otherwise denied.

     20.      R3 lacks information sufficient to form a belief as to the truth of the allegations in this paragraph.

     21.      R3 lacks information sufficient to form a belief as to the truth of what Plaintiff believes he "knew."  Otherwise denied.

     22.      R3 lacks information sufficient to form a belief as to the truth of the allegations in this paragraph.

     23.      R3 lacks information sufficient to form a belief as to the truth of the allegations in this paragraph.

     24.      Denied.

     25.      Denied.

     26.      R3 admits that on October 2, 2018, Plaintiff submitted an application for admission to Saba and paid the $75.00 application fee.  R3 lacks information sufficient to form a belief as to the truth of the remaining allegations in this paragraph.

     27.      Admitted.

     28.      Admitted.

29.　　R3 admits that during the October 10, 2018 Open House, Saba presented a PowerPoint presentation indicating that in 2017, Saba's first-time pass rate for the USMLE Step 1 was 100%. Otherwise denied.

30.　　R3 admits that on October 10, 2018, an email was sent to Plaintiff on behalf of Saba indicating that Saba's first-time pass rate on the USMLE Step 1 was 100%. Otherwise denied.

31.　　R3 admits that on October 18, 2018, Plaintiff was sent an email on behalf of Saba inviting him to attend a Facebook Live event to be held on October 22, 2018. R3 lacks information sufficient to form a belief as to the truth of the remaining allegations in this paragraph.

32.　　Admitted.

33.　　R3 admits that Plaintiff replied to the email he received on October 18, 2018, asking the quoted questions. Otherwise denied.

34.　　R3 admits that on October 18, 2018, Plaintiff was sent an email on behalf of Saba indicating a 99% USMLE first-time pass rate. Otherwise denied.

35.　　R3 lacks information sufficient to form a belief as to the truth of the allegations in this paragraph.

36.　　R3 lacks information sufficient to form a belief as to the truth of the allegations in this paragraph.

37.　　Admitted.

38.　　Admitted.

39.　　Admitted that Saba received Plaintiff's letter of intent to enroll and $750 deposit on or about November 12, 2018. Otherwise denied.

40.    R3 lacks information sufficient to form a belief as to the truth of what Plaintiff knew.  R3 denies any allegation that the information had not been disclosed and denies any remaining allegations of this paragraph.

41.    Denied.

42.    Admitted that the requirement was not disclosed on the admission application. Denied that Saba failed to disclose the requirement in its student handbook and course catalog, both of which were referenced on the website, or in response to any inquiry by Plaintiff about USMLE requirements.  Any remaining allegations of this paragraph are denied.

43.    Denied.

44.    Admitted.

45.    Admitted.

46.    Denied.

47.    Admitted.

48.    Denied.

49.    Admitted.

50.    Admitted.

51.    Admitted.

52.    Admitted.

53.    R3 lacks information sufficient to form a belief as to when Plaintiff first "learned" of these requirements.  Denied that the information was not disclosed before this time.

54.    Admitted that Saba sent Plaintiff an email on February 15, 2021 with the syllabus for the fifth semester's second section, which included the NBME exam requirements.  Denied that this was the first time Saba disclosed these exam requirements.

55.    Admitted that the NBME does not directly require students to take or pass any NBME exams in order to take Step 1, but instead looks to medical schools to establish their own prerequisites and certify when students are ready to take Step 1.  Otherwise denied.

56.    Admitted.

57.    R3 lacks information sufficient to form a belief as to the truth of the allegations in this paragraph.

58.    R3 lacks information sufficient to form a belief as to the truth of the allegations in this paragraph.

59.    Admitted that Plaintiff was attending Saba courses remotely in 2021.  R3 lacks information sufficient to form a belief as to the truth of the remaining allegations in this paragraph.

60.    R3 lacks information sufficient to form a belief as to the truth of the allegations in this paragraph.

61.    R3 lacks information sufficient to form a belief as to the truth of the allegations in this paragraph.

62.    R3 lacks information sufficient to form a belief as to the truth of the allegations in this paragraph.

63.    R3 lacks information sufficient to form a belief as to the truth of the allegations in this paragraph.

64.    R3 admits that Plaintiff failed to pass the final exam on April 14, 2021.  R3 lacks information sufficient to form a belief as to the truth of the remaining allegations in this paragraph.

