UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| NATALIA ORTIZ, on behalf of herself and a class of similarly situated persons,<br><br>        Plaintiff,<br><br>   v.<br><br>SABA UNIVERSITY SCHOOL OF MEDICINE; AND R3 EDUCATION, INC.,<br><br>        Defendants. | Civil Action No.: 1:23-cv-12002-WGY |

**MEMORANDUM OF LAW IN SUPPORT OF**
**<u>MOTION TO STRIKE</u>**

**I.    INTRODUCTION**

Pursuant to Local Rule 7.1(b), Defendants Saba University School of Medicine and R3 Education, Inc. (collectively "Defendants"), respectfully move this Court to strike: (1) the Declaration of William W. Pinsky, MD ("Pinsky Declaration") (ECF No. 83) filed in support of Plaintiff Natalia Ortiz's Reply Memorandum of Law in Support of Her Motion for Class Certification ("Reply") (ECF No. 82); (2) exhibits to the Supplemental Declaration of Margaret M. Siller ("Supplemental Siller Declaration") (ECF No. 84) that accompany the Reply; and (3) the portions of Plaintiff's Reply that rely on those documents.

On August 16, 2024, Plaintiff filed the Reply Memorandum of Law in Support of Her Motion for Class Certification, along with various supporting declarations and exhibits. The Reply includes supporting declarations and exhibits not filed with Plaintiff's initial Motion for Class Certification ("Motion") (ECF No. 50).[1] Specifically, Plaintiff attached to the Reply a declaration

---

[1] While some of the exhibits to the Supplemental Siller Declaration contain documents produced by Defendants after Plaintiff's filing of her Motion for Class Certification, many of the exhibits

1

from her purported expert witness Dr. Pinsky, whom Plaintiff disclosed for the first time in her Reply.

Moreover, Plaintiff attached several documents as exhibits to the Supplemental Siller Declaration that could have been submitted at the time she filed her Motion: (a) Exhibits 3, 4, 5, 9, 17 and 27, which are documents that had been produced and were available at the time Plaintiff filed her Motion (collectively, the "New Exhibits"); (b) Exhibits 36-40, which are all documents that Plaintiff produced in this litigation and were all available to her before she brought this suit; (c) Exhibit 41, which is simply an excerpt of Plaintiff's own deposition testimony, testimony that could have been provided via declaration at the time she filed the Motion; and (d) Exhibits 42-43, which are docket entries from two cases which predate Plaintiff's case, both of which Plaintiff could have submitted in connection with her Motion (Exhibits 36-43 are collectively referred to as the "Pre-Existing Exhibits").

Plaintiff's inclusion of the Pinsky Declaration, the New Exhibits, and the Pre-Existing Exhibits with the Reply violates this Court's local rules and is prejudicial to Defendants. These filings should be stricken. Similarly, any portions in the Reply discussing and citing these documents must be stricken.  In the alternative, Defendants respectfully request this Court continue the hearing on the Motion for Class Certification presently scheduled on September 17, 2024 and grant them leave to file a sur-reply thereafter to address the arguments related to the New Exhibits and the Pre-Existing Exhibits, after having a full and fair opportunity to conduct discovery on the Pinsky Declaration.

---

attached to her Reply had already been produced at the time she filed her Motion for Class Certification. At that point, documents bates-labeled R3S0000001 to R3S00021592 had been produced to Plaintiff.

## II.  ARGUMENT

### A.  Legal Standard

Local Rule 7.1(b) states, in pertinent part, that "[a]ffidavits and other documents setting forth or evidencing facts on which the motion is based shall be filed with the motion." L.R. 7.1(b)(1). The rule further states that, "[a]ll other papers not filed as indicated in subsections (b)(1) and (2),[2] whether in the form of a reply brief or otherwise, may be submitted only with leave of court." *Id.* 7.1.(b)(3). A violation of the rules merits the grant of a motion to strike, particularly where denial of the motion would otherwise be prejudicial to the moving party. *See Aldrich v. Young*, No. CA 13-10466-DPW, 2013 WL 3802436, at *6 (D. Mass. July 18, 2013), aff'd, No. 13-1966, 2015 WL 13926793 (1st Cir. Dec. 22, 2015) (granting motion to strike under Rule 15(a) for failure to seek leave of court to file second amended complaint); *see also Hayes v. McGee*, 2011 WL 39341, at *2 (D. Mass. Jan. 6, 2011) (providing that a showing of prejudice to the moving party is an important consideration in a motion to strike).

