UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| NATALIA ORTIZ, on behalf of herself and a class of similarly situated persons,<br><br>           Plaintiff,<br><br>   v.<br><br>SABA UNIVERSITY SCHOOL OF MEDICINE; AND R3 EDUCATION, INC.,<br><br>           Defendants. | Civil Action No.: 1:23-cv-12002-WGY |

**MEMORANDUM OF LAW IN SUPPORT OF**
**DEFENDANTS' MOTION TO SEAL CONFIDENTIAL MATERIALS**

**I.    INTRODUCTION**

Pursuant to Local Rule 7.2, Defendants Saba University School of Medicine and R3 Education, Inc. (collectively "Defendants"), respectfully move this Court for an order sealing Exhibits 1, 3, 8–13, 15, 17, 18, 20, 25, and 26 to the Supplemental Declaration of Margaret M. Siller (ECF No. 84) that accompanies Plaintiff Natalia Ortiz's Reply Memorandum of Law in Support of Her Motion for Class Certification (ECF No. 82) ("Confidential Exhibits").

On August 16, 2024, Plaintiff Natalia Ortiz ("Plaintiff") filed a Reply Memorandum of Law in Support of Her Motion for Class Certification (ECF No. 82) with the accompanying Supplemental Declaration of Margaret M. Siller (ECF No. 84), which included the Confidential Exhibits subject to the Protective Order (ECF No. 43) in this case. Plaintiff also moved to seal the Confidential Exhibits on August 16, 2024 (ECF No. 80).

**II.    LEGAL STANDARD**

"A party seeking to file a document under seal must demonstrate that 'good cause' exists to do so." *Bradford & Bigelow, Inc. v. Richardson*, 109 F. Supp. 3d 445, 447 (D. Mass. 2015). "To

1

seal filings related to nondiscovery pretrial motions ... 'the party seeking to overcome the presumption of public access must demonstrate significant countervailing interests, like the existence of trade secrets in the documents or confidential business information.'" *Roy v. FedEx Ground Package Sys.*, No. 3:17-cv-30116-KAR, 2024 U.S. Dist. LEXIS 57657, at *6-7 (D. Mass. Mar. 29, 2024) (quoting *Bradford & Bigelow, Inc.*, 109 F. Supp. 3d at 448). Courts have agreed to seal business records that might provide an advantage to competitors. *See id.* at *10 (quoting *Tourangeau v. Nappi Distribs.*, No. 2:20-cv-00012-JAW, 2022 U.S. Dist. LEXIS 44690, at *18 (D. Me. Mar. 14, 2022)). Additionally, "[b]y enacting the Family Educational Rights and Privacy Act of 1974 (FERPA), . . . Congress sought to prevent educational institutions from unilaterally disclosing 'sensitive information about students, . . . subject to certain enumerated exceptions. Under FERPA, a university receiving federal funds generally may not disclose a student's education records.'" *Doe v. Mass. Inst. of Tech.*, 46 F.4th 61, 74 (1st Cir. 2022) (quoting FERPA, 20 U.S.C. § 1232g(a)(4)(A), (b)(1)).

**III.   ARGUMENT**

Good cause exists to file the Confidential Exhibits under seal because some of the Confidential Exhibits contain student education records, which neither Saba nor R3 are at liberty to make public under FERPA, and the others contain Defendants' confidential and proprietary business strategy, financial, and sensitive business information. *See Doe*, 46 F.4th at 74; *see also Roy*, 2024 U.S. Dist. LEXIS 57657, at *10 ("In civil cases, interests which courts have found sufficient to justify impoundment include trade secrets [and] confidential business information, information covered by a recognized privilege ... and information required by statute to be sealed."). Publicizing Defendants' strategic and business correspondence or data would provide an advantage to competitors. *See Roy*, 2024 U.S. Dist. LEXIS 57657, at *10.

- **Exhibits 1, 3, 12, 17, 25** contain confidential internal correspondence with detailed and competitive marketing strategy discussions as to Saba's website. These exhibits also include draft responses to commonly asked questions by students that qualify as sensitive and proprietary business information.

- **Exhibits 8, 11, 13** contain internal correspondence between Saba officers discussing pricing and business strategies and confidential financial information, including cost and revenue data, that qualifies as proprietary information.

- **Exhibits 9, 10, 18, 20, 26** contain sensitive student information and competitive business strategies, such as retention data, confidential student surveys, and enrollment projections—all which qualify as competitive, sensitive, and proprietary business information.

- **Exhibit 15** contains an internal report regarding Saba's strategy meeting with highly sensitive and confidential business strategies and competitive information.

Without the ability to file the Confidential Exhibits under seal, the confidential information will be made publicly available and will seriously injure the countervailing interests of Saba and its students.

### IV.     CONCLUSION

For the foregoing reasons, Defendants respectfully request an order to seal the Confidential Exhibits until further order of the court.

September 9, 2024

SABA UNIVERSITY SCHOOL OF MEDICINE,
R3 EDUCATION, INC.

/s/Daryl J. Lapp
Daryl J. Lapp (BBO #554980)
daryl.lapp@lockelord.com
LOCKE LORD LLP
111 Huntington Avenue
Boston, MA 02199
T: (617) 239-0100
T: (617) 227-4420

Michael J. McMorrow (*pro hac vice*)
michael.mcmorrow@lockelord.com
LOCKE LORD LLP
111 South Wacker Drive, Suite 4100
Chicago, IL 60606
T: 312-443-0700
F: 312-443-0336

Dale Evans (*pro hac vice*)
dale.evans@lockelord.com
LOCKE LORD LLP
777 South Flagler Drive
Suite 215 East Tower
West Palm Beach, FL 33401
T: 561-833-7700
F: 561-655-8719

## CERTIFICATE OF SERVICE

I certify that on September 9, 2024, this document was filed through the Electronic Case Filing System of the United States District Court for the District of Massachusetts and will be served electronically by the Court to the Registered Participants identified in the Notice of Electronic Filing.

/s/ Daryl J. Lapp
Daryl J. Lapp

## CERTIFICATION PURSUANT TO LOCAL RULE 7.1(a)(2)

I hereby certify that, on August 27, 2024, counsel for Defendants conferred with counsel for Ms. Ortiz, and by email thereafter, in a good-faith effort to narrow or resolve the issues raised in this Motion.

/s/ Daryl J. Lapp
Daryl J. Lapp