UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| NATALIA ORTIZ, on behalf of herself and a class of similarly situated persons, <br><br> *Plaintiff*, <br><br> v. <br><br> SABA UNIVERSITY SCHOOL OF MEDICINE; and R3 EDUCATION, INC., <br><br> *Defendants*. | Case No. 1:23-cv-12002-WGY <br><br> **CLASS ACTION** |

**PLAINTIFF'S MEMORANDUM OF LAW IN OPPOSITION TO
DEFENDANTS' MOTION TO STRIKE**

Plaintiff Natalia Ortiz respectfully submits this memorandum of law in opposition to Defendants' Motion to Strike ("Motion"). ECF Nos. 86–87.

**I.   INTRODUCTION**

After three weeks of inaction, Defendants abruptly filed their Motion one week before the class certification hearing, seeking to upend this Court's long-set schedule.[1] In so doing, Defendants ignore the Court's scheduling order, twist the local rules, and assert baseless arguments. The Court should deny Defendants' motion and maintain the current schedule.

---

[1] Defendants' Motion comes 28 days after Plaintiff's initial email highlighting over 30 documents they intended to use on reply; 25 days after Plaintiff informed them that they would oppose a motion to strike; 24 days after Plaintiff's reply filing and motion to seal; and 8 days before the class certification hearing, which was noticed on June 11, 2024 (ECF No. 62). *See* Declaration of Patrick T. Egan ("Egan Decl.") at ¶¶ 3-8.

1

## II.     ARGUMENT

### A.     The Case Management Schedule Allows for a Reply

Defendants' Motion disregards this Court's Case Management Schedule that explicitly allows Plaintiff to file reply papers. *See* ECF No. 35 (Feb. 1, 2024 Case Management Schedule). Plaintiff's submission was filed with leave of Court in full compliance with the Local Rules. *See* L.R. 7.1(b)(3) (requiring that papers not filed as indicated in subsections (b)(1) and (2) "may be submitted only with leave of court"). No additional motion was required. The materials Defendants seek to strike introduce no new arguments or theories, but merely clarify issues and respond to arguments raised in Defendants' opposition, exactly what a reply brief is for.[2]

Defendants fail to cite any authority—and Plaintiff could find none—where a court struck reply papers under L.R. 7.1(b) after previously granting permission to file such papers. Defendants' argument is baseless.

### B.     The Pinsky Declaration is Proper

Defendants contend that the Declaration of William W. Pinsky, MD ("Pinsky Decl.") (ECF No. 83), cannot be filed without leave of Court and that it impermissibly asserts new arguments. To the contrary, Plaintiff submitted the declaration to counter arguments raised in Defendants' opposition—specifically, disputes over the significance of the USMLE Step 1 exam and

---

[2] L.R. 7.1(b)(1) does not require that a movant file an exhaustive or complete set of supporting documents with its initial motion. Under such an interpretation, reply briefs would be meaningless, leaving movants wholly barred from including additional supporting documents on reply where permissive. Defendants' interpretation of this Local Rule does not comport with the procedural framework it is meant to impose regarding motion practice in the District of Massachusetts. *See Hilsinger Co. v. Kleen Concepts, LLC*, No. CV 14-14714-FDS, 2017 WL 3841468, at *7 (D. Mass. Sept. 1, 2017) ("While other courts in this circuit have adopted local rules requiring that parties are 'strictly confined' to replying to issues raised in the opposition in reply briefs, this court has not adopted an analogous local rule.") (citation omitted).

Defendants' claims regarding the so-called "value" of a partial Saba education.[3]  Defendants' arguments are unconvincing.

*First*, Defendants argue that Plaintiff failed to seek leave to file the Declaration.  But, as noted above, the Case Management Schedule provides leave to file reply papers.  Dr. Pinsky's Declaration properly offers factual support for rebuttal and introduces no new arguments.  For example, Plaintiff's cite to Dr. Pinsky's Declaration in responding to Defendants' "value" arguments, but as the reply makes clear, Plaintiff does not change the damages theory described in Plaintiff's opening brief.[4]  *See* ECF No. 82 at 13.

*Second*, Defendants claim "prejudice" because they have had no opportunity to address Dr. Pinsky's testimony.  Yet, any prejudice is self-inflicted.  Prior to this Motion, Defendants made no attempt to seek discovery of Dr. Pinsky: no requests for information, no subpoena, no request to schedule a deposition.  Any failure to "investigate or respond" to the Pinsky Declaration is a problem of Defendants' own making.  As the First Circuit has recognized, such "indifference by the moving party" weighs against a showing of good cause.  *See O'Connell v. Hyatt Hotels of Puerto Rico*, 357 F.3d 152, 155 (1st Cir. 2004) ("Prejudice to the opposing party remains relevant but is not the dominant criterion. Indifference by the moving party seals off this avenue of relief

---

[3] *See* Pinsky Decl. at ¶ 7 ("Plaintiff's counsel have asked me to review certain arguments made in Defendants' Memorandum of Law In Opposition to Plaintiff's Motion For Class Certification (ECF No. 69).").

