UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| NATALIA ORTIZ, on behalf of herself and a class of similarly situated persons,<br><br>        Plaintiff,<br><br>   v.<br><br>SABA UNIVERSITY SCHOOL OF MEDICINE; AND R3 EDUCATION, INC.,<br><br>        Defendants. | Civil Action No.: 1:23-cv-12002-WGY |

**DEFENDANTS' MOTION FOR RECONSIDERATION OF ORDER ON MOTION TO COMPEL**

Defendants Saba University School of Medicine and R3 Education, Inc. (collectively "Defendants"), hereby respectfully request that this Court reconsider and/or clarify its September 11, 2024 Order (ECF No. 92) on Plaintiff Natalia Ortiz's ("Plaintiff") Motion to Compel (ECF No. 72).

**I.    FACTS**

On July 22, 2024, Plaintiff filed a Motion to Compel production of documents (ECF No. 72), along with a supporting memorandum of law (ECF No. 73) and declaration (ECF No. 74). Plaintiff's Motion to Compel sought documents responsive to Request No. 9 only, which requested documents related to a separate lawsuit styled *FTC v. St. James School of Medicine*, No. 1:22-cv-1919 (N.D. Ill.). Defendants filed their Opposition to Motion to Compel on August 5, 2024 (ECF No. 76).

On September 11, 2024, this Court ruled on the Motion by Text Order (ECF No. 92). It appears the Court denied Plaintiff's Motion as to Request No. 9—the sole relief requested in the Motion to Compel. However, the Court's September 11, 2024 Order seems to go far beyond the

1

relief sought in the Motion to Compel by ordering the production of documents to other requests that were not raised in Plaintiff's Motion to Compel. Specifically, the Court ordered that Defendants "produce all non privileged documents responsive to requests 2, 4, 5, 12, 14, 15, 16, 17, 19, and 20." ECF No. 92. The Court further stated that student identifiers may be redacted and that the Motion was otherwise denied. *Id.* Finally, the Court indicated that "[f]urther documentary discovery appears unnecessary." *Id.*

Prior to the Motion to Compel, Defendants met and conferred many times with Plaintiff's counsel by video conference and via email over a period of nearly three months. *See* meet and confer communications attached as Exhibits 2-7 to the Declaration of John Robison Alford Jr. in Support of Plaintiff's Motion to Compel, ECF No. 74.  As a result of those efforts, the parties significantly narrowed the scope of their disputes and arrived at mutually agreed-upon resolutions as to nearly all of requests for production 2, 4, 5, 12, 14, 15, 16, 17, 19, and 20 ("Additional Requests") such that the only remaining request raised by Plaintiff in her Motion to Compel was Request No. 9. As part of these extensive negotiations, the parties reached an agreement on a detailed search set of terms intended to capture thousands of documents and communications relevant to the issues in this case, while excluding thousands of additional, irrelevant documents. The parties also agreed to limit the scope of certain of the Additional Requests to address concerns Defendants posed regarding the relevance and confidentiality of the documents. In good faith reliance on these agreements, Defendants have produced more than 5,500 documents in this case comprising more than 30,000 pages, and the review of these documents has taken nearly 1,000 attorney and litigation support hours at a cost of tens of thousands of dollars. Accordingly, a court ruling on the Additional Requests is not necessary or warranted and threatens to unwind months' worth of negotiations upon which Defendants relied in good faith to make its productions, all without affording Defendants notice or

an opportunity to address the Additional Requests. Defendants therefore seek clarification and/or reconsideration of the Court's September 11, 2024 ruling.

## II.     ARGUMENT

"While the Federal Rules do not provide for a motion to reconsider, a district court has the inherent power to reconsider its interlocutory orders . . . ."[1] *Thorpe v. Excel Inc.*, No. 22-11033-FDS, 2023 WL 6466370, at *1 (D. Mass. Oct. 4, 2023) (quoting *Fernandez-Vargas v. Pfizer*, 522 F.3d 55, 61 n.2 (1st Cir. 2008)). Motions for reconsideration are appropriate under a "number of circumstances: if the moving party presents newly discovered evidence, if there has been an intervening change in the law, or if the movant can demonstrate that the original decision was based on a manifest error of law or was clearly unjust." *Id.* (quoting *United States v. Allen*, 573 F.3d 42, 53 (1st Cir. 2009)); *see also Fin. Res. Network, Inc. v. Brown & Brown, Inc.*, 867 F. Supp. 2d 153 (D. Mass. March 31, 2012) (granting motion for reconsideration under the same standard); *Brown v. United Air Lines, Inc.*, 656 F. Supp. 2d 244 (D. Mass. Sep. 22, 2009) (same).

Here, ordering Defendants to produce nonprivileged documents responsive to the Additional Requests would be a manifest error of law and clearly unjust. First, Plaintiff did not raise the Additional Requests in her Motion to Compel; the Court ordered the production of the Additional Requests *sua sponte*—which some courts have considered to be a legal error on a motion for reconsideration. *See, e.g.*, *Lopez-Rosario v. Programa Seasonal Head Start/Early Head Start De La Diocesis De Mayaguez, Inc.*, 140 F. Supp. 3d 214, 221 (D.P.R. 2015) (finding, on a motion for reconsideration, that it was legal error for the court to raise *sua sponte* legal grounds of dismissal that were not included in the parties' briefing); *see also United States v. West*, No. 22-CV-232-JL,

---

[1] A discovery order is an interlocutory order in the course of proceedings that is not appealable; a motion for reconsideration of a discovery order falls squarely within the plenary power of the court that issued the initial ruling. *See Miranda v. Deloitte LLP*, 962 F. Supp. 2d 379, 382 (D.P.R. 2013).

