IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| NATALIA ORTIZ, on behalf of herself and a class of similarly situated persons,<br><br>*Plaintiff*,<br><br>v.<br><br>SABA UNIVERSITY SCHOOL OF MEDICINE; and R3 EDUCATION, INC.,<br><br>*Defendants.* | Case No. 1:23-cv-12002-WGY<br><br>**CLASS ACTION** |

**PLAINTIFF'S MEMORANDUM OF LAW IN SUPPORT OF HER MOTION FOR APPROVAL OF THE CLASS NOTICE PLAN**

Plaintiff respectfully submits this memorandum in support of her Motion for Approval of her Class Notice Plan, filed concurrently with this memorandum.

I. INTRODUCTION

On October 1, 2024, this Court granted Plaintiff's Motion for Class Certification, subject to two exclusions. ECF No 102. The Court certified the following Class: all individuals who enrolled at Saba from September 2017 to October 1, 2024 who: (a) are no longer enrolled at Saba and (b) did not sit for the USMLE Step 1 exam. Class Certification Motion Hr'g Tr. 13, Sept. 17, 2024. Excluded from the Class are: (i) Defendants, any entity in which Defendants have a controlling interest, and Defendants' officers, directors, legal representatives, successors, and assigns; (ii) Individuals who enrolled at Saba and transferred their credits to another school; and (iii) Individuals who failed to pass a majority of the classes they took while enrolled at Saba. *Id.*

At the September 17, 2024 hearing on Plaintiff's Motion for Class Certification, the Court instructed Plaintiff to "undertake notification of the class […] at once." *Id.* at 14. Plaintiff and

1

Class Counsel seek to ensure that proper notice is provided to the Class sufficiently in advance of trial, tentatively scheduled for February 2025.

Plaintiff has retained an experienced notice administrator, A.B. Data ("A.B. Data" or "Notice Administrator") and has worked with the Notice Administrator to develop a comprehensive, easily understandable Notice Plan.  If approved, the Notice Plan will allow Class Members to receive and consider the Notice and, if they so choose, to exclude themselves before the trial date.  The proposed Notice Plan consists primarily of:

- Email notice to Class Members;
- Direct mailing notice to Class Members;
- Summary notice to Class Members via *PR Newswire*; and
- Establishment of a case website and toll-free number to assist with any questions.

The proposed Notice Plan satisfies Rule 23 and due process as it is tailored to reach as many Class Members as possible with the direct email and mail notice.  Further, the proposed notice would allow Class Members forty-five (45) days to decide whether to exercise their right to opt out.

Such prompt and direct notice is superior to any indirect summary notices published via newswires or other media.  However, direct notice is contingent on Defendants providing core data on Class Members, including names, last known addresses, email addresses, telephone numbers, dates of birth, and social security/social insurance numbers.  According to the Notice Administrator, this data is necessary to ensure timely notice and search for updated mailing addresses should the notice process so require.  *See* Declaration of Eric Schachter in Support of Plaintiff's Motion For Approval of Class Notice Plan ¶ 10 ("Schachter Decl.").  This information is readily accessible to Defendants.  As such, as part of the proposed Notice Order, Plaintiff

requests that this Court order Defendants to provide the Notice Administrator with a list, in electronic form, of the names, last known addresses, email addresses, telephone numbers, dates of birth, and social security/social insurance numbers of Class Members within fourteen (14) days of the date of this Order.  *See, e.g.*, *DaSilva v. Border Transfer of MA, Inc.*, No. CV 16-11205-PBS, 2018 WL 1567626, at *2 (D. Mass. Feb. 1, 2018) ("[T]he Court orders the Defendants to provide class counsel with a list of all class members and their contact information); *Lapan v. Dick's Sporting Goods, Inc.*, No. 1:13-CV-11390-R, 2015 WL 8664204, at *3 (D. Mass. Dec. 11, 2015) (ordering defendant to "provide the Settlement Administrator with a list, in electronic form, of the names, last known addresses, telephone numbers, and social security numbers of all class members (the 'Class List') within 14 days of the date of this Order"); *Rapuano v. Trustees of Dartmouth Coll.*, 334 F.R.D. 637, 655 (D.N.H. 2020) ("[Defendant] shall cooperate with Class Counsel and the Settlement Administrator in identifying class members and providing reasonably available contact information.").

