UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| NATALIA ORTIZ, on behalf of herself and a class of similarly situated persons,<br><br>*Plaintiff*,<br><br>v.<br><br>SABA UNIVERSITY SCHOOL OF MEDICINE; and R3 EDUCATION, INC.,<br><br>*Defendants*. | Case No. 1:23-cv-12002-WGY<br><br>**CLASS ACTION** |

**PLAINTIFF'S OPPOSITION TO DEFENDANTS'
MOTION FOR RECONSIDERATION OF ORDER ON MOTION TO COMPEL**

Plaintiff Natalia Ortiz respectfully submits this Opposition to Defendants Saba University School of Medicine and R3 Education, Inc.'s (collectively, "Defendants") request that this Court reconsider and/or clarify its September 11, 2024 Order ("Order," ECF No. 92) on Plaintiff's Motion to Compel. (ECF No. 72.) As detailed below, this Court should not reconsider its Order.

On September 11, 2024, this Court ordered Defendants to produce, within 30 days—by October 11, 2024—all non-privileged documents responsive to Plaintiff's Requests for Production Numbers 2, 4, 5, 12, 14, 15, 16, 17, 19, and 20. It is now October 15 and, in violation of the Court's Order, Defendants have not made the required production. Instead, Defendants sat on the Order for nearly a month and then, two days before the production deadline, filed the Motion for Reconsideration at issue here. (ECF No. 105.) Plaintiff files this short Opposition to clarify misleading points raised by Defendants and to call attention to Defendants' continued gamesmanship with this Court's deadlines.

As an initial matter, Defendants rely on inapplicable case law to argue that this Court should reconsider its Order. "Trial courts have broad discretion in shaping the parameters of

1

pretrial discovery, and an appellate court should not interfere with the exercise of that discretion unless it clearly appears that a discovery order was plainly wrong and resulted in substantial prejudice to the aggrieved party." *Aponte-Torres v. Univ. Of Puerto Rico*, 445 F.3d 50, 59 (1st Cir. 2006) (quotations omitted). This Court was well within its broad discretion in issuing the Order, as the information sought is relevant to numerous issues that permeate this litigation. Further, Defendants do not come close to satisfying the limited grounds for reconsideration.

I. **Defendants' Statements to the Court are Misleading**

Defendants' Motion to Reconsider contains multiple misleading representations. Specifically, Defendants state: "the parties significantly narrowed the scope of their disputes and arrived at mutually agreed-upon resolutions as to nearly all of the requests for production 2, 4, 5, 12, 14, 15, 16, 17, 19, and 20." (ECF No. 105, p. 2.) This statement is false.

*First*, Defendants have refused to even discuss Requests 4, 12, 14, and 20, which seek the agreements Defendants entered into for marketing/advertising services, Defendants' ownership and organizational structure, Defendants' financial statements, and monetary exchanges between the Defendants. (*See* Exhibit 2 to the Declaration of John Robison Alford, Jr. in Support of Plaintiff's Motion to Compel, ECF No. 74-2, pp. 6, 10-11, 13-14.) In response to Plaintiff's attempt to discuss these requests, Defendants stated that the information sought is "irrelevant" or that the requests are "intrusive and harassing." (*See* ECF No. 74-5, pp. 4-5, 7-8.) Defendants' assertion that these four requests have been resolved through mutual agreement is not accurate and highlights Defendants' cavalier attitude to discovery in this matter.

*Second*, Requests 2, 5, 15, 16, 17, and 19—seeking agreements between Saba and its students (class members), communications regarding topics such as attrition rates and USMLE passage rates, general figures as to Saba's student body, including total students that did not sit for

the USMLE and students that transferred (relevant to identifying class members), and payments made by, or on behalf of, class members to Defendants (relevant to calculating damages)—have not been resolved through mutual agreement. (*See* ECF No. 74-2, pp. 5-6, 11-13.) Rather, Defendants made a unilateral decision as to which search terms to run in response to these requests despite Plaintiff's written objection:

> We understand from your email that Defendants are performing searches using the terms you originally suggested, despite the parties not having reached a resolution to the search terms. While we appreciate Defendants' efforts to expedite discovery, their discovery obligations will not be complete until searches are performed using agreed upon terms.

