UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| NATALIA ORTIZ, on behalf of herself and a class of similarly situated persons,<br><br>        Plaintiff,<br><br>   v.<br><br>SABA UNIVERSITY SCHOOL OF MEDICINE; AND R3 EDUCATION, INC.,<br><br>        Defendants. | Civil Action No.: 1:23-cv-12002-WGY |

**DEFENDANTS' MOTION FOR A STAY PENDING APPEAL**

Defendants Saba University School of Medicine and R3 Education, Inc. (collectively "Saba") request that this Court enter an order staying all proceedings in this case until resolution of Saba's petition for leave to appeal this Court's order granting Plaintiff's Motion for Class Certification on October 1, 2024 (ECF No. 102). Saba filed its petition with the First Circuit pursuant to Fed. R. Civ. P. 23(f) on October 15, 2024.[1]

**INTRODUCTION**

As discussed in further detail below, all four factors required to warrant a stay are strongly supported in this circumstance. ***First***, Saba has made a strong showing that it is likely to succeed on the merits of its appeal. This Court acknowledged its decision on class certification was a "close" one and "particularly difficult." Plaintiff failed to demonstrate that the Massachusetts Consumer Protection Law applies to an international class residing in 40 states and 13 countries; failed to demonstrate that the class members' damages were proximately caused by the allegedly deceptive advertisements; failed to present a viable damages model; and prejudicially asserted new arguments and expert testimony on reply, to which Saba was not permitted to respond.

---

[1] A copy of Saba's Rule 23(f) Petition for Permission to File an Appeal is attached as Exhibit A.

***Second***, absent a stay, Saba will be irreparably injured by the dissemination of a class notice which may have to be revised or withdrawn entirely and by being forced to complete class discovery, brief summary judgment, and participate in trial in February 2025, which may ultimately be undone by the First Circuit's decision on appeal. Plaintiff already filed for approval of a class notice plan on October 11, 2024. ECF 107.

***Third***, the minimal delay arising from a stay pending the outcome of a Rule 23(f) petition generally is not substantially injurious to class plaintiffs to prevent the stay, particularly where – as in this case – only monetary damages are at issue. Moreover, plaintiff and the class members will benefit from clarification from the appellate court, as it will enable them to avoid potentially unnecessary class-wide discovery and trial preparation and avoid the risk of having to issue a revised class-certification notice or withdrawing such notice altogether.

***Fourth***, the public interest supports a stay to avoid wasting judicial resources litigating issues that may be moot depending on the resolution of appeal and avoiding confusion to third parties which may result from an unnecessary class notice or if the notice needs to be modified.

## FACTUAL BACKGROUND

### A.      Plaintiff Moved to Certify a Class Pursuant to Rule 23

Plaintiff brings claims against Saba for, among other things, violation of the Massachusetts Consumer Protection Act, Massachusetts General Laws Ch. 93A. ECF 1. Plaintiff alleges that she was deceived by Saba's advertisements concerning its students' first-time United States Medical Licensing Examination ("USMLE") Step 1 pass rate because Saba did not expressly disclose the attrition rate of its students prior to reaching the USMLE Step 1 exam. ECF 1. Saba contends it is not liable because, among other reasons: (i) the first-time USMLE Step 1 pass rate it advertised is accurate and is calculated in accordance with U.S. Department of Education ("DOE") regulations;

(ii) there are no rules or regulations setting forth a defined standard for calculation of an attrition rate, nor any rules or regulations requiring disclosure of such a figure; (iii) any reasonable prospective student understands that a first-time pass rate necessarily includes only those students who actually attempt the exam; and (iv) unlike the undefined and unregulated term "attrition," DOE *does* define and require disclosure of "On-Time Completion Rates for U.S. Students," which Saba reports and which are readily available on DOE's website. ECF 16; ECF 32.

On June 7, 2024, Plaintiff moved to certify a class pursuant to Fed. R. Civ. P. 23(a) and 23(b)(3). ECF 51. In her Motion, Plaintiff alleged that other former Saba students were deceived by Saba's advertisements. ECF 51.  The proposed class would include all former Saba students who enrolled in or after September 2017 and who did not sit for the USMLE Step 1 exam. *Id.* at 7.

