UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| NATALIA ORTIZ, on behalf of herself and a class of similarly situated persons,<br><br>          Plaintiff<br><br>   v.<br><br>SABA UNIVERSITY SCHOOL OF MEDICINE; and R3 EDUCATION, INC.,<br><br>          Defendants. | Civil Action No.: 1:23-cv-12002-WGY |

**MEMORANDUM IN OPPOSITION TO
PLAINTIFF'S MOTION FOR APPROVAL OF CLASS NOTICE**

Defendants Saba University School of Medicine and R3 Education, Inc. (collectively, "Saba"), through undersigned counsel, submit this memorandum in opposition to Plaintiff's Motion for Approval of Class Notice Plan (the "Motion"). Dkt. 107. Plaintiff's Motion is premature, as Saba has filed a currently-pending Petition to Appeal Class Certification Pursuant to Federal Rule of Civil Procedure 23(f) with the First Circuit Court of Appeals. As noted in that Petition, the Court has not issued a written decision on class certification, and indicated at oral argument that it is still considering this "difficult" and "very close" question, and that it might change its mind before writing its opinion. *See* Sep. 17, 2024 Hr'g Tr., at 13. Additionally, the class notice plan proposed by Plaintiff does not take into account Saba's due process rights to take discovery on absent class members, and wrongly suggests to absent class members that they can simply "do nothing" and await the outcome of trial. Considering the many uncertainties surrounding the class certification decision and the due process issues with the discovery plan, Saba respectfully requests that the Court deny as premature the approval of class notice sought in the Motion. In the alternative, should this Court grant Plaintiff's Motion, the Family Educational

Rights and Privacy Act, 20 U.S. Code § 1232g ("FERPA"), places limitations on the disclosure of the class members' information requested by Plaintiff.

## ARGUMENT

**I.   The Pendency of Saba's Rule 23(f) Petition Warrants Delay of Class Notice.**

On October 14, 2024, Saba filed a Petition to Appeal Class Certification pursuant to Federal Rule of Civil Procedure 23(f) with the United States Court of Appeals for the First Circuit, seeking to vacate or reverse this Court's class certification ruling of October 1, 2024. Dkt. 102. While that Petition is pending, Saba will seek a general stay of this case's proceedings from this Court, and if necessary, from the First Circuit. Such a stay, if entered, would obviate the need for consideration of Plaintiff's Motion. But even if a wholesale stay of the proceedings is not granted, the Petition warrants delaying the provision of notice to the class.

The possibility of reversal of the class certification order warrants delaying the provision of class notice, apart from consideration of a stay of the case. The pendency of the Rule 23(f) appeal is sufficient basis to delay giving notice to the class until the class certification decision is entered and reviewed. Courts routinely stay the issuance of class notice pending the outcome of a Rule 23(f) appeal.[1] As noted in the MANUAL FOR COMPLEX LITIGATION, the "district court should

---

[1] *See, e.g., Ramirez v. DeCoster*, 203 F.R.D. 30, 40 (D. Me. 2001) (court would stay further proceedings upon a timely appeal under Rule 23(f) pending a ruling by the Court of Appeals); *In re Rail Freight Fuel Surcharge Antitrust Litig.*, 286 F.R.D. 88, 94 (D.D.C. 2012) ("proceeding with class notice while the Rule 23(f) petition is pending could lead to confusion among the public and the absent class members."); *see also, In re: Se. Milk Antitrust Litig.*, No. 2:08-MD-1000, 2011 WL 13122693, at *10 (E.D. Tenn. Jan. 19, 2011) ("most prudent course of action is to delay notice to class members of the certification of the class until the Sixth Circuit has ruled on the [Rule 23(f)] petition"); *Heinzl v. Cracker Barrel Old Country Store, Inc.*, No. 2:14-CV-1455, 2016 WL 5339410, at *1 (W.D. Pa. July 8, 2016) (ordering stay of "the delivery of any class action notice" pending appeal to mitigate "the risk of prejudice to either party"); *Alfred v. Pepperidge Farm, Inc.*, Civ. No. 14-7086, 2017 WL 5665019, at *3 (C.D. Cal. July 13, 2017) (staying issuance of class notice to avoid confusion during pendency of Rule 23(f) petition); *IBEW Local 98 Pension Fund v. Best Buy Co., Inc.*, 2014 WL 4540228, *1 (D. Minn. 2014), subsequent determination, 2014 WL 12774851 (D. Minn. 2014) (granting motion to stay all proceedings pending appeal, including sending of class notice); *Riggleman v. Clarke*, 2019 WL 2060940, at *3 (W.D. Va. May 9, 2019); *Scott v. Family Dollar Stores, Inc.*, 2016 WL 4267954, at *2 (W.D.N.C. Aug. 11, 2016); *Brown v. Wal-Mart Stores, Inc.*, 2012 WL 5818300, at *4 (N.D. Cal. Nov. 15, 2012) ("curative notice would not be sufficient to stem the confusion that would arise in the event of a change to the class definition or decertification of the class altogether."); *Willcox v. Lloyds TSB Bank, PLC*, 2016 WL 917893,

