UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| NATALIA ORTIZ, on behalf of herself and a class of similarly situated persons,<br><br>*Plaintiff*,<br><br>v.<br><br>SABA UNIVERSITY SCHOOL OF MEDICINE; and R3 EDUCATION, INC.,<br><br>*Defendants.* | Case No. 1:23-cv-12002-WGY<br><br>**CLASS ACTION** |

**PLAINTIFF'S OPPOSITION TO DEFENDANTS'
MOTION FOR A STAY PENDING APPEAL**

Plaintiff Natalia Ortiz respectfully submits this Opposition to Defendants Saba University School of Medicine and R3 Education, Inc.'s (collectively, "Defendants") Motion for a Stay Pending Appeal. ("Motion," Doc. 115.) In this Circuit, a stay applicant must establish, *inter alia*, that its Rule 23(f) Petition is likely to succeed and that it will suffer irreparable harm absent a stay. Because Defendants fail to establish either, this Court should deny their request for a stay.

**LEGAL STANDARD**

It is well settled that a Rule 23(f) petition "does not stay proceedings in the district court unless the district judge or the court of appeals so orders." *In re Asacol Antitrust Litig.*, 2018 WL 1383839, at *1 (D. Mass. Jan. 19, 2018) (quoting FED. R. CIV. P. 23(f)); *see also* FED. R. CIV. P. 23(f) Committee Note to 1998 Amendment ("Permission to appeal does not stay trial court proceedings"). This is true even if the appellate court grants the Rule 23(f) petition allowing the appeal to move forward. *See* FED. R. CIV. P. 23(f). This presumption against a stay is intended to advance a core purpose of Rule 23(f), which is to "avoid[] delay." *See Microsoft Corp. v. Baker*, 582 U.S. 23, 38 & n.9 (2017); *Blair v. Equifax Check Services, Inc.*, 181 F.3d 832, 835 (7th Cir.

1

1999) (explaining that "Rule 23(f) [was] drafted to avoid delay" and that "stays will be infrequent"); *see also Nken v. Holder*, 556 U.S. 418, 427 (2009) (explaining that a "stay is an intrusion into the ordinary process of administration and judicial review").

The party requesting a stay "bear[s] the burden of showing that the stay is justified under the circumstances." *Picone v. Shire, LLC*, 2020 WL 3051871, at *2 (D. Mass. June 8, 2020). This burden is onerous, akin to that of a party seeking preliminary injunctive relief. *See Blair*, 181 F.3d at 835; *Fitzmorris v. Weaver*, 2024 WL 231883, at *3 (D.N.H. Jan. 22, 2024) ("[T]he Supreme Court's guidance on preliminary injunctions is instructive given that both inquiries turn on comparable tests and are animated by similar concerns.") (citation omitted).

When ruling upon a motion to stay pending appeal, courts evaluate four factors: "(1) [w]hether the stay applicant has made a strong showing that it is likely to succeed on the merits, (2) whether the applicant will be irreparably injured absent a stay, (3) whether [the] issuance of the stay will substantially injure the other parties interested in the proceeding, and (4) where the public interest lies." *See Common Cause Rhode Island v. Gorbea*, 970 F.3d 11, 14 (1st Cir. 2020) (citing *Nken*, 556 U.S. at 426). "The first two factors are the most critical." *Id*. A "failure to establish a likelihood of success on the merits or a threat of irreparable harm is, standing alone, fatal to [a] motion" to stay. *Fitzmorris*, 2024 WL 231883, at *4 (citing *Foss v. Spencer Brewery*, 2019 WL 6223205, at *1 (D. Mass. Nov. 20, 2019)).

## ARGUMENT

Defendants fail to demonstrate that any of the required factors favor a stay. Most importantly, Defendants cannot satisfy the "critical" first two factors—the likelihood of success and irreparable harm absent a stay—which is "fatal to [their] motion." *See id*.

