UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| NATALIA ORTIZ, on behalf of herself and a class of similarly situated persons,<br><br>    Plaintiff<br><br>  v.<br><br>SABA UNIVERSITY SCHOOL OF MEDICINE; and R3 EDUCATION, INC.,<br><br>    Defendants. | Civil Action No.: 1:23-cv-12002-WGY |

**DEFENDANTS' MOTION FOR SUMMARY JUDGMENT**

Pursuant to Fed. R. Civ. P. 56(a), defendants Saba University School of Medicine and R3 Education, Inc. (collectively, "Saba") respectfully move for summary judgment on all counts of Plaintiff Natalia Ortiz's Complaint.

Saba is a medical school located in the Caribbean. R3 is the corporation that owns Saba and that provides administrative and support services to Saba. Plaintiff was a student at Saba. She was dismissed in accordance with Saba's policies for failure to make satisfactory academic progress. Specifically, she was dismissed after failing four times to pass a comprehensive basic sciences examination ("CBSE"), which students must pass to successfully complete the basic science curriculum and sit for the United States Medical Licensing Examination ("USMLE") Step 1.

Plaintiff claims she enrolled at Saba because of advertising statements that were unfair and deceptive in two respects: First, she complains that Saba advertised the fact that its students have a 98-100% first-time pass rate on the USMLE Step 1. Although those figures are accurate, and calculated in accordance with federal requirements, Plaintiff says they are deceptive, because Saba does not reveal that fact that a significant percentage of its students leave the program before

1

reaching the point at which they would take the Step 1 exam. Second, Plaintiff alleges that the defendants failed to disclose that, in order to sit for the Step 1 exam, students first must pass the CBSE, which Saba allegedly uses to "cull" the weaker students.

Plaintiff's Complaint, now certified as a class action, asserts three theories of liability: unfair and deceptive business practices in violation of Mass. G.L. c. 93A, § 9 (Count I); untrue and deceptive advertisements in violation of Mass. G.L. c. 266, § 91 (Count II); and unjust enrichment (Count III), which this Court dismissed without prejudice. Plaintiff asserts these claims for herself and a class of former Saba students who withdrew or were dismissed from Saba before taking the USMLE Step 1 exam. The Court excluded from the class students who transferred or failed a majority of their courses. Plaintiff seeks a total refund of all the tuition and fees paid to Saba (despite receiving the instruction, coursework, and educational materials for which she paid) and seeks injunctive relief.

Summary judgment is appropriate on the Chapter 93A claim because Massachusetts law does not apply; there is no genuine issue of material fact as to whether Saba's advertisements were "deceptive," "unfair," or material; and there is no genuine issue of material fact as to whether Plaintiff or any class member was proximately injured by any advertisement in this case.

Summary judgment also is appropriate on the Chapter 266 claim for the same reasons and because Plaintiff and the class lack standing to pursue the only relief available under the statute— an injunction—because they are no longer enrolled at Saba and have no financial obligation to Saba. Plaintiff also cannot demonstrate that Saba made any claim that was either "literally false" or "impliedly false."

In support of its Motion, Saba submits the accompanying Memorandum of Law, Statement of Undisputed Facts, and the Declaration of Dale Evans with exhibits attached thereto. Wherefore,

Saba requests that the Court enter summary judgment it its favor on all claims and grant such other and further relief as the Court deems just and equitable.


November 15, 2024                         SABA UNIVERSITY SCHOOL OF
MEDICINE, and R3 EDUCATION, INC.,

*/s/ Daryl J. Lapp*
Daryl J. Lapp, BBO # 554980
daryl.lapp@lockelord.com
LOCKE LORD, LLP
111 Huntington Avenue, 9th Floor
Boston, MA  02199
617.239.0100

Dale A. Evans, Jr., (*pro hac vice*)
dale.evans@lockelord.com
LOCKE LORD, LLP
777 South Flagler Drive – East Tower Suite 215
West Palm Beach, FL  33401
561.820.0248

Michael J. McMorrow (*pro hac vice*)
michael.mcmorrow@lockelord.com
LOCKE LORD, LLP
111 S. Wacker Drive
Chicago, IL 60606
312.443.0246

**CERTIFICATE OF SERVICE**

  I certify that on November 15, 2024, this document was filed through the Electronic Case Filing System of the United States District Court for the District of Massachusetts and will be served electronically by the Court to the Registered Participants identified in the Notice of Electronic Filing.

*/s/Daryl J. Lapp*    
Daryl J. Lapp

**CERTIFICATION PURSUANT TO LOCAL RULE 7.1(a)(2)**

I hereby certify that counsel for Defendants met and conferred with counsel for Ms. Ortiz on November 12, 2024, in a good-faith effort to narrow or resolve the issues raised in this Motion.

*/s/Daryl J. Lapp*    
Daryl J. Lapp
