# EXHIBIT 29



**EXHIBIT 25**

Borrower Defense Application #: 11825957

Dear Natalia A. Ortiz Lopez:

You are receiving this letter because you applied for a Borrower Defense to Repayment discharge of your federal student loan(s). A borrower defense discharge is available for borrowers whose schools committed misconduct as specified in the U.S. Department of Education's Borrower Defense Regulations. Your application was reviewed under 34 C.F.R. § 685.222.[1]

The Department has conducted that review and has determined that your application is denied. This letter explains the reasons for the Department's decision and your options for next steps.

**Process and Legal Standard for Reviewing Borrower Defense Claims**

In conducting its review of your application, the Department of Education considered your application and any attachments that you included. When applications pertain to open and operating schools, the Department provides notice to the schools and reviews any information or argument provided by the schools. Because your school is open, notice was provided to your school. The school's response does not support a claim for borrower defense. The Department also conducted fact-finding as required by 34 C.F.R. § 685.222 (e)(3) which includes the review of Department records and the public actions of other law enforcement agencies relating to your school, if any. This review did not yield any evidence, outside of your submission, that relates to grounds for borrower defense relief.

The Department then applied 34 C.F.R. § 685.222 to your application. That regulation states that to receive relief, a borrower must demonstrate by a preponderance of the evidence (i.e., that it is more likely than not to be true) that

---

[1] Your application was reviewed under the regulations in 34 C.F.R. § 685.222 pursuant to the settlement agreement in the class action lawsuit known as *Sweet v. Cardona*. That settlement provides that the Department reviews applications filed after June 22, 2022, and before November 16, 2022, under 34 C.F.R. § 685.222 and issues a decision by January 28, 2026. The Department reviewed your application under 34 C.F.R. § 685.222 because it was filed after June 22, 2022, and before November 16, 2022.



Federal Student Aid | StudentAid.gov
830 First St. NE, Washington DC, 20002

CONFIDENTIAL-SUBJECT TO PROTECTIVE ORDER

P-000790

their school: (1) made a misrepresentation; (2) that is substantial; (3) that the borrower reasonably relied on; (4) to their detriment. A misrepresentation is any false, erroneous, or misleading statement and includes any statement that omits information in such a way as to make the statement false, erroneous, or misleading. A misrepresentation is substantial if it is relied on by the borrower and relates to the nature of the school's educational program; its financial charges; or the employability of its graduates.

## Why Your Application was Denied

This section will address the allegations in your application and why they did not satisfy the regulatory standard.

## Allegation 1: Overall Cost

On your application, you wrote that you attended Saba University School of Medicine, seeking a first professional degree and a doctorate degree in medicine. In the "Program Cost and Nature of the Loan" section of the application, you checked a box stating: "My school misrepresented the overall cost of my program." Under that box, you wrote: "I was given information about how my tuition and total cost would be comparably lower than that of a school on US land but tuition prices were changed while attending the school."

You stated that your school communicated with you in person and through television advertisements. When asked to describe your communications with the school, you responded: "I went to an information seminar before attending the school and was told the information regarding tuition. I was also told this information by the individual who interviewed me for the program." In response to a question asking who at the school provided you with the misleading information, you wrote, "Don't know."

When asked how you were financially affected by the misleading information, you commented: "I am in loads of debt and cannot open a checking count with a bank at the moment."

You stated that you discovered that the information that the school provided was inaccurate on December 12, 2020. As an explanation for that date, you wrote: "This was around the time they began changing tuition prices." You checked, "Yes," when asked whether the alleged misrepresentation was the basis of or pivotal to your decision to attend the school. You also wrote: "I thought I would be able to receive an education at a more affordable price."

The applicable law states that to receive relief, a borrower must demonstrate that

CONFIDENTIAL-SUBJECT TO PROTECTIVE ORDER                                                    P-000791

their school (1) made a misrepresentation; (2) that is substantial; (3) that the borrower reasonably relied on; (4) to their detriment.

Your application does not include sufficient detail or evidence for the Department to determine that it is more likely than not that your school made a substantial misrepresentation upon which you reasonably relied to your detriment. Your submission does not include evidence of the misrepresentation beyond the application itself and the Department's fact-finding did not identify sufficient related evidence. Additionally, your application is limited to general statements about the comparative cost of your school. Your application fails to provide sufficient specifics regarding (1) exactly what fact(s) the school represented to be true; (2) the circumstances of the school's representation; and/or (3) the basis for why the fact(s) the school represented to be true was actually false, erroneous, or misleading.

For this allegation to be approvable, the Department needs additional information regarding the specific facts and circumstances surrounding the alleged substantial misrepresentation. Additional helpful information (some of which you may have already provided) can include:

- ***What*** exactly did the school tell you?
- ***Who*** told you this information (including the person's name and title, if known)?
- ***When and where*** were you told this information (the approximate date or time of year, and whether it was during a campus tour or interview, in a meeting, or over the phone)?
- ***How*** was the information communicated to you (for example via e-mail, in person, through an advertisement)?
- ***How*** was this information deceptive or misleading and how did you determine the information was deceptive or misleading?
- ***Why*** was this information important to you when you enrolled?
- ***How*** has this information affected you?

To establish a claim for borrower defense, you need to show that you reasonably relied on the school's substantial misrepresentation to your detriment. Because you did not establish that the school made a misrepresentation, you cannot show the required substantial misrepresentation, reliance, or detriment elements.

Your application also includes statements relating to the harm you experienced in connection with your enrollment at this school. These statements do not constitute separate allegations; however, they were considered during the review of this allegation and subsequent allegations addressed in this letter.

