UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| NATALIA ORTIZ, on behalf of herself and a class of similarly situated persons,<br><br>　　　　　　Plaintiff,<br><br>　v.<br><br>SABA UNIVERSITY SCHOOL OF MEDICINE; and R3 EDUCATION, INC.,<br><br>　　　　　　Defendants. | Civil Action No.: 1:23-cv-12002-WGY |

**DEFENDANTS' OPPOSITION TO PLAINTIFF'S
MOTION TO EXTEND BRIEFING DEADLINES**

Plaintiff's Motion to Extend Briefing Schedules should be denied. Plaintiff makes no attempt to argue a rationale for the extension—effectively, a stay—she is requesting, and Plaintiff has not even indicated that she will file either a Motion for Reconsideration of the Court's November 26, 2024 Memorandum and Order [Dkt. 134] (the "Nov. 26 Order") or a Rule 23(f) Petition with the First Circuit Court of Appeals. The Motion simply asks the Court to disregard its scheduling Order [Dkt. 35], without attempting to make any showing of good cause.

Federal Rule of Civil Procedure 16(b)(1) requires a District Court to issue a scheduling order, and Rule 16(b)(4) states that a "schedule may be modified only for good cause and with the judge's consent." Fed. R. Civ. P. 16(b)(1) & 16(b)(4). Likewise, Local Rule 16.1(g) states that a scheduling order "can be modified only by order of the judicial officer, and only upon a ***showing of good cause*** supported by affidavits,[1] other evidentiary materials, or references to pertinent portions of the record." D. Mass. L.R. 16.1(g) (emphasis added).

---

[1] As Defendants have noted in prior filings, Local Rule 7.1(b)—the same Rule that Plaintiff invokes as the basis of her Motion—states that "[a]ffidavits and other documents setting forth or evidencing facts on which the motion is based shall be filed with [a] motion." D. Mass. L.R. 7.1(b)(1). Plaintiff has submitted no affidavits or other materials in support of her Motion.

When seeking to amend a scheduling order, it is the moving party's responsibility to demonstrate good cause. *See Miceli v. JetBlue Airways Corp.*, 914 F.3d 73, 86 (1st Cir. 2019). The "good cause standard puts teeth into Rule 16(b) scheduling orders and 'preserves the integrity and effectiveness of [such] scheduling orders," as without it, "scheduling orders would be little more than aspirational statements, to be disregarded by the parties whenever compliance proves inconvenient." *U.S. ex rel. D'Agostino v. EV3, Inc*., 802 F.3d 188, 194 (1st Cir. 2015), quoting *O'Connell v. Hyatt Hotels of P.R*., 357 F.3d 152, 155 (1st Cir.2004); *see also, Ayyadurai v. Galvin*, No. CV 1:20-11889, 2021 WL 9057491, at *2 (D. Mass. July 16, 2021) ("plaintiff is not entitled to an extension of time unless the court concludes that there is 'good cause' to grant a modification of its scheduling order"). The mere possibility that Plaintiff might later decide to seek relief from either this Court or the First Circuit is not good cause to deviate from this Court's scheduling orders or the timing mechanisms in the Federal Rules and Local Rules for briefing of contested motions. Plaintiff makes no attempt to even argue this is "good cause," nor does she reference either Federal Rule 16 or Local Rule 16.1.

It is more than a little ironic that Plaintiff is now seeking to avoid responding to Defendants' Motion for Summary Judgment and *Daubert* Motion. When Defendants requested a stay of this case pending the First Circuit's consideration of their Rule 23(f) Petition, they specifically mentioned some of the reasons for the stay being that Defendants would otherwise be "forced to complete class discovery, **brief summary judgment**, and participate in trial in February 2025." [Dkt. 115, at 2].[2] Plaintiff opposed the stay, arguing that: "this Court entered the scheduling order

