# Exhibit 10

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MASSACHUSETTS**

| | |
|---|---|
| NATALIA ORTIZ, on behalf of herself and a class of similarly situated persons,<br><br>*Plaintiff*,<br><br>v.<br><br>SABA UNIVERSITY SCHOOL OF MEDICINE; and R3 EDUCATION, INC.,<br><br>*Defendants*. | Case No. 1:23-cv-12002-WGY<br><br>**CLASS ACTION COMPLAINT**<br><br>**JURY DEMANDED** |

**DEFENDANTS' ANSWER AND JURY DEMAND**

Defendants Saba University School of Medicine ("Saba") and R3 Education, Inc. ("R3") (collectively "Defendants"), through their attorneys, answer the numbered allegations of the Complaint as follows:

**I.   INTRODUCTION**

1. Admitted that Saba is a for-profit medical school on the Caribbean island of Saba and that Defendants have offices in Massachusetts. Otherwise denied.

2. Defendants lack information sufficient to admit or deny these allegations, and therefore deny them.

3. Denied.

4. Denied.

5. Admitted that Saba advertises the first-time passage rate of its graduates on the USMLE Step 1 Exam. Admitted that the quoted information appeared on Saba's website and in Saba advertisements as of August 23, 2023. Defendants lack information sufficient to admit or deny the remaining allegations of this paragraph, and therefore deny them.

6. Denied.

7. Denied.

8. Denied.

9. Denied.

10. This paragraph contains no factual allegations requiring admission or denial. To the extent a further response is required, denied.

**II. PARTIES**

11. Admitted that Plaintiff attended Saba from September 2019 through August 2022, at which time she was dismissed. Defendants lack information sufficient to admit or deny the allegations of Plaintiff's residence, and therefore deny them. Admitted that Plaintiff was dismissed for failing the required Basic Sciences Curriculum course, Foundations of Clinical Medicine, for the second time due to her failure to pass the final exam, the NBME Comprehensive Basic Science Examination. All other allegations are denied.

12. Admitted that Saba is a for-profit medical school located on the island nation of Saba in the Caribbean. Denied that its headquarters or principal place of business are in Massachusetts. All other allegations of this Paragraph are admitted.

13. Denied that Saba's headquarters or principal place of business are in Massachusetts. All other allegations of this Paragraph are admitted.

**III. JURISDICTION AND VENUE**

14. This Paragraph pleads only legal conclusions, to which no response is required. To the extent a further response is required, denied.

15. This Paragraph pleads only legal conclusions, to which no response is required. To the extent a further response is required, Defendants admit that R3 does business in this district and do not challenge the personal jurisdiction of this Court for purposes of this lawsuit only. All other allegations are denied.

16. Denied.

17. Denied.

18. This Paragraph pleads only legal conclusions, to which no response is required. To the extent a further response is required, Defendants do not contest venue for the purposes of this lawsuit only. All other allegations are denied.

IV. **FACTUAL ALLEGATIONS**

A. **History and Background of Saba University School of Medicine**

19. Admitted.

20. Admitted.

21. Denied.

22. Defendants lack information sufficient to admit or deny these allegations, and therefore deny them.

23. Admitted.

24. Admitted.

25. Admitted that the total cost of attending Saba is listed on the consumer information page. The cost of attendance fluctuates from year to year, but generally increases over time. Any remaining allegations of this Paragraph are denied.

26. Admitted.

27. Admitted.

28. Denied.

29. Admitted that Saba has classes that start in the referenced months. Otherwise denied.

30. Denied.

31. Denied.

32. Admitted.

3

33. Admitted.

34. Denied.

35. Admitted.

36. Admitted.

37. Denied.

**B.      History and Background of R3 Education, Inc.**

38. Admitted.

39. Admitted.

40. Admitted.

41. Denied.

42. This Paragraph contains nothing but inflammatory and irrelevant statements about the founders of Saba, which have nothing to do with this case and are inserted only to prejudice Saba. No response to them is required. To the extent a response is required, Defendants lack information sufficient to admit or deny these allegations, and therefore deny them.

43. Denied.

44. Admitted.

45. Denied.

46. Denied.

47. Denied that Saba's headquarters are located in Devens, Massachusetts. The remaining allegations are admitted.

48. Denied.

49. Denied.

50. Denied.

51. This Paragraph pleads only legal conclusions, to which no response is required. To the extent a further response is required, denied.

52. Denied.

**C.     Defendants' Deceptive USMLE Marketing Campaign**

53. Admitted.

54. Defendants admit that medical students at Saba typically take the USMLE Step 1 after they complete and pass their basic science courses, and that the basic sciences courses span two years or five semesters. As to all medical students generally, Defendants lack information sufficient to admit or deny these allegations, and therefore deny them.

