UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| NATALIA ORTIZ, on behalf of herself and a class of similarly situated persons,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>SABA UNIVERSITY SCHOOL OF MEDICINE; AND R3 EDUCATION, INC.,<br><br>　　　　　Defendants. | Civil Action No.: 1:23-cv-12002-WGY |

## MEMORANDUM OF LAW IN SUPPORT OF
## DEFENDANTS' MOTION TO SEAL CONFIDENTIAL MATERIALS

**I.　　INTRODUCTION**

Pursuant to Local Rule 7.2, Defendants Saba University School of Medicine and R3 Education, Inc. (collectively "Defendants"), respectfully move this Court for an order sealing Exhibits sealing Exhibits 33, 34 and 38 to the Declaration of Margaret M. Siller accompanying Plaintiff Natalia Ortiz's ("Plaintiff") Opposition to Defendants' Motion for Summary Judgment and cited in her Counterstatement of Material Facts ("Confidential Exhibits").

On December 6, 2024, Plaintiff filed an Opposition to Defendants' Motion for Summary Judgment (ECF No. 139) and Counterstatement of Material Facts (ECF No. 140) with the accompanying Declaration of Margaret M. Siller (ECF No. 141), which included the Confidential Exhibits subject to the Protective Order (ECF No. 43) in this case. Plaintiff also moved to seal the Confidential Exhibits on December 6, 2024 (ECF No. 138). This Court denied Plaintiff's motion to seal on December 10, 2024. During the L.R. 7.1 conference, Plaintiff's counsel expressed opposition to the present Motion to Seal.

1

## II.    LEGAL STANDARD

"A party seeking to file a document under seal must demonstrate that 'good cause' exists to do so." *Bradford & Bigelow, Inc. v. Richardson*, 109 F. Supp. 3d 445, 447 (D. Mass. 2015). "To seal filings related to nondiscovery pretrial motions ... 'the party seeking to overcome the presumption of public access must demonstrate significant countervailing interests, like the existence of trade secrets in the documents or confidential business information.'" *Roy v. FedEx Ground Package Sys.*, No. 3:17-cv-30116-KAR, 2024 U.S. Dist. LEXIS 57657, at *6-7 (D. Mass. Mar. 29, 2024) (quoting *Bradford & Bigelow, Inc.*, 109 F. Supp. 3d at 448). Courts have agreed to seal business records that might provide an advantage to competitors. *See id.* at *10 (quoting *Tourangeau v. Nappi Distribs.*, No. 2:20-cv-00012-JAW, 2022 U.S. Dist. LEXIS 44690, at *18 (D. Me. Mar. 14, 2022)).

## III.    ARGUMENT

Good cause exists to file the Confidential Exhibits under seal because some of the Confidential Exhibits contain Defendants' confidential and proprietary business strategy, financial, and sensitive business information. *See Doe*, 46 F.4th at 74; *see also Roy*, 2024 U.S. Dist. LEXIS 57657, at *10 ("In civil cases, interests which courts have found sufficient to justify impoundment include trade secrets [and] confidential business information, information covered by a recognized privilege ... and information required by statute to be sealed."). Publicizing Defendants' strategic and business correspondence or data would provide an advantage to competitors. *See Roy*, 2024 U.S. Dist. LEXIS 57657, at *10.

- **Exhibits 33 and 34** contain confidential internal correspondence with detailed and competitive marketing strategy discussions as to Saba marketing materials, and data concerning USMLE Step 1 results.

- **Exhibit 38** contains an internal board of directors' Power Point presentation discussing confidential and sensitive information concerning Saba's marketing strategy and accreditation-related efforts.

Additionally, some of the exhibits postdate Plaintiff's enrollment in September 2019 and are thus immaterial and irrelevant, such that this Court's preference to make these a matter of public record would be lessened. Exhibit 33 is an internal email chain from 2021 and Exhibit 38 is an internal board of directors' presentation from 2022. The public has no legitimate interest in accessing a business's confidential documents when those documents are not material to any issue in the case. Therefore, the private interests at stake here outweigh the right of the public to access judicial documents. *See Rivera Carrasquillo v. Bhatia-Gautier*, 590 F. Supp. 3d 444, 449 (D.P.R. 2022) ("To determine whether an order to seal is appropriate, courts balance public and private interests.") (citing *Nat'l Org. for Marriage v. McKee*, 649 F.3d 34, 70 (1st Cir. 2011)).

Without the ability to file the Confidential Exhibits under seal, the confidential information will be made publicly available and will seriously injure the countervailing interests of Saba and its students.

### IV.   CONCLUSION

For the foregoing reasons, Defendants respectfully request an order to seal the Confidential Exhibits until further order of the court.

December 10, 2024                    SABA UNIVERSITY SCHOOL OF MEDICINE,
                                     R3 EDUCATION, INC.

                                     */s/Daryl J. Lapp*
                                     Daryl J. Lapp (BBO #554980)
                                     daryl.lapp@lockelord.com
                                     111 Huntington Avenue
                                     Boston, MA 02199
                                     T: 617-239-0100

Dale Evans (*pro hac vice*)
dale.evans@lockelord.com
LOCKE LORD LLP
777 South Flagler Drive, Suite 215 East Tower
West Palm Beach, FL 33401
T: 561-833-7700

Michael J. McMorrow (*pro hac vice*)
michael.mcmorrow@lockelord.com
LOCKE LORD LLP
111 South Wacker Drive, Suite 4100
Chicago, IL 60606
T: 312-443-0700

Nathalie Vega (BBO #712480)
nathalie.vega@lockelord.com
LOCKE LORD LLP
2800 Financial Plaza
Providence, RI 02903
T: 401-276-6421

## CERTIFICATE OF SERVICE

      I certify that on December 10, 2024, this document was filed through the Electronic Case Filing System of the United States District Court for the District of Massachusetts and will be served electronically by the Court to the Registered Participants identified in the Notice of Electronic Filing.

                                            /s/ Daryl J. Lapp
                                            Daryl J. Lapp

141613845v.2