UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| NATALIA ORTIZ, on behalf of herself and a class of similarly situated persons,<br><br>          *Plaintiff*,<br><br>v.<br><br>SABA UNIVERSITY SCHOOL OF MEDICINE; and R3 EDUCATION, INC.,<br><br>          *Defendants*. | Case No. 1:23-cv-12002-WGY |

**PLAINTIFF'S MEMORANDUM OF LAW IN SUPPORT OF
MOTION FOR A STAY PENDING APPEAL**

Plaintiff Natalia Ortiz respectfully submits this memorandum of law in support of her motion to stay all proceedings until resolution of her Federal Rule of Civil Procedure 23(f) petition for leave to appeal the Court's November 26, 2024 order decertifying the class ("the Petition"). Ms. Ortiz also requests that, should the U.S. Court of Appeals for the First Circuit grant that Petition, the stay be maintained until the final disposition of the appeal.[1]

**INTRODUCTION**

The procedural posture of this case presents the precise circumstances that justify a stay. This Court's decertification order was issued roughly two months ahead of the trial date in this matter and roughly two months after the class was initially certified. In light of the decertification decision, Plaintiff's Petition presents substantial questions to the First Circuit, including whether this case will proceed to trial in just seven weeks as an individual case or as a class action and what state law will govern. At oral argument, the Court explained that class certification is "a very close

---

[1] A copy of Plaintiff's Rule 23(f) Petition for Permission to File an Appeal is attached as Exhibit A.

1

question. . . that I find particularly difficult," Doc. 98 at 13, so much so that the Court changed its opinion within two months. Further emphasizing how challenging these questions are, when the Court decertified the class, it also acknowledged that Plaintiff's claim "calls out for class treatment," Doc. 134 at 1, and that decertification would "cause[] injustice" and "weaken[] deterrence of corporate misconduct." *Id.* at 25. As explained below, to prepare this case for trial now—without clarity on these threshold issues and with the substantial risk that the case would need to be retried—would needlessly waste time and resources for both the Court and the parties. A stay will not prejudice Defendants, who themselves sought a stay of this action less than two months ago.

## FACTUAL BACKGROUND

On June 7, 2024, Plaintiff filed a motion to certify a class of all former Saba students who enrolled in or after September 2017 and who did not sit for the USMLE Step 1 exam. Doc. 51 at 7. On September 17, 2024, the Court held a hearing on the motion and ruled from the bench, certifying a nationwide class of certain former Saba students who were injured by Defendants' misconduct. Doc. 98; *see* Doc. 102 (granting class certification based on oral argument via docket entry). The Court also directed Ms. Ortiz's counsel to commence class notice "at once." Doc. 98 at 13–14.

Two months later, on November 26, 2024, the Court reversed course, decertified the class, and held that Plaintiff failed to meet her burden of demonstrating that Massachusetts law applied to her claims. *See* Doc. 134 at 13-21 ("Decertification Decision"). Finding that each class member's claim must be reviewed under the substantive law of that class member's home

jurisdiction, the Court determined that Ms. Ortiz failed to demonstrate that common questions of law or fact predominate over individualized questions. *Id.*[2]

The Decertification Decision recognized that Plaintiff "made a compelling argument supporting class certification as to liability" and acknowledged that deceptive advertising is "a type of claim that calls out for class treatment." Doc. 134 at 1–2. The Court even "decr[ied its own decertification decision] . . . because it not only causes injustice but also weakens deterrence of corporate misconduct." *Id*. at 25 (citing Elias, *The Multistate Problem in Consumer Class Actions and Three Solutions*, 17 HARV. L. & POL'Y REV. 301, 343 (2022)).

On December 10, 2024, Plaintiff filed the Petition, asking the First Circuit to take up an interlocutory review of the Decertification Decision.

## LEGAL STANDARD

When evaluating a motion to stay pending appeal, "a court considers four factors: '(1) whether the stay applicant has made a strong showing that he is likely to succeed on the merits; (2) whether the applicant will be irreparably injured absent a stay; (3) whether issuance of the stay will substantially injure the other parties interested in the proceeding; and (4) where the public interest lies.'" *Nken v. Holder*, 556 U.S. 418, 425-26 (2009) (quoting *Hilton v. Braunskill*, 481 U.S. 770, 776 (1987)); *see also Dist. 4 Lodge of the Int'l Ass'n of Machinists & Aero Workers Local Lodge 207 v. Raimondo*, 18 F. 4th 38, 42-43 (1st Cir. 2021) (adopting the *Nken* standard for motions to stay pending appeal). Although a party must meet all four factors, the first two factors are the most critical to the court's evaluation. *Nken*, 556 U.S. at 434; *Raimondo*, 18 F. 4th at 42.

---

[2] With respect to damages, though the District Court did not state that its holding precluded class certification, the Court found that members of the proposed class were not entitled to seek a full refund of tuition and fees paid to Saba for attendance. *Id.* at 23–24.

