UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| NATALIA ORTIZ, on behalf of herself and a class of similarly situated persons,<br><br>    Plaintiff,<br><br> v.<br><br>SABA UNIVERSITY SCHOOL OF MEDICINE; AND R3 EDUCATION, INC.,<br><br>    Defendants. | Civil Action No.: 1:23-cv-12002-WGY |

**DEFENDANTS' OPPOSITION TO
PLAINTIFF'S MOTION FOR A STAY PENDING APPEAL**

Defendants Saba University School of Medicine and R3 Education, Inc. (collectively "Saba") request that this Court deny Plaintiff's Motion to Stay Pending Appeal (the "Motion").

**INTRODUCTION**

Plaintiff is not entitled to a stay. The Court already denied Plaintiff's earlier motion to extend the briefing deadline for her oppositions to Saba's motion for summary judgment and *Daubert* motions, which was effectively another motion to stay. That motion had preemptively requested an extension of the briefing deadlines "[i]f Plaintiff files a Rule 23(f) petition . . . until twenty-one (21) days following a ruling on such petition." Dkt. 135 at ¶ 8. Second, Plaintiff cannot establish she is likely to succeed on the merits. Plaintiff has not established that any aspect of this Court's certification decision concerning choice-of-law or damages was questionable. Rather, the Court's certification decision merely followed an unbroken string of opinions declining to extend Chapter 93A to multistate classes. Moreover, this Court's order has not caused a death knell for Plaintiff, who continues to seek recovery of individual damages of $155,000.00 in payments and loans, "double or treble" that amount in statutory damages, plus attorneys' fees and costs. Third, Plaintiff will not be irreparably harmed merely because the Court maintains the

1

trial schedule it set 10 months ago. Fourth, the public interest weighs in favor denying plaintiff's motion. Consequently, Plaintiff's motion should be denied.

## FACTUAL BACKGROUND

Plaintiff moved to certify a class pursuant to FED. R. CIV. P. 23(b)(3) on June 7, 2024. Dkt. 51. Plaintiff's proposed class included all former Saba students who enrolled in or after September 2017 and who did not sit for the USLME Step 1 exam. *Id.* at 7. On July 19, 2024, Saba opposed Plaintiff's Motion to Certify arguing that Plaintiff failed to: (1) address or analyze why the Massachusetts Consumer Protection Act would apply to all the proposed class members, who reside in 40 states and 13 countries; (2) present a cognizable classwide damages theory; (3) show a causal connection between the allegedly-deceptive advertisements and any injury to Plaintiff or the proposed class; or (4) satisfy the Rule 23(a) and 23(b)(3) factors. Dkt. 69.

On September 17, 2024, this Court heard argument on Plaintiff's motion and initially certified the class. Dkt. 98; Dkt. 102. However, this Court also acknowledged that its ruling was subject to its development of a written opinion, and that the Court might decide to "decertify the class." Dkt. 98 at 14:3-5. After the hearing, this Court reconsidered its earlier decision and issued its Memorandum and Order decertifying the class on November 26, 2024. Dkt. 134. The Order held that Plaintiff "has not conducted any analysis of state law variation, and therefore fails to meet her burden of demonstrating that the variations in state laws do not overcome common legal issues." *Id.* at 22. This Court also observed that Plaintiff's full refund damages model was inapposite to her classwide claims because it was not the most accurate measure of damages and would overcompensate the class. *Id.* at 23-24.

On December 11, 2024, Plaintiff filed a Fed. R. Civ. P. 23(f) Petition for Permission to File an Appeal of this Court's certification decision. Dkt. 157-1. Plaintiff argued that this Court's

decertification Order was a death knell to her claim, that his Court made errors in its choice-of-law analysis, and that her appeal raised an "important and unsettled legal issue." *Id.*

Saba filed a brief in opposition to Plaintiff's Rule 23(f) Petition on December 23, 2024, arguing the First Circuit should reject Plaintiff's Petition because she: (1) failed to demonstrate any "important or unsettled legal issue" for the First Circuit to resolve; (2) this Court's decision was not the "death knell" of Plaintiff's claim; and (3) this Court's decision not a "questionable" decision because this Court followed an unbroken string of opinions declining to extend Chapter 93A to multistate classes and determined that Plaintiff's damages model is inapposite to her classwide claims. *See* Rule 23(f) Opposition, attached as Exhibit 1.