65.     R3 admits that Plaintiff retook and failed the final exam in August 2021 and December 2021 and that his scores improved over the April 2021 exam.  Otherwise denied.

66.     Admitted.

67.     Admitted.

68.     Admitted.

69.     Admitted.

70.     Admitted.

71.     Admitted.

72.     R3 admits that it sent the letter to Plaintiff, dated August 11, 2022 and that it contains the quoted language.  R3 lacks information sufficient to form a belief as to when Plaintiff received the letter.

73.     Admitted.

74.     Admitted.

75.     Admitted that the Promotions Committee met on August 29, 2022 to consider Plaintiff's appeal.  Otherwise denied.

76.     Admitted.

77.     R3 lacks information sufficient to form a belief as to the truth of the allegations in this paragraph.

78.     Admitted that Plaintiff requested to meet with the Committee remotely.  R3 lacks information sufficient to form a belief as to the truth of the remaining allegations of this paragraph.

79.     Admitted that Plaintiff was informed that his request to meet remotely was denied because only in person meetings are permitted.  Otherwise denied.

80.     Admitted that Saba emailed Plaintiff a letter from the Promotions Committee on August 29, 2022 at 2:06 PM informing him that his appeal was denied, and which did not discuss the content of Plaintiff's appeal.  Otherwise denied.

81.     Admitted that at 2:24 PM, Plaintiff responded to the email indicating his intention to appeal the decision to the Associate Dean for Basic Sciences.  Otherwise denied.

82.     Admitted that Saba sent Plaintiff Dr. Robson's letter notifying him that his dismissal was upheld on August 29, 2022 at 3:30 PM.  Otherwise denied.

83.     Admitted.

84.     Admitted that on August 31, 2022, at 1:58 PM Saba emailed Plaintiff a letter from Dr. Chu stating that Dr. Chu had reviewed Plaintiff's appeal materials and upheld his dismissal. Otherwise denied.

85.     Admitted.

86.     R3 lacks information sufficient to form a belief as to the truth of the allegations in this paragraph.

87.     R3 lacks information sufficient to form a belief as to the truth of the allegations in this paragraph.

88.     R3 admits that is what Exhibit 2 says.  R3 otherwise lacks information sufficient to form a belief as to the truth of the allegations in this paragraph.

89.     R3 admits that is what Exhibit 2 says.  R3 admits that at U.S. and Canadian schools, 98% of first time USMLE Step 1 test takers in 2020 passed the exam.  R3 admits that medical school students are eligible to take the USMLE Step 1 exam after they complete their basic science courses and satisfy whatever additional prerequisites their respective schools establish.  Otherwise denied.

90.     R3 admits that Exhibit 2 contains the quoted language.  R3 admits that NBME does not itself establish prerequisite test requirements for the Step 1 exam, instead leaving it to individual medical schools to adopt any such requirements and certify when students are ready to sit for Step 1.  R3 otherwise lacks information sufficient to form a belief as to the truth of the allegations in this paragraph.

91.     R3 admits that is what Exhibit 2 says.  R3 otherwise lacks information sufficient to form a belief as to the truth of the allegations in this paragraph.

92.     R3 admits that is what Exhibit 2 says.  R3 otherwise lacks information sufficient to form a belief as to the truth of the allegations in this paragraph.

93.     R3 admits that a Consent Order is available at the link provided, and that it contains the referenced provisions.  R3 otherwise lacks information sufficient to form a belief as to the truth of the allegations in this paragraph.

94.     R3 admits that Exhibit 3 is a press release which contains the quoted language. R3 otherwise lacks information sufficient to form a belief as to the truth of the allegations in this paragraph.

95.     Denied.

96.     R3 denies it was conducting business in an unfair manner or using deceptive practices. R3 admits that in October 2018, emails were sent to Plaintiff on behalf of Saba indicating its students had a 100% USMLE first-time pass rate.  Otherwise denied.