This is consistent with this jurisdiction's rulings. "The purpose of a reply memorandum is not to file new arguments that could have been raised in a supporting memorandum." *Noonan v. Wonderland Greyhound Park Realty LLC*, 723 F. Supp. 2d 298, 349 (D. Mass. 2010); *see Smith v. Liberty Mut. Ins. Co.*, No. 20-cv-11583-ADB, 2021 WL 1581017, at *3 (D. Mass. Apr. 22, 2021). Therefore, when "a moving party raises an argument for the first time in a reply brief, that argument is waived." *Napert v. Gov't Emps. Ins. Co.*, No. 13-cv-10530, 2013 WL 3989645, at *2 n.4 (D. Mass. Aug. 1, 2013).

---

[2] Local Rule 7.1(b)(2) pertains to "Submission of Opposition to a Motion[,]" and it is therefore inapplicable to Plaintiff here.

### B. Declaration of Dr. Pinsky

For the first time in her Reply, Plaintiff introduces a declaration of an opinion witness without requesting leave from this Court. This is prohibited by the Local Rules and highly prejudicial because without leave to file a sur-reply and an opportunity to conduct discovery regarding the Pinsky Declaration (including deposing Dr. Pinsky), Defendants would have no opportunity to rebut this testimony.

Plaintiff's submission of the Pinsky Declaration is improper for two reasons. First, it is evidence that was not submitted with her moving papers, and instead was brought in as a surprise on her Reply. Courts do not allow this kind of gamesmanship and require movants to make their arguments in the papers that accompany their motions so that the non-movant has a full and fair opportunity to respond in opposition. Second, Dr. Pinsky purports to give opinion testimony about issues for which he has laid no foundation.

Plaintiff did not reference Dr. Pinsky or his opinions anywhere in her Rule 26 disclosures or in her Motion, much less disclose his opinions on the value of a partial medical school education or what is important to potential medical students in making their determinations of whether to attend medical school and where. Local Rule 7.1(b) states, in pertinent part, that "[a]ffidavits and other documents setting forth or evidencing facts on which the motion is based shall be filed with the motion." L.R. 7.1(b)(1). The rule further states that, "[a]ll other papers not filed as indicated in subsections (b)(1) and (2), whether in the form of a reply brief or otherwise, may be submitted only with leave of court." *Id.* 7.1.(b)(3). A violation of the rules merits the grant of a motion to strike, particularly where denial of the motion would otherwise be prejudicial to the moving party. *See, e.g.*, 2013 WL 3802436, at *6 (granting motion to strike under Rule 15(a) for failure to seek leave

of court to file second amended complaint); *see also Hayes* 2011 WL 39341, at *2 (providing that a showing of prejudice to the moving party is an important consideration in a motion to strike).

There is no question that admission of the Pinsky Declaration would be prejudicial to Defendants. Had Plaintiff disclosed this testimony with her Motion, which was filed on June 7, 2024, Defendants would have had 42 days between the filing and the deadline to file their opposition to the Motion for Class Certification in which to request and obtain Dr. Pinsky's files, depose Dr. Pinsky, retain a rebuttal expert witness, and file a *Daubert* motion if appropriate.[3] Instead, Plaintiff chose to attach the Pinsky Declaration to its Reply brief when it knew Defendants would not have an opportunity to respond. This is highly prejudicial and Defendants should not be forced to proceed to the hearing on class certification on September 17, 2024 with an opinion witness declaration in the record to which they have not had an adequate opportunity to investigate or respond.

Defendants' inability to conduct discovery on Dr. Pinsky's opinions and address his opinions in the class-certification briefing is particularly prejudicial given Dr. Pinsky's CV discloses biases against Saba that should be explored in discovery. For example, Dr. Pinsky founded a competing medical school to Saba. Specifically, Dr. Pinsky founded Ochsner Clinical School (OCS), which he describes as an "unique medical school partnership between Ochsner Health System in New Orleans, LA, and The University of Queensland (UQ) School of Medicine in Brisbane, Australia." W. Pinsky, et al., *Initial Match Rates of an Innovative International Partnership: The Ochsner Clinical School Experience*, Ochsner Journal 16:27–31 (2016). His CV discloses that he still serves as an Honorary Professor at OCS, and he has long been a very highly paid employee of its U.S. partner, Oschner Health – public records reveal that in 2015 alone, he

---

[3] And, if Defendants were unable to complete those tasks within 42 days, they could have timely sought an extension of the deadline to file their opposition brief until they were able to obtain the information needed to respond.

was paid $664,565 by Oschner Health Systems.[4]  Significantly, OCS itself advertises in the same way that he now complains is deceptive as applied to Saba, and neither OCS's website[5] nor its advertisements contain any reference to attrition or an attrition rate.