[4] Courts will allow testimony from experts in a reply brief where, as here, the expert proffers an opinion solely for the purpose of rebutting defendants' opposition arguments. *See, e.g.*, *In re ConAgra Foods, Inc.*, 90 F. Supp. 3d 919, 955 (C.D. Cal. 2015), (walking through each of defendants' objections to plaintiff's reply expert, and finding that all contested paragraphs are direct responses to criticisms raised by defendants' expert in their opposition to class certification), *aff'd sub nom*, *Briseno v. ConAgra Foods, Inc.*, 674 F. App'x 654 (9th Cir. 2017), *and aff'd sub nom*, *Briseno v. ConAgra Foods, Inc.*, 844 F.3d 1121 (9th Cir. 2017).

irrespective of prejudice because such conduct is incompatible with the showing of diligence necessary to establish good cause.") (alterations, citations and internal quotation marks omitted).[5]

*Finally*, Defendants' remaining challenges are without merit.

- Defendants insinuate that Dr. Pinsky works for a competitor of Saba. That is false. While Defendants may perceive all medical institutions as competitors, this view is overly broad.[6] Even if one assumed that Ochsner Clinical School is somehow a competitor, the CV attached to Dr. Pinsky's Declaration makes clear that he has not worked there in eight years. Furthermore, Dr. Pinsky has agreed to be bound by this Court's Confidentiality Order.

- Next, Defendants argue that Dr. Pinsky lacks expertise as to Caribbean medical schools noting, in part, that "he did not go to a Caribbean medical school," And implying that this disqualifies him from opining on the value of a Caribbean education or hurdles faced by Caribbean medical students. However, the Pinsky Declaration and attachment provide ample details about Dr. Pinsky's extensive research and experience that form the foundation for his opinions. *See* Pinsky Decl. ¶ 2 (noting his role as CEO Emeritus for the parent company of the Educational Commission for Foreign Medical Graduates and the Foundation for Advancement of International Medical Education and Research); *id.* at ¶ 15 ("I have had substantial experience working with medical schools around the world, including schools in the Caribbean; I have also interacted with the medical students that attend these institutions.").

- Finally, Defendants claim that Dr. Pinsky's statements about attrition are without foundation based on the documents he reviewed. This is flawed for two reasons. First, Dr. Pinsky's opinions are grounded in his extensive research and experience with U.S. and international medical schools, deep familiarity with the USMLE Step 1 exam, as well as the problem with attrition prior to taking the Step 1 exam at Caribbean medical schools compared to U.S.-based schools. Given his background and expertise, he is well qualified to offer such insights. Second, with respect to Saba specifically, he is not offering an opinion of the specific attrition rate at Saba, so Defendants' challenges are off the mark.

C.     **Defendants' Motion to Strike Plaintiff's Exhibits Fails**

Defendants next argue that certain of Plaintiff's exhibits should be struck because they were produced or available before the filing of her Opening Brief. This contention fails for several reasons.

---

[5] Defendants complain that had they known of the Pinsky Declaration in June, they would have had 42 days to respond. However, as it stands, they have 32 days between their receipt of the Pinsky Declaration and the hearing.

[6] Nothing in Defendants productions would indicate that Saba viewed Ochsner as a competitor.

First, as to the documents Defendant's labeled as confidential, Plaintiff's counsel notified Defendants of their intent to cite these documents on August 12, 2024, *before* filing her Reply. *See* Egan Decl. at ¶ 3. Nearly a month passed before Defendants filed this Motion.

Second, Defendants' argument regarding noncompliance with Local Rule 7.1 is flawed. This Court "has not adopted a rule prohibiting the submission of new arguments or facts in a reply." *See Vicor Corp. v. FII USA, Inc.*, No. CV 24-10060-LTS, 2024 WL 3548786, at *3 (D. Mass. June 24, 2024) (comparing D. Mass. LR 7.1, with D. Me. LR 7(c) (requiring parties to "strictly confine[ ]" their replies to issues raised in the opposition), and D.N.H. LR 7.1(e)(1) (providing essentially the same as Maine local rule)), *appeal docketed*, No. 24-1620 (1st Cir. 2024). Even if such restrictions existed, Plaintiff's additional exhibits were submitted to clarify arguments raised in Plaintiff's opening brief and challenged in Defendants' opposition. Courts have recognized that "[e]vidence submitted in direct response to evidence raised in the opposition . . . is not 'new.'"[7]

Defendants' remaining arguments as to the Exhibits are baseless as addressed in turn below.