3

2023 WL 7181629, at *2 (D.N.H. Oct. 11, 2023) (granting motion for reconsideration where the movant party clarified to the court that it was not seeking the relief ordered by the court).

The parties have spent a considerable amount of time conferring and reaching agreements on discovery matters, which is consistent with federal courts' preference for cooperation during discovery. *See HealthEdge Software, Inc. v. Sharp Health Plan*, No. 19-CV-11020-ADB, 2021 WL 1821358, at *2 (D. Mass. May 6, 2021) ("For some time now, federal courts have insisted on a collaborative approach to discovery, recognizing that this attitude best achieves the spirit and purposes of the federal discovery rules."). Unwinding what the parties have already agreed to is not in the interest of judicial economy nor the purposes of the discovery rules.

Furthermore, because Plaintiff did not request the relief granted in the Court's order, Defendants did not have notice or an opportunity to be heard on the propriety of the Additional Request, many of which Defendants have already produced responsive documents in accordance with the parties' agreement. This is unjust and prejudicial to Defendants. Courts generally afford parties an opportunity to be heard with respect to discovery disputes. *See United States v. Goris*, 876 F.3d 40, 45 (1st Cir. 2017) (holding that the district court "prudently convened an evidentiary hearing to give the defendant an opportunity" to address the reasons for his request for additional discovery); *Direnzo Towing & Recovery, Inc. v. Owner-Operator Indep. Drivers Ass'n Inc.*, No. 4:16-CV-10073-TSH, 2019 WL 13234365, at *1 (D. Mass. Feb. 22, 2019) (giving the defendants an opportunity to be heard on the alleged deficits in their discovery production); *Randall v. Mas Med. Staffing Corp.*, No. 1:18-cv-00086-DBH, 2018 U.S. Dist. LEXIS 159708, at *1 (D. Me. Sep. 19, 2018) (affording a third-party the opportunity to be heard as to any objections to the production of documents); *Taylor v. Woods*, No. 05-501 S, 2006 WL 2853964, at *1 (D.R.I. Aug. 15, 2006) (allowing the plaintiff an opportunity to respond to a motion to compel).

On the other hand, maintaining the discovery status quo as to the Additional Requests would not be prejudicial to any of the parties, especially where Defendants already have made extensive productions of documents in accordance with the parties' agreed-upon resolutions. *See Lopez-Rosario*, 140 F. Supp. 3d at 221 (granting motion for reconsideration where non-movant would "not suffer any prejudice" from such a ruling).

Additionally, Defendants are without the benefit of clarification or reasoning for the Court's order to produce documents responsive to the Additional Requests, especially where the record does not support Plaintiff's request to compel or need for such a production. *Cf. Giroux v. Fed. Nat. Mortg. Ass'n*, 810 F.3d 103, 107 (1st Cir. 2016) (holding that, while a district court is not required to provide an explanation when denying Rule 60 motions, the record must reveal that the district court did not abuse its discretion in so doing); *Lepore v. Vidockler*, 792 F.2d 272, 275 (1st Cir. 1986) (similarly holding that an opinion explaining the court's rationale was not required where there was ample support for the result reached by the court). Therefore, Defendants respectfully request this Court reconsider and/or clarify the September 11, 2024 Order. *See Rubygold Main Holdings, LLC v. Brian Gardner Carpentry*, LLC, 563 F. Supp. 3d 6 (D.N.H. 2021) (granting a motion for reconsideration in part, and on reconsideration, clarifying its original order).

### III. CONCLUSION

For the foregoing reasons, Defendants respectfully request that this Court reconsider its September 11, 2024 Order (ECF No. 92) on Plaintiff's Motion to Compel.

October 9, 2024

SABA UNIVERSITY SCHOOL OF MEDICINE,
R3 EDUCATION, INC.


/s/Daryl J. Lapp
Daryl J. Lapp (BBO #554980)
daryl.lapp@lockelord.com
LOCKE LORD LLP
111 Huntington Avenue
Boston, MA 02199
T: (617) 239-0100

Michael J. McMorrow (*pro hac vice*)
michael.mcmorrow@lockelord.com
LOCKE LORD LLP
111 South Wacker Drive, Suite 4100
Chicago, IL 60606
T: 312-443-0700
F: 312-443-0336

Dale Evans (*pro hac vice*)
dale.evans@lockelord.com
LOCKE LORD LLP
777 South Flagler Drive
Suite 215 East Tower
West Palm Beach, FL 33401
T: 561-833-7700
F: 561-655-8719

Nathalie M. Vega
nathalie.vega@lockelord.com (BBO #712480)
LOCKE LORD LLP
2800 Financial Plaza
Providence, RI 02903
T: (401) 276-6421

## CERTIFICATE OF SERVICE

I certify that on October 9, 2024, this document was filed through the Electronic Case Filing System of the United States District Court for the District of Massachusetts and will be served electronically by the Court to the Registered Participants identified in the Notice of Electronic Filing.

/s/ Daryl J. Lapp
Daryl J. Lapp

## CERTIFICATION PURSUANT TO LOCAL RULE 7.1(a)(2)

I hereby certify that, on October 9, 2024, counsel for Defendants conferred with counsel for Ms. Ortiz, in a good-faith effort to narrow or resolve the issues raised in this Motion.

/s/ Daryl J. Lapp
Daryl J. Lapp