## II.   SUMMARY OF THE PROPOSED NOTICE

### A.  The Notice Administrator

Plaintiff has retained an experienced Notice Administrator to administer notice, has carefully drafted a detailed Notice Plan, and has taken all necessary steps to ensure that the proposed notice meets the requisite due process requirements.  *See* Schachter Decl.  Plaintiff's proposed notices are attached as **Exhibits B** and **C** to the Schachter Declaration.

### B.  Summary of the Proposed Notice Plan

If the Court grants approval, Plaintiff will implement the Notice Plan as outlined in the Schachter Declaration.  As proposed, the Notice Administrator will provide notice to the Class

within thirty (30) days of this Court's order, contingent on Defendants providing the list of data identified above. The deadline to opt-out of the class would be January 24, 2024, in advance of the trial.

### III. ARGUMENT

Rule 23 requires "the best notice that is practicable under the circumstances, including individual notice to all members who can be identified through reasonable effort." Fed. R. Civ. P. 23(c)(2)(B). The purpose of such notice is "to fulfill requirements of due process to which the class action procedure is of course subject." *Proposed Amendments to Rules of Civil Procedure for the United States District Courts*, 39 F.R.D. 69, 107 (1966). Due process requires that notice is "'reasonably calculated, under all the circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections.'" *Eisen v. Carlisle & Jacquelin*, 417 U.S. 156, 174 (1974). "Individual notice must be sent to all class members whose names and addresses may be ascertained through reasonable effort." *Id*. at 173.

Here, Plaintiff's proposed Notice Plan has three main components: (1) direct notice by email and mail to the last known addresses of potential Class Members; (2) supplemental notice provided by public notice through *PR Newswire*; and (3) establishment of a toll-free phone number and website to inform Class Members and supplement direct notice efforts. *See* Schachter Decl. ¶¶ 7–13.

**A. Plaintiff proposes providing individual notice to Class Members with known email or mail addresses and publication notice to Class Members whose contact information is unknown.**

Plaintiff proposes two distinct methods of providing notice to Class Members. *First*, notice will be sent via email to each Class Member with a known email address. Schachter Decl. ¶ 7; *Meaden v. HarborOne Bank*, No. 23-CV-10467-AK, 2023 WL 3529762, at *4 (D. Mass. May 18,

2023) (approving class notice via email). Prior to sending the email notice, the Notice Administrator will perform several tasks to maximize deliverability and avoid SPAM and junk filters. Schachter Decl. ¶ 8. *Second*, notice formatted as a postcard will be sent individually via U.S. First Class mail to all identified Class Members. *Id.* ¶¶ 9–10; Manual for Complex Litigation §21.311 at 488 (Fourth ed. 2004) ("Rule 23(c)(2)(B) requires that individual notice in 23(b)(3) actions be given to class members who can be identified through reasonable effort."). The Notice Administrator will process the postal addresses through the appropriate databases to identify any updated addresses. Schachter Decl. ¶¶ 9–10; *Lapan*, No. 1:13-CV-11390-R, 2015 WL 8664204, at *3 (approving notice plan including mail notice).

In addition to direct notice, the notice administrator has designed supplemental notice to address any gaps that may exist between the direct notice recipients and the Class. *See* Schachter Decl. ¶ 11. The direct notice is designed to reach all Class Members, thus the supplemental campaign is narrowly tailored to include a digital press release. This press release will mirror the short-form postcard notice and be issued via *PR Newswire*, a familiar press release distribution service.

### B. The proposed notice is timely and easy to understand.

The notice also meets all legal requirements by providing an explanation of the litigation in layperson's terms. *See Preston v. World Travel Holdings, Inc.*, No. 1:23-CV-12389-JEK, 2024 WL 3408705, at *5 (D. Mass. July 15, 2024) (notice must "clearly and concisely" describe to class members "(i) the nature of the action; (ii) the definition of the class certified; (iii) the class claims, issues, or defenses; (iv) that a class member may enter an appearance through an attorney if the member so desires; (v) that the court will exclude from the class any member who requests

exclusion; (vi) the time and manner for requesting exclusion; and (vii) the binding effect of a class judgment on members under Rule 23(c)(3)") (quoting Fed. R. Civ. P. 23(c)(2)(B)).