(*See* ECF No. 74-6, p. 4.) Defendants dismissed Plaintiff's attempts to negotiate terms[1] and now falsely claim that these six requests have been resolved through mutual agreement.

This Court should require Defendants to produce the documents as ordered.

## II.     Defendants' Refusal to Produce Documents is Prejudicial to Plaintiff and Risks Delaying this Litigation

Defendants waited until *two days prior* to their production deadline to seek reconsideration of this Court's Order. This pattern of delay is not new. For example, one day prior to their deadline, Defendants sought leave to exceed the page limit for their memorandum in opposition to Plaintiff's motion for class certification. (ECF No. 64.) After that motion was denied, one week before the class certification hearing (and over three weeks *after* Plaintiff filed her class certification reply) Defendants filed a motion to strike the reply or, in the alternative, leave to file a sur-reply. This Court denied the motion to strike and all alternative relief, including leave to file a sur-reply (ECF No. 95), and held the class certification hearing as scheduled. Nearly three weeks after the Court

---

[1] In response to Plaintiff's efforts to negotiate discovery concerns, Defendants stated, "Your terms and your revised terms continue to be overly broad, not proportional to the needs of the case, and unduly burdensome, needlessly jacking up the cost of discovery." (Exhibit 6, ECF No. 74-6, p. 4.)

3

entered the Order certifying the class, Defendants filed what amounts to an improper sur-reply in opposition to class certification (ECF No. 104.), to which Plaintiff responded four days later (ECF No. 106.)

Plaintiff has continuously been forced to file last-minute responses to Defendants' untimely, unnecessary, and improper motions, and this time is no different. Discovery is set to close on November 8, 2024 (ECF. 35) and Plaintiff has noticed multiple depositions over the next three weeks, including: Defendants' expert Przemyslaw Jeziorski (notice sent on October 7th for an October 21st deposition, but Defendants have still not confirmed); Paula Boisseau (scheduled for October 29th); Donald Donahue (scheduled for October 31st); Patrick Donnellan (scheduled for November 5th); and Defendants' 30(b)(6) depositions (scheduled for November 5th and 6th). Nevertheless, Defendants have ignored this Court's deadline to produce documents on October 11, 2024. This delay compromises Plaintiff's ability to review and analyze Defendants' documents in preparation for upcoming depositions[2] and created unnecessary hurdles for Plaintiff to comply with this Court's directive to provide notice to class members.

## CONCLUSION

For the foregoing reasons, Plaintiff respectfully requests that this Court deny Defendants' request to reconsider and their included request for alternative relief.

---

[2] Plaintiff delayed scheduling Defendants' Rule 30(b)(6) depositions in order to allow enough time to review the document production that Defendants are now refusing to make.

4

Dated: October 15, 2024						/s/ *Patrick T. Egan*

BERMAN TABACCO
Patrick T. Egan (BBO #637477)
Christina L. G. Fitzgerald (BBO #709220)
One Liberty Square
Boston, MA 02109
(617) 542-8300
pegan@bermantabacco.com
cfitzgerald@bermantabacco.com

MAYNARD NEXSEN PC
Margaret M. Siller (admitted *pro hac vice*)
1131 4th Avenue South, Suite 320
Nashville, TN 37210
(629) 258-2253
msiller@maynardnexsen.com

John R. Alford, Jr (admitted *pro hac vice*)
1901 6th Avenue North, Suite 1700
Birmingham, AL 35203
(205) 254-1847
jalfordjr@maynardnexsen.com

NATIONAL STUDENT LEGAL DEFENSE NETWORK
Alexander S. Elson (admitted *pro hac vice*)
Daniel A. Zibel (admitted *pro hac vice*)
1701 Rhode Island Ave. NW
Washington, DC 20036
(202) 734-7495
alex@defendstudents.org
dan@defendstudents.org

**CERTIFICATE OF SERVICE**

      I hereby certify that on October 15, 2024, this document was filed through the Electronic Case Filing System of the United States District Court for the District of Massachusetts and will be served electronically by the Court to the Registered Participants identified in the Notice of Electronic Filing.

DATED: October 15, 2024          */s/ Patrick T. Egan*
                                         Patrick T. Egan