On July 19, 2024, Saba opposed Plaintiff's Motion. ECF 69. Saba argued that the Motion should be denied because Plaintiff failed to: (1) address or analyze why the Massachusetts Consumer Protection Act would apply to all the proposed class members, who reside in 40 states and 13 countries; (2) present a cognizable theory to calculate damages on a class basis; (3) show a causal connection between the allegedly-deceptive advertisements and any injury to Plaintiff or the proposed class; or (4) satisfy the Rule 23(a) and 23(b)(3) factors. *Id.*

## B.     This Court's Decision to Certify the Class

On September 17, 2024, the Court held oral argument on the Plaintiff's Motion for Class Certification. ECF 102. The Court stated that "[t]his is a very close question here, one that I find particularly difficult, and I'll make no bones about it, but I'm going to allow [the] motion for class certification…." ECF 98, at 13:12-15. The Court also acknowledged that its ruling was subject to its development of a written opinion, and that the Court might decide to "decertify the class." ECF 98, at 14:3-5. The class as certified includes citizens of 40 states and 13 foreign nations but excludes

all students who successfully completed their first two years of medical school at Saba, transferred to another medical school, or failed the majority of their classes. ECF 98, at 13:12-21.

On October 1, 2024, the Court entered a line order on the docket granting class certification based on the September 17, 2024 oral argument. ECF 102. As of the filing of this motion, the Court has not issued a written opinion.

**C.      Saba's Appeal of this Court's Class Certification Decision**

On October 15, 2024, Saba filed its Rule 23(f) Petition seeking permission to appeal the order on class certification. *See* Rule 23 Petition. Saba argues that this Court did not conduct a rigorous analysis of the Rule 23 factors and improperly relied on new legal arguments and evidence introduced by Plaintiff in her Reply in Support of her Motion for Class Certification (the "Reply") (ECF 82). Rule 23 Petition.

## ARGUMENT

**I.      Legal Standard**

When evaluating a motion to stay pending appeal, "a court considers four factors: '(1) whether the stay applicant has made a strong showing that he is likely to succeed on the merits; (2) whether the applicant will be irreparably injured absent a stay; (3) whether issuance of the stay will substantially injure the other parties interested in the proceeding; and (4) where the public interest lies.'" *Nken v. Holder,* 556 U.S. 418, 425-26 (2009) (quoting *Hilton v. Braunskill*, 481 U.S. 770, 776 (1987)); *see also Dist. 4 Lodge of the Int'l Ass'n of Machinists & Aero Workers Local Lodge 207 v. Raimondo*, 18 F. 4th 38. 42-43 (1st Cir. 2021) (adopting the *Nken* standard for motions to stay pending appeal). The first two factors are the most critical to the evaluation. *Nken*, 556 U.S. at 434; *Raimondo*, 18 F. 4th at 42.

II.   **All Four *Niken* Factors Support a Stay of the Proceedings.**

A.   **Saba is Likely to Succeed on its Rule 23(f) Appeal**

To obtain a stay pending appeal, the likelihood of success on appeal must be more then negligible. *Nken*, 556 U.S. at 434.   In the context of class certification, the movant must "demonstrate that the district court's ruling on class certification is questionable—and must do this taking into account the discretion the district judge possesses in implementing Rule 23, and the correspondingly deferential standard of appellate review." *Waste Mgmt. Holdings, Inc. v. Mowbray*, 208 F.3d 288, 293 (1st Cir. 2000) (internal quotations omitted).

This factor is easily satisfied here.   As further discussed below, Saba has asserted several grounds for the First Circuit to exercise discretionary appellate jurisdiction and is likely to succeed on its Rule 23(f) petition and appeal. The First Circuit has granted motions to stay pending appeal when, as in this case, there are the serious legal issues at stake and the district court acknowledged that "respectable minds might differ" on those issues.  *Providence Journal Co. v. FBI*, 595 F.2d 889, 890 (1st Cir. 1979). Such is the case here, where this Court explained that class certification was "a very close question," one that this Court found "particularly difficult." ECF 98, at 13:12-14.