ordinarily stay the dissemination of class notice" during an appeal from a grant of certification, "to avoid the confusion and the substantial expense of renotification that may result from appellate reversal or modification after notice dissemination." Federal Judicial Ctr., MANUAL FOR COMPLEX LITIGATION (4th Ed.) § 21.28, at 284 (2004). A leading treatise on class action litigation further notes that "courts sensibly delay sending notice of class certification if the certification decision has been appealed under Rule 23(f)." W. Rubenstein, A. Conte & H. Newberg, 3 NEWBERG AND RUBENSTEIN ON CLASS ACTIONS § 8:11 (6th ed.) (2022). It explains that "[n]otifying the class in those circumstances could then require re-sending notice if the appellate court reverses, a situation that is likely to cause confusion." *Id*. Courts around the country have, in accordance with these ideas, delayed notice to the class during the pendency of a Rule 23(f) appeal of a certification order.

The additional possibility of further modifications of the class, as the Court noted in the argument on Plaintiff's Motion for Class Certification while it *sua sponte* modified the class definition in that hearing, provides another reason that class notice should be delayed. As of this filing, the Court has not yet issued a written decision stating what the class is. In filing its Rule 23(f) Petition, Saba noted that it intends to supplement that Petition after this Court issues a written opinion supporting its class certification decision. Saba may also yet seek reconsideration by this Court of the opinion that it eventually issues on certification. Saba has no current idea whether the class that the Court ultimately decides to certify will be further objectionable, or on what basis. Nor could it. This Court should exercise its discretion to delay dissemination of class notice, at least until a reasonable time after it issues an opinion on the class certification decision. Such

---

*7 (D. Haw. 2016) (finding that "the irreparable reputational injury [the defendant] could face upon premature issuance of class notice weighs in favor of a stay").

postponement will give the parties time to digest the opinion the Court eventually issues, decide whether to seek further relief from this Court or the First Circuit on that opinion, and proceed in an orderly fashion to determine when and how to give notice to any class that eventually is defined from that process.

## II.    The Opt-Out and Timing of Class Notice as Proposed by Plaintiff Violates Due Process.

Plaintiff's proposed plan for class notice and exclusion before trial does not allow adequate time for Saba to take discovery from class members who do not exclude themselves from the class; as such it violates Saba's due process rights to confront those class members and present the defenses that Saba has against each of them. The most obvious example of this is that (approximately) one in three potential class members have claims barred by the statute of limitations this Court appears inclined to apply to all members of the class. Those who do not exclude themselves, thus becoming members of the class, will be subject to that defense that Saba has already raised and intends to prove at trial. There are other individualized defenses that Saba will raise as to other class members.

When properly employed, "the class-action device saves the resources of both the courts and the parties by permitting an issue potentially affecting every [class member] to be litigated in an economical fashion." *Gen. Tel. Co. of Sw. v. Falcon*, 457 U.S. 147, 155 (1982) (quotations omitted). Defendants, however, have a fundamental due-process right to "present every available defense." *Lindsey v. Normet*, 405 U.S. 56, 66 (1972) (quoting *Am. Surety Co. v. Baldwin*, 287 U.S. 156, 168 (1932)). "The right to be heard," embodies "a right to … raise relevant issues," *Holt v. Virginia*, 381 U.S. 131, 136 (1965), and must allow the defendant to "test the sufficiency" of the plaintiff's case by offering "evidence in explanation or rebuttal," *ICC v. Louisville & Nashville*

*R.R. Co.*, 227 U.S. 88, 93 (1913). This is no less true in a class action. *See Wal-Mart Stores, Inc. v. Dukes*, 564 U.S. 338, 367 (2011).