I.      **Defendants Do Not Establish That Their Petition is Likely to Succeed**

Where, as here, "the appellate court has not ruled on the petition, the likelihood of success inquiry requires two considerations: [1] whether the moving party will obtain permission to appeal, and [2] if permission to appeal is granted, whether the moving party will prevail on the merits of the appeal." *See Picone*, 2020 WL 3051871, at *2 (citation omitted). Defendants fail on both fronts.

*First*, for the reasons set forth in Plaintiff's opposition to Defendants' Rule 23(f) petition (attached as Exhibit A), Defendants are unlikely to receive permission to appeal. Observing that "interlocutory appeals are disruptive, time-consuming, and expensive," the First Circuit "discourage[s] piecemeal appeals" and grants a Rule 23(f) interlocutory petition only in three limited circumstances: (1) "when a denial of class status effectively ends the case"; (2) "when the grant of class status raises the stakes of the litigation so substantially that the defendant likely will feel irresistible pressure to settle"; or (3) when "an appeal will permit the resolution of an unsettled legal issue that is important to the particular litigation as well as important in itself and likely to escape effective review if left hanging until the end of the case." *Waste Mgmt. Holdings, Inc. v. Mowbray*, 208 F.3d 288, 293–94 (1st Cir. 2000).

Defendants all but ignored this framework. They did not mention the first or third grounds of the *Mowbray* test, thereby waiving reliance on them. With respect to *Mowbray*'s second prong, Defendants claimed that this Court's certification decision created an "irresistible pressure" to settle because damages "could approach $16 million." (*See* Doc. 115-1 at 14.) Defendants offered no evidence or explanation in their Petition for this conclusory assertion. (*See* Ex. A at 6–11.)

As *Mowbray* makes clear, a petitioner cannot establish an irresistible pressure to settle by simply stating it is so. *See Mowbray*, 208 F.3d at 294–95; *see also In re Lorazepam*, 289 F.3d 98, 108 (D.C. Cir. 2002) ("Other than mere assertions, [Defendant] makes no showing that it will be

unduly pressured to settle because of the class's certification. [Defendant] failed to submit any evidence that the damages claimed would force a company of its size to settle without relation to the merits of the class's claims."). And context is crucial—$16 million might be "ruinous" for some companies and "merely unpleasant" to others. *See Mowbray*, 208 F.3d at 294–95; *In re Lorazepam*, 289 F.3d at 108. Defendants cited no evidence to shed light on their relative financial size or soundness and cited no evidence to show how their purported $16 million exposure would subject them to overwhelming settlement pressure.[1] (*See* Ex. A at 6-11.)

In their Petition, Defendants also suggest that this Court tried to coerce them into settlement by "instructing Plaintiff to proceed with the class-certification notice 'at once,' setting the case for trial a few months from now, and explicitly stating that the defendants should 'be talking about resolving this case' by settling." (*See* Doc. 115-1 at 15.) As detailed in Plaintiff's opposition, these attacks on the propriety of this Court's certification decision are baseless. (*See* Ex. A at 9–10.) Because Defendants did not even attempt to satisfy the First Circuit's stringent standards, their Rule 23(f) petition is unlikely to succeed.

*Second*, even if Defendants were to obtain permission to appeal, they have not demonstrated a likelihood of success on the merits. Defendants do no more than rehash the same contentions already raised before this Court, namely that three obstacles purportedly thwart certification: (1) choice of law; (2) damages; and (3) causation/injury. The briefing before this

---

[1] On November 4, 2024, Defendants filed in the First Circuit a motion for leave to file a reply brief to support their Rule 23(f) Petition. Ironically—although Saba (a) moved this Court to strike evidence submitted with Plaintiff's reply brief on class certification, Doc. 86, and (b) contends to the First Circuit that this Court's denial of that motion was an abuse of discretion, Doc. 115-1 at 27, Defendants are seeking leave to do exactly what they are complaining of—submitting new evidence attached to a reply brief. Moreover, the substance of the evidence—a declaration from the Chief Financial Officer of R3—does nothing to support Defendants' case because it only contains information regarding Saba's (but not R3's) *income* in recent years and says nothing about whether Saba or R3 have sufficient *assets* to satisfy a judgment or reach a reasonable settlement. As of the filing of this submission, the First Circuit has not ruled on Saba's motion for leave to file a reply brief.