CONFIDENTIAL-SUBJECT TO PROTECTIVE ORDER                                                      P-000792

## Allegation 2: Passing Examinations

In the "Educational Services" section of the application, you checked the "Other" box in response to the following question: "Did your school mislead you, or fail to tell you, important information about the availability about the education you would receive at the school?" Under that box, you wrote: "my school did not provide the type of education advertised."

You stated that your school communicated with you in person, online, and through television advertisements and brochures. When asked to describe your communications with the school, you responded: "the school communicated via the selected options, stated high 'first-pass' exam scores for the USMLE Step 1 but failed to disclose information regarding the amount of students who do make it through the program and the amount of students who actually attempt that exam." In response to a question asking who at the school provided you with the misleading information, you wrote, "Don't know."

When asked how you were financially affected by the misleading information, you commented: "I am now in loads of debt, cannot apply for a checkin account at a bank, have had to rely on parents and family for support/help."

You stated that you discovered that the information that the school provided was inaccurate on August 2, 2021. As an explanation for that date, you wrote: "After taking my 'exit/COMP' exam, I found out that many students don't pass this exam, have to retake it and pass it in order to move on and take the USMLE Step 1. You get 'x' number of attempts and if you don't pass the school dismisses you." You checked, "Yes," when asked whether the alleged misrepresentation was the basis of or pivotal to your decision to attend the school. You also wrote: "I trusted that I would get the proper education to pass my exams and be prepared for the USMLE Step1."

The applicable law states that to receive relief, a borrower must demonstrate that their school (1) made a misrepresentation; (2) that is substantial; (3) that the borrower reasonably relied on; (4) to their detriment. A statement that omits information in such a way as to make the statement false, erroneous, or misleading may be considered a misrepresentation.

Your application does not include sufficient detail or evidence for the Department to determine that it is more likely than not that your school made a substantial misrepresentation upon which you reasonably relied to your detriment. Your submission does not include evidence of the misrepresentation beyond the application itself and the Department's fact-finding did not identify sufficient related evidence. Additionally, your application is limited to general statements about the

CONFIDENTIAL-SUBJECT TO PROTECTIVE ORDER

P-000793

education offered by the school and student passage rates for the program and for different examinations. Your application fails to provide sufficient specifics regarding (1) exactly what fact(s) the school represented to be true; (2) the circumstances of the school's representation; and/or (3) the basis for why the fact(s) the school represented to be true was actually false, erroneous, or misleading.

For this allegation to be approvable, the Department needs additional information regarding the specific facts and circumstances surrounding the alleged substantial misrepresentation. Additional helpful information (some of which you may have already provided) can include answers to the questions listed above in **Allegation 1**.

To establish a claim for borrower defense, you need to show that you reasonably relied on the school's substantial misrepresentation to your detriment. Because you did not establish that the school made a misrepresentation, you cannot show the required substantial misrepresentation, reliance, or detriment elements.

**What happens to my loans now?**

Because the Department has denied your borrower defense claim, you are responsible for repayment of your loans. If your loans were placed in forbearance because of your borrower defense application, those loans will be removed from forbearance by your loan servicer. Once your loans are removed from the forbearance you will be required to resume making payments on your student loans. Your servicer will send you a billing statement at least 21 days before your first bill is due.

**Please note that the payment pause on federal student loans has ended and Department-owned loans are accruing interest again. For more information on the resumption of payments, see StudentAid.gov/coronavirus.**

**If your loans are in default, collection activity will be paused until at least September 1, 2024. For more information on getting out of default, visit StudentAid.gov/freshstart.**

If your loans are in default and are currently in stopped collections, your loans will be removed from stopped collections. Starting no earlier than September 1, 2024, failure to begin or resume repayment could have negative results such as administrative wage garnishment, offset of state and federal payments you may be owed, and litigation.

If your applicable loans are owned by the Department, the Department will take steps to remove the full amount of interest that has accrued on your loan(s) during the period your loan(s) were in borrower defense forbearance. This does not include any

CONFIDENTIAL-SUBJECT TO PROTECTIVE ORDER                                      P-000794

interest that accrued before your loans were put into forbearance. Your servicer will provide additional information in the coming months about your interest reduction.

If you have questions about the status of your loans or questions about repayment options, please contact your servicer(s) which you can find by going to StudentAid.gov/servicer. If your loan is in default, contact the Default Resolution Group at 1-800-621-3115. For further information on Federal Student Loan repayment and discharge, please visit: **https://studentaid.gov/manage-loans/forgiveness-cancellation**.

**Reconsideration or Appeals**

You may seek reconsideration of the Department's decision. To qualify for reconsideration, you must provide new evidence in support of your application. If you do not provide new evidence, your application for reconsideration will be denied.

To submit a request for reconsideration, please log into studentaid.gov using your FSA ID; navigate to the status center; open this case; and click on "Request for Reconsideration." Alternatively, you can mail your request to:

U.S. Department of Education
Federal Student Aid Information Center
P.O. Box 1854, Monticello, KY 42633

In your request, please include your case number and the following information:

1. Why you believe that the Department decided incorrectly your borrower defense to repayment claim; and

2. Identify and provide any new evidence that demonstrates why the Department should approve your borrower defense to repayment claim under the applicable law set forth above.

For more information about the reconsideration process, please contact the Borrower Defense Customer Contact Center at 1-855-279-6207.

You may also further pursue your claim by filing a lawsuit in United States Federal District Court.

Sincerely,

CONFIDENTIAL-SUBJECT TO PROTECTIVE ORDER                                    P-000795

Richard Cordray
Chief Operating Officer
Federal Student Aid

CONFIDENTIAL-SUBJECT TO PROTECTIVE ORDER                     P-000796