---

[2] Moreover, it is worth pointing out the procedural and substantive differences between Plaintiff's and Defendants' respective motions to stay. Defendants filed their Motion for Stay Pending Appeal *after* filing their Rule 23(f) petition with the First Circuit and, unlike Plaintiff's motion, amply supported their request for a stay with a detailed analysis of the four factors supporting a stay pending appeal: (i) likelihood of success; (ii) irreparable harm; (iii) whether the stay would substantially injure the other parties; and (iv) the public interest. [Dkt. 115].

nine months ago, (Doc. 35) so the upcoming deadlines—including the February 2025 trial—are hardly a surprise." [Dkt. 117, at 5]. Plaintiff went on to discuss how "the public interest is also better served if this Court adheres to its scheduling order. In these circumstances, 'considerations of judicial economy weigh heavily against granting a stay." *Id*. at 7. Plaintiff continued that it "'is not an easy matter'—either for this Court or for counsel—to upend their long-settled plans at this late hour because of an easily foreseeable contingency that Defendants did not prepare for" and that "a stay would 'disserve the strong public interest in the speedy and effective administration of justice.'" *Id*. (citations omitted).

Although Plaintiff argues that she "requests additional time to determine how this Court's [Nov. 26 Order] affects her summary judgment and *Daubert* arguments and to consider filing an interlocutory petition pursuant to Federal Rule of Civil Procedure 23(f) or other relief," [Dkt. 135, at 2, ¶ 6], those motions are not affected in any way by that Order. Plaintiff argues that, even if she decides ***not*** to seek reconsideration or review of the Nov. 26 Order, "the Parties should submit a revised schedule to the Court no later than December 20, 2024." [Dkt. 135, at 2, ¶8]. There is simply no basis for delaying the consideration of these motions. All the evidence and argument supporting those motions was submitted with those motions, in accordance with L.R. 7.1(b); they are not changing[3] because of the Nov. 26 Order. Additionally, even if Plaintiff ultimately decides *not* to seek further review of the Nov. 26 Order, continuing the deadlines to respond to summary judgment and the *Daubert* motions to January would require a continuance of the February 2025 trial period or leave the Court with little to no time to consider and rule upon those motions before the trial period.

---

[3] Defendants acknowledge that their arguments in favor of summary judgment against the putative class members are now superfluous, but otherwise the pending motions are unaffected by the Court's rulings. No additional factual matter or legal argument is needed, and Defendants do not contemplate seeking to amend those motions.

3

In sum, Plaintiff has provided no reason why she cannot respond to motions that were long contemplated by the Court's Scheduling Order, that were filed 11 days before the Court's Nov. 26 Order, and that Plaintiff herself argued strenuously against delaying only a few weeks ago.

The Motion is baseless, contradicts both the Federal and Local Rules, and abandons Plaintiff's own legal arguments now that they are no longer convenient. It should be denied. Wherefore, Defendants respectfully request that Plaintiff's Motion to Extend Briefing Deadlines be denied and grant such other and further relief as the Court deems just and equitable.

| | |
|---|---|
| December 3, 2024 | **SABA UNIVERSITY SCHOOL OF MEDICINE, and R3 EDUCATION, INC.,** |
| | */s/ Daryl J. Lapp*<br>Daryl J. Lapp, BBO # 554980<br>daryl.lapp@lockelord.com<br>LOCKE LORD, LLP<br>111 Huntington Avenue, 9th Floor<br>Boston, MA  02199<br>617.239.0100 |
| | Dale A. Evans, Jr., (*pro hac vice*)<br>dale.evans@lockelord.com<br>LOCKE LORD, LLP<br>777 South Flagler Drive – East Tower Suite 215<br>West Palm Beach, FL  33401<br>561.820.0248 |
| | Michael J. McMorrow (*pro hac vice*)<br>michael.mcmorrow@lockelord.com<br>LOCKE LORD, LLP<br>111 S. Wacker Drive<br>Chicago, IL 60606<br>312.443.0246 |

**CERTIFICATE OF SERVICE**

  I certify that on December 3, 2024, this document was filed through the Electronic Case Filing System of the United States District Court for the District of Massachusetts and will be served electronically by the Court to the Registered Participants identified in the Notice of Electronic Filing.

                */s/Daryl J. Lapp*
                Daryl J. Lapp

141060298