55. Admitted insofar as these are the requirements set by the ECFMG. All other allegations of this paragraph are denied.

56. Admitted.

57. Admitted.

58. Admitted that these representations were on the cited websites on the dates listed. All other allegations of this paragraph are denied.

59. Admitted that Saba's social media accounts make representations regarding Saba students' first time USMLE Step 1 passage rate. All other allegations of this paragraph are denied.

60. Denied as phrased. The cited social media profiles identify a first-time average pass rate of 100% on the USMLE Step 1 for the year 2021, except the Facebook profile cited discloses an average 99% USMLE Step 1 pass rate.

61. Admitted.

62. Admitted.

63. Admitted.

64. Admitted.

5

65.     This allegation purports to summarize or construe a quote of an SMU student, which speaks for itself. To the extent Plaintiff misquotes or mischaracterizes the referenced quote, Defendants deny the allegation. Specifically, the quote referenced by Plaintiff refers to numerous factors leading to the student's decision to attend to Saba, including USMLE stats, match rate, class size, and the "large percentage of Canadians" in the student's class.

66.     Denied.

**D.      Defendants Misrepresented Saba's USMLE Passage Rates to Plaintiff**

67.     Defendants lack information sufficient to admit or deny these allegations, and therefore deny them.

68.     Defendants lack information sufficient to admit or deny these allegations, and therefore deny them.

69.     Admitted.

70.     Admitted.

71.     Admitted.

72.     Admitted.

73.     Admitted that Plaintiff attended the open house. Defendants lack information sufficient to admit or deny the remaining allegations, and therefore deny them.

74.     Admitted.

75.     Admitted.

76.     Defendants admit that Plaintiff applied to Saba on June 5, 2019. Defendants lack information sufficient to admit or deny these allegations, and therefore deny them.

77.     Admitted. Stating further, Saba states that Plaintiff was admitted to Saba on June 20, 2019, enrolled at Saba on June 29, 2019, and that her first classes were on September 3, 2019.

E. **Defendants' USMLE Rates Were—and Continue to be— False and Misleading**

78.     Denied.

79.     Denied.

80.     Denied.

81.     Defendants lack information sufficient to admit or deny these allegations, and therefore deny them.

82.     Denied.

83.     Denied.

84.     Denied.

85.     Denied.

F. **In Order to Protect Access to Title IV Funding, Saba Requires Students to Pass an Internal Pretest Before Certifying Students' Identities to Complete the Application for the USMLE**

86.     Admitted.

87.     Admitted that prior to sitting for the USMLE Step 1 exam, students must complete and pass the Basic Science Curriculum, including the class, Foundations of Clinical Medicine, which requires that students pass the final exam, the NBME Comprehensive Basic Science Examination. Otherwise, denied.

88.     Admitted that prior to sitting for the USMLE Step 1 exam, students must complete and pass the Basic Science Curriculum, including the class, Foundations of Clinical Medicine, which requires that students pass the final exam, the NBME Comprehensive Basic Science Examination. Admitted that students are allowed several attempts to pass the NBME Comprehensive Basic Science Examination and the Foundations of Clinical Medicine course before they are dismissed. Otherwise, denied.

89.     Denied.

7

90. Denied.

91. Denied.

92. Denied.

93. Denied.

94. Denied.

95. Admitted that Plaintiff took the NBME Comprehensive Exam on August 11, 2021, December 8, 2021, April 13, 2022, and August 10, 2022, and retook the Foundations of Clinical Medicine course, paid tuition, and did not achieve passing scores. Otherwise, denied.

96. Admitted.

V. CLASS ACTION ALLEGATIONS

97. This Paragraph pleads only legal conclusions, to which no response is required. To the extent a further response is required, denied.

98. This Paragraph pleads only legal conclusions, to which no response is required. To the extent a further response is required, denied.

99. This Paragraph pleads only legal conclusions, to which no response is required. To the extent a further response is required, denied.

A. <u>Rule 23(a)(1): Numerosity</u>

100. This Paragraph pleads only legal conclusions, to which no response is required. To the extent a further response is required, denied.

101. This Paragraph pleads only legal conclusions, to which no response is required. To the extent a further response is required, denied.

102. This Paragraph pleads only legal conclusions, to which no response is required. To the extent a further response is required, denied.

**B.   Rule 23(a)(2): Commonality**

103.   This Paragraph pleads only legal conclusions, to which no response is required.  To the extent a further response is required, denied.

104.   Denied.

105.   Denied.

106.   Denied.

**C.   Rule 23(a)(3): Typicality**

107.   This Paragraph pleads only legal conclusions, to which no response is required.  To the extent a further response is required, denied.

108.   Denied.

**D.   Rule 23(a)(4): Adequacy**

109.   This Paragraph pleads only legal conclusions, to which no response is required.  To the extent a further response is required, denied.