**ARGUMENT**

All four *Nken* factors support a stay until the parties and the Court can proceed with certainty.

**I.   Plaintiff satisfies the first *Nken* factor because her Petition is likely to be granted and raises "serious and difficult questions of law."**

Where, as here, an appellate court has not yet ruled on a Rule 23(f) petition, the party seeking a stay must show that she is likely to obtain permission to appeal, and the appeal must raise "serious and difficult questions of law in an area where the law is somewhat unclear." *Picone v. Shire, LLC*, No. 16-cv-12396-ADB, 2020 WL 3051871, at *2 (D. Mass. June 8, 2020) (internal quotations omitted); *see also Arkansas Teacher Ret. Sys. v. State St. Bank & Tr. Co.*, 527 F. Supp. 3d 40, 58 (D. Mass. 2021) ("[T]he moving party need not persuade the court that it is likely to be reversed on appeal. Rather, it has been held that the moving party must present a substantial case on the merits when a serious legal question is involved . . . this means that the movant must establish that the appeal raises serious and difficult questions of law in an area where the law is somewhat unclear.") (citations and quotation marks omitted); *Sec. & Exch. Comm'n v. Lemelson*, 619 F. Supp. 3d 246, 248 (D. Mass. 2022) ("When the request for a stay is made to a district court, common sense dictates that the moving party need not persuade the court that it is likely to be reversed on appeal. Instead, with regard to the first prong of the [*Nken*] test, the movant must only establish that the appeal raises serious and difficult questions of law in an area where the law is somewhat unclear."). That test is met here.

First, Plaintiff's Petition is likely to be granted because she has satisfied the First Circuit's *Mowbray* factors for obtaining interlocutory review. *See* Petition at 8-25.[3] Among other reasons,

---

[3] The Petition is likely to be granted because it presents an unsettled legal issue that is "important to th[is] particular litigation as well as important in itself," *Waste Mgmt. Holdings, Inc. v. Mowbray*, 208 F.3d 288,

Plaintiff is likely to obtain appellate review due to the errors (detailed in the Petition) in the Court's choice-of-law analysis, among them that Section 148 of the *Restatement* was developed to address common law claims that require reliance, rather than "little FTC Acts" like Chapter 93A, and that Section 148 fails to account for the functional approach to choice of law in Massachusetts. *Id.* at 16-17.

Second, this Court's own statements and rulings in connection with the issue of class certification in this case establish that the appeal raises "serious and difficult questions of law." At oral argument on Plaintiff's motion for class certification, the Court observed that the issue of whether a class should be certified in this case was "a very close question. . . that I find *particularly difficult*." Doc. 98 at 13 (emphasis added). Two months later, when the Court issued the Decertification Decision, the Court noted that, although the Court was going to decertify the class, the issues in this case "call[ed] out for class treatment," and that decertification here actually "causes injustice" and "weakens deterrence of corporate misconduct"—a primary purpose of Chapter 93A. Doc. 134 at 1, 25 (citation omitted). For just these reasons, a stay is warranted, to give the First Circuit an opportunity to address these legal questions. *See, e.g.*, *Senne v. Kansas City Royals Baseball Corp.*, No. 14-cv-00608, 2017 WL 5973487, at *3 (N.D. Cal. May 5, 2017)

---

294 (1st Cir. 2000), namely, whether a Chapter 93A class action is an appropriate way to hold Massachusetts defendants accountable for unfair and deceptive conduct emanating from Massachusetts when that conduct harms out-of-state consumers. The Petition is further likely to be granted on the independent grounds that this Court's choice of law analysis: (i) tolls the death knell for Plaintiff's case given the finding that Chapter 93A may not apply and (ii) is substantively "questionable" because it runs counter to Massachusetts' functional choice-of-law rules, which countenance a finding that Chapter 93A should apply classwide against the resident defendants in this case.

("[S]o long as other factors support a stay, it is enough that there are 'serious questions going to the merits.'").[4]

## II.    Plaintiff faces irreparable injury absent a stay.

This case is set for trial in seven weeks. Given the likelihood of the First Circuit granting interlocutory review of the "very close" questions at issue in the Petition, proceeding to trial on Ms. Ortiz's claim alone at this time makes little sense. As one court facing precisely this circumstance explained: "proceeding to trial on the named plaintiff's claim, with the possibility of having to repeat that process again for the entire class, would be a foolhardy plan indeed." *Balschmiter v. TD Auto Fin. LLC*, No. 13-cv-1186-JPS, 2014 WL 12656095, at *2 (E.D. Wis. Nov. 21, 2014). That is exactly the issue here. Left with her individual claim, if the trial goes forward in seven weeks, the parties and the Court may ultimately have to retry the case, which "could result in enormous, duplicative costs" and "would also be an inefficient use of the Court's limited resources." *Edwards v. First Am. Corp.*, No. 07-cv-03796, 2013 WL 12213848, at *3 (C.D. Cal. Apr. 9, 2013); *see also WOF SW GGP 1, LLC, Pl., v. Quasar Energy Group, LLC.*, No. 18-cv-01475, 2020 WL 2758779, at *2 (D. Or. Jan. 7, 2020) (explaining that the risk of duplicative proceedings weighs in favor of a stay).