On December 17, 2024, Plaintiff filed her Motion requesting that this Court stay the proceedings in this case until resolution of her Rule 23(f) Petition and any subsequent appeal. Dkt. 157, at 7. In her Motion, Plaintiff argued that her Petition was likely to be granted and that she was likely to succeed on appeal because this Court's denial of class certification was a "death knell" to her case, the Court's decision was questionable because it ran counter to Massachusetts' functional choice-of-law rules, and her appeal raises serious and difficult questions of law. *Id.* at 4 n. 3, 5. This opposition follows.

**ARGUMENT**

I. **Plaintiff Does Not Meet the Standards for a Stay**

Courts evaluate four factors when considering a motion to stay: (1) whether the stay applicant has made a strong showing that she is likely to succeed on the merits; (2) whether the applicant will be irreparably injured absent a stay; (3) whether issuance of the stay will substantially injure the other parties interested in the proceeding; and (4) where the public interest lies. *See Dist. 4 Lodge of*

3

the Int'l Ass'n of Machinists & Aero Workers Local Lodge 207 v. Raimondo, 18 F. 4th 38, 42-43 (1st Cir. 2021), citing *Nken v. Holder*, 556 U.S. 418, 426 (2009). Plaintiff meets none of them.

### A. Plaintiff Has Not Established That She is Likely to Succeed

The First Circuit has not yet ruled on Plaintiff's petition, so, the "likelihood of success inquiry requires two considerations: first, whether the moving party will obtain permission to appeal, and second, if permission to appeal is granted, whether the moving party will prevail on the merits of the appeal." *Picone v. Shire, LLC*, 2020 WL 3051871, *2 (D. Mass. June 8, 2020) (internal quotations omitted). For the following reasons, Plaintiff will not be successful on her petition or her appeal.

### 1. Plaintiff has not established her Petition will succeed because this Court's decision is neither the "death knell" of Plaintiff's claim nor a "questionable" decision

Plaintiff's Petition argues that this Court's decertification decision was "questionable" and a "death knell" to her claim. Dkt. 157-1, at 11-26. Under *Waste Mgmt. Holdings, Inc. v. Mowbray*, 208 F.3d 288 (1st Cir. 2000), a Rule 23(f) petition will be granted "when a denial of class status effectively ends [a] case," and the plaintiff can "demonstrate that the district court's ruling on class certification is questionable." 208 F.3d at 293. This Court's decision to decertify the class was not a death knell because it did not effectively end her case and her claim is not so small that it is not of sufficient magnitude to warrant the costs of stand-alone litigation. Ex. 1, at 6-9. Additionally, this Court's decision was not questionable because it followed an unbroken string of opinions in the district all declining to extend Chapter 93A to multistate classes. *Id.* at 9.

#### a) This Court's decision is not a "death knell" to Plaintiff's claim

The First Circuit does not apply a "death knell" doctrine but explains that review may be warranted when the denial of class certification effectively ends a case. *Mowbray*, 208 F.3d at

4

293. Plaintiff fails the First Circuit's standard; the decertification order did not effectively end her case, as indicated by her 20-page Opposition to Saba's pending Motion for Summary Judgment, her 40-page Counterstatement of Material Facts in support of that Opposition, and bringing more attorneys into the case since the ruling. Dkts. 139, 140, 152. When the litigation is still active, courts applying a "death knell" test find it inapplicable. *See In re Hardesty*, 2018 WL 7046869, *1 (6th Cir. Nov. 13, 2018) ("[D]enial of class certification is not the death knell of the litigation…."); *Himler v. Comprehensive Care Corp.*, 1993 WL 132941, *2 (4th Cir. Apr. 28, 1993) (finding that certification denial had no effect on underlying individual claims); *Utopia Entm't v. Claiborne Parish*, 2006 WL 680648, *1 (W.D. La. Mar. 14, 2006) ("exception does not apply" when "litigation will proceed").