97.     R3 admits that it showed a video at the Open House, which included a PowerPoint presentation indicating that in 2017, Saba's first-time pass rate for the USMLE Step 1 was 100%.  R3 lacks information sufficient to form a belief as to the truth of the allegations concerning the Facebook Live event.  Otherwise denied.

98.    R3 lacks information sufficient to form a belief as to the truth of the allegations concerning the timing of Plaintiff's decision to enroll at Saba.  R3 admits that Plaintiff responded to an email sent to Plaintiff on behalf of Saba asking about the Step 1 exam.  R3 admits that Saba did not respond to Plaintiff's email.  Otherwise denied.

99.    Denied.

100.    Denied.

101.    Denied.

102.    R3 admits that Saba sent an email to Plaintiff in February 2021 outlining the requirements to pass Foundations of Clinical Medicine (FOCM), including passing two NBME shelf exams and the NBME Comprehensive Basic Science Examination.  R3 admits that at as of February 2021, Plaintiff had taken classes and paid tuition for two academic semesters at Saba. R3 admits that for the summer 2021 semester, Saba added a third shelf exam requirement to pass FOCM.  R3 lacks information sufficient to form a belief as to the truth of the remaining allegations in this paragraph.

103.    R3 lacks information sufficient to form a belief as to the truth of the allegations in this paragraph.

104.    Admitted.

105.    Admitted.

106.    Admitted.

107.    Admitted.

108.    Admitted.

109.    Admitted.

110.    Admitted.

111.    Admitted.

112.    Admitted.

113.    Admitted.

114.    Admitted.

115.    R3 admits that the regulations prohibit certain material misrepresentations in the sale of goods or services as deceptive telemarketing acts or practices.  Otherwise denied.

116.    Admitted.

## COUNT I - VIOLATIONS OF CHAPTER 93A
### Misrepresentations and Omissions Regarding Prerequisite Test Requirements

117.    R3 incorporates its responses above and below as if fully set forth herein.

118.    Denied.

119.    Denied.

120.    Denied.

121.    Denied.

122.    Denied.

123.    Denied.

124.    Denied.

125.    Denied.

## COUNT II - VIOLATIONS OF CHAPTER 93A
### Unfair or Deceptive Acts - Appeals Process and Procedure

126.    R3 incorporates its responses above and below as if fully set forth herein.

127.    R3 admits that aspects of the relationship between university and student can be contractual in nature.  R3 denies an express or implied contract was created merely by the fact of matriculation and/or tuition payments.

128.    Denied.

129.    Denied.

130.    Denied.

131.    Denied.

132.    Denied.

133.    Denied.

### COUNT III - INTENTIONAL MISREPRESENTATION

134.    R3 incorporates its responses to the allegations of this complaint.

135.    Denied.

136.    Denied.

137.    Denied.

138.    Denied.

139.    Denied.

### COUNT IV - FRAUDULENT INDUCEMENT

140.    R3 incorporates its responses above and below as if fully set forth herein.

141.    Denied.

142.    Denied.

143.    Denied.

144.    Denied.

### COUNT V - NEGLIGENT MISREPRESENTATION

145.    R3 incorporates its responses above and below as if fully set forth herein.

146.    Admitted.

147.    R3 admits that it generates revenue from student tuition payments.  Otherwise

denied.

148.    Denied.

149.    Denied.

150.    Denied.

151.    Denied.

152.    Denied.

## COUNT VI - BREACH OF CONTRACT

153.    R3 incorporates its responses above and below as if fully set forth herein.

154.    Admitted that certain aspects of the relationship are contractual in nature. Otherwise denied.

155.    Admitted that certain aspects of the referenced documents, among others, may contain contractual terms.  Otherwise denied.

156.    Admitted.

157.    Admitted.

158.    R3 admits that the contract included an implied covenant of good faith and fair dealing and that some courts have construed such contracts to include an obligation of basic fairness in certain circumstances.  Otherwise denied.

159.    Admitted that Plaintiff paid tuition for the 2019, 2020, 2021 and 2022 academic years.  R3 lacks information sufficient to form a belief as to the truth of the remaining allegations in this paragraph.