Hiring a direct competitor of Saba as a witness, and then showing Saba's confidential internal documents to that competitor with no notice to Defendants, is extremely concerning.  The Protective Order prevents the disclosure of confidential information to any witness or potential witness until they have executed the "Acknowledgment and Agreement to be Bound" referenced in that Order. Defendants requested a copy of an Acknowledgment executed by Dr. Pinsky but have not received it, and they are entitled to discovery to determine whether to lodge an objection to such disclosure of confidential information to a competitor.

Moreover, Dr. Pinsky's testimony in his Declaration lacks any foundation and is not admissible.[6] *See DeRosa v. Massachusetts Bay Commuter Rail Co.*, 694 F. Supp. 2d 87, 95 (D. Mass. 2010) ("The court considers only admissible evidence in determining whether Rule 23's requirements are met" and "class certification decisions must be made based on admissible evidence[.]"); *see also Mantha v. QuoteWizard.com, LLC*, No. CV 19-12235-LTS, 2024 WL 3912459, at *18 (D. Mass. Aug. 16, 2024) ("In litigating class certification, it made no proffer of

---

[4] *See* Oschner Health System, 2015 IRS Form 990 (attached hereto as Exhibit A). Defendants have not yet been able to obtain information about Dr. Pinsky's compensation from OCS or University of Queensland, nor full information about his compensation from Oschner Health.
[5] https://ochsner.uq.edu.au/
[6] Federal Rule of Evidence 702 and *Daubert* require, among other things, "that the proponent of the evidence show that the expert's conclusion has been arrived at in a scientifically sound and methodologically reliable fashion." *Mantha v. QuoteWizard.com, LLC*, No. CV 19-12235-LTS, 2024 WL 3912459, at *4 (D. Mass. Aug. 16, 2024). Plaintiff, however, makes no attempt to demonstrate that Dr. Pinsky is an expert in the particular fields for which he offers opinions—marketing and damages. His training seems to be as a pediatrician and a pediatric cardiologist. But he does not testify about medicine – he instead purports to testify about the value of a medical education, the desires of medical students, and what Saba's "attrition rate" is, about none of which he is qualified to testify. A full *Daubert* challenge under Federal Rule of Evidence 702 may be appropriate at a later time if the Pinsky Declaration is not stricken, but because Plaintiff filed the Pinsky Declaration for the first time with her Reply, Defendants have had no opportunity to explore his opinions in discovery before briefing on the Motion for Class Certification closed. Thus, this Motion to Strike focuses its argument to the prejudice to Saba from Plaintiff's untimely filing and from the failure to timely disclose Dr. Pinsky as a witness, and the complete lack of foundation for his testimony.

the evidence it would offer, how or when such evidence would be obtained, or why such evidence is admissible."). Dr. Pinsky purports to testify as to what Caribbean medical school students "desire," ¶ 17, and the value of a partial medical education to them, ¶ 18, but he does not lay any foundation as to that desire or that value. Dr. Pinsky testifies as to the transfer opportunities for Caribbean medical school students "based on [his] research and experience," ¶ 18, but he does not identify that "research" or that "experience." Dr. Pinsky's declaration does not indicate that he ever worked for a Caribbean medical school; he did not go to a Caribbean medical school; he never taught at a Caribbean medical school; and his Declaration does not indicate that he ever spoke with a student from any of those schools.

Dr. Pinsky's statements about the attrition rate at Saba are also without foundation. Dr. Pinsky testifies that "Saba has very high attrition," ¶ 20, but admits that his testimony about Saba's attrition rate is based on "representations made to [him] by Plaintiff's counsel," ¶ 21, and cites no other evidence for it. Plaintiff's counsel telling a witness something is not a foundation for its admissibility. *See Iconics, Inc. v. Massaro*, 266 F. Supp. 3d 461, 469 (D. Mass. 2017) ("An expert is responsible for ensuring that his opinion is based on reliable data; he may not blindly rely on his client's representations.") (citing *SMS Sys. Maint. Servs., Inc. v. Digital Equip. Corp.*, 188 F.3d 11, 25 (1st Cir. 1999)); *see also Rand A Tech. Corp. v. Parametric Tech. Corp.*, No. 03-CV-11046-MEL, 2005 WL 6768210, at *1 (D. Mass. Oct. 19, 2005) ("An expert must do more than simply rely on a client's representations.").