### 1. Exhibits 3, 4, 5, 9, 17, and 27 (Documents Produced By Defendants)

The first category of exhibits Defendants seek to strike includes four email exchanges and two documents produced by Defendants on May 21, 2024, roughly two weeks before the class certification deadline. Plaintiff cited these documents in her reply in order to respond to arguments made by Defendants. In their opposition, Defendants improperly characterize Plaintiff's position regarding Saba's publication of the USMLE Step 1 pass rates and attrition figures, stating,

---

[7] *See In re ConAgra Foods, Inc.*, 302 F.R.D. 537, 559 n. 87 (C.D. Cal. 2014) (citing *Edwards v. Toys 'R' Us*, 527 F. Supp. 2d 1197, 1205 n. 31 (C.D.Cal.2007); *see also Terrell v. Contra Costa Cty.*, 232 Fed. Appx. 626, 629 n. 2 (9th Cir. 2007) (evidence adduced in reply was not new where "[t]he Reply Brief addressed the same set of facts supplied in Terrell's opposition to the motion but provides the full context to Terrell's selected recitation of the facts").

5

"Plaintiff does not contend Saba's USMLE Step 1 first-time pass rates are false."[8] In response, Exhibits 3, 4, and 5 each support Plaintiff's position that Saba's USMLE Step 1 pass rates were *misleading*—and at times, patently false.[9] Similarly, Exhibits 17 and 27 address Defendants' challenge and clarify Plaintiff's position in her original motion, as it relates to the exclusion and concealment of attrition figures by Saba.[10] Exhibit 9 is directly responsive to Defendants' challenge as to whether USMLE Step 1 pass rates are an important factor for students in deciding whether to attend Saba.[11] Citations to these documents that were produced shortly before the opening brief are entirely proper. Moreover, given that these are Defendants' documents—and that these arguments have been present in this case since day one—Plaintiff's inclusion of these documents does not prejudice Defendants.[12]

---

[8] *See* Defs.'s Opp'n. to Pl.'s Mot. For Class Cert., ECF No. 69, at 6, n. 11.
[9] *See* Suppl. Decl. of Margaret M. Siller in Supp. of Pl.'s Mot. For Class Cert. ("Siller Decl."), ECF No. 84, at Ex. 3, R3S00016284-85 (Donahue edits multiple USMLE representations); *id.* Ex. 4, R3S00016142-43 (Donahue edits representation that "virtually every Saba student passes the USMLE," and approves the language); *id.* Ex. 5, R3S00015842 (Donahue email regarding USMLE pass rates asking: "Do you want to continue to use these figures?" to which Rodger responds: "Yes, those figures need to be altered. They are not correct.").
[10] *See* Siller Decl. Ex. 17, R3S00012697 ("Why is the attrition rate so high?" and Donahue replies "Let's discuss."); *id.* Ex. 27, R3S00014445 ("What percentage of your students graduate" is answered with "[o]ur students do very well at Saba thanks to our small class sizes, one-on-one interaction with their professors and interactive systems-based curriculum . . .[H]owever there are some students, roughly 10%, who do not progress through their education due to academic reasons even with this support.").
[11] *See* Defs.'s Opp'n. to Pl.'s Mot. For Class Cert., ECF No. 69, at 9; *see also* Siller Decl. Ex. 9, R3S00016462-478, at R3S00016464 (a 2022 "Saba University School of Medicine Acceptance Survey" revealing that USMLE passage rates and residency placements were the most important factors for prospective medical school students).
[12] *See Asarco LLC v. Nl Indus., Inc.*, 106 F. Supp. 3d 1015, 1033 (E.D. Mo. 2015) (denying motion to strike "new" exhibits to reply brief); *Wallace v. NCL (Bahamas)*, Ltd., 271 F.R.D. 688, 695 (S.D. Fla. 2010) (denying motion to strike exhibits to plaintiff's class certification reply brief where defendant contended exhibits were "new evidence").

### 2. Exhibits 36–43 (Plaintiff's Documents and Testimony)

Defendants also seek to exclude all of Plaintiff's documents (Exhibits 36–40, 42–43) as well as citations to her deposition transcript (Exhibit 41).