The proposed notice materials are based on samples promulgated by the Federal Judicial Center and are similar to those regularly used in consumer class actions across the country. They explain the case in "clear, concise, easily understood language,"[1] and fairly apprise Class Members of the claims in the litigation, the contours of the Class, and Class Member's options in connection with the proceedings.

As noted above, the schedule in the proposed notice is designed to allow for Class member opt outs before trial in February 2025. Thus, Plaintiff seeks to assure that fair and adequate notice will be provided to Class members "before the merits of the case are adjudicated." *Brown v. Colegio de Abogados de Puerto Rico*, 613 F.3d 44, 51 (1st Cir. 2010) ("Although the rule does not say when notice must be given, '[t]he purpose of Rule 23(c)(2) is to ensure that the plaintiff class receives notice of the action well before the merits of the case are adjudicated.'") (citations omitted).

Plaintiff's Notice Plan includes deadlines for the notice to be disseminated as soon as practical. Within fourteen (14) calendar days of the entry of the order on this Motion, Defendants shall produce to the Notice Administrator a list, in electronic form, of names, last known addresses, email addresses, telephone numbers, dates of birth, and social security/social insurance numbers. Within fourteen (14) calendar days of Plaintiff's receipt of that data from Defendants, the Notice Administrator will initiate notice. Class Members will have forty-five (45) calendar days from the Notice Date to submit Requests for Exclusion ("Exclusion Deadline"), and counsel for Plaintiff

---

[1] *See* Judges' Class Action Notice and Claims Process Checklist and Plain Language Guide, at 5 (Federal Judicial Center 2010), *available at* https://www.fjc.gov/sites/default/files/2012/NotCheck.pdf.

6

and the Class will file all Exclusion Requests with the Court within ten (10) calendar days of the Exclusion Deadline.

Finally, under Plaintiff's Notice Plan, the Notice Administrator will establish a case-specific toll-free telephone number and website to supplement direct notice efforts. Schachter Decl. ¶ 11. The toll-free telephone number will present callers with a series of choices to hear prerecorded information about the Action. *Id.* ¶¶ 9–10. If callers need further help, they have an option to leave a voicemail to receive a call back during business hours. *Id.* The case-specific website will provide summary information about the Action, answers to frequently asked questions, and pertinent case documents. This will allow for simplicity in access to information for potential Class Members.

## IV.     CONCLUSION

For the reasons above, Plaintiff respectfully requests that the Court approve Plaintiff's plan for dissemination of notice to the Class and appoint A.B. Data as the Notice Administrator.

DATED: October 11, 2024               Respectfully Submitted,

*/s/ Patrick T. Egan*
BERMAN TABACCO
Patrick T. Egan (BBO #637477)
Christina L. G. Fitzgerald (BBO #709220)
One Liberty Square
Boston, MA  02109
(617) 542-8300
pegan@bermantabacco.com
cfitzgerald@bermantabacco.com

MAYNARD NEXSEN PC
Margaret M. Siller (admitted *pro hac vice*)
1131 4th Avenue South, Suite 320
Nashville, TN 37210
(629) 258-2253
msiller@maynardnexsen.com

John R. Alford, Jr. (admitted *pro hac vice*)
1901 6th Avenue North, Suite 1700
Birmingham, AL 35203
(205) 254-1847
jalfordjr@maynardnexsen.com

NATIONAL STUDENT LEGAL DEFENSE NETWORK
Alexander S. Elson (admitted *pro hac vice*)
Daniel A. Zibel (admitted *pro hac vice*)
1701 Rhode Island Ave. NW
Washington, DC 20036
(202) 734-7495
alex@defendstudents.org
dan@defendstudents.org

*Counsel for Plaintiff Natalia Ortiz and the Class*

## **CERTIFICATE OF SERVICE**

I hereby certify that on October 11, 2024, this document was filed through the Electronic Case Filing System of the United States District Court for the District of Massachusetts and will be served electronically by the Court to the Registered Participants identified in the Notice of Electronic Filing.

DATED: October 11, 2024                    */s/ Patrick T. Egan*
                                            Patrick T. Egan