In the context of class certification, the "likelihood that [the appealing] party will be forced to throw in the towel factors [also] into the discretionary calculus…." *Waste Mgmt. Holdings, Inc.*, 208 F.3d at 293-94. As discussed below, this important consideration also weighs in Saba's favor.

1.   **Plaintiff did not provide the Court with sufficient evidence to allow this Court to Conduct a Rigorous Analysis of the Rule 23 Factors.**

First, this Court failed to conduct a rigorous analysis of the Rule 23 factors. A district court must undertake a careful review of whether the plaintiffs have met their burden of proving each Rule 23(a) factor and one of the Rule 23(b) requirements before certifying a class. *See Smilow v. Sw. Bell Mobile Sys., Inc.*, 323 F.3d 32, 38 (1st Cir. 2003). As part of this careful review, the district court

"must perform a 'rigorous analysis' [of the prerequisites established by Rule 23] that will often 'entail some overlap with the merits of the plaintiff's underlying claim.'" *In re Nexium (Esomeprazole) Antitrust Litig.,* 297 F.R.D. 168, 175 (D. Mass. 2013) (quoting *Wal-Mart Stores, Inc. v. Dukes*, 564 U.S. 338, 351 (2011)); *Smilow*, 323 F.3d at 38.

a) **Plaintiff did not establish numerosity because she made no evidentiary showing that any other person was affected as Plaintiff allegedly was.**

Plaintiff failed to establish the numerosity requirement because she made no evidentiary showing that she or any purported class member was affected by Saba's advertisements as required under Fed. R. Civ. P. 23(a). Rule 23 Petition, at 9-10. Numerosity is lacking where a plaintiff does "not offer anything more than argument and speculation about whether and how the defendant's practices…affected anyone else," or there is "no evidentiary showing that any other person was affected as the plaintiffs were, let alone that there were numerous such persons." *Henry v. Bozzuto Mgt. Co.*, 98 Mass. App. Ct. 690, 696 (Mass. App. Ct. 2020); see *Makuc v. American Honda Motor Co.*, 835 F.2d at 394-95 (1st Cir. 1987). Plaintiff failed to identify any class member who saw a Saba advertisement which she alleges is the cause of her injury. *See* ECF 51, at 9; Rule 23 Petition, at 9.

b) **Plaintiff did not establish commonality or typicality because she failed demonstrate that Massachusetts law should apply to every class member.**

Plaintiff failed to establish the commonality or typicality requirements because she failed to identify any common issues among the class. Rule 23 Petition, at 10-13. Plaintiff failed to demonstrate why Chapter 93A should apply on a class-wide basis to class members residing in 40 states and 13 countries. Rule 23 Petition, at 4, 10-13. Plaintiff took for granted, without arguing, that Massachusetts law should apply to every class member but cited no case where a court certified a nationwide class under a single state's consumer protection law. Rule 23 Petition, at 10-11. Courts

in this district have held that under Massachusetts choice-of-law rules for fraud and misrepresentation the "law of the state in which a plaintiff took action in reliance on a defendant's representations applies." *S. States Police Benev. Ass'n, Inc. v. First Choice Armor & Equip., Inc.*, 241 F.R.D. 85, 93 (D. Mass. 2007). Likewise, this Court previously has refused to apply the law of a defendant's home state to the claims of plaintiffs in other states in a class action. *In re Relafen Antitrust Litig.*, 221 F.R.D. 260, 277 (D. Mass. 2004). In *In re Relafen Antitrust Litig.*, this Court noted that the "primary aim" of consumer protection laws "is compensating consumers" and held that the most "significant contact in this context [is] the location of the injury—that is, the location of the sales to the end payor plaintiffs." *Id.* This Court diverged from its prior holdings and applicable case law by certifying a nationwide class under Massachusetts law without explaining its rationale for doing so. Rule 23 Petition, at 10-11.