The Supreme Court has warned that the "Rules Enabling Act forbids interpreting Rule 23 to 'abridge, enlarge or modify any substantive right.'" *Dukes*, 564 U.S. at 367 (citing 28 U.S.C. § 2072(b)). As the Court noted, a "class cannot be certified on the premise that [the defendant] will not be entitled to litigate its statutory defenses to individual claims." *Id*. A "defendant in a class action has a due process right to raise individual challenges and defenses to claims, and a class action cannot be certified in a way that eviscerates this right or masks individual issues." *Carrera v. Bayer Corp.*, 727 F.3d 300, 307 (3d Cir. 2013). Rule 23 must always be construed to ensure defendants a meaningful opportunity to defend themselves—either as to liability or damages, or both. *See Dukes*, 564 U.S. at 368.

Saba will not need to inquire as to any possible defenses for class members who exclude themselves from the class; therefore, the time for Saba to initiate individual discovery against such class members will not begin until after the proposed class administrator reports the opt-outs to the Court, which Plaintiff proposes to be January 27, 2025. Plaintiff's proposed exclusion deadline is January 17, 2025. Dkt. 109-2, at 3. Plaintiff proposes that the administrator report such exclusions to the Court ten days later. Dkt. 108, at 7. The Court has set this case for trial at some point in February 2025, Dkt. 35, at 2, which could mean any date in February. The deadline to complete discovery, however, is November 8, 2024. Dkt. 35, at 2.

Setting aside the discovery deadline, Saba could have as few as four days before trial to take discovery from all non-excluded class members against whom it has individualized defenses, which is a denial of due process. The Seventh Circuit Court of Appeals has stated that the "due process question" is "whether the defendant will receive a fair opportunity to present its defenses

when putative class members actually come forward." *Mullins v. Direct Digital, LLC*, 795 F.3d 654, 669–70 (7th Cir. 2015). That is precisely what is implicated by Plaintiff's proposal to announce "who has come forward" as few as four days before the start of trial. Defendant will have no opportunity to either develop or prevent its defenses against any of the absent class members who do not exclude themselves.

The most obvious defense is that the limitations period for a Chapter 93A claim is four years from the time the claim accrues. Mass. Gen. Laws ch. 260, § 5A. The claim accrues "at the time injury results from the assertedly unfair or deceptive acts." *Cambridge Plating Co. v. Napco, Inc.*, 991 F.2d 21, 25 (1st Cir. 1993); *see George v. Stonebridge Mortg. Co., LLC,* 988 F. Supp. 2d 142, 150-51 (D. Mass. 2013). Plaintiff filed suit on August 30, 2023. Dkt. 1. Every class member who enrolled prior to August 30, 2019 has a claim that is time-barred.[2] The only way these class members will be able to avoid the limitations defense is to invoke the "discovery rule." For the Court to apply the "discovery rule" to prevent application of the limitations bar to every member of those seven cohorts, an individualized inquiry of each class member is necessary to determine when that class member discovered that Saba's first time USMLE Step 1 pass rate does not include those who do not take the test.[3]

In addition to the limitations defense, Saba has defenses to the claims of certain possible class members. Those who do not exclude themselves, and thus become class members, will be

---

[2] This includes Plaintiff, any other former student who began classes in the same cohort as Plaintiff, and every student who began classes prior to Plaintiff and her cohort. The Court has indicated it will or has certified a class that includes students from Plaintiff's cohort (which began classes in September 2019), and the six cohorts that preceded hers: September 2017, January 2018, May 2018, September 2018, January 2019, and May 2019. All of their claims are presumptively time-barred.

[3] Plaintiff has also raised a class claim under Mass Gen. Laws ch. 266, § 91. It was not mentioned in Plaintiff's Motion for Class Certification, so it is unclear whether this claim is subject to the Court's future class certification opinion. If it is, the limitations period for this claim is three years, because the claim sounds in tort and no other applicable limitations period applies. Mass. Gen. Laws ch. 260, § 2A. As a result, this claim is presumptively time-barred for an even larger percentage of the class.

subject to those defenses at trial. For example, many class members are not citizens of the United States. The evidence in this case demonstrates that the proposed class includes citizens of 13 foreign countries. A judgment in this case, whether for Saba or for the class, will not necessarily bind those class members through the *res judicata* effect of a judgment in this case. Those class members will have "litigation options" – if the class wins the case at trial, those class members can share in the proceeds. If Saba wins this case at trial, those members will be free to re-litigate their claims in courts of other nations, perhaps even as additional class actions.