Court examined these issues at length, and the Court questioned counsel about each during oral argument before rendering its decision to certify.[2] After careful consideration, this Court acted well within its discretion in certifying a class. *See Mowbray*, 208 F.3d at 293, 295 (in determining whether a Rule 23(f) petitioner has shown "significant weakness" in the district court's decision, the First Circuit considers "the discretion the district judge possesses in implementing Rule 23, and the correspondingly deferential standard of appellate review"); *see also In re Wholesale Grocery Prod.*, 2016 WL 6246758, at *2 (D. Minn. Oct. 25, 2016) ("Assuming without deciding that the Eighth Circuit grants Defendants' Rule 23(f) petition, Defendants have not shown they are likely to succeed on the merits of their appeal. Rather, Defendants merely repeat the same arguments as those already considered and rejected by this Court when granting class certification. As with any appeal, the Eighth Circuit may choose to disagree with this Court's conclusions on the merits of the certification issue, but this possibility does not make it <u>likely</u> that Defendants will succeed on the merits of their appeal.") (emphasis in original).

Because Defendants have not demonstrated any likelihood that the First Circuit will allow their interlocutory appeal, let alone that this Court abused its discretion in certifying the Class, the motion to stay should be denied.

## II. Defendants Do Not Establish Irreparable Harm

Defendants assert that, absent a stay, they will suffer irreparable harm because they will have to expend resources to comply with upcoming deadlines. As an initial matter, this Court entered the scheduling order nine months ago, Doc. 35, so the upcoming deadlines—including the February 2025 trial—are hardly a surprise.

---

[2] Plaintiff does not revisit these arguments here, having done so in two briefs submitted to this Court (Doc. 51; Doc. 82), at oral argument (Doc. 98; Doc. 99), and in its opposition brief submitted to the First Circuit. (Ex. A at 11–24.)

More fundamentally, when litigants have sought a stay pending appeal, "district courts in this circuit have routinely concluded that litigation expenses alone do not constitute irreparable harm." *See Fitzmorris*, 2024 WL 231883, at *3 (citations omitted); *Picone*, 2020 WL 3051871, at *2 (same); *Foss*, 2019 WL 6223205, at *1 ("[O]ur case law is clear that litigation expenses do[ ] not constitute irreparable injury, no matter how substantial they are.") (citation omitted). This conclusion holds true "even if those expenses [would] ultimately [be] rendered unnecessary" by the outcome of the appeal. *See Fitzmorris*, 2024 WL 231883, at *3. Similarly, in the analogous context of preliminary injunctions, the Supreme Court has determined that "even substantial and unrecoupable cost [] does not constitute irreparable injury." *Renegotiation Bd. v. Bannercraft Clothing Co., Inc.*, 415 U.S. 1, 24 (1974); *Nken*, 556 U.S. at 434 ("There is substantial overlap between [the stay factors] and the factors governing preliminary injunctions[.]"); *see also F.T.C. v. Standard Oil Co. of California*, 449 U.S. 232, 244 (1980) ("[T]he expense and annoyance of litigation is part of the social burden of living under government.") (citation omitted).

Defendants' argument here fares no better than the identical arguments offered by the unsuccessful stay applicants in the foregoing cases. *E.g.*, *Fitzmorris*, 2024 WL 231883, at *3; *Picone*, 2020 WL 3051871, at *2. As such, Defendants have not established an irreparable injury absent a stay.