110.   Defendants lack information sufficient to admit or deny these allegations, and therefore deny them.

111.   Defendants lack information sufficient to admit or deny these allegations, and therefore deny them.

**E.   Rule 23(b)(3): Predominance**

112.   This Paragraph pleads only legal conclusions, to which no response is required.  To the extent a further response is required, denied.

**F.   Rule 23(b)(3): Superiority**

113.   Denied.

## VI. CAUSES OF ACTION

**COUNT I: VIOLATIONS OF MASSACHUSETTS CONSUMER PROTECTION ACT
MASS. GEN. LAWS ANN. CH. 93A, § 2
(On behalf of Plaintiff and the Class Against Defendants)**

114. Defendants repeat and reallege their responses as well.

115. This Paragraph pleads only legal conclusions, to which no response is required. To the extent a further response is required, denied.

116. Denied.

117. This Paragraph pleads only legal conclusions, to which no response is required. To the extent a further response is required, denied.

118. Denied.

119. Denied.

120. Denied.

121. Denied.

122. Denied.

123. Admitted that on or about July 28, 2023, Plaintiff delivered a written demand to the Defendants on behalf of herself and the class. The remaining allegations of this Paragraph plead only legal conclusions, to which no response is required. To the extent a further response is required, denied.

124. This allegation violates Fed. R. Evid. 408(a). It is improper and should be stricken. To the extent a response is required, Defendants admit that it has not offered any relief to Plaintiff or the class because it is not liable for the claims asserted.

125. Denied.

126. This Paragraph pleads only legal conclusions, to which no response is required. To the extent a further response is required, denied.

10

## COUNT II: VIOLATIONS OF MASS. GEN. LAWS ANN. CH. 266, § 91
**(On behalf of Plaintiff and the Class Against Defendants)**

127. Defendants repeat and reallege their responses as well.

128. This Paragraph pleads only legal conclusions, to which no response is required. To the extent a further response is required, denied.

129. Denied.

130. Denied.

131. Denied.

132. Denied.

133. Denied.

## COUNT III: UNJUST ENRICHMENT
**(On behalf of Plaintiff and the Class Against Defendants)**

134.-141. This claim was dismissed. To the extent a response is required, denied.

## AFFIRMATIVE DEFENSES

1. Each of Plaintiff's causes of action fails to state a claim upon which relief may be granted.

2. Plaintiff's claims are barred in whole or in part by the applicable statute(s) of limitations.

3. Plaintiff's Chapter 93A claims are barred by ch. 93A, § 3 because the defendant's practice of calculating its USMLE Step 1 passage rate was set by 4 C.F.R. § 600.55(0(1)(h); 34 C.F.R. § 600.55(d)(1)(iii)(2023).

4. Plaintiff's claims are not pleaded with particularity, in violation of Fed. R. Civ. P. 9(b).

11

5. Plaintiff's claims are barred by plaintiff's failure to abide by the defendants' grievance procedures.

6. Plaintiff's recovery, if any, is limited or barred by her failure to mitigate her alleged damages.

7. Plaintiff's recovery, if any, is limited or barred by the doctrines of laches and/or waiver.

WHEREFORE, Defendants Saba and R3 respectfully request that:

a. the complaint be dismissed with prejudice;

b. Defendants be awarded their costs, including attorneys' fees; and

c. Defendants be granted such other relief as is just and proper.

## JURY DEMAND

Defendants Saba and R3 demand a trial by jury on all claims so triable.

January 31, 2024

SABA UNIVERSITY SCHOOL OF MEDICINE,
R3 EDUCATION, INC.

/s/Elizabeth H. Kelly
Daryl J. Lapp (BBO #554980)
  daryl.lapp@lockelord.com
Elizabeth H. Kelly (BBO #672277)
  liz.kelly@lockelord.com
LOCKE LORD LLP
111 Huntington Avenue
Boston, MA 02199
T: (617) 239-0100
T: (617) 227-4420

        Michael J. McMorrow (*pro hac vice*)
          michael.mcmorrow@lockelord.com
        LOCKE LORD LLP
        111 South Wacker Drive, Suite 4100
        Chicago, IL 60606
        T: 312-443-0700
        F: 312-443-0336

        Dale Evans (*pro hac vice*)
          dale.evans@lockelord.com
        LOCKE LORD LLP
        777 South Flagler Drive
        Suite 215 East Tower
        West Palm Beach, FL 33401
        T: 561-833-7700
        F: 561-655-8719

**Certificate of Service**

     I certify that on January 31, 2024, this document was filed through the Electronic Case Filing System of the United States District Court for the District of Massachusetts and will be served electronically by the Court to the Registered Participants identified in the Notice of Electronic Filing.

        /s/Elizabeth H. Kelly
        Elizabeth H. Kelly