## III.   Defendants will not be injured by a stay because it would do no more than delay their defense of Plaintiff's claim.

A stay will not injure Defendants. If the Petition or appeal is unsuccessful, the only impact on Defendants is "a delay in the defense of Plaintiff's claim." *See Edwards*, 2013 WL 12213848,

---

[4] The issues presented by class certification in this case are far from the "familiar and almost routine" issues that led the *Picone* court to observe that stays are not routinely granted pending Rule 23(f) review of class certification decisions. *See Picone*, 2020 WL 3051871, at *2 (quoting *Mowbray*, 208 F.3d at 294). The Petition here presents serious and difficult questions of law regarding the scope of Chapter 93A's protections in a case where a nationwide class was certified and then decertified over the last two months, and where trial is only seven weeks away. This is anything but routine.

at *4 (finding that Defendants would "likely suffer little to no harm" because such a delay "[would] not act to prejudice them"); *see also Quasar Energy Group, LLC.*, 2020 WL 2758779, at *2 ("[T]he timeframe for the appeal is not so arduously long that it creates an unnecessary burden on [the nonmoving party and that] reliance on general delay is insufficient to demonstrate a substantial injury or prejudice"). In fact, as Defendants recognized in their own motion to stay filed seven weeks ago, a stay will *protect* Defendants by ensuring that they need not endure the expense and other difficulties associated with trial more than once. *See* Doc. 115 at 2, 13 (arguing that a stay would prevent unnecessary trial preparation and avoid the potential for a second trial). A stay will therefore not cause substantial injury to Defendants.

**IV.     The public interest favors a stay.**

The public interest favors a stay because it will ensure that judicial resources are not wasted on duplicative litigation. If the First Circuit takes up the appeal and finds that Chapter 93A applies, absent a stay, this Court may have to retry the case as a class action. *See, e.g.*, *Quasar Energy Group, LLC.*, 2020 WL 2758779, at *2 ("[T]he Court finds that the public interest lies in granting the stay because of the potential expenditure of judicial resources on duplicative proceedings."); *Senne*, 2017 WL 5973487, at *4 (holding that the public interest favors a stay when "it might be necessary to decide a second round of dispositive motions and conduct a second trial if the Court does not grant Defendants' request for a stay of all proceedings"). For this reason, the public interest favors a stay to avoid wasting judicial resources.

## CONCLUSION

For the foregoing reasons, Plaintiff respectfully requests that the Court stay the proceedings in this case until resolution of her Rule 23(f) Petition and any subsequent appeal in the U.S. Court of Appeals for the First Circuit.

December 17, 2024                                     Respectfully submitted,


                                                                                            */s/ Patrick T. Egan*
**BERMAN TABACCO**
Patrick T. Egan (BBO #637477)
Christina L. G. Fitzgerald (BBO #709220)
One Liberty Square
Boston, MA 02109
(617) 542-8300
pegan@bermantabacco.com
cfitzgerald@bermantabacco.com

**MAYNARD NEXSEN PC**
Margaret M. Siller (admitted *pro hac vice*)
1131 4th Avenue South, Suite 320
Nashville, TN 37210
(629) 258-2253
msiller@maynardnexsen.com

Farrah R. Berse (admitted *pro hac vice*)
551 Fifth Avenue, Suite 1600
New York, NY 10176
(646) 609-9290
farrah.berse@maynardnexsen.com

John R. Alford, Jr. (admitted *pro hac vice*)
1901 6th Avenue North, Suite 1700
Birmingham, AL 35203
(205) 254-1847
jalfordjr@maynardnexsen.com

**NATIONAL STUDENT LEGAL DEFENSE NETWORK**
Alexander S. Elson (admitted *pro hac vice*)
Daniel A. Zibel (admitted *pro hac vice*)
Madeline D. Wiseman (admitted *pro hac vice*)
1701 Rhode Island Ave. NW
Washington, DC 20036
(202) 734-7495
alex@defendstudents.org
dan@defendstudents.org
madeline@defendstudents.org

## CERTIFICATE OF SERVICE

      I hereby certify that on December 17, 2024, this document was filed through the Electronic Case Filing System of the United States District Court for the District of Massachusetts and will be served electronically by the Court to the Registered Participants identified in the Notice of Electronic Filing.

                                                */s/ Patrick T. Egan*
                                                Patrick T. Egan