Plaintiff also cannot establish that her claim is so small that it "is not of a sufficient magnitude to warrant the costs of stand-alone litigation." *Mowbray*, 208 F.3d at 293. She claims individual damages of $155,000.00 in payments and loans, "double or treble" that amount in statutory damages, plus attorneys' fees and costs. Dkt. 1, ¶¶ 85, 126.[1] The viability of her individual claim is also demonstrated by her friend and classmate, who is pursuing the same claim individually against Saba, and filed his suit before Plaintiff later filed her class suit. *Woode v. R3 Education, Inc. d/b/a Saba Univ. Sch. of Medicine*, No. 2381CV00982 (Mass. Super. Ct., filed Apr. 7, 2023).

---

[1] In the courts that employ it, the "death knell" theory is reserved for *de minimis* damages claims. *Compare Algarin v. Maybelline, LLC*, 2014 WL 690410, *2 (S.D. Cal. Feb. 21, 2024) ("In the instant case, it is likely that denial of class certification will sound the 'death knell' of the litigation, as Plaintiffs have only alleged de minimis individual damages [of $10 to $22 dollars]"), *with Ramirez v. Geo Grp.*, 2019 WL 6782920, *3 (S.D. Cal. Dec. 11, 2019) ("Denial of class certification would not constitute the 'death knell' of this action. This is not a situation in which the individual plaintiffs have suffered de minimis harm. As GEO acknowledged when it removed this case from state court, Ramirez's individual claims alone exceed $145,000.").

5

Moreover, this Court's finding that she is not entitled to a "full refund" of her "tuition, costs and fees" does not cause a "death knell" as Plaintiff claims. Dkt. 157-1 at 12. The fact that Plaintiff cannot get everything she wants is not the "death knell" of her case. *See Share v. Air Properties G., Inc.*, 538 F.2d 279, 283 (9th Cir. 1976) (refusing to apply "death knell" even though claim was discounted to 40% of a $44,752.50 share, because "the claim is still for $17,901. This falls in the clearly viable range"). Because Plaintiff cannot show that the decertification effectively ended her case, her Petition will fail and her Motion should be denied.

### b) This Court's decision was not questionable

Even if she could show that this Court's order ended her case, Plaintiff would still need to show that the decision was questionable. *Mowbray*, 208 F.3d at 293. In her Motion, Plaintiff argued that this Court's decision was "substantively 'questionable' because it runs counter to Massachusetts' functional choice-of-law rules, which countenance a finding that Chapter 93A should apply classwide against the resident defendants in this case." Dkt. 157 at 4-5 n. 3. But this Court applied Massachusetts choice of law principles, guided by the RESTATEMENT (SECOND) CONFLICT OF LAWS, and followed an "unbroken string of opinions" in the district all "declining to extend Chapter 93A to multistate classes." Dkt. 134 at 20. Plaintiff's Petition addresses none of these opinions, does not even cite the six-factor test from RESTATEMENT § 148 which this Court applied, nor the "overreaching principles" of RESTATEMENT § 6 that this Court analyzed as a guiding factor to that test. *See* Dkt. 134 at 16-23. It will fail as a result.

As this Court noted, courts are "explicitly guided" by the RESTATEMENT in analyzing Massachusetts choice-of-law. *Id.* at 16-18, citing *Viscito v. National Plan. Corp.*, 34 F.3d 78, 83 (1st Cir. 2022). Plaintiff's Petition argues that this Court's reliance on the RESTATEMENT was "legally incorrect" and "contravenes Massachusetts' 'functional approach' to choice of law…."