160.    R3 lacks information sufficient to form a belief as to the truth of the allegations in this paragraph.

161.    Denied.

162.    Denied.

163.    Denied.

164.    Denied.

## COUNT VII – BREACH OF THE IMPLIED COVENANT
## OF GOOD FAITH AND FAIR DEALING

165.   R3 incorporates its responses above and below as if fully set forth herein.

166.   Admitted.

167.   Denied.

168.   Denied.

169.   Denied.

170.   Denied.

## COUNT VIII – BREACH OF THE COMMON LAW DUTY OF BASIC FAIRNESS

171.   R3 incorporates its responses above and below as if fully set forth herein.

172.   Admitted that some courts have recognized a common law obligation of basic

fairness with respect to disciplinary processes and procedures.  Otherwise denied.

173.   Denied.

174.   Denied.

## COUNT IX - ESTOPPEL AND RELIANCE

175.   R3 incorporates its responses above and below as if fully set forth herein.

176.   Denied.

177.   Denied.

178.   Denied, as Saba did not know whether Plaintiff would accept its offer of

admission or attend another school.

179.   Denied.

180.   Denied.

## COUNT V [sic] - UNJUST ENRICHMENT

181.   R3 incorporates its responses above and below as if fully set forth herein.

182.    Admitted.

183.    Admitted that Plaintiff paid tuition and fees for the education he received. Otherwise denied.

184.    Admitted that R3 was aware that Plaintiff paid tuition and fees for the education he received. Otherwise denied.

185.    Denied.

186.    Denied.

## AFFIRMATIVE DEFENSES

1.    Plaintiff's claims are barred in whole or in part by the applicable statute(s) of limitations.

2.    One or more of Plaintiff's claims fails to state a claim upon which relief may be granted.

3.    Plaintiff's fraud claims are not pleaded with particularity.

4.    Plaintiff's contract claims fail as a matter of law to the extent plaintiff seeks to establish obligations different from or in additional to those established in the parties' contract.

5.    Plaintiff's contract claims fail as a matter of law where the terms of the alleged contract are indefinite and unenforceable.

6.    Plaintiff's estoppel and implied contract claims are barred to the extent there is an existing express contract covering the same subject matter.

7.    Plaintiff's recovery, if any, is limited or barred by his own contributory and/or comparative negligence.

8.    Plaintiff's recovery, if any, is limited or barred by his failure to mitigate his alleged damages.

9.    Plaintiff's recovery, if any, is limited or barred by the doctrines of laches and/or

15

waiver.

WHEREFORE, R3 respectfully requests that:

a.      the complaint be dismissed with prejudice;

b.      R3 be awarded its costs, including attorneys' fees; and

c.      R3 be granted such other relief as is just and proper.

### JURY DEMAND

R3 demands a trial by jury on all claims so triable.

**R3 EDUCATION, INC., d/b/a SABA
UNIVERSITY SCHOOL OF MEDICINE,**

/s/Daryl J. Lapp
Daryl J. Lapp (BBO #554980)
  daryl.lapp@lockelord.com
Elizabeth H. Kelly (BBO #672277)
  liz.kelly@lockelord.com
LOCKE LORD LLP
111 Huntington Avenue
Boston, MA 02199
(617) 239-0100 (telephone)
(617) 227-4420 (fax)

June 5, 2023

### Certificate of Service

I certify that I caused a copy of the foregoing document to be served upon counsel of record for each other party by e-mail, on June 5, 2023.

/s/ Daryl J. Lapp
Daryl J. Lapp

133345389v.1

Case 1:23-cv-12002-WGY   Document 84-43   Filed 08/16/24   Page 18 of 18

Doe, John et al vs. R3 Education, Inc. Doing Business as Saba University School of Medicine, Docket No. 2381CV

# General Information

| | |
|---|---|
| **Case Name** | Doe, John et al vs. R3 Education, Inc. Doing Business as Saba University School of Medicine |
| **Court** | Massachusetts Superior Court |
| **Date Filed** | Fri Apr 07 00:00:00 EDT 2023 |
| **Docket Number** | 2381CV00982 |
| **Status** | Open |
| **Parties** | Woode, David; Doe, John; R3 Education, Inc. |

Bloomberg Law®

© 2024 Bloomberg Industry Group, Inc. All Rights Reserved. Terms of Service