The documents that Dr. Pinsky purported to review in support of his testimony similarly provide no basis for any of these conclusions. None of the six documents that Dr. Pinsky supposedly reviewed purport to demonstrate Saba's attrition rate. Even the document that Dr. Pinsky lists as "showing Saba's enrollment and attrition rates from Spring 2018 through Spring 2023" is plainly a

projection, and not a document showing actual enrollment data. The document itself does not state what it is, and even that document states that the numbers in it are "Assumptions by Semester." *See* R3S00022350 (also attached as Exhibit 20 to the Supplemental Siller Declaration, ECF No. 84). Nothing in the six documents that Dr. Pinsky claims to have reviewed support any statement he makes in his Declaration. For this additional reason, it should be stricken.

Because of the surprise and lack of foundation the Pinsky Declaration must be stricken. To the extent that it is not, Saba respectfully requests that this Court continue the class-certification hearing presently scheduled for September 17, 2024 by 60 days or more and grant Saba leave to file a sur-reply addressing the Pinsky declaration after having a full opportunity to conduct discovery into the Pinsky declaration and retain a rebuttal expert witness.

### C. New Exhibits, Pre-Existing Exhibits, and Citing Portions Thereto in the Reply

Plaintiff's Motion for Class certification makes no argument whatsoever about choice of law, yet her Reply devotes six pages to it. Similarly, although Plaintiff presented no damages model at all in her Motion, she dedicates eleven pages of argument to it in her Reply and attempts to further bolster it with the Pinsky Declaration. Additionally, Plaintiff introduces, for the first time in her Reply, the New Exhibits and the Pre-Existing Exhibits under her "Statement of Additional Facts" that had already been produced at the time Plaintiff filed her Motion and were thus available for Plaintiff to file along with that Motion. All of this fails to comply with Rule 7.1(b). Tellingly, Plaintiff's legal argument relies upon almost none of these "additional facts" or the exhibits cited in that portion of the Reply. The law in this Circuit is plain: "arguments available at the outset but raised for the first time in a reply brief need not be considered." *United States v. Tosi*, 897 F.3d 12, 15 (1st Cir. 2018). "Courts are entitled to expect represented parties to incorporate all relevant arguments in the papers that directly address a pending motion … Therefore, arguments raised for the first time in a reply memorandum will not be considered." *Facey v. Dickhaut*, 91 F. Supp. 3d

8

12, 22–23 (D. Mass. 2014) (collecting authorities); *see also Schuster v. Harbor*, 471 F. Supp. 3d 411, 424 (D. Mass. 2020) (holding that argument which "could have been raised in a supporting memorandum" was waived); *Brown v. Crown Equip. Corp.*, 445 F. Supp. 2d 59, 69 (D. Me. 2006) ("This issue is not yet properly before the court. I will not address issues raised for the first time in reply memoranda."). The Court would be justified in simply striking Plaintiff's entire Reply brief and all of its supporting documents.

The introduction of new evidence and argument is more egregious here, when Plaintiff is not using the New Exhibits or the Pre-Existing Exhibits merely in response to objections raised by Defendants. The introduction of new facts and evidence at this stage is evident by Plaintiff's "Additional Facts" section in her Reply brief. Reply at 1. Plaintiff introduces Exhibits 3, 4 and 5 within that section for the contention that Defendants' USMLE passage rate representations are carefully crafted, reviewed, and approved by their executive leadership officers; Plaintiff similarly introduces Exhibit 9 therein to advance a theory as to Defendants' intentions and motives. *Id.* Furthermore, Plaintiff's introduction of Exhibit 17 to *insinuate* (because the statement "Let's discuss" does not prove anything) that Defendants were purposely concealing Saba's attrition rate, especially now in the Reply, is prejudicial. Reply at 2. Lastly, Exhibit 27 could have been included in Plaintiff's Motion, but Plaintiff treats her Reply in an opportunistic manner to introduce whatever she missed in her Motion. *Id.* at 3. The Pre-Existing Exhibits – Exhibits 36-43, are all documents or testimony that Plaintiff had access to before filing this suit. The Pre-Existing Exhibits are used to support the new arguments made in footnotes 18, 21, 30, 32, 35, 36, 37, 38 and 40 to the Reply and their accompanying text, and no other authorities are cited in those footnotes.