Defendants' motion to strike portions of Plaintiff's deposition transcript is absurd. Plaintiff could not have cited to her deposition transcript in the opening brief because Defendants did not take her deposition until June 28, three weeks after Plaintiff filed her motion for class certification. Moreover, not only is it commonplace for parties to cite to a proposed representative's deposition transcript in opposition and reply, but here Plaintiff had to do so in order to provide the full context after Defendants cherry picked lines from her testimony in an attempt to make it appear—falsely—that Saba's Step 1 representations did not matter to her.[13] They do not come close to establishing a basis for this relief.

As for Plaintiff's documents, each of these exhibits was used in response to Defendants' arguments about damages, as well as to emphasize the connection between Saba's USMLE representations and the injuries to Plaintiff and the Class. For example, in response to Defendants' challenges as to the value of a Saba education, Plaintiff cites Exhibit 36 to further clarify her position that Plaintiff and other students did not receive what they signed up for.[14] Defendants also argued in in their opposition brief that, "[e]ven if there were 'injury', there was no causal connection to Saba's advertisements."[15] In response, Plaintiff cites Exhibits 37–40 to expand on her previous arguments regarding the causal relationship between Plaintiff's injury and her

---

[13] *See* Defs.'s Opp'n. to Pl.'s Mot. For Class Cert., ECF No. 69, at 4–9, 11, 15–19. *See also* Pl.'s Reply in Response to Defs.'s Opp'n. to Pl.'s Mot. For Class Cert., ECF No. 82, at 15 (raising this exact argument).
[14] *See* Siller Decl. Ex. 36 (P-000359).
[15] *See* Defs.'s Opp'n. to Pl.'s Mot. For Class Cert., ECF No. 69, at 9.

enrollment at Saba.[16] These are not new arguments and were raised by Plaintiff in her opening Motion for Class Certification.[17]

Lastly, regarding Exhibit 42 and 43, these docket entries directly support Plaintiff's response to Defendants' challenges regarding the application of Massachusetts law in this matter.[18]

Plaintiff has every right to include each of these exhibits in her reply brief, and Defendants' Motion should be denied.

### D. The Court Should Deny Defendants' "Alternative" Request

If their motion to strike is denied, Defendants alternatively seek a 60-day or longer postponement of the class certification hearing and permission to file a sur-reply addressing the Pinsky Declaration. *See* ECF No. 86 (emphasis added). This Court should not indulge Defendants' eleventh-hour request because Defendants have not provided "good cause" to modify the scheduling order. *See Ayyadurai v. Galvin*, No. 1:20-11889-MLW, 2021 WL 9057491, at *2 (D. Mass. July 16, 2021) (A party "is not entitled to an extension of time unless the court concludes that there is 'good cause' to grant a modification of its scheduling order.").

### III. CONCLUSION

For the foregoing reasons, Plaintiff respectfully requests that this Court deny Defendants' Motion to Strike and their included request for alternative relief.

Dated: September 13, 2024                    /s/ *Patrick T. Egan*

                                                                    BERMAN TABACCO
                                                                    Patrick T. Egan (BBO #637477)
                                                                    Christina L. G. Fitzgerald (BBO #709220)

---

[16] *See* Siller Decl., Exs. 37 (P-000393), 38 (P-000399), 39 (P-000405), 40 (P- 000799).
[17] *See* Pl.'s Mot. For Class Cert. at 14–17, discussing Plaintiff's satisfaction of Rule 23(b)(3) predominance inquiry as it pertains to class-wide calculation of damages. *See also id.* at 1 ("As Saba explains, the USMLE Step 1 'is the key pivot point in med school' and a medical school's '[f]irst-time pass rate is critical' to students evaluating medical schools.").
[18] *See* Siller Decl. Exs. 42–43.

One Liberty Square
Boston, MA 02109
(617) 542-8300
pegan@bermantabacco.com
cfitzgerald@bermantabacco.com

MAYNARD NEXSEN PC
Margaret M. Siller (admitted *pro hac vice*)
1131 4th Avenue South, Suite 320
Nashville, TN 37210
(629) 258-2253
msiller@maynardnexsen.com

John R. Alford, Jr. (admitted *pro hac vice*)
1901 Sixth Avenue North, Suite 1700
Birmingham, AL 35203
205.254.1000
jalford@maynardnexsen.com

NATIONAL STUDENT LEGAL DEFENSE NETWORK
Alexander S. Elson (admitted *pro hac vice*)
1701 Rhode Island Ave. NW
Washington, DC 20036
(202) 734-7495
alex@defendstudents.org

## **CERTIFICATE OF SERVICE**

I hereby certify that on September 13, 2024, this document was filed through the Electronic Case Filing System of the United States District Court for the District of Massachusetts and will be served electronically by the Court to the Registered Participants identified in the Notice of Electronic Filing.

DATED: September 13, 2024              */s/ Patrick T. Egan*
                                        Patrick T. Egan

9