Plaintiff also failed to establish the commonality requirement because she failed to show that any class member suffered the same injury. Rule 23 Petition, at 11-13. Plaintiff merely alleged that Saba's "USMLE Step 1 representations" were "widely-disseminated," (ECF 51, at 12, 15), but presented no evidence of such dissemination, let alone that the representations were disseminated to any class member. Rule 23 Petition, at 11-13. Consequently, Plaintiff did not demonstrate that the advertisements influenced any class member's enrollment decision. Plaintiff herself admitted at one point during her deposition that that the USMLE Step 1 pass rate was "specifically" not important to her decision to enroll at Saba and that the most important factor was Saba's rolling admissions policy. Rule 23 Petition, at 12. "Commonality requires the plaintiff to demonstrate that the class members 'have suffered the same injury.' This does not mean merely that they have all suffered a violation of the same provision of law." *Dukes*, 564 U.S. at 349-350 (*quoting Gen. Tel. Co. of the*

*Southwest v. Falcon*, 457 U.S. 147, 157 (1982)). Plaintiff did not make the required commonality showing. Rule 23 Petition, at 12-13.

> **c)  Plaintiff did not establish predominance because she did not show that Chapter 93A could apply to each class member and over one third of the class will be subject to an individualized "discovery rule" inquiry.**

Plaintiff failed to meet the predominance requirement, because, as stated above, she did not demonstrate that Massachusetts law applied to any class member, even herself. If Massachusetts law does not apply, the court will have to navigate various jurisdictions' consumer protection regimes for each class member's claim. Rule 23 Petition, at 13-14. Saba noted variances in the states' consumer protection laws, including that some states prohibit class actions, some require a showing of reliance for valid claims, and all have varying limitations periods and tolling regimes. *Id.* In order to establish predominance, courts must find that "the questions of law or fact common to class members predominate over any questions affecting only individual members." *Comcast Corp. v. Behrend*, 569 U.S. 27, 33 (2013) (quoting Fed. R. Civ. P. 23(b)(3)). A plaintiff fails to establish predominance when there is a line of class members "waiting their turn to offer testimony and evidence on individual issues," and when plaintiffs attempt to "eliminate inefficiency by presuming to do away with the rights a party would customarily have to raise plausible individual challenges." *Nightingale v. Nat'l Grid USA Serv. Co*, 107 F.4th 1, 11 (1st Cir. 2024). The different jurisdictions' consumer production laws show that the key questions of law are not common to the class.

Moreover, even if Massachusetts law applies, Saba has a limitations defense against roughly one-third of the purported class members which shows there is no predominance amongst the class. Rule 23 Petition, at 14-15. The First Circuit has held that "limitations defenses are appropriate for consideration in the class certification calculus," and the "necessity for individualized statute-of-limitations determinations invariably weighs against class certification under Rule 23(b)(3)."

*Mowbray*, 208 F.3d at 295-96. Around one-third of the proposed class enrolled at Saba prior to August 29, 2019, meaning that their claims are time-barred under Massachusetts's four-year limitations period for Chapter 93A claims unless those dates are tolled by the "discovery rule." ECF 104, Ex. A at 1-2; ECF 16, at 11-12; Rule 23 Petition, at 14-15. To determine whether those class members' claims are tolled, Saba will have to determine when each class member discovered that Saba's first-time USMLE Step 1 pass rate excluded those who do not take the exam. Rule 23 Petition, at 14-15. This will require depositions of a third of the class—well over 100—between now and the February 2025 trial set by this Court. *Id.* The need for such an exercise shows there is no predominance amongst the class.

> ### d)  Plaintiff did not establish predominance because she failed to show that the advertisements caused the claimed damages and failed to present an appropriate damages model capable of application on a classwide basis.

Plaintiff failed to show predominance by failing to demonstrate that any alleged violation by Saba was the factual or proximate cause of the class members' injuries. Rule 23 Petition, at 15-17. "[A]ny model supporting a plaintiff's damages case must be consistent with its liability case" and "show that their damages stemmed from the defendant's actions that created the legal liability." *Levy v. Gutierrez*, 448 F. Supp. 3d 46, 64 (D.N.H. 2019) (internal quotations omitted). A "plaintiff must identify a 'distinct injury or harm'" arising "'from the claimed unfair or deceptive act itself.'" *Nightingale*, 107 F.4th at 5 (quoting *Tyler v. Michael Stores, Inc.*, 464 Mass. 492, 503 (2013)). Failure "to establish both factual causation and proximate causation is fatal to [a] Chapter 93A claim." *Walsh v. TelTech Sys., Inc.*, 821 F.3d 155, 160 (1st Cir. 2016) (citing *Hershenow v. Enterprise Rent–A–Car Co. of Bos., Inc.*, 445 Mass. 790, 800-801 (2006)).