This problem was addressed in the widely-discussed class action suit involving the recent Bernie Madoff financial scandal. In *Anwar v. Fairfield Greenwich Ltd.*, the court stated that "where a plaintiff sufficiently demonstrates that the stated policy of a foreign country is to recognize and enforce foreign judgments, or that its law is generally inclined to favor that course of action, such a showing would create a rebuttable presumption that, absent an affirmative showing to the contrary, recognition of a particular United States judgment, even in class action litigation, does not violate a foreign country's public policy." 289 F.R.D. 105, 115 (S.D.N.Y. 2013), *vacated and remanded sub nom. St. Stephen'S Sch. v. PricewaterhouseCoopers Accts. N.V.*, 570 F. Appx. 37 (2d Cir. 2014). Plaintiff here made no attempt to show that the "stated policy" of any foreign country is to recognize and enforce foreign judgments such that a judgment in this case would be recognized. Saba intends to challenge the claims of those potential foreign class members who do not exclude themselves on the basis that a judgment in this case will not have preclusive effect against them.

Other class members have suffered no damages. Plaintiff, for example, has paid no money for her education. Her mother allegedly paid some of her tuition, and the remainder was paid by student loans which she has not repaid. Whether Plaintiff herself has been damaged is a matter for

trial. Other class members also have not paid any money for their Saba education; some obtained scholarships, others obtained student loans which have not been repaid, and yet others simply had the cost of their education paid by others. And, as Saba's expert witness Dr. Przemyslaw Jeziorski testified, because of the heterogeneity in the value of education, including partial education, damages from any potential misconduct by Saba would need to be evaluated on a case-by-case basis. Dkt. 103-1, at 7. Saba is entitled to an opportunity to develop and present its defenses against each of these class members who do not exclude themselves from the class.

Class members who were expelled from Saba or dropped out of Saba for reasons other than poor academic performance will be subject to other defenses that do not apply to Plaintiff; for example, the question of whether their damages were proximately caused by Saba's advertising is answered differently for these students. A student who was expelled for cheating, for example, can hardly claim that the proximate cause of his injury was Saba's advertisements. Likewise, a student who was making satisfactory progress but dropped out to care for a family member, or because of health issues, has a different proximate cause analysis than Plaintiff. Saba is entitled to an opportunity to develop and present its defenses against each of these class members who do not exclude themselves from the class. Four days is not enough time to do that.

### III.  Plaintiff's Proposed Class Notice Wrongly Suggests that Class Members Can Simply "Do Nothing."

As noted above, Plaintiff's proposed plan for class notice and exclusion before trial does not allow adequate time for Saba to take discovery from absent class members. Several defenses that Saba has already raised, and intends to raise at trial, will affect absent class members and require that they come forward with individualized evidence at trial.

The most obvious example of this is the "discovery rule" issue discussed above. The claims of a large percentage of class members are time-barred under Massachusetts law. For any class

member who has a time-barred claim to defeat that defense, the class member will need to come forward with evidence that the "discovery rule" should apply and defeat that defense. The Class Notice proposed by Plaintiff does not inform possible class members that they will need to come forward with individualized evidence to prevent their individual claim from being determined against them through Saba's limitations defense.

The proposed press release and class notice say nothing about any absent class member needing to come forward. The press release states simply, "If you are a Class Member and you do nothing, you are choosing to stay in the Class. You will be permitted to share in any money that may be obtained in this case through continued litigation or settlement." Dkt. 109-2, at 2. The class notice says the same. Dkt. 109-3, at 3. It also states that "If you do nothing you are choosing to remain in the Class. You will keep the right to share in any money or benefits that may come from a trial or settlement of this lawsuit." Dkt 109-3, at 5. And it states: "No, you do not need to attend the trial. Class Counsel will present the case for the Plaintiff, and Counsel for the Defendants will present the defenses. You or your own lawyers are welcome to come at your own expense." Dkt. 109-3, at 6. None of these statements make any reference to the fact that the claims of any class member are subject to defenses that can only be overcome by evidence that Class Counsel has no ability to present or intention of presenting.

The notice also incorrectly states that: "you will give up your right to start another lawsuit, continue another lawsuit, or be part of any other lawsuit against Defendants about the legal issues in this case, including claims brought in the case between Plaintiff and Defendants. All of the Court's orders in the case relating to the Plaintiff's claims will apply to you and legally bind you. You will also be bound by any judgment in the lawsuit." Dkt 109-3, at 5. These statements are not necessarily true for any foreign students who receive the class notice.