### III.   Defendants Fail to Satisfy the Remaining Two Factors

The Defendants' "failure to establish a likelihood of success on the merits or a threat of irreparable harm"—the two most critical factors—"is, standing alone, 'fatal to [their] motion.'" *See Fitzmorris*, 2024 WL 231883, at *4 (citation omitted); *Picone*, 2020 WL 3051871, at *3 ("Because the first two factors favor denying the motion to stay, little more needs to be said as to the second two[.]") (citation omitted). Nonetheless, the two remaining factors—whether issuance

of the stay will substantially injure the other parties interested in the proceeding and where the public interest lies—also counsel against a stay.

First, many class members have legal obligations to pay their federal student loans or face the consequences of default, which include wage garnishment, withholding of tax refunds or other federal benefit payments, and adverse credit reporting. Given the "considerable disparity in resources," class members would suffer a much greater harm from a delay than Defendants would suffer by adhering to this Court's long-established scheduling order. *Cf. In re Suffolk Univ. Covid Refund Litig.*, 2022 WL 6819485, at *3 (D. Mass. Oct. 11, 2022) (Young, J.) ("[T]here is a considerable disparity in resources between a large university like Suffolk and individual plaintiffs.") (citation omitted). This is especially true "in light of [D]efendants' failure to show a substantial likelihood of prevailing on the merits of their appeal." *See Thorpe v. District of Columbia*, 306 F.R.D. 6, 11 (D.D.C. 2014); *see also Sumitomo Copper Litig. v. Credit Lyonnais Rouse, Ltd.*, 262 F.3d 134, 140 (2d Cir. 2001) ("[P]arties should not view Rule 23(f) as a vehicle to delay proceedings in the district court.").

Finally, the public interest is also better served if this Court adheres to its scheduling order. In these circumstances, "considerations of judicial economy weigh heavily against granting a stay." *See In re Petrobras Sec.*, 193 F. Supp. 3d 313, 318 (S.D.N.Y. 2016). Nine months ago, this Court—in consultation with the parties—set aside time in February 2025 for the trial in this matter. The other case deadlines were scheduled with this trial date in mind. "It is not an easy matter"— either for this Court or for counsel—to upend their long-settled plans at this late hour because of an easily foreseeable contingency that Defendants did not prepare for. *See id.* Further, a stay would "disserve the strong public interest in the speedy and effective administration of justice." *Id*.

## CONCLUSION

For the foregoing reasons, Plaintiff respectfully requests that this Court deny Defendants' motion to stay.

Dated: November 8, 2024          /s/ *Patrick T. Egan*

**BERMAN TABACCO**
Patrick T. Egan (BBO #637477)
Christina L. G. Fitzgerald (BBO #709220)
One Liberty Square
Boston, MA 02109
(617) 542-8300
pegan@bermantabacco.com
cfitzgerald@bermantabacco.com

**MAYNARD NEXSEN PC**
Margaret M. Siller (admitted *pro hac vice*)
1131 4th Avenue South, Suite 320
Nashville, TN 37210
(629) 258-2253
msiller@maynardnexsen.com

John R. Alford, Jr (admitted *pro hac vice*)
1901 6th Avenue North, Suite 1700
Birmingham, AL 35203
(205) 254-1847
jalfordjr@maynardnexsen.com

**NATIONAL STUDENT LEGAL DEFENSE NETWORK**
Alexander S. Elson (admitted *pro hac vice*)
Daniel A. Zibel (admitted *pro hac vice*)
Madeline Wiseman (admitted *pro hac vice*)
1701 Rhode Island Ave. NW
Washington, DC 20036
(202) 734-7495
alex@defendstudents.org
dan@defendstudents.org
madeline@defendstudents.org

**CERTIFICATE OF SERVICE**

     I hereby certify that on November 8, 2024, this document was filed through the Electronic Case Filing System of the United States District Court for the District of Massachusetts and will be served electronically by the Court to the Registered Participants identified in the Notice of Electronic Filing.

                                             */s/ Patrick T. Egan*
                                             Patrick T. Egan