6

Dkt. 157-1, at 14. It does not. The cases Plaintiff cited to support the idea of rejecting a "categorical approach" support this Court's Order, and also look to the Restatement for guidance.[2]

In her Petition, Plaintiff attempted to argue that "Massachusetts' choice-of-law rules favor the classwide application of Chapter 93A." Dkt. 157-1, at 13. However, Massachusetts choice-of-law rules do not favor the classwide application of Chapter 93A, because classwide application of any law is normally a matter of civil procedure, not choice-of-law rules which are indifferent to whether a case is an individual or class claim, and Plaintiff pointed to no authority which suggests such favor in her Petition.[3] *Id.*

Plaintiff also attempted to argue that Massachusetts had the most significant relationship with the class members by falsely asserting that Saba took all the actions in this case "from their headquarters in Massachusetts." Dkt. 157-1, at 17. As discussed in Saba's Motion for Summary Judgment and Reply, there is no evidence that any actions in this case occurred in Massachusetts. *See* Dkt. 121, at 3; Dkt. 158, at 6-7. And even though this Court assumed that all of Saba's actions occurred in Massachusetts for purposes of class certification, it nonetheless found that the

---

[2] Plaintiff's Petition cites *Resolute Mgmt. Inc. v. Transatlantic Reinsurance Co.*, 87 Mass. App. Ct. 296, 302 (2015), *Foisie v. Worcester Polytechnic Inst.*, 967 F.3d 27 (1st Cir. 2020), and *Bushkin Assocs., Inc. v. Raytheon Co.*, 393 Mass. 622, 637 (1985) to support the argument that the RESTATEMENT is inapplicable. Plaintiff misrepresents those cases to the First Circuit in the same way as she did in her Opposition to Saba's Motion for Summary Judgment, which is explained in Saba's Reply in Support of Saba's Motion for Summary Judgment. *See* Dkt. 158, at 3-4. They do not support her argument.

[3] The cases Plaintiff cites in her Petition are the same that she cited in her Opposition to Saba's Motion for Summary Judgment. *See Boos v. Abbott Labs*, 925 F. Supp. 49 (D. Mass. 1996), *Cristostomo v. New Balance Athletics, Inc.*, 647 F. Supp. 3d 1, 14 (D. Mass. 2022), *Geis v. Nestle Waters N. Am., Inc.*, 321 F. Supp. 3d 230, 241 (D. Mass. 2018). As noted in Saba's Reply in Support of Saba's Motion for Summary Judgment, those cases do not support her assertions. *See* Dkt. 158, at 2-3. Plaintiff similarly misrepresents *Goebel v. Schmid Bros.*, 871 F. Supp. 68 (D. Mass. 1994) as finding "Section 148 deficient under Supreme Judicial Court precedent." Dkt. 157-1, at 17. It does not, as Saba has explained. *See* Dkt. 158, at 4-5.

state with the "most significant relationship" with each class member is that class member's home state, not Massachusetts. Dkt. 134, at 16-18, 20. Plaintiff's Petition attempts to cite cases suggesting that Massachusetts' interest in applying Chapter 93A prevails, and that the law of the state where the corporate defendant conducted its business should apply,[4] but none of those cases support her argument. Ex. 1, at 15-16.

Plaintiff also claimed that "multiple courts have recognized the propriety of nationwide 93A class actions." Dkt. 157-1, at 20. But none of the cases she cited supported this statement.[5] Her final argument in her Petition was that Massachusetts' supposed "significant interest" favored consumer class actions, and its "fundamental public policy interests" in holding defendants "accountable for [their] conduct, which took place in Massachusetts." Dkt. 157-1, at 21 (alteration in original). But any interest Massachusetts has in favoring class actions is meaningless in this court, and its "public policy interests" do not favor application of its own law to out-of-state plaintiffs, as this Court noted. This is a federal court; the relevant procedural rules governing class actions are embodied in Rule 23 and the cases interpreting it.

As stated above, this Court's order was not questionable, and all of Plaintiff's arguments in her Petition are unfounded. Therefore, her Motion to Stay should be denied because she is unlikely to succeed on her Petition.