Plaintiff's opportunistic use of the New Exhibits and the Statement of Additional Facts is further demonstrated by the fact that almost none of the first 35 Exhibits to the Supplemental Siller

9

Declaration are referenced anywhere in the Reply other than where they are introduced in the Statement of Additional Facts. Only four – Exhibits 6 and 7, which are cited to support the statement that Saba had USMLE "pass rates higher than many US Medical schools" and a general statement about the "quality of the [Saba] education" (both of which are accurate), and Exhibits 34 and 35, which are brochures containing information no different than found in many others that were produced to Plaintiff prior to filing the Motion – are cited in the 17 pages of the Argument.

Plaintiff is not merely using her "reply brief to clarify arguments previously made or to respond to an argument an opposing party raises in an opposition." *Echavarria v. Roach*, 565 F. Supp. 3d 51, 82 (D. Mass. 2021). Plaintiff instead seeks to rectify several glaring omissions from her Motion, introduce another fact section that is unconnected to her class certification argument, and raise "arguments that could have been raised in a supporting memorandum." *Noonan*, 723 F. Supp. 2d at 349.

Plaintiff attempts to advance new facts, new evidence, and new arguments in the Reply and its Exhibits while Defendants have not had an opportunity to challenge, cross examine, rebut, or even respond to the same. For example, Plaintiff's Reply only cites to the Pinsky Declaration in relation to her damages theory, essentially in support of her argument that Saba's education was "nearly valueless." Reply at 13. However, neither Dr. Pinsky nor Plaintiff offer any support for the facts and data in Dr. Pinsky's Declaration that lead to such a conclusory opinion. *See id.*; *see also* Dr. Pinsky Declaration, ¶ 18. Despite citing the Pinsky Declaration only to support her questionable damages "theory," Plaintiff sneaks in unrelated testimony centering on Saba's attrition and USMLE Step 1 pass rates and its marketing strategies, seemingly in support of Plaintiff's other claims that the advertisements were misleading, which is completely unrelated to the damages calculation or value of Saba's education. *See* Pinsky Declaration, ¶¶ 22-23. This is highly prejudicial to

Defendants, as it introduces wholly uncalled for testimony that should have been raised – if at all – in Plaintiff's Motion, not her Reply.

Plaintiff should not get a free pass for breaking the rules while Defendants are prejudiced by such unpredictable behavior. Defendants thus request that this Court strike the Pinsky Declaration, the New Exhibits, the Pre-Existing Exhibits, the Statement of Additional Facts, and the portions of the Reply discussing and referencing these, specifically footnotes 18, 21, 30, 32, 35, 36, 37, 38 and 40 and the two paragraphs of text that begin on the third line of page 15 and end on the seventh line of page 16. In the alternative, Defendants request that the Court continue the class-certification hearing presently scheduled for September 17, 2024 by 60 days or more and grant Saba leave to file a sur-reply addressing the additional and prejudicial facts, evidence, and arguments.

### III. CONCLUSION

For the foregoing reasons, Defendants respectfully request that the New Exhibits, the Pre-Existing Exhibits, and the Declaration of Dr. Pinsky be stricken, as well as the Statement of Additional Facts and the portions of the Reply discussing and citing these Exhibits and Declaration. In the alternative, Defendants respectfully request that this Court continue the class-certification hearing scheduled for September 17, 2024 and grant them leave to file a sur-reply addressing the new evidence and arguments after having a full and fair opportunity to conduct additional discovery into the Pinsky Declaration.

September 9, 2024                     SABA UNIVERSITY SCHOOL OF MEDICINE,
                                      R3 EDUCATION, INC.

                                      /s/Daryl J. Lapp
                                      Daryl J. Lapp (BBO #554980)
                                      daryl.lapp@lockelord.com
                                      LOCKE LORD LLP
                                      111 Huntington Avenue
                                      Boston, MA 02199
                                      T: (617) 239-0100

>Michael J. McMorrow (*pro hac vice*)
>michael.mcmorrow@lockelord.com
>LOCKE LORD LLP
>111 South Wacker Drive, Suite 4100
>Chicago, IL 60606
>T: 312-443-0700
>F: 312-443-0336
>
>Dale Evans (*pro hac vice*)
>dale.evans@lockelord.com
>LOCKE LORD LLP
>777 South Flagler Drive
>Suite 215 East Tower
>West Palm Beach, FL 33401
>T: 561-833-7700
>F: 561-655-8719

## CERTIFICATE OF SERVICE

I certify that on September 9, 2024, this document was filed through the Electronic Case Filing System of the United States District Court for the District of Massachusetts and will be served electronically by the Court to the Registered Participants identified in the Notice of Electronic Filing.

>/s/ Daryl J. Lapp
>Daryl J. Lapp

138478820v.8