The class members were limited to those former Saba students who failed out, dropped out, or were dismissed prior to taking the USMLE. Rule 23 Petition, at 16-17. The intervening events

that caused each of those students (including Plaintiff) to fail out, drop out, or get expelled are the proximate causes of any injury to the class members, not the Saba advertisements. *Id.* For example, Plaintiff's alleged harmed was caused by failing to pass her Basic Sciences resulting in her academic dismissal, not by any Saba advertisement. *Id.* at 16. Additionally, as stated above, Plaintiff never established that she saw the Saba advertisements. *Id.* Thus, Plaintiff cannot establish that Saba's advertisements are the factual cause of the class members' alleged injuries. Despite the lack of causation, this Court certified the class.

Second, Plaintiff failed to establish a valid theory of injury and damages attributable to the entire class. *Id.* at 15-19. Rule 23(b)'s predominance requirement requires that plaintiffs establish at the class certification stage "that damages are capable of measurement on a class-wide basis" based on a methodology that is "just and reasonable" rather than "speculative." *Levy*, 448 F. Supp. 3d at 64 (quoting *Comcast*, 569 U.S. at 34-36). For Massachusetts Consumer Protection Act claims there is no "per se" liability. *Nightingale,* 107 F.4th at 5. Courts "decline[] to find injury under Chapter 93A where the plaintiff relies entirely on her subjective belief as to the value received" or where that estimated value was "not grounded in any objective measure." *Shaulis*, 865 F.3d at 13. Finally, courts caution against merely determining that "any method of measurement is acceptable so long as it can be applied classwide," because such "a proposition would reduce Rule 23(b)(3)'s predominance requirement to a nullity." *Comcast*, 569 U.S. 35-36.

Plaintiff alleges that she *believes*, despite receiving two years' worth of instruction and course materials, that the education she received from Saba is completely worthless which entitles her to a full refund of tuition and fees. Rule 23 Petition, at 4-5, 16. In *Shaulis*, the court rejected such subjective theories of injuries. *Shaulis*, 865 F.3d at 10-13. The plaintiff in *Shaulis* alleged that she was injured when she purchased a "phony designer sweater" that was not to the level of quality that

she expected. *Id.* at 12. But the *Shaulis* court rejected that theory of injury because it was not grounded in objective measures and instead premised on the plaintiff's subjective belief that she bargained for something else. *Id.* at 12-13. Here, Plaintiff's alleged injury is she bargained for a degree and instead received a worthless education. *Shaulis* rejected such a "purchase as injury" theory. *Id.* at 10-13. Besides, Plaintiff's education was not worthless. In supplemental briefing (which this Court requested), Saba showed via expert testimony that the receipt of education (even without obtaining a degree) has value, contrary to Plaintiff's subjective belief and the declaration of Plaintiff's alleged expert (which Plaintiff improperly submitted with her Reply in support of her injury theory). ECF 82; ECF 83; ECF 103, Ex. A; Rule 23 Petition, at 17-19.

Still, this Court improperly accepted Plaintiff's "purchase as injury" theory. Rule 23 Petition, at 15-19. This was improper because the education Plaintiff received is not worthless, and any alleged injury would need to be offset by the value she received for that education. ECF 103, Ex. A at ¶¶ 10-16. Such an analysis cannot be done on a class-wide basis. Allowing Plaintiff's "purchase as injury" theory without an offset would eviscerate the predominance factor. It would make certification a foregone conclusion, because in every class certification motion, every movant could simply argue that the class members' injuries are "what they paid" regardless of the individualized analysis that would be required to determine their actual damages.

## 2. This Court Improperly Allowed Plaintiff to Submit Entirely New Arguments and Evidence in Her Reply Without Giving Defendants an Opportunity to Respond.