The Court has an interest in safeguarding the rights of class members. The proposed forms of notice do not adequately inform the class of the possible outcomes of trial, or of the absent class members' need to present evidence to combat the defenses that Saba has raised and will raise at trial. The Court should not approve them.

### IV.    FERPA Places Limits on the Disclosure of Class Members' Information.

Plaintiff requests that Saba produce "core data on Class Members" within 14 calendar days of entry of the order on this Motion to ensure timely notice and to search for updated mailing addresses. Dkt. 108, at 2, 6. Specifically, Plaintiff requests "names, last known addresses, email addresses, telephone numbers, dates of birth, and social security/social insurance numbers." *Id.* To the extent this Court grants Plaintiff's Motion, Saba is only authorized to produce such information in compliance with FERPA and its own related policies.

Pursuant to FERPA, educational institutions are prevented from disclosing a student's "education records" except under limited circumstances. *Doe v. Massachusetts Inst. of Tech.*, 46 F.4th 61, 74 (1st Cir. 2022). The term "education records" generally includes records that contain information directly related to a student and are maintained by an educational institution. 20 U.S.C. 1232g(a)(4)(A). One exception to this prohibition is "directory information". 34 C.F.R. § 99.31(a)(11). FERPA enumerates the categories of student information eligible for "directory information" treatment and requires that an educational institutional give notice of the categories that it designates as "directory information." 20 U.S.C. 1232g(a)(5)(A), (B). Saba's Student Handbook designates as directory information: a student's name, telephone listing, school and home address, school email address, photograph, date and place of birth, enrollment status, dates of attendance, participation in officially recognized school activities, honors and awards, and the other educational institutions attended. *See* Saba's Student Handbook, attached hereto as Exhibit

A. Thus, if the Court is inclined to approve the class-certification notice, Saba is entitled under FERPA to produce this information. Notably, however, neither students' personal email addresses,[4] nor social security or social insurance numbers are included within Saba's directory information.[5]

FERPA contains an exception to its disclosure prohibitions when the information is obtained pursuant to a judicial order or subpoena "upon condition that . . . students are notified of all such orders or subpoenas in advance of the compliance therewith by the educational institution or agency." 20 U.S.C. § 1232g(b)(2)(B). Therefore, Saba can produce personal email addresses or social security/social insurance numbers, but only with a court order and prior notice to the class members.

Since it is Plaintiff's responsibility to provide class-certification notice, *see Eisen v. Carlisle and Jacquelin*, 417 U.S. 156 (1974), Saba requests that if the Court orders the disclosure of the class members' personal email addresses and social security/social insurance numbers, that the Court require Plaintiff's class administrator to provide the advance notice required under FERPA to Saba's former students.

Given these additional considerations, should the Court be inclined to require production of the class members' education records, Saba requests that such disclosure not be due until 21 days after Plaintiff's class administrator provides proof of providing the advanced notice required under FERPA to all class members.

---

[4] While Saba permits disclosure of school email addresses, former students' school email addresses are no longer active, Saba cannot provide the same.
[5] Similarly, FERPA's definition of "directory information" does not include social security or social insurance numbers. *See* 34 C.F.R. § 99.3.

## <u>CONCLUSION</u>

Defendants Saba and R3 respectfully request that the Court deny Plaintiff's Motion to Approve Class Notice, that the Court stay the issuance of any Notice, and grant such other and further relief as the Court finds just and appropriate.

October 25, 2024

SABA UNIVERSITY SCHOOL OF
MEDICINE, and R3 EDUCATION, INC.,

*/s/ Daryl J. Lapp*
Daryl J. Lapp, BBO # 554980
daryl.lapp@lockelord.com
LOCKE LORD, LLP
111 Huntington Avenue, 9th Floor
Boston, MA  02199
617.239.0100

Dale A. Evans, Jr., (*pro hac vice*)
dale.evans@lockelord.com
LOCKE LORD, LLP
777 South Flagler Drive – East Tower Suite 215
West Palm Beach, FL  33401
561.820.0248

Michael J. McMorrow (*pro hac vice*)
michael.mcmorrow@lockelord.com
LOCKE LORD, LLP
111 S. Wacker Drive
Chicago, IL 60606
312.443.0246

**<u>Certificate of Service</u>**

I certify that on October 25, 2024 this document was filed through the Electronic Case Filing System of the United States District Court for the District of Massachusetts and will be served electronically by the Court to the Registered Participants identified in the Notice of Electronic Filing.

*/s/Daryl J. Lapp*
Daryl J. Lapp

139211202v.5