---

[4] Plaintiff cites, *inter alia*, *Holbrook v. Bos. Sci. Corp.*, 487 F. Supp. 3d 100 (D. Mass. 2020), *Fed. Home Loan Bank of Bos. v. Ally Fin., Inc.*, 2013 WL 5466628, at *1 (D. Mass. Sept. 30, 2013), to support this argument. As explained in Saba's Reply in Support of Summary Judgment, Plaintiff's citations to these cases are misleading and they do not support her argument. *See* Dkt. 158, at 7-8.

[5] *Herbert v. Vantage Travel Serv., Inc.*, 334 F.R.D. 362, 374 (D. Mass. 2019) never discussed choice-of-law, suggesting it was never raised. *Bezdek v. Vibram USA*, 79 F. Supp. 3d 324, 339 (D. Mass. 2015), and *In re M3 Power Razor*, 270 F.R.D. 45, 56 (D. Mass. 2010) were both settlements.

**2. Plaintiff has not established her Petition will succeed because she demonstrated no "important and unsettled issue"**

Plaintiff claims that her Petition will succeed because the appeal raises "serious and difficult questions of law." Dkt. 157, at 5. Plaintiff's only support for this in her Motion to Stay are a few quotes from the class certification hearing and this Court's decertification order. *Id.* (citing Dkt. 98 at 13 and Dkt. 134 at 1, 25). Plaintiff incorrectly argued to the First Circuit that this Court's order held "Massachusetts-based entities" can be liable under Chapter 93A only "if the injured consumers were harmed or reside within Massachusetts." Dkt. 157-1, at 9. Plaintiff never raised that issue with this Court. This Court explained that Plaintiff "has not conducted any analysis of state law variation, and therefore fails to meet her burden of demonstrating that the variations in state laws do not overcome common legal issues." Dkt. 134, at 22. Plaintiff also argued that failure to review this Court's order would be a "finding that Chapter 93A does not protect the citizens of other jurisdictions from misconduct by Massachusetts entities" and this "would undercut the purpose of Chapter 93A." Dkt. 157-1, at 9. But this Court did not make any finding that Chapter 93A cannot apply to citizens of other states.

There simply is no "unsettled legal issue" in this Court's order. Rather, the Order made a straightforward application of Massachusetts' choice-of-law rules and followed an "unbroken string of opinions" in the district all "declining to extend Chapter 93A to multistate classes." *See supra* Section I(A)(1)(b). This is the same analysis that this Court made in *Mowbray*. In *Mowbray*, this Court assessed the variations in state law and certified a class despite them because they were demonstrated to be inconsequential, and the First Circuit approved. 208 F.3d at 291-292.  Plaintiff gave this Court no basis on which to engage in any choice-of-law analysis here; she never identified any of the jurisdictions. Thus, Plaintiff's argument that there is an "unsettled" issue of law will fail and does not support her Motion.

### B. Plaintiff Has Not Established Irreparable Harm

Plaintiff's main argument that she will be irreparably harmed is that "[t]his case is set for trial in seven weeks." Dkt. 157, at 6. However, impending trials are precisely the reason that courts deny motions to stay. *See, e.g., Reyes v. BCA Fin. Servs.*, 2018 WL 6444920, *1 (S.D. Fla. Dec. 10, 2018); *A&M Gerber Chiropractic LLC v. Geico General Insurance Co.*, 2017 WL 4868985, *2 (S.D. Fla. June 16, 2017). The Complaint was filed 16 months ago. Dkt. 1. As other courts have noted when denying a motion to stay, "the case has been actively litigated, requiring substantial time and effort by the Parties and the Court." *Bacon v. Stiefel Labs., Inc.*, 837 F. Supp. 2d 1280, 1282 (S.D. Fla. Aug. 16, 2011). Here the trial is at hand and Plaintiff has not established her appeal will be permitted.