This Court allowed Plaintiff to submit entirely new choice of law arguments and damages evidence in her Reply (over Saba's objections) without allowing Saba an opportunity to respond. Rule 23 Petition, at 20-21. Plaintiff introduced new choice of law arguments, a new damages theory, and the Declaration of Dr. William Pinsky in her Reply in support of her damages theory. *Id.* Plaintiff never disclosed Dr. Pinsky to Saba nor did Plaintiff qualify Dr. Pinsky as an expert in the

proceedings. *Id.* at 20. Additionally, his testimony was inadmissible due to lack of foundation for any of his opinions. *Id.*

Local Rule 7.1(b) states that "[a]ffidavits and other documents setting forth or evidencing facts on which the motion is based shall be filed with [a] motion," D. Mass. L.R. 7.1(b)(1), and that, "[a]ll other papers not filed as indicated in subsections (b)(1) and (2), whether in the form of a reply brief or otherwise, may be submitted only with leave of court." *Id.* 7.1(b)(3). Plaintiff did not request, and this Court did not grant, leave for Plaintiff to file the new arguments or evidence. Rule 23 Petition, at 20. Additionally, the First Circuit is clear that "arguments available at the outset but raised for the first time in a reply brief need not be considered." *United States v. Tosi*, 897 F.3d 12, 15 (1st Cir. 2018); *see Noonan v. Wonderland Greyhound Park Realty LLC*, 723 F. Supp. 2d 298, 349 (D. Mass. 2010). Despite this, the district court apparently accepted and relied on the new arguments and evidence presented in Plaintiff's Reply in granting the Motion for Class Certification. Rule 23 Petition, at 21. This Court denied Saba's motion to strike in error and without discussion, which prejudiced Saba as a result.

### B. Saba Will Be Irreparably Injured Absent a Stay of these Proceedings

Saba will suffer irreparable injury absent a stay of these proceedings. Courts regularly have granted stays and find that a movant demonstrated irreparable harm for a motion to stay pending a Rule 23(f) appeal when it can be established that significant time and resources will be lost, including on the creation and dissemination of a class notice, should the appellate court reverse the class certification ruling. *See, e.g., Earl v. Boeing Co.*, 21 F.4th 895, 899 (5th Cir. 2021); *Fernandez v. RentGrow Inc.*, 2022 WL 1782641, at *3 (D. Md. June 1, 2022); *Todd v. Tempur-Sealy International, Inc.*, 2016 WL 6082413, at *1-2 (N.D. Cal. Oct. 18, 2016). Here, Plaintiffs already have moved for approval of the class-certification notice. ECF 107. Plaintiff requests approval to

disseminate the class-certification notice via mail, email, and through public newswire. *Id.* If the First Circuit grants Saba's Rule 23(f) Petition, the time and resources spent on the notice cannot be recovered. Moreover, depending on the result of the appeal, the Parties may have to modify or retract the class notice, which risks causing significant confusion to the class members. Finally, absent a stay, Saba will be forced to expend significant resources and time completing class discovery before the February 2025 trial (ECF 35; ECF 36), which will be completely unnecessary should the First Circuit reverse this Court's class certification ruling.

Other courts have granted stays and determined that movants established irreparable harm when defendants are ordered to proceed with court deadlines during the interlocutory appeal of the order granting class certification, which in some cases may lead to defendants having to repeat all the same steps for the rest of the class (including multiple trials), or result in various steps being unnecessary should a court grant the appeal. *See Rodriguez v. Hermes Landscaping, Inc*., 2018 WL 5436458, *2-3 (D. Kan. Oct. 29, 2018); *Todd*, 2016 WL 6082413, at *1-2; *Balschmiter v. Td Auto Fin. LLC*, 2014 WL 12656095, *2 (E.D. Wis. Nov. 21, 2014). This Court's Scheduling Order provides that expert and fact discovery must be completed by November 8, 2024, dispositive motions are due on November 15, 2024, and the case is set for trial in February 2025 (ECF 35; ECF 36). Should Saba be required to comply with all those deadlines, while the issue of class certification is pending in the First Circuit, it will be irreparably harmed depending on the resolution of the appeal. Saba may be required to complete all these steps again for the entire class, including defending itself in trial twice. Saba also may complete steps which are unnecessary should the appeal succeed. Merely waiting for the resolution of Saba's appeal will avoid the substantial risk of irreparable harm.