Plaintiff has previously argued that an impending trial did not warrant a stay when opposing Saba's Motion to Stay, because: (1) "the upcoming deadlines—including the February 2025 trial—are hardly a surprise;" (2) "the public interest is also better served if this Court adheres to its scheduling order. In these circumstances, considerations of judicial economy weigh heavily against granting a stay;" (3) it "is not an easy matter—either for this Court or for counsel—to upend their long-settled plans at this late hour because of an easily foreseeable contingency that Defendants did not prepare for;" and (4) "a stay would disserve the strong public interest in the speedy and effective administration of justice." Dkt. 117, at 5, 7 (internal quotations omitted).

Plaintiff also argues that "if the trial goes forward in seven weeks, the parties and the Court may ultimately have to retry the case, which could result in enormous, duplicative costs and would also be an inefficient use of the Court's limited resources." Dkt. 157, at 6. "However, this argument for judicial efficiency would apply to every motion to stay pending an appeal if the court assumes that the appeal will necessarily result in a reversal." *Strougo v. Barclays PLC*, 194

F. Supp. 3d 230, 235 (S.D.N.Y. 2016). Additionally, "district courts in this circuit have routinely concluded that litigation expenses alone do not constitute irreparable harm." *Fitzmorris v. Weaver*, 2024 WL 231883, *3 (D.N.H. Jan. 22, 2024) (citing 2 MCLAUGHLIN ON CLASS ACTIONS § 7:1 (20th ed. 2023). Plaintiff also argues that because Saba are defendants in this case they will not be irreparably harmed. Dkt. 157, at 6. However, "Defendants have an interest in resolving this case on the merits as much as any other interested party, and a stay would prevent them from doing so," and therefore "[t]his factor weighs against a stay." *LD v. United Behav. Health, Inc.*, 2023 WL 11983753, *3 (N.D. Cal. June 20, 2023).

### C. The Public Interest Will Not Be Promoted by a Stay

As Plaintiff explained in her Opposition to Defendant's Motion to Stay, "the public interest is also better served if this Court adheres to its scheduling order. In these circumstances, 'considerations of judicial economy weigh heavily against granting a stay.'" Dkt. 117, at 7 (quoting *In re Petrobras Sec.*, 193 F. Supp. 3d 313, 318 (S.D.N.Y. 2016)). "Courts within the Circuit have continually held that the public interest lies in the swift resolution of cases, particularly when the likelihood of success on appeal is speculative at best." *Pryce v. Progressive Cas. Ins. Co.*, 2022 WL 2467013, *3 (E.D.N.Y. June 10, 2022). This case has involved motion to dismiss briefing, considerable discovery, class certification briefing, *Daubert* motions, and summary judgment briefing. It has been on the docket for 16 months. The public interest supports rejecting Plaintiff's motion to stay.

### CONCLUSION

For the foregoing reasons, Defendants respectfully request that this Court deny Plaintiff's Motion to stay the proceedings in this case.

11

December 31, 2024

                               SABA UNIVERSITY SCHOOL OF MEDICINE,
                               R3 EDUCATION, INC.

                               /s/Daryl J. Lapp
                               Daryl J. Lapp (BBO #554980)
                               daryl.lapp@lockelord.com
                               LOCKE LORD LLP
                               111 Huntington Avenue
                               Boston, MA 02199
                               T: 617-239-0100

                               Michael J. McMorrow (*pro hac vice*)
                               michael.mcmorrow@lockelord.com
                               LOCKE LORD LLP
                               111 South Wacker Drive, Suite 4100
                               Chicago, IL 60606
                               T: 312-443-0700
                               Dale Evans (*pro hac vice*)

                               dale.evans@lockelord.com
                               LOCKE LORD LLP
                               777 South Flagler Drive
                               Suite 215 East Tower
                               West Palm Beach, FL 33401
                               T: 561-833-7700

## CERTIFICATE OF SERVICE

       I certify that on December 31, 2024, this document was filed through the Electronic Case Filing System of the United States District Court for the District of Massachusetts and will be served electronically by the Court to the Registered Participants identified in the Notice of Electronic Filing.

                               /s/ Daryl J. Lapp
                               Daryl J. Lapp