### C.  Plaintiff Will Not Be Substantially Injured by Issuance of a Stay

Plaintiff waited four years before filing this suit; she will not suffer substantial injury from a stay of these proceedings. In granting stays pending Rule 23(f) appeals, courts have found that the delay that will result from such stays does not amount to the substantial harm needed to oppose a stay, especially when – as in this case – plaintiffs are seeking only money damages. *Earl*, 21 F.4th at 900; *Balschmiter*, 2014 WL 12656095, *2; *Edwards v. First Am. Corp.*, 2013 WL 12213848, *4 (C.D. Cal. Apr. 9, 2013). *See also Providence Journal Co*, 595 F.2d at 890 (delay is a minimal hardship in the context of a stay pending appeal). Here, Plaintiff is seeking money damages (ECF 1) and waiting for resolution of the class certification appeal will not substantially harm Plaintiff.

Moreover, many of the reasons that Saba may be irreparably harmed apply to Plaintiff. *Supra* at 12-14. Plaintiff will also have to expend resources and time crafting and disseminating the class notice. Depending on the resolution of Saba's appeal, Plaintiff may need to modify or retract the notice. Plaintiff will avoid such harm if this Court stays the proceedings until resolution of Saba's appeal.

### D.  A Stay Will Promote the Public Interest

Granting Saba's stay will promote the public interest. Courts grant stays pending Rule 23(f) appeals to avoid wasting judicial resources litigating issues that may be moot depending on the resolution of appeal. *Senne v. Kan. City Royals Baseball Corp*., 2017 WL 5973487, *4 (N.D. Cal. May 5, 2017); *Rodriguez, Inc*., 2018 WL 5436458, at *2; *Stafford v. Bojangles Rests., Inc.*, 2024 WL 203234, *2 (W.D.N.C. Jan. 18, 2021). If Saba's stay is granted, this Court will avoid wasting its own time and resources if Saba's appeal is successful.

Courts also grant stays in the Rule 23(f) context to avoid confusion to third parties which may result from an unnecessary class notice or if the notice needs to be modified. *Fernandez*, 2022

WL 1782641, at *4; *Senne*, 2017 WL 5973487, at *3; *Stafford*, 2024 WL 203234, at *2. Saba's appeal may require the Parties to retract the class notice, or the First Circuit may come to a resolution that requires the modification of the notice. Granting Saba's stay will avoid confusion to third parties that may receive a class notice that is inapplicable to those individuals should the First Circuit decertify or modify the class.

## CONCLUSION

For the foregoing reasons, Defendants respectfully request that this Court stay the proceedings in this case until resolution of Defendants' Rule 23(f) Petition in the First Circuit.

October 25, 2024

<div style="margin-left:40%">

SABA UNIVERSITY SCHOOL OF MEDICINE,
R3 EDUCATION, INC.

/s/Daryl J. Lapp
Daryl J. Lapp (BBO #554980)
daryl.lapp@lockelord.com
LOCKE LORD LLP
111 Huntington Avenue
Boston, MA 02199
T: 617-239-0100

Michael J. McMorrow (*pro hac vice*)
michael.mcmorrow@lockelord.com
LOCKE LORD LLP
111 South Wacker Drive, Suite 4100
Chicago, IL 60606
T: 312-443-0700
Dale Evans (*pro hac vice*)

dale.evans@lockelord.com
LOCKE LORD LLP
777 South Flagler Drive
Suite 215 East Tower
West Palm Beach, FL 33401
T: 561-833-7700

</div>

**CERTIFICATE OF SERVICE**

I certify that on October 25, 2024, this document was filed through the Electronic Case Filing System of the United States District Court for the District of Massachusetts and will be served electronically by the Court to the Registered Participants identified in the Notice of Electronic Filing.

/s/ Daryl J. Lapp
Daryl J. Lapp

**CERTIFICATION PURSUANT TO LOCAL RULE 7.1(a)(2)**

I hereby certify that counsel for Defendants conferred with counsel for Ms. Ortiz via email on October 25, 2024, in a good-faith effort to narrow or resolve the issues raised in this Motion.

/s/ Daryl J. Lapp
Daryl